___ FILED     ___ ENTERED
___ LODGED    ___ RECEIVED

MAR 0 7 2007    |LK

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

ROB RINDE f/k/a ROBERT LARRY LEROY
PITSOR, JR.,

        Plaintiff,

    v.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole,

        Defendant.

NO. **C 07-0348** JLR

NOTICE OF REMOVAL
(DIVERSITY JURISDICTION)



**07-CV-00348-CMP**

Defendant Corporation of the President of the Church of Jesus Christ of Latter-day Saints

("COP")[1] removes this action from the Superior Court of Washington State in and for King

County, to the United States District Court for the Western District of Washington, upon the

following grounds:

    1.    COP is the sole defendant in a civil action filed in the Superior Court of

Washington in and for King County, styled Rob Rinde f/k/a Robert Larry Leroy Pitsor, Jr. v. The

Corporation of the President of The Church of Jesus Christ of Latter-day Saints, a Utah

---

[1] Defendant's name is as stated; the Complaint incorrectly places "the" before "Corporation."

NOTICE OF REMOVAL - 1
No.

**ORIGINAL**

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

corporation sole, aka the "Mormon Church" the Church of Jesus Christ of Latter-Day Saints, an unincorporated association, No. 06-2-09825-1 SEA (the "state court action"). Plaintiff commenced the state court action by filing a complaint on March 22, 2006, a copy of which is attached to this Notice. Undersigned counsel accepted service on behalf of the defendant and defendant filed an answer.

2.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship. The Plaintiff's interrogatory responses state that he resides in the State of Minnesota. Defendant is a citizen of Utah, incorporated under the laws of Utah, with its principal place of business in Utah. The complaint filed in the state court action does not set forth the dollar amount of damages sought by plaintiff. Given the complaint alleges multiple acts of sexual abuse, including one described as "brutal," all of which are alleged to have occurred while plaintiff was a minor, defendant has a good faith belief that the plaintiff is seeking damages in excess of $75,000, exclusive of interest and costs.

4.     COP previously removed this action, which was assigned cause number C06-0556 TSZ. Plaintiff thereafter filed motions to amend the complaint to "clarify" the status of "the Mormon Church" as an additional, independent defendant and to remand. This Court granted the motion to amend and remanded the case to state court, finding the Mormon Church to be an unincorporated association that is a citizen of each state in which it has a member, and thus a non-diverse defendant. On February 13, 2007, the Superior Court dismissed the Mormon

NOTICE OF REMOVAL - 2
No.

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Church as a defendant, again leaving only COP as a defendant. The court's order granted

plaintiff 14 days to file a motion to amend his complaint to add another non-diverse defendant,

Gordon Conger. On March 5, 2007, the Superior Court denied plaintiff's motion to amend to

add Mr. Conger. COP then timely removed.

WHEREFORE, Corporation of the President of the Church of Jesus Christ of Latter-day

Saints hereby removes this action from the Superior Court of Washington State in and for King

County to the United States District Court for the Western District of Washington at Seattle.

DATED this ___7___ day of March, 2007.


**GORDON MURRAY TILDEN** LLP


By_____
    Charles C. Gordon, WSBA #1773
    Jeffrey I. Tilden, WSBA #12219
    Michael Rosenberger, WSBA #17730
    Attorneys for CORPORATION OF THE
    PRESIDENT OF THE CHURCH OF JESUS
    CHRIST OF LATTER-DAY SAINTS

NOTICE OF REMOVAL - 3
No.

**GORDON MURRAY TILDEN** LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292



FILED

06 MAR 22 PM 2: 31

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

1
2
3
4
5
6
7
8
9

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

10
11    ROB RINDE f/k/a ROBERT LARRY LEROY
PITSOR, JR.

12              Plaintiff,

13
14    vs.

15    THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
16    LATTER-DAY SAINTS, a Utah corporation
sole, aka the "MORMON CHURCH" THE
17    CHURCH OF JESUS CHRIST OF LATTER-
DAY SAINTS, an unincorporated association,

18
19              Defendant.

NO...
**06-2-09825-1SEA**
COMPLAINT

**WILLIAM L. DOWNING**

20              I.    GENERAL ALLEGATIONS
21
22         This case alleges child sexual abuse, sexual assault and sexual battery, intentional
23    infliction of emotional distress (aka the Tort of "Outrage"), civil conspiracy, fraudulent
24    concealment and gross negligence.  It arises out of the brutal victimization of plaintiff when
25    he was twelve years old by PAUL H. LEWIS, a Mormon Church Scoutmaster and
26    Melchesidek priest.  LEWIS sodomized plaintiff, beat and choked him and forced a wire coat

COMPLAINT - 1 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

hangar up his penis inflicting permanent injury to his urogenital system that resulted in excruciating physical and emotional pain that persists to this day.   When he was approximately fourteen years old Plaintiff disclosed the abuse to civil authorities. Three church officials, including one who was a Seattle attorney, a Bellevue ward bishop and another local church leader knowing that plaintiff's accusations were true pressured plaintiff into not cooperating with law enforcement officials who were investigating LEWIS.  These church officials acted as part of a coordinated effort to shield fellow priest LEWIS from the law and to protect the Mormon Church from scandal and civil liability.

## II.    PARTIES

2.1     Plaintiff ROB RINDE, (known as Larry Pitsor at relevant times), is an adult and at all times relevant hereto was a boy residing with his mother and siblings first in Seattle, and then in Bellevue, Washington. Plaintiff was born December 8, 1969.  ROB RINDE, his mother and his four siblings were recruited into the Church of Jesus Christ of Latter-day Saints (hereinafter the "Mormon Church")l.

2.2     Defendant THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST LATTER-DAY SAINTS, a Utah corporation sole, is a corporation duly organized and operating pursuant to the laws of Utah.  This defendant also operates as the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, which is an unincorporated association.  The defendant will hereinafter be referred to as COP. In both capacities, COP operates churches within the State of Washington.

## III.    JURISDICTION AND VENUE

3.1     Jurisdiction and venue are proper in this Court because the acts giving rise to this claim occurred in Bellevue, King County, Washington.

COMPLAINT - 2 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
800 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## IV.    FACTS

4.1    "COP" is a corporation governed by a single individual, the President of the Mormon Church, Gordon B. Hinckley. The President wields ultimate and absolute authority within the Mormon Church. Mr. Hinckley, is the "Divine Prophet, Seer and Revelator" of the Church and has the authority to appoint and remove anyone in the Mormon Church, including all members of wards and stakes, at will. The President of the Mormon Church controls everything in the Mormon Church and all of its wards and stakes. As such, the President of the Church has authority to dictate changes in Church policy, discipline, ecclesiastical doctrine or anything else he so chooses. The acts of the President, in his capacity as head of the Mormon Church, are the acts of COP. COP is registered to do business within, and conducts continuous and systematic activities within, the State of Washington. At all relevant times, plaintiff was a member of and attended a Seattle and/or a Bellevue ward of the Mormon Church.

4.2    Adult male members of the Church are eligible to be ordained as "Priests." There are various levels of priesthood, including elevation to the rank of "Elder," "Melchesidek Priest," "High Priest." Elders, Melchesidek Priests and High Priests are held out by the Mormon Church as men that are "morally worthy" and deserving of the trust of its members.

4.3    At all relevant times, the Mormon Church assumed special responsibilities toward its members including a disciplinary and red-flagging system meant to identify and track sexual predators and other dangerous individuals within the membership in order to protect innocent members from harm they might inflict.

4.4    The Mormon Church is closely affiliated with the Boy Scouts of America. The Mormon Church is the oldest and one of the largest sponsoring organizations of boy scouting in the United States. Since 1913 the Mormon Church has used the Scouting program as an

COMPLAINT - 3 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

integral part of its ministry to boys and young men. Scouting is the exclusive youth activity for males in the Mormon Church.

4.5    During the relevant time period, COP adopted guidelines for handling victims of child sexual abuse and sex offenders. They failed to follow their guidelines with respect to LEWIS.

4.6    During the approximate time period of 1981-1983, when RINDE was around twelve years old, LEWIS was RINDE's ward scoutmaster. At that time LEWIS was in the United States Navy and was a transient with no ties or history to the area prior to the church placing LEWIS in the position of Scoutmaster of a Seattle ward to which RINDE was a member.

4.7    Using his position of authority as Scoutmaster and Mormon Priest, LEWIS was able to gain access to RINDE and use that access to groom and then molest, rape and sadistically torture him.

4.8    LEWIS sexually molested RINDE at various locations in the Seattle area including at an apartment to which LEWIS had unrestricted access, in the swimming pool, locker room/shower and steam bath at Sand Point Naval Air Station, and in a motel room in Issaquah.

4.9    The most appalling acts of abuse occurred in a room at Motel 6 in Issaquah in approximately 1983. LEWIS used physical violence against RINDE, sodomizing him and forcing RINDE to orally copulate LEWIS. LEWIS then took a wire coat hangar and forced it into RINDE's urethra causing him to hemorrhage and causing chronic and irreparable injury to his penis and urogenital system. These were acts of childhood sexual abuse, which acts were also violations of chapter 9A.44 RCW or RCW 9.68A.040 or prior laws of similar effect at the time the acts were committed.

COMPLAINT - 4 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

4.10    In approximately 1984 or 1985, RINDE disclosed the abuse and his mother reported it to the civil and church authorities. A criminal investigation of LEWIS ensued. Church officials described herein above shielded LEWIS from the law. The same church officials urged RINDE, then age fourteen (14), to not cooperate with the law enforcement investigation of LEWIS thereby allowing LEWIS to evade criminal prosecution and to move to another state where he eventually sexually molested more children. These church officials told him that he would not be believed, that it would be "his word" against LEWIS, that his allegations would hurt the image and reputation of the Mormon Church, that RINDE would be ridiculed and derided by church members in addition to other comments calculated to intimidate RINDE from cooperating with the civil authorities investigating LEWIS.

4.11    Church leaders told RINDE that the church would "take care of things," that they would help him with therapy and that they would help his family financially.

4.12    An abuse victim advocate in the King County Prosecutor's office arranged a meeting with RINDE at her office. Before she could meet privately with RINDE, Mormon Church leaders interfered in the investigative process. The three adult male Church officials went to RINDE'S home and told him that they would take him to the meeting at the prosecutor's office downtown. On the ride downtown in the car the three adult Mormon church officials pressured RINDE not to cooperate with law enforcement officials.

4.13    At the meeting, the church official that was a licensed Washington attorney told the victim's advocate that he was RINDE'S attorney which was untrue. The church official/lawyer told the victim advocate he would not permit her to interview RINDE in private.

4.14    RINDE succumbed to the Church's pressure not to cooperate. As a result, charges against LEWIS were not filed. Soon thereafter LEWIS moved to another state and joined a another ward of the Mormon Church.

COMPLAINT - 5 of 10
()

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

## V.    FIRST CAUSE OF ACTION
### (Negligence based on Common Law and breach of Fiduciary Duty)

5.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges:

5.2    Defendants COP and Mormon Church had a common law duty to plaintiff to protect him from the criminal acts of LEWIS.

5.3    Defendants COP and the Mormon Church breached their duty to protect plaintiff and plaintiff damaged thereby.

5.4    Defendants COP had a "special relationship" with plaintiff and with LEWIS. They knew or should have known that LEWIS was a sadistic serial pedophile that was actively abusing children, COP had a duty to use reasonable care in the hiring, supervision or retention of LEWIS as scoutmaster and also had a duty to warn or protect foreseeable victims including plaintiff. LEWIS' positions within the defendants' church were causally connected to and served to enable LEWIS to gain access to and abuse plaintiff.

5.5    The Mormon Church's bishops, stake presidents and Boy Scout leaders within the State of Washington breached both a duty of reasonable care in hiring, supervising or retaining LEWIS as scoutmaster and by failing to warn or protect children and/or by failing to report their knowledge of LEWIS's sexual abuse of children to civil authorities,.

5.6    But for the breach of duty, acts, omissions and intentional misconduct of COP and the Mormon Church, church bishops, boy scout leaders, stake presidents and area presidents, LEWIS would not have been able to abuse plaintiff.

5.7    COP's failure to adhere to its previously adopted guidelines for handling victims of child sexual abuse and sex offenders caused harm to the plaintiff. The harm plaintiff suffered as a result of defendant's negligence was the harm contemplated in COP's Handbook of Instruction to its clergy.

COMPLAINT - 6 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

5.8    Notwithstanding Defendant's duties, defendant failed to train and supervise its hierarchal clergy in the proper implementation of its guidelines, policies and procedures regarding the treatment of victims of child sexual abuse, to monitor and insure compliance with their guidelines, policies and procedures, treatment of child sexual abusers and reporting of child sexual abuse.

5.9    Defendants knew, or in the exercise of reasonable care should have known, that its failure to report LEWIS to appropriate law enforcement or social services agencies would result in LEWIS sexually abusing children including plaintiff, and in plaintiff failing to obtain adequate treatment.

5.10    As a result of the molestation, breach of trust, and statutory violations, plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be determined.  As a further result of the sexual abuse, plaintiff incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial.

## VI.    SECOND CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

6.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

6.2    Defendant knew, or in the exercise of reasonable care should have known, that tampering with a witness was unlawful and that such conduct as pressuring victims not to disclose, would be harmful to the best interests and psychological well-being of child victims of sexual abuse, including plaintiff.

6.3    Defendants knew or should have known that pressuring plaintiff not to cooperate with the civil authorities' investigation of LEWIS would greatly exacerbate

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

plaintiff's physical, emotional and psychological injuries and, in fact, the defendant's conduct greatly exacerbated plaintiff's physical, emotional and psychological injuries.

6.4    Defendant knew that plaintiff had been subjected to horrific sexual abuse at the hands of its Scoutmaster and Melchesidek Priest PAUL LEWIS and knew that plaintiff had and would continue to suffer emotional, psychological and physical injuries and that unless he received appropriate assistance from civil authorities, that his injuries would be greatly exacerbated and much more difficult to treat with the passage of time.

6.5    The Church, being more concerned about shielding itself from scandal and potential civil liability and intent on protecting the public image of its all-male Mormon priesthood at the expense of aiding a gravely injured child that was plaintiff, pressured plaintiff in to not cooperating with the civil authorities with full knowledge of or with reckless disregard of the emotional and psychological injuries its conduct was certain to inflict.

6.6    Defendant's conduct was an outrageous violation of societal norms and went so far beyond all possible bounds of decency, so as to be regarded as atrocious, and utterly intolerable in a civilized community, and resulted in severe emotional distress.

6.7    As a further result of the defendant's intentional conduct, plaintiff has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial. As a result of the defendant's conduct, plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be proved at trial.

## VII.   THIRD CAUSE OF ACTION
### (Estoppel and Fraudulent Concealment)

7.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

7.2    Church defendants engaged in a plan of action to cover up incidents of the sexual abuse of minors by its Melchesidek priests and scout leaders and to prevent disclosure,

COMPLAINT - 8 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, the transfer of abusive Melchesidek priests and scoutmasters, coercion of victims and their families and by failure to seek out and redress the injuries these men had caused. Based on these actions, the defendants engaged in fraudulent concealment and are estopped from asserting defense of limitations.

## VIII.  FOURTH CAUSE OF ACTION
### (Civil Conspiracy)

8.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

8.2    Defendant and others conspired to cover up incidents of sexual abuse of minors by its Mormon priests and scout leaders, including LEWIS and to prevent disclosure, prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, aiding criminal child molesters in evading detection, arrest and prosecution, allowing them to cross state and international borders for purposes of gaining access to uninformed parents whose innocent children could be sexually abused, failure to warn, and by failure to seek out and redress the injuries its Melchesidek priests and scoutmasters had caused. Based on these actions, the defendants conspired for the unlawful purpose of concealing and suppressing information on the danger and threat that scoutmaster and priests like LEWIS posed to unsuspecting children, including the plaintiff.

COMPLAINT - 9 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment against the defendant and in plaintiff's behalf, for the following:

1.    For special damages for medical treatment expenses, lost earnings, and lost earnings capacity, and the expenses of medication and other special expenses, both in the past and continuing into the future, in amounts to be determined at the time of trial;

2.    For all general damages, for physical, mental and emotional injury and disturbance, and other disorders resulting from the acts complained of herein;

3.    For attorney's fees, prejudgment interest, costs and exemplary damages allowed by RCW 9.68A.130 and other law; and

4.    For such other and further relief as this Court determines just in the premises.

Dated this 2 2 day of March, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By: _____
     Michael T. Pfau, WSBA No. 24649
     mpfau@gth-law.com
     Michelle A. Menely, WSBA No. 28353
     mmenely@gth-law.com
     Co-Counsel for Plaintiff


LAW OFFICES OF TIMOTHY D. KOSNOFF


By: _____
     Timothy D. Kosnoff, WSBA No. 16586
     timkosnoff@comcast.net.
     Co-Counsel for Plaintiff

COMPLAINT - 10 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
900 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575