*FILED*

06 MAR 22 PM 2:29

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

ROB RINDE f/k/a ROBERT LARRY LEROY
PITSOR,

                  Plaintiff,

vs.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole, aka the "MORMON CHURCH" THE
CHURCH OF JESUS CHRIST OF LATTER-
DAY SAINTS, an unincorporated association,

                  Defendant.

NO.

SUMMONS **06-2-09825-1SEA**

WILLIAM L. DOWNING

TO:   THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS
CHRIST OF LATTER-DAY SAINTS

    A lawsuit has been started against you in the above-entitled court by the above-named

Plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is served upon

you with this summons.

SUMMONS - 1 of 3
0
[160469 v01.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Exhibit    Page 7

Dockets.Justia.com

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the Plaintiff within 20 days after service of this summons if within the State of Washington, or within 60 days after service of this summons if outside of the State of Washington, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiffs are entitled to what they ask for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the Plaintiff. Within fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated this _22_ day of March, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By:_____
    Michael T. Pfau, WSBA No. 24649
    mpfau@gth-law.com
    Michelle A. Menely, WSBA No. 28353
    mmenely@gth-law.com
    Co-Counsel for Plaintiff

SUMMONS - 2 of 3
0
[160469 v01.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

LAW OFFICES OF TIMOTHY D. KOSNOFF

2

3       By:_____

4            Timothy D. Kosnoff, WSBA No. 16586
            timkosnoff@comcast.net.
            Co-Counsel for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SUMMONS - 3 of 3
0
[160469 v01.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Exhibit____ Page 9

FILED

06 MAR 22 PM 2: 31

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| ROB RINDE f/k/a ROBERT LARRY LEROY PITSOR, JR. | NO. **06-2-09825-19EA** |
| Plaintiff, | COMPLAINT |
| vs. | |
| THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, aka the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association, | **WILLIAM L. DOWNING** |
| Defendant. | |

## I.     GENERAL ALLEGATIONS

This case alleges child sexual abuse, sexual assault and sexual battery, intentional infliction of emotional distress (aka the Tort of "Outrage"), civil conspiracy, fraudulent concealment and gross negligence. It arises out of the brutal victimization of plaintiff when he was twelve years old by PAUL H. LEWIS, a Mormon Church Scoutmaster and Melchesidek priest. LEWIS sodomized plaintiff, beat and choked him and forced a wire coat

COMPLAINT - 1 of 10
O
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Exhibit     Page 10

hangar up his penis inflicting permanent injury to his urogenital system that resulted in excruciating physical and emotional pain that persists to this day.    When he was approximately fourteen years old Plaintiff disclosed the abuse to civil authorities. Three church officials, including one who was a Seattle attorney, a Bellevue ward bishop and another local church leader knowing that plaintiff's accusations were true pressured plaintiff into not cooperating with law enforcement officials who were investigating LEWIS.  These church officials acted as part of a coordinated effort to shield fellow priest LEWIS from the law and to protect the Mormon Church from scandal and civil liability.

## II.    PARTIES

2.1    Plaintiff ROB RINDE, (known as Larry Pitsor at relevant times), is an adult and at all times relevant hereto was a boy residing with his mother and siblings first in Seattle, and then in Bellevue, Washington. Plaintiff was born December 8, 1969.  ROB RINDE, his mother and his four siblings were recruited into the Church of Jesus Christ of Latter-day Saints (hereinafter the "Mormon Church")l.

2.2    Defendant THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST LATTER-DAY SAINTS, a Utah corporation sole, is a corporation duly organized and operating pursuant to the laws of Utah.  This defendant also operates as the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, which is an unincorporated association.  The defendant will hereinafter be referred to as COP. In both capacities, COP operates churches within the State of Washington.

## III.    JURISDICTION AND VENUE

3.1    Jurisdiction and venue are proper in this Court because the acts giving rise to this claim occurred in Bellevue, King County, Washington.

COMPLAINT - 2 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## IV.    FACTS

4.1    "COP" is a corporation governed by a single individual, the President of the Mormon Church, Gordon B. Hinckley.  The President wields ultimate and absolute authority within the Mormon Church.  Mr. Hinckley, is the "Divine Prophet, Seer and Revelator" of the Church and has the authority to appoint and remove anyone in the Mormon Church, including all members of wards and stakes, at will.  The President of the Mormon Church controls everything in the Mormon Church and all of its wards and stakes.  As such, the President of the Church has authority to dictate changes in Church policy, discipline, ecclesiastical doctrine or anything else he so chooses.  The acts of the President, in his capacity as head of the Mormon Church, are the acts of COP.  COP is registered to do business within, and conducts continuous and systematic activities within, the State of Washington.  At all relevant times, plaintiff was a member of and attended a Seattle and/or a Bellevue ward of the Mormon Church.

4.2    Adult male members of the Church are eligible to be ordained as "Priests." There are various levels of priesthood, including elevation to the rank of "Elder," "Melchesidek Priest," "High Priest."  Elders, Melchesidek Priests and High Priests are held out by the Mormon Church as men that are "morally worthy" and deserving of the trust of its members.

4.3    At all relevant times, the Mormon Church assumed special responsibilities toward its members including a disciplinary and red-flagging system meant to identify and track sexual predators and other dangerous individuals within the membership in order to protect innocent members from harm they might inflict.

4.4    The Mormon Church is closely affiliated with the Boy Scouts of America. The Mormon Church is the oldest and one of the largest sponsoring organizations of boy scouting in the United States.  Since 1913 the Mormon Church has used the Scouting program as an

COMPLAINT - 3 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

integral part of its ministry to boys and young men. Scouting is the exclusive youth activity for males in the Mormon Church.

4.5    During the relevant time period, COP adopted guidelines for handling victims of child sexual abuse and sex offenders. They failed to follow their guidelines with respect to LEWIS.

4.6    During the approximate time period of 1981-1983, when RINDE was around twelve years old, LEWIS was RINDE's ward scoutmaster. At that time LEWIS was in the United States Navy and was a transient with no ties or history to the area prior to the church placing LEWIS in the position of Scoutmaster of a Seattle ward to which RINDE was a member.

4.7    Using his position of authority as Scoutmaster and Mormon Priest, LEWIS was able to gain access to RINDE and use that access to groom and then molest, rape and sadistically torture him.

4.8    LEWIS sexually molested RINDE at various locations in the Seattle area including at an apartment to which LEWIS had unrestricted access, in the swimming pool, locker room/shower and steam bath at Sand Point Naval Air Station, and in a motel room in Issaquah.

4.9    The most appalling acts of abuse occurred in a room at Motel 6 in Issaquah in approximately 1983. LEWIS used physical violence against RINDE, sodomizing him and forcing RINDE to orally copulate LEWIS. LEWIS then took a wire coat hangar and forced it into RINDE's urethra causing him to hemorrhage and causing chronic and irreparable injury to his penis and urogenital system. These were acts of childhood sexual abuse, which acts were also violations of chapter 9A.44 RCW or RCW 9.68A.040 or prior laws of similar effect at the time the acts were committed.

COMPLAINT - 4 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Exhibit____ Page \ 3

4.10    In approximately 1984 or 1985, RINDE disclosed the abuse and his mother reported it to the civil and church authorities. A criminal investigation of LEWIS ensued. Church officials described herein above shielded LEWIS from the law. The same church officials urged RINDE, then age fourteen (14), to not cooperate with the law enforcement investigation of LEWIS thereby allowing LEWIS to evade criminal prosecution and to move to another state where he eventually sexually molested more children.  These church officials told him that he would not be believed, that it would be "his word" against LEWIS, that his allegations would hurt the image and reputation of the Mormon Church, that RINDE would be ridiculed and derided by church members in addition to other comments calculated to intimidate RINDE from cooperating with the civil authorities investigating LEWIS.

4.11    Church leaders told RINDE that the church would "take care of things," that they would help him with therapy and that they would help his family financially.

4.12    An abuse victim advocate in the King County Prosecutor's office arranged a meeting with RINDE at her office. Before she could meet privately with RINDE, Mormon Church leaders interfered in the investigative process. The three adult male Church officials went to RINDE'S home and told him that they would take him to the meeting at the prosecutor's office downtown.  On the ride downtown in the car the three adult Mormon church officials pressured RINDE not to cooperate with law enforcement officials.

4.13    At the meeting, the church official that was a licensed Washington attorney told the victim's advocate that he was RINDE'S attorney which was untrue.  The church official/lawyer told the victim advocate he would not permit her to interview RINDE in private.

4.14    RINDE succumbed to the Church's pressure not to cooperate.  As a result, charges against LEWIS were not filed.  Soon thereafter LEWIS moved to another state and joined a another ward of the Mormon Church.

COMPLAINT - 5 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Exhibit___ Page 14

## V.    FIRST CAUSE OF ACTION
### (Negligence based on Common Law and breach of Fiduciary Duty)

5.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges:

5.2    Defendants COP and Mormon Church had a common law duty to plaintiff to protect him from the criminal acts of LEWIS.

5.3    Defendants COP and the Mormon Church breached their duty to protect plaintiff and plaintiff damaged thereby.

5.4    Defendants COP had a "special relationship" with plaintiff and with LEWIS. They knew or should have known that LEWIS was a sadistic serial pedophile that was actively abusing children, COP had a duty to use reasonable care in the hiring, supervision or retention of LEWIS as scoutmaster and also had a duty to warn or protect foreseeable victims including plaintiff. LEWIS' positions within the defendants' church were causally connected to and served to enable LEWIS to gain access to and abuse plaintiff.

5.5    The Mormon Church's bishops, stake presidents and Boy Scout leaders within the State of Washington breached both a duty of reasonable care in hiring, supervising or retaining LEWIS as scoutmaster and by failing to warn or protect children and/or by failing to report their knowledge of LEWIS's sexual abuse of children to civil authorities,.

5.6    But for the breach of duty, acts, omissions and intentional misconduct of COP and the Mormon Church, church bishops, boy scout leaders, stake presidents and area presidents, LEWIS would not have been able to abuse plaintiff.

5.7    COP's failure to adhere to its previously adopted guidelines for handling victims of child sexual abuse and sex offenders caused harm to the plaintiff. The harm plaintiff suffered as a result of defendant's negligence was the harm contemplated in COP's Handbook of Instruction to its clergy.

COMPLAINT - 6 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Exhibit___  Page 15

5.8    Notwithstanding Defendant's duties, defendant failed to train and supervise its hierarchal clergy in the proper implementation of its guidelines, policies and procedures regarding the treatment of victims of child sexual abuse, to monitor and insure compliance with their guidelines, policies and procedures, treatment of child sexual abusers and reporting of child sexual abuse.

5.9    Defendants knew, or in the exercise of reasonable care should have known, that its failure to report LEWIS to appropriate law enforcement or social services agencies would result in LEWIS sexually abusing children including plaintiff, and in plaintiff failing to obtain adequate treatment.

5.10    As a result of the molestation, breach of trust, and statutory violations, plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be determined. As a further result of the sexual abuse, plaintiff incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial.

## VI.    SECOND CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

6.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

6.2    Defendant knew, or in the exercise of reasonable care should have known, that tampering with a witness was unlawful and that such conduct as pressuring victims not to disclose, would be harmful to the best interests and psychological well-being of child victims of sexual abuse, including plaintiff.

6.3    Defendants knew or should have known that pressuring plaintiff not to cooperate with the civil authorities' investigation of LEWIS would greatly exacerbate

COMPLAINT - 7 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Exhibit___ Page\6

plaintiff's physical, emotional and psychological injuries and, in fact, the defendant's conduct greatly exacerbated plaintiff's physical, emotional and psychological injuries.

6.4    Defendant knew that plaintiff had been subjected to horrific sexual abuse at the hands of its Scoutmaster and Melchesidek Priest PAUL LEWIS and knew that plaintiff had and would continue to suffer emotional, psychological and physical injuries and that unless he received appropriate assistance from civil authorities, that his injuries would be greatly exacerbated and much more difficult to treat with the passage of time.

6.5    The Church, being more concerned about shielding itself from scandal and potential civil liability and intent on protecting the public image of its all-male Mormon priesthood at the expense of aiding a gravely injured child that was plaintiff, pressured plaintiff in to not cooperating with the civil authorities with full knowledge of or with reckless disregard of the emotional and psychological injuries its conduct was certain to inflict.

6.6    Defendant's conduct was an outrageous violation of societal norms and went so far beyond all possible bounds of decency, so as to be regarded as atrocious, and utterly intolerable in a civilized community, and resulted in severe emotional distress.

6.7    As a further result of the defendant's intentional conduct, plaintiff has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial. As a result of the defendant's conduct, plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be proved at trial.

## VII.    THIRD CAUSE OF ACTION
### (Estoppel and Fraudulent Concealment)

7.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

7.2    Church defendants engaged in a plan of action to cover up incidents of the sexual abuse of minors by its Melchesidek priests and scout leaders and to prevent disclosure,

COMPLAINT - 8 of 10

O
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, the transfer of abusive Melchesidek priests and scoutmasters, coercion of victims and their families and by failure to seek out and redress the injuries these men had caused. Based on these actions, the defendants engaged in fraudulent concealment and are estopped from asserting defense of limitations.

## VIII.    FOURTH CAUSE OF ACTION
### (Civil Conspiracy)

8.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

8.2    Defendant and others conspired to cover up incidents of sexual abuse of minors by its Mormon priests and scout leaders, including LEWIS and to prevent disclosure, prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, aiding criminal child molesters in evading detection, arrest and prosecution, allowing them to cross state and international borders for purposes of gaining access to uninformed parents whose innocent children could be sexually abused, failure to warn, and by failure to seek out and redress the injuries its Melchesidek priests and scoutmasters had caused. Based on these actions, the defendants conspired for the unlawful purpose of concealing and suppressing information on the danger and threat that scoutmaster and priests like LEWIS posed to unsuspecting children, including the plaintiff.

COMPLAINT - 9 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 95101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Exhibit____ Page 8

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment against the defendant and in plaintiff's behalf, for the following:

1.    For special damages for medical treatment expenses, lost earnings, and lost earnings capacity, and the expenses of medication and other special expenses, both in the past and continuing into the future, in amounts to be determined at the time of trial;

2.    For all general damages, for physical, mental and emotional injury and disturbance, and other disorders resulting from the acts complained of herein;

3.    For attorney's fees, prejudgment interest, costs and exemplary damages allowed by RCW 9.68A.130 and other law; and

4.    For such other and further relief as this Court determines just in the premises.

Dated this 22 day of March, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By:_____
Michael T. Pfau, WSBA No. 24649
mpfau@gth-law.com
Michelle A. Menely, WSBA No. 28353
mmenely@gth-law.com
Co-Counsel for Plaintiff


LAW OFFICES OF TIMOTHY D. KOSNOFF


By:_____
Timothy D. Kosnoff, WSBA No. 16586
timkosnoff@comcast.net
Co-Counsel for Plaintiff

COMPLAINT - 10 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

FILED

06 MAR 22 PM 2:31

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

ROB RINDE,

                                   Plaintiff(s)

vs

THE CORPORATION OF THE PRESIDENT OF
THE CHURCH OF JESUS CHRIST LATTER-DAY
SAINTS,

                                   Defendant(s)

NO. 06-2-09825-1    SEA

Order Setting Civil Case Schedule (*ORSCS)

ASSIGNED JUDGE  Downing          43

FILE DATE:                03/22/2006

TRIAL DATE:               09/04/2007

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule
on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule**
(*Schedule*) on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the
Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the
**Summons and Complaint/Petition** or (2) service of the Defendant's first response to the
**Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12
(CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in
the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*



Print Name                              Sign Name

Order Setting Civil Case Schedule (*ORSCS)                          REV. 7/200   1

Exhibit___  Page 2D

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] –
especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for
attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,
discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties,
claims, and defenses, for disclosing possible witnesses [*See KCLR 26*], and for meeting the discovery
cutoff date [*See KCLR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$200** must be paid when any answer that includes additional claims is filed in an existing
case.

**SHOW CAUSE HEARINGS FOR <u>CIVIL</u> CASES [King County Local Rule 4(g)]**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the
deadline in the schedule. A review of the case will be undertaken to confirm service of the original
complaint and to verify that all answers to claims, counterclaims and cross-claims have been filed. If
those mandatory pleadings are not in the file, a *Show Cause Hearing* will be set before the Chief Civil or
RJC judge. The Order to Show Cause will be mailed to all parties and designated parties or counsel are
required to attend.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any
pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a
*Notice of Settlement* pursuant to KCLR 41, and forwarding a courtesy copy to the assigned judge. If a final
decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of
Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date,** the Superior Court Clerk is authorized by KCLR 41(b)(2)(A) to
present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to
mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and
cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain
an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must
pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of
$250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court
Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Rule 41.

**King County Local Rules are available for viewing at www.metrokc.gov/kcscc.**

Exhibit___ Page 2

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Wed 03/22/2006 | * |
| Confirmation of Service [See KCLR 4.1]. | Wed 04/19/2006 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | Wed 08/30/2006 | * |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [See KCLR 4.2(a) and Notices on Page 2]. **Show Cause hearing will be set if Confirmation is not filed, or if the Confirmation does not have all signatures, or if all answers have not been filed, or judgment on default has not been filed, or Box 2 is checked.** | Wed 08/30/2006 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [See KCLR 82(e)] | Wed 09/13/2006 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [See KCLR 26(b)]. | Tue  04/03/2007 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [See KCLR 26(b)]. | Tue  05/15/2007 | |
| DEADLINE for Jury Demand [See KCLR 38(b)(2)]. | Tue  05/29/2007 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [See KCLR 40(e)(2)]. | Tue  05/29/2007 | * |
| DEADLINE for Discovery Cutoff [See KCLR 37(g)]. | Tue  07/17/2007 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [See KCLR 16(c)]. | Tue  08/07/2007 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLR 16(a)(4)]. | Tue  08/14/2007 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [See KCLR 16(a)(2)] | Tue  08/14/2007 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [See KCLR 56; CR 56]. | Tue  08/21/2007 | |
| Joint Statement of Evidence [See KCLR 16(a)(5)]. | Tue  08/28/2007 | * |
| Trial Date [See KCLR 40]. | Tue  09/04/2007 | |

### III. ORDER

Pursuant to King County Local Rule 4 [KCLR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED:   03/22/2006

_____
PRESIDING JUDGE

Exhibit___ Page 22

IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE
READ THIS ORDER PRIOR TO CONTACTING YOUR ASSIGNED JUDGE

**This case is assigned to the Superior Court Judge whose name appears in the caption of this** *Schedule.* **The assigned Superior Court Judge will preside over and manage this case for all pre-trial matters.**

COMPLEX LITIGATION: If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**The following procedures hereafter apply to the processing of this case:**

APPLICABLE RULES:

a. Except as specifically modified below, all the provisions of King County Local Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.

CASE SCHEDULE AND REQUIREMENTS:

A. Show Cause Hearing: A Show Cause Hearing will be held before the Chief Civil/Chief RJC judge if the case does not have confirmation of service on all parties, answers to all claims, crossclaims, or counterclaims as well as the confirmation of joinder or statement of arbitrability filed before the deadline in the attached case schedule. All parties will receive an *Order to Show Cause* that will set a specific date and time for the hearing. Parties and/or counsel who are required to attend will be named in the order.

B. Pretrial Order: An order directing completion of a Joint Confirmation of Trial Readiness Report will be mailed to all parties approximately six (6) weeks before trial. **This order will contain deadline dates for the pretrial events listed in King County Local Rule 16:**

1) Settlement/Mediation/ADR Requirement;
2) Exchange of Exhibit Lists;
3) Date for Exhibits to be available for review;
4) Deadline for disclosure of witnesses;
5) Deadline for filing Joint Statement of Evidence;
6) Trial submissions, such as briefs, Joint Statement of Evidence, jury instructions;
7) voir dire questions, etc;
8) Use of depositions at trial;
9) Deadlines for nondispositive motions;
10) Deadline to submit exhibits and procedures to be followed with respect to exhibits;
11) Witnesses — identity, number, testimony;

C. Joint Confirmation regarding Trial Readiness Report: No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment), etc. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff/petitioner's counsel is responsible for contacting the other parties regarding said report.

D. Settlement/Mediation/ADR:

**1) Forty five (45) days before the Trial Date,** counsel for plaintiff shall submit a written settlement demand. Ten (10) days after receiving plaintiff's written demand, counsel for defendant shall respond (with a counteroffer, if appropriate).

**2) Twenty eight (28) days before the Trial Date,** a settlement/mediation/ADR conference shall have been held. **FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.**

E. Trial: Trial is scheduled for 9:00 a.m. on the date on the *Schedule or as soon thereafter as convened by the court.* The Friday before trial, the parties should access the King County Superior Court website at www.metrokc.gov/kcsc to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

MOTIONS PROCEDURES:

A. Noting of Motions

Dispositive Motions: All Summary Judgment or other motions that dispose of the case in whole or in part will be heard with oral argument before the assigned judge. The moving party must arrange with the courts a date and time for the hearing, consistent with the court rules. King County Local Rule 7 and King County Local Rule 56 govern procedures for all summary judgment or other motions that dispose of the case in whole or in part. The local rules can be found at www.metrokc.gov/kcscc.

Nondispositive Motions: These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the *Note for Motion* should state "*Without Oral Argument.*" King County Local Rule 7 governs these motions, which include discovery motions. The local rules can be found at www.metrokc.gov/kcscc.

Motions in Family Law Cases not involving children: Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions Calendar. King County Local Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.metrokc.gov/kcscc.

Emergency Motions: Emergency motions will be allowed only upon entry of an *Order Shortening Time.* However, emergency discovery disputes may be addressed by telephone call, and without written motion, if the judge approves.

Filing of Documents All original documents must be filed with the Clerk's Office. *The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.* The assigned judge's working copy must be delivered to his/her courtroom or to the judges' mailroom. Do not file working copies with the Motions Coordinator, except those motions to be heard on the Family Law Motions Calendar, in which case the working copies should be filed with the Family Law Motions Coordinator.

Original Proposed Order: Each of the parties must include in the working copy materials submitted on any motion an original proposed order sustaining his/her side of the argument. Should any party desire a copy of the order as signed and filed by the judge, a preaddressed, stamped envelope shall accompany the proposed order.

Presentation of Orders: All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final orders and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

C. Form: Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.

PRESIDING JUDGE

FILED

06 MAR 22 PM 2: 29

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

KING CO SUPERIOR CT
BARBARA MINER
DIRECTOR & SUP CRT CLERK
SEATTLE WA

06-2-09825-1

| Rcpt. Date | Acct. Date | Time |
|---|---|---|
| 03/22/2006 | 03/22/2006 | 02:32 PM |

Receipt/Item #    Tran-Code    Docket-Code
2006-14-03651/01    1100    $FFR
Cashier: RDB

Paid By: GORDON, THOMAS
Transaction Amount:        $200.00

### KING COUNTY SUPERIOR COURT
### CASE ASSIGNMENT DESIGNATION
and
### CASE INFORMATION COVER SHEET
(cics)

In accordance with LR82(e), a faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to King County Code 4.71.100.

CASE NUMBER: ___06-2-09825-1 SEA___

CASE CAPTION: _____

I certify that this case meets the case assignment criteria, described in King County LR 82(e), for the:

_____ Seattle Area, defined as:

> All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

_____ Kent Area, defined as:

> All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

_____
Signature of Petitioner/Plaintiff

or

_____
Signature of Attorney for
Petitioner/Plaintiff

_____
WSBA Number

_____
Date

_____
Date

L: forms/cashiers/cics
Rev 01/05

1

Exhibit____ Page 25

KING COUNTY SUPERIOR COURT
CASE ASSIGNMENT DESIGNATION
and
CASE INFORMATION COVER SHEET

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

**PROPERTY RIGHTS**
- [ ] Condemnation/Eminent Domain (CON 2)*
- [ ] Foreclosure (FOR 2)*
- [ ] Land Use Petition (LUP 2)*
- [ ] Property Fairness (PFA 2)*
- [ ] Quiet Title (QTI 2)*
- [ ] Unlawful Detainer (UND 2)

**JUDGMENT**
- [ ] Confession of Judgment (MSC 2)*
- [ ] Judgment, Another County, Abstract (ABJ 2)
- [ ] Judgment, Another State or Country (FJU 2)
- [ ] Tax Warrant (TAX 2)
- [ ] Transcript of Judgment (TRJ 2)

**OTHER COMPLAINT/PETITION**
- [ ] Action to Compel/Confirm Private Binding Arbitration (MSC 2)
- [ ] Certificate of Rehabilitation (MSC 2)
- [ ] Change of Name (CHN 2)
- [ ] Deposit of Surplus Funds (MSC 2)
- [ ] Emancipation of Minor (EOM 2)
- [ ] Frivolous Claim of Lien (MSC 2)
- [ ] Injunction (INJ 2)*
- [ ] Interpleader (MSC 2)
- [ ] Malicious Harassment (MHA 2)*
- [ ] Non-Judicial Filing (MSC 2)
- [ ] Other Complaint/Petition(MSC 2)*
- [ ] Seizure of Property from the Commission of a Crime (SPC 2)*
- [ ] Seizure of Property Resulting from a Crime (SPR 2)*
- [ ] Structured Settlements (MSC 2)*
- [ ] Subpoena (MSC 2)
- [ ]

**PROBATE/GUARDIANSHIP**
- [ ] Absentee (ABS 4)
- [ ] Disclaimer (DSC4)
- [ ] Estate (EST 4)
- [ ] Foreign Will (FNW 4)
- [ ] Guardian (GDN4)
- [ ] Limited Guardianship (LGD 4)
- [ ] Minor Settlement (MST 4)
- [ ] Notice to Creditors – Only (NNC 4)
- [ ] Trust (TRS 4)
- [ ] Trust Estate Dispute Resolution Act/POA (TDR 4)
- [ ] Will Only—Deceased (WLL4)

**TORT, MEDICAL MALPRACTICE**
- [ ] Hospital (MED 2)*
- [ ] Medical Doctor (MED 2)*
- [ ] Other Health Care Professional (MED 2)*

**TORT, MOTOR VEHICLE**
- [ ] Death (TMV 2)*
- [ ] Non-Death Injuries (TMV 2)*
- [ ] Property Damage Only (TMV 2)*

**TORT, NON-MOTOR VEHICLE**
- [ ] Asbestos (PIN 2)**
- [ ] Implants (PIN 2)
- [ ] Other Malpractice (MAL 2)*
- [ ] Personal Injury (PIN 2)*
- [ ] Products Liability (TTO 2)*
- [ ] Property Damage (PRP 2)*
- [ ] Wrongful Death (WDE 2)*
- [ ] Tort, Other (TTO 2)*

**WRIT**
- [ ] Habeas Corpus (WHC 2)
- [ ] Mandamus (WRM 2)**
- [ ] Review (WRV 2)**

* The filing party will be given an appropriate case schedule. ** Case schedule will be issued after hearing and findings.

3

L: forms/cashiers/cics
Rev 01/05

Exhibit___ Page 26

FILED

06 MAR 22 PM 2:31

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

KING CO SUPERIOR CT
BARBARA MINER
DIRECTOR & SUP CRT CLERK
SEATTLE WA

06-2-09825-1

| Rcpt. Date | Acct. Date | Time |
|---|---|---|
| 03/22/2006 | 03/22/2006 | 02:34 PM |

Receipt/Item #    Tran-Code    Docket-Code
2006-14-03652/01    1140    $JDR12
Cashier: RDB

Paid By: GORDON, THOMAS
Transaction Amount:    $250.00

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

ROB RINDE f/k/a ROBERT LARRY LEROY
PITSOR,

        Plaintiff,

vs.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole, aka the "MORMON CHURCH" THE
CHURCH OF JESUS CHRIST OF LATTER-
DAY SAINTS, an unincorporated association,

        Defendant.

NO. 06-2-09825-1SEA

JURY DEMAND

COMES NOW Plaintiff by and through its counsel of record, the undersigned, and, in accordance with Rule 38 of the Rules of Civil Procedure, hereby requests that all claims and issues in the above-referenced action be tried by a jury of twelve (12) persons. Payment of the required fee of $250.00 is submitted with this Demand.

Dated this _21_ day of March, 2006.

JURY DEMAND - 1 of 2
O
[160349 v01.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Exhibit___ Page 27

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By:_____
    Michael T. Pfau, WSBA No. 24649
    mpfau@gth-law.com
    Michelle A. Menely, WSBA No. 28353
    mmenely@gth-law.com
    Co-Counsel for Plaintiff


LAW OFFICES OF TIMOTHY D. KOSNOFF


By:_____
    Timothy D. Kosnoff, WSBA No. 16586
    timkosnoff@comcast.net.
    Co-Counsel for Plaintiff

JURY DEMAND - 2 of 2
0
[160349 v01.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

FILED

2006 APR 19 PM 4:27

SUPERIOR COURT CLERK
SEATTLE, WA

2006 APR 19 PM 4:46

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

The Honorable William L. Downing

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| ROB RINDE f/k/a ROBERT LARRY LEROY PITSOR, JR., | NO. 06-2-09825-1 SEA |
| Plaintiff, | |
| v. | NOTICE OF APPEARANCE |
| THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, aka the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association, | |
| Defendant. | |

TO:    Plaintiff ROB RINDE f/k/a ROBERT LARRY LEROY PITSOR, JR.;

TO:    Michael T. Pfau
         Michelle A. Menely
         Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
         Co-Counsel for Plaintiff; and

TO:    Timothy D. Kosnoff
         Law Offices of Timothy D. Kosnoff
         Co-Counsel for Plaintiff

         YOU AND EACH OF YOU will please take notice that defendant The Corporation of

the President of the Church of Jesus Christ of Latter-Day Saints appears in the above-entitled

NOTICE OF APPEARANCE - 1

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit____  Page 29

cause by the undersigned attorneys and requests that all further papers and pleadings herein,

except original process, be served upon the undersigned attorneys at the address below stated.

DATED this _19 th_ day of April, 2006.

GORDON MURRAY TILDEN LLP

By _____

    Charles C. Gordon, WSBA #1773
    Jeffrey I. Tilden, WSBA #12219
    Attorneys for Defendant The Corporation of the
    President of the Church of Jesus Christ of Latter-Day
    Saints

[Notice of Appearance—4-06]

NOTICE OF APPEARANCE - 2

Exhibit___ Page 36

FILED

2006 APR 19  PM 4:46

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

The Honorable William L. Downing

## SUPERIOR COURT OF THE STATE OF WASHINGTON
## FOR KING COUNTY

| | |
|---|---|
| ROB RINDE f/k/a ROBERT LARRY LEROY PITSOR, JR.,<br><br>        Plaintiff,<br><br>    v.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, aka the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association,<br><br>        Defendant. | NO.  06-2-09825-1 SEA<br><br>NOTICE TO CLERK OF SUPERIOR COURT OF FILING NOTICE OF REMOVAL<br><br>(Clerk's Action Required) |

TO:    Clerk of the Superior Court of the State of Washington for King County

NOTICE IS HEREBY GIVEN pursuant to 28 U.S.C. § 1446(e) that on April 19, 2006,

THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF

LATTER-DAY SAINTS, the sole defendant in the above-entitled action, filed a Notice of

Removal, a copy of which is attached to this Notice, removing the above-entitled action to the

United States District Court for the Western District of Washington at Seattle.

NOTICE TO CLERK OF REMOVAL - 1

ORIGINAL

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit___ Page 3

1
2
3
4
5

YOU ARE ALSO ADVISED that upon this filing of a copy of the notice with the Clerk of the Superior Court of Washington for King County, such Court shall proceed no further unless and until the case is remanded.

6
7

DATED this ⁄9 ℤ day of April, 2006.

8
9
10
11
12
13
14
15
16
17
18
19

GORDON MURRAY TILDEN LLP

By _____

Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Attorneys for Defendant The Corporation of the
President of the Church of Jesus Christ of Latter-Day
Saints

20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit____ Page 32

1
2
3
4
5
6
7
8
9
10
11
12                          UNITED STATES DISTRICT COURT
13                    WESTERN DISTRICT OF WASHINGTON AT SEATTLE
14
15  ROB RINDE f/k/a ROBERT LARRY LEROY
16  PITSOR, JR.,                                    NO.
17
18              Plaintiff,                          NOTICE OF REMOVAL
19                                                  (DIVERSITY JURISDICTION)
20      v.
21
22  THE CORPORATION OF THE PRESIDENT
23  OF THE CHURCH OF JESUS CHRIST OF
24  LATTER-DAY SAINTS, a Utah corporation
25  sole, aka the "MORMON CHURCH" THE
26  CHURCH OF JESUS CHRIST OF LATTER-
27  DAY SAINTS, an unincorporated association,
28
29              Defendant.
30
31
32      Defendant, The Corporation of the President of the Church of Jesus Christ of Latter-Day
33
34  Saints, removes this action from the Superior Court of Washington State in and for King County,
35
36  to the United States District Court for the Western District of Washington, upon the following
37
38  grounds:
39
40      1.      The Corporation of the President of the Church of Jesus Christ of Latter-Day
41
42  Saints is the sole defendant in a civil action filed in the Superior Court of Washington in and for
43
44  King County, styled Rob Rinde f/k/a Robert Larry Leroy Pitsor, Jr. v. The Corporation of the
45

NOTICE OF REMOVAL - 1                              GORDON MURRAY TILDEN LLP
No.                                                1001 Fourth Avenue, Suite 4000
                                                   Seattle, WA  98154
                                                   Phone (206) 467-6477
    Exhibit____ Page 3̲3̲                           Fax (206) 467-6292

President of the Church of Jesus Christ of Latter-Day Saints, a Utah corporation sole, aka the "Mormon Church" the Church of Jesus Christ of Latter-Day Saints, an unincorporated association, No. 06-2-09825-1 SEA (the "State Court Action"). Plaintiff commenced the State Court Action by filing a complaint on March 22, 2006, a copy of which is attached to this Notice. On the same day, plaintiff's counsel sent a copy of the complaint by fax to other lawyers representing the defendant in a different matter. Plaintiff has not yet served defendant with a summons and complaint.

2.    Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship. The Complaint does not plead plaintiff's current residence, but Defendant understands that plaintiff is a resident of the State of Minnesota. On March 31, 2006, the King County Journal printed an article concerning the filing of the State Court Action. The article quoted the plaintiff and stated that "he spoke to the Journal this week from his home in Starbuck, Minn." Defendant is a citizen of Utah, incorporated under the laws of Utah, with its principal place of business in Utah. The complaint filed in the State Court Action does not set forth the dollar amount of damages sought by plaintiff. Given the complaint alleges multiple acts of sexual abuse, including one described as "brutal," all of which are alleged to have occurred while plaintiff was a minor, defendant has a good faith belief that the plaintiff is seeking damages in excess of $75,000, exclusive of interest and costs.

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

WHEREFORE, The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints hereby removes this action from the Superior Court of Washington State in and for King County to the United States District Court for the Western District of Washington at Seattle.

DATED this _19th_ day of _April_, 2006.

GORDON MURRAY TILDEN LLP

By _Charles C. Gordon_

Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Attorneys for THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS
CHRIST OF LATTER-DAY SAINTS

NOTICE OF REMOVAL - 3
No.

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit___ Page 35

1
2
3

## CERTIFICATE OF SERVICE

4
5
6
7

I hereby certify that on April 19, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

8
9
10
11
12
13
14
15
16

Michael T. Pfau
Michelle A. Menely
Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
600 University, Suite 2100
Seattle, WA 98101-4185
E-mail: mpfau@gth-law.com
E-mail: mmenely@gth-law.com
Co-Counsel for Plaintiff Rob Rinde

17
18
19
20
21
22
23

Timothy D. Kosnoff
Law Offices of Timothy D. Kosnoff
800 Bellevue Way N.E., #300
Bellevue, WA 98004
E-mail: timkosnoff@comcast.net
Co-Counsel for Plaintiff Rob Rinde

24
25

I have also served copies on the above counsel by messenger.

26
27
28
29
30
31
32
33
34

Charles C. Gordon, WSBA #1773
Gordon Murray Tilden LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Telephone:  206-467-6477
Facsimile:  206-467-6292
E-mail:  cgordon@gmt.law

35
36
37
38
39
40
41
42
43
44
45

NOTICE OF REMOVAL - 4
No.

Exhibit___  Page 36

FILED

PHOTOCOPY

06 MAR 22 PM 2:31

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

1

2

3

4

5

6

7

8

9

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

10

| ROB RINDE f/k/a ROBERT LARRY LEROY PITSOR, JR. | NO. |
| --- | --- |
| | **06-2-09825-1SEA** |
| Plaintiff, | COMPLAINT |
| vs. | |
| THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, aka the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association, | **WILLIAM L. DOWNING** |
| Defendant. | |

11

12

13

14

15

16

17

18

19

20

## I.    GENERAL ALLEGATIONS

21

This case alleges child sexual abuse, sexual assault and sexual battery, intentional

22

infliction of emotional distress (aka the Tort of "Outrage"), civil conspiracy, fraudulent

23

concealment and gross negligence.  It arises out of the brutal victimization of plaintiff when

24

he was twelve years old by PAUL H. LEWIS, a Mormon Church Scoutmaster and

25

Melchesidek priest.  LEWIS sodomized plaintiff, beat and choked him and forced a wire coat

26

COMPLAINT - 1 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 64101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

hangar up his penis inflicting permanent injury to his urogenital system that resulted in excruciating physical and emotional pain that persists to this day.    When he was approximately fourteen years old Plaintiff disclosed the abuse to civil authorities. Three church officials, including one who was a Seattle attorney, a Bellevue ward bishop and another local church leader knowing that plaintiff's accusations were true pressured plaintiff into not cooperating with law enforcement officials who were investigating LEWIS.  These church officials acted as part of a coordinated effort to shield fellow priest LEWIS from the law and to protect the Mormon Church from scandal and civil liability.

## II.    PARTIES

2.1    Plaintiff ROB RINDE, (known as Larry Pitsor at relevant times), is an adult and at all times relevant hereto was a boy residing with his mother and siblings first in Seattle, and then in Bellevue, Washington. Plaintiff was born December 8, 1969.  ROB RINDE, his mother and his four siblings were recruited into the Church of Jesus Christ of Latter-day Saints (hereinafter the "Mormon Church")1.

2.2    Defendant THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST LATTER-DAY SAINTS, a Utah corporation sole, is a corporation duly organized and operating pursuant to the laws of Utah. This defendant also operates as the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, which is an unincorporated association. The defendant will hereinafter be referred to as COP. In both capacities, COP operates churches within the State of Washington.

## III.    JURISDICTION AND VENUE

3.1    Jurisdiction and venue are proper in this Court because the acts giving rise to this claim occurred in Bellevue, King County, Washington.

COMPLAINT - 2 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 ~ FACSIMILE (206) 676-7575

## IV.    FACTS

4.1    "COP" is a corporation governed by a single individual, the President of the Mormon Church, Gordon B. Hinckley.  The President wields ultimate and absolute authority within the Mormon Church.  Mr. Hinckley, is the "Divine Prophet, Seer and Revelator" of the Church and has the authority to appoint and remove anyone in the Mormon Church, including all members of wards and stakes, at will.  The President of the Mormon Church controls everything in the Mormon Church and all of its wards and stakes.  As such, the President of the Church has authority to dictate changes in Church policy, discipline, ecclesiastical doctrine or anything else he so chooses.  The acts of the President, in his capacity as head of the Mormon Church, are the acts of COP.  COP is registered to do business within, and conducts continuous and systematic activities within, the State of Washington.  At all relevant times, plaintiff was a member of and attended a Seattle and/or a Bellevue ward of the Mormon Church.

4.2    Adult male members of the Church are eligible to be ordained as "Priests."  There are various levels of priesthood, including elevation to the rank of "Elder," "Melchesidek Priest," "High Priest."  Elders, Melchesidek Priests and High Priests are held out by the Mormon Church as men that are "morally worthy" and deserving of the trust of its members.

4.3    At all relevant times, the Mormon Church assumed special responsibilities toward its members including a disciplinary and red-flagging system meant to identify and track sexual predators and other dangerous individuals within the membership in order to protect innocent members from harm they might inflict.

4.4    The Mormon Church is closely affiliated with the Boy Scouts of America.  The Mormon Church is the oldest and one of the largest sponsoring organizations of boy scouting in the United States.  Since 1913 the Mormon Church has used the Scouting program as an

COMPLAINT - 3 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

integral part of its ministry to boys and young men. Scouting is the exclusive youth activity for males in the Mormon Church.

4.5    During the relevant time period, COP adopted guidelines for handling victims of child sexual abuse and sex offenders. They failed to follow their guidelines with respect to LEWIS.

4.6    During the approximate time period of 1981-1983, when RINDE was around twelve years old, LEWIS was RINDE's ward scoutmaster. At that time LEWIS was in the United States Navy and was a transient with no ties or history to the area prior to the church placing LEWIS in the position of Scoutmaster of a Seattle ward to which RINDE was a member.

4.7    Using his position of authority as Scoutmaster and Mormon Priest, LEWIS was able to gain access to RINDE and use that access to groom and then molest, rape and sadistically torture him.

4.8    LEWIS sexually molested RINDE at various locations in the Seattle area including at an apartment to which LEWIS had unrestricted access, in the swimming pool, locker room/shower and steam bath at Sand Point Naval Air Station, and in a motel room in Issaquah.

4.9    The most appalling acts of abuse occurred in a room at Motel 6 in Issaquah in approximately 1983. LEWIS used physical violence against RINDE, sodomizing him and forcing RINDE to orally copulate LEWIS. LEWIS then took a wire coat hangar and forced it into RINDE's urethra causing him to hemorrhage and causing chronic and irreparable injury to his penis and urogenital system. These were acts of childhood sexual abuse, which acts were also violations of chapter 9A.44 RCW or RCW 9.68A.040 or prior laws of similar effect at the time the acts were committed.

COMPLAINT - 4 of 10

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

4.10    In approximately 1984 or 1985, RINDE disclosed the abuse and his mother reported it to the civil and church authorities. A criminal investigation of LEWIS ensued. Church officials described herein above shielded LEWIS from the law. The same church officials urged RINDE, then age fourteen (14), to not cooperate with the law enforcement investigation of LEWIS thereby allowing LEWIS to evade criminal prosecution and to move to another state where he eventually sexually molested more children. These church officials told him that he would not be believed, that it would be "his word" against LEWIS, that his allegations would hurt the image and reputation of the Mormon Church, that RINDE would be ridiculed and derided by church members in addition to other comments calculated to intimidate RINDE from cooperating with the civil authorities investigating LEWIS.

4.11    Church leaders told RINDE that the church would "take care of things," that they would help him with therapy and that they would help his family financially.

4.12    An abuse victim advocate in the King County Prosecutor's office arranged a meeting with RINDE at her office. Before she could meet privately with RINDE, Mormon Church leaders interfered in the investigative process. The three adult male Church officials went to RINDE'S home and told him that they would take him to the meeting at the prosecutor's office downtown. On the ride downtown in the car the three adult Mormon church officials pressured RINDE not to cooperate with law enforcement officials.

4.13    At the meeting, the church official that was a licensed Washington attorney told the victim's advocate that he was RINDE'S attorney which was untrue. The church official/lawyer told the victim advocate he would not permit her to interview RINDE in private.

4.14    RINDE succumbed to the Church's pressure not to cooperate. As a result, charges against LEWIS were not filed. Soon thereafter LEWIS moved to another state and joined a another ward of the Mormon Church.

COMPLAINT - 5 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## V.    FIRST CAUSE OF ACTION
### (Negligence based on Common Law and breach of Fiduciary Duty)

5.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges:

5.2    Defendants COP and Mormon Church had a common law duty to plaintiff to protect him from the criminal acts of LEWIS.

5.3    Defendants COP and the Mormon Church breached their duty to protect plaintiff and plaintiff damaged thereby.

5.4    Defendants COP had a "special relationship" with plaintiff and with LEWIS. They knew or should have known that LEWIS was a sadistic serial pedophile that was actively abusing children, COP had a duty to use reasonable care in the hiring, supervision or retention of LEWIS as scoutmaster and also had a duty to warn or protect foreseeable victims including plaintiff. LEWIS' positions within the defendants' church were causally connected to and served to enable LEWIS to gain access to and abuse plaintiff.

5.5    The Mormon Church's bishops, stake presidents and Boy Scout leaders within the State of Washington breached both a duty of reasonable care in hiring, supervising or retaining LEWIS as scoutmaster and by failing to warn or protect children and/or by failing to report their knowledge of LEWIS's sexual abuse of children to civil authorities,.

5.6    But for the breach of duty, acts, omissions and intentional misconduct of COP and the Mormon Church, church bishops, boy scout leaders, stake presidents and area presidents, LEWIS would not have been able to abuse plaintiff.

5.7    COP's failure to adhere to its previously adopted guidelines for handling victims of child sexual abuse and sex offenders caused harm to the plaintiff. The harm plaintiff suffered as a result of defendant's negligence was the harm contemplated in COP's Handbook of Instruction to its clergy.

COMPLAINT - 6 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

5.8     Notwithstanding Defendant's duties, defendant failed to train and supervise its hierarchal clergy in the proper implementation of its guidelines, policies and procedures regarding the treatment of victims of child sexual abuse, to monitor and insure compliance with their guidelines, policies and procedures, treatment of child sexual abusers and reporting of child sexual abuse.

5.9     Defendants knew, or in the exercise of reasonable care should have known, that its failure to report LEWIS to appropriate law enforcement or social services agencies would result in LEWIS sexually abusing children including plaintiff, and in plaintiff failing to obtain adequate treatment.

5.10    As a result of the molestation, breach of trust, and statutory violations, plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be determined. As a further result of the sexual abuse, plaintiff incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial.

## VI.    SECOND CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

6.1     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

6.2     Defendant knew, or in the exercise of reasonable care should have known, that tampering with a witness was unlawful and that such conduct as pressuring victims not to disclose, would be harmful to the best interests and psychological well-being of child victims of sexual abuse, including plaintiff.

6.3     Defendants knew or should have known that pressuring plaintiff not to cooperate with the civil authorities' investigation of LEWIS would greatly exacerbate

COMPLAINT - 7 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 ~ FACSIMILE (206) 676-7575

plaintiff's physical, emotional and psychological injuries and, in fact, the defendant's conduct greatly exacerbated plaintiff's physical, emotional and psychological injuries.

6.4    Defendant knew that plaintiff had been subjected to horrific sexual abuse at the hands of its Scoutmaster and Melchesidek Priest PAUL LEWIS and knew that plaintiff had and would continue to suffer emotional, psychological and physical injuries and that unless he received appropriate assistance from civil authorities, that his injuries would be greatly exacerbated and much more difficult to treat with the passage of time.

6.5    The Church, being more concerned about shielding itself from scandal and potential civil liability and intent on protecting the public image of its all-male Mormon priesthood at the expense of aiding a gravely injured child that was plaintiff, pressured plaintiff in to not cooperating with the civil authorities with full knowledge of or with reckless disregard of the emotional and psychological injuries its conduct was certain to inflict.

6.6    Defendant's conduct was an outrageous violation of societal norms and went so far beyond all possible bounds of decency, so as to be regarded as atrocious, and utterly intolerable in a civilized community, and resulted in severe emotional distress.

6.7    As a further result of the defendant's intentional conduct, plaintiff has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial. As a result of the defendant's conduct, plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be proved at trial.

## VII.    THIRD CAUSE OF ACTION
### (Estoppel and Fraudulent Concealment)

7.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

7.2    Church defendants engaged in a plan of action to cover up incidents of the sexual abuse of minors by its Melchesidek priests and scout leaders and to prevent disclosure,

COMPLAINT - 8 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, the transfer of abusive Melchesidek priests and scoutmasters, coercion of victims and their families and by failure to seek out and redress the injuries these men had caused. Based on these actions, the defendants engaged in fraudulent concealment and are estopped from asserting defense of limitations.

## VIII.   FOURTH CAUSE OF ACTION
### (Civil Conspiracy)

8.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

8.2    Defendant and others conspired to cover up incidents of sexual abuse of minors by its Mormon priests and scout leaders, including LEWIS and to prevent disclosure, prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, aiding criminal child molesters in evading detection, arrest and prosecution, allowing them to cross state and international borders for purposes of gaining access to uninformed parents whose innocent children could be sexually abused, failure to warn, and by failure to seek out and redress the injuries its Melchesidek priests and scoutmasters had caused. Based on these actions, the defendants conspired for the unlawful purpose of concealing and suppressing information on the danger and threat that scoutmaster and priests like LEWIS posed to unsuspecting children, including the plaintiff.

COMPLAINT - 9 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment against the defendant and in plaintiff's behalf, for the following:

1.    For special damages for medical treatment expenses, lost earnings, and lost earnings capacity, and the expenses of medication and other special expenses, both in the past and continuing into the future, in amounts to be determined at the time of trial;

2.    For all general damages, for physical, mental and emotional injury and disturbance, and other disorders resulting from the acts complained of herein;

3.    For attorney's fees, prejudgment interest, costs and exemplary damages allowed by RCW 9.68A.130 and other law; and

4.    For such other and further relief as this Court determines just in the premises.

Dated this 22 day of March, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By:_____
    Michael T. Pfau, WSBA No. 24649
    mpfau@gth-law.com
    Michelle A. Menely, WSBA No. 28353
    mmenely@gth-law.com
    *Co-Counsel for Plaintiff*


LAW OFFICES OF TIMOTHY D. KOSNOFF


By:_____
    Timothy D. Kosnoff, WSBA No. 16586
    timkosnoff@comcast.net
    Co-Counsel for Plaintiff

COMPLAINT - 10 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

1
2
3
4
5
6
7
8
9
10
11                          UNITED STATES DISTRICT COURT
12                  WESTERN DISTRICT OF WASHINGTON AT SEATTLE
13
14   ROB RINDE f/k/a ROBERT LARRY LEROY
15   PITSOR, JR.,                                      NO.
16
17                      Plaintiff,                     NOTICE OF REMOVAL TO
18                                                     PLAINTIFF
19           v.
20
21   THE CORPORATION OF THE PRESIDENT
22   OF THE CHURCH OF JESUS CHRIST OF
23   LATTER-DAY SAINTS, a Utah corporation
24   sole, aka the "MORMON CHURCH" THE
25   CHURCH OF JESUS CHRIST OF LATTER-
26   DAY SAINTS, an unincorporated association,
27
28                      Defendant.
29
30
31   TO:         ROB RINDE f/k/a ROBERT LARRY LEROY PITSOR, JR.
32
33   AND TO:     Michael T. Pfau
34               Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim, LLP
35               600 University, Suite 2100
36               Seattle, WA 98101-4185
37               Co-Counsel for Plaintiff
38
39               Timothy D. Kosnoff
40               Law Offices of Timothy D. Kosnoff
41               One Union Square
42               600 University Street, Suite 2101
43               Seattle, WA 98101
44                 and
45

NOTICE OF REMOVAL TO PLAINTIFF - 1                   GORDON MURRAY TILDEN LLP
No.                                                  1001 Fourth Avenue, Suite 4000
                                                     Seattle, WA 98154
                                                     Phone (206) 467-6477
                                                     Fax (206) 467-6292

Exhibit____ Page 47

800 Bellevue Way N.E., #300
Bellevue, WA 98004
Co-Counsel for Plaintiff

YOU ARE HEREBY NOTIFIED that on April 19, 2006, defendant THE

CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-

DAY SAINTS, in the above-referenced action, filed with the United States District Court for the

Western District of Washington at Seattle its Notice of Removal to the District Court of the

action brought in the Superior Court of Washington for King County, Cause No. 06-2-09825-1

SEA, and that defendant has promptly thereafter filed a copy of the Notice with the Clerk of the

Superior Court, and that this action has hereby been removed from the Superior Court to the

District Court. A copy of the Notice of Removal, which is attached to this Notice, is herewith

served upon you.

DATED this _19th_ day of _April_, 2006.

GORDON MURRAY TILDEN LLP

By _____
   Charles C. Gordon, WSBA #1773
   Jeffrey I. Tilden, WSBA #12219
   Attorneys for THE CORPORATION OF THE
   PRESIDENT OF THE CHURCH OF JESUS
   CHRIST OF LATTER-DAY SAINTS

NOTICE OF REMOVAL TO PLAINTIFF - 2
No.

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit___ Page 48

FILED

2006 APR 20  AM 11: 09

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE- WA.

The Honorable William L. Downing

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

ROB RINDE f/k/a ROBERT LARRY LEROY
PITSOR, JR.,

                Plaintiff,

     v.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole, aka the "MORMON CHURCH" THE
CHURCH OF JESUS CHRIST OF LATTER-
DAY SAINTS, an unincorporated association,

                Defendant.

NO.  06-2-09825-1 SEA

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 19, 2006, a copy of the following:

Notice to Clerk of Superior Court of Filing Notice of Removal

Notice of Removal (Diversity Jurisdiction)

Notice of Removal to Plaintiff

Notice of Appearance

was served at the following addresses via the method indicated:

     Michael T. Pfau
     Michelle A. Menely

CERTIFICATE OF SERVICE - 1
No.

ORIGINAL

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Scattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit___ Page 49

1  Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
2  600 University, Suite 2100
3  Seattle, WA 98101-4185
4  Co-Counsel for Plaintiff Rob Rinde
5
6  Timothy D. Kosnoff
7  Law Offices of Timothy D. Kosnoff
8  800 Bellevue Way N.E., #300
9  Bellevue, WA 98004
10  Co-Counsel for Plaintiff Rob Rinde
11
12
13  ( ) Mail     ( X ) Hand Delivery
14  ( X ) Fax    ( ) Federal Express
15
16  Signed this _19th_ day of April, 2006.
17
18
19
20  Jacqueline Lucien
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

CERTIFICATE OF SERVICE - 2
No.

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit ___ Page 50