**UNITED STATES DISTRICT COURT**
WESTERN DISTRICT OF WASHINGTON
OFFICE OF THE CLERK

BRUCE RIFKIN
CLERK

700 STEWART STREET
SEATTLE, WASHINGTON 98101

July 28, 2006

FILED
KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.
2006 AUG -7 PM 3:29

Clerk, King County Superior Court
516 Third Ave., Rm E609
Seattle, WA 98104

RE:   Rob Rinde v. The Corporation of the President of the Church of Jesus Christ of Later-Day Saints, WAWD case no. C06-556Z
      King County Superior Court case no. 06-2-09825-1SEA

Dear Clerk:

Please find enclosed the original case file, on cd-rom, along with a certified copy of Judge Thomas S. Zilly's Order remanding this case to state court. Also included is a certified copy of the docket sheet.

Please return the attached copy of this cover letter with the following information:

Superior Court Case No:      06-2-09825-1SEA_____

Assigned to Judge:           _____

Completed by Deputy Clerk:   _____


                             Sincerely,

                             *Lisa Tardiff*

                             Lisa Tardff, Deputy Clerk

Enclosures

cc:  Court file, counsel


Exhibit___ Page 5 1

Dockets.Justia.com

CLOSED, JURYDEMAND, REMAND

# U.S. District Court
## WESTERN DISTRICT OF WASHINGTON (Seattle)
## CIVIL DOCKET FOR CASE #: 2:06-cv-00556-TSZ

Rinde v. Corporation of the President of the Church of Jesus Christ of Latter-Day Saints
Assigned to: Hon. Thomas S. Zilly
Cause: 28:1332 Diversity-Petition for Removal

Date Filed: 04/19/2006
Jury Demand: Both
Nature of Suit: 320 Assault Libel & Slander
Jurisdiction: Diversity

## Plaintiff

**Rob Rinde**
*formerly known as*
Robert Larry Leroy Pitsor, Jr

represented by **Michael T Pfau**
GORDON THOMAS HONEYWELL MALANCA PETERSON & DAHEIM (TAC)
1201 PACIFIC AVE
STE 2100
PO BOX 1157
TACOMA, WA 98401
206-676-7500
Email: mpfau@gth-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle A Menely**
GORDON THOMAS HONEYWELL MALANCA PETERSON & DAHEIM (SEA)
600 UNIVERSITY
STE 2100
SEATTLE, WA 98101-4185
206-676-7500
Fax: FAX 676-7575
Email: mmenely@gth-law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

CERTIFIED TRUE COPY
ATTEST BRUCE RIFKIN
Clerk, U.S. District Court
Western District of Washington
By _____
Deputy Clerk

## V.

## Defendant

**Corporation of the President of the Church of Jesus Christ of Latter-Day Saints**
*a Utah corporation sole*
*also known as*
"Morman Church" The Church of Jesus

represented by **Charles Cooper Gordon**
GORDON MURRAY TILDEN
1001 4TH AVE
STE 4000
SEATTLE, WA 98154
206-467-6477

Exhibit ____ Page 52

Christ of Latter-Day Saints, an
unincorporated association

Email: cgordon@gmtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeffrey I Tilden**
GORDON MURRAY TILDEN
1001 4TH AVE
STE 4000
SEATTLE, WA 98154
206-467-6477
Email: jtilden@gmtlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/19/2006 | ●1 | NOTICE OF REMOVAL from King County Superior Court, case number 06-2-09825-1 SEA; (Receipt # SEA 552), filed by Corporation of the President of the Church of Jesus Christ of Latter-Day Saints. (Attachments: # 1 Civil Cover Sheet)(MKB) Email Request to File New Case added on 4/24/2006 (MKB). (Entered: 04/24/2006) |
| 04/24/2006 | ●2 | DEMAND for JURY TRIAL by Plaintiff Rob Rinde. (Honeywell, Mark) (Entered: 04/24/2006) |
| 04/25/2006 | ●3 | VERIFICATION OF STATE COURT RECORDS by Defendant Corporation of the President of the Church of Jesus Christ of Latter-Day Saints. (Gordon, Charles) (Entered: 04/25/2006) |
| 05/02/2006 | ●4 | ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT AND EARLY SETTLEMENT FRCP 26f Conference Deadline is 6/19/2006.Initial Disclosure Deadline is 7/3/2006. Joint Status Report due by 7/3/2006; by Judge Thomas S. Zilly. (CC, ) (Entered: 05/02/2006) |
| 05/16/2006 | ●5 | MOTION to Amend *Complaint to Clarify Status of Defendants and Motion to Remand* by Plaintiff Rob Rinde. Noting Date 5/26/2006. (Attachments: # 1 Declaration of Timothy D. Kosnoff# 2 Proposed Order)(Menely, Michelle) (Entered: 05/16/2006) |
| 05/22/2006 | ●6 | RESPONSE, by Defendant Corporation of the President of the Church of Jesus Christ of Latter-Day Saints, to 5 MOTION to Amend *Complaint to Clarify Status of Defendants and Motion to Remand*. (Tilden, Jeffrey) (Entered: 05/22/2006) |
| 05/22/2006 | ●7 | DECLARATION of Paul D. Rytting in Opposition to Plaintiff's 5 MOTION to Amend *Complaint to Clarify Status of Defendants and Motion to Remand* (Tilden, Jeffrey) Modified duplicative text on 5/23/2006 (ECS, ). (Entered: 05/22/2006) |
| 05/26/2006 | ●8 | REPLY, filed by Plaintiff Rob Rinde, TO RESPONSE to 5 MOTION to Amend *Complaint to Clarify Status of Defendants and Motion to Remand* (Menely, Michelle) (Entered: 05/26/2006) |

| 05/26/2006 | ●9 | DECLARATION of Timothy D. Kosnoff filed by Plaintiff Rob Rinde re 5 MOTION to Amend *Complaint to Clarify Status of Defendants and Motion to Remand* (Menely, Michelle) (Entered: 05/26/2006) |
|---|---|---|
| 06/02/2006 | ●10 | STIPULATION AND PROPOSED ORDER by parties re 5 MOTION to Amend *Complaint to Clarify Status of Defendants and Motion to Remand*. (Tilden, Jeffrey) (Entered: 06/02/2006) |
| 06/02/2006 | ●11 | STIPULATION AND ORDER by Judge Thomas S. Zilly. The Court RE-NOTES for 6/12/06 5 MOTION to Amend *Complaint to Clarify Status of Defendants and Motion to Remand*;. (CL, ) (Entered: 06/02/2006) |
| 06/13/2006 | ●12 | ACCEPTANCE OF SERVICE of summons and complaint by counsel *Jeffrey I. Tilden* on behalf of Defendant Corporation of the President of the Church of Jesus Christ of Latter-Day Saints on 06/01/06. (Menely, Michelle) (Entered: 06/13/2006) |
| 06/20/2006 | ●13 | ANSWER to Complaint with JURY DEMAND by Corporation of the President of the Church of Jesus Christ of Latter-Day Saints.(Tilden, Jeffrey) (Entered: 06/20/2006) |
| 06/26/2006 | ●14 | STIPULATION AND PROPOSED ORDER *Re Extending Dates for Initial Disclosures and Joint Status Report* by parties re 4 FORM - Joint Status Report Order. (Gordon, Charles) (Entered: 06/26/2006) |
| 06/30/2006 | ●15 | ORDER granting Plaintiff's 5 Motion to Amend Complaint to Clarify Status of Defendants, and granting Plaintiff's Motion to Remand, by Judge Thomas S. Zilly.(LT, ) (Entered: 06/30/2006) |
| 06/30/2006 | ●16 | AMENDED COMPLAINT against all defendant(s) , filed by Rob Rinde. (LT, ) (Entered: 06/30/2006) |



CERTIFIED TRUE
ATTEST:
Clerk, U.S. District
Western District of Washington
By _____
Deputy Clerk

1

2

3

4

5

6              UNITED STATES DISTRICT COURT
7              WESTERN DISTRICT OF WASHINGTON
                        AT SEATTLE

8

9    ROB RINDE f/k/a ROBERT LARRY
     LEROY PITSOR, JR.,

10                         Plaintiff,                    No. C06-556Z

11   v.                                                  ORDER

12   THE CORPORATION OF THE
     PRESIDENT OF THE CHURCH OF JESUS
13   CHRIST OF LATTER-DAY SAINTS, a Utah
     corporation sole, aka the "MORMON
14   CHURCH" THE CHURCH OF JESUS
     CHRIST OF LATTER-DAY SAINTS, an
15   unincorporated association,

16                         Defendant.

17

18        This matter comes before the Court on Plaintiff's Motion to Amend Complaint to

19   Clarify Status of Defendants and Motion to Remand, docket no. 5. The Court being fully

20   advised now GRANTS the motions as set forth in this Order:

21       **Plaintiff's Motion to Amend Complaint to Clarify Status of Defendants**

22        Plaintiff, Rob Rinde, failed to plead the existence of two defendants in his Complaint.

23   See Compl., docket 3. The Court therefore construes Plaintiff's Motion to Amend

24   Complaint to Clarify Status of Defendants as a motion to join the "'Mormon Church' The

25   Church of Jesus Christ of Latter-Day Saints" (hereinafter referred to as the "Mormon

26   Church") as a defendant.

     MINUTE ORDER  1–

1    The Mormon Church is an unincorporated association with members in all fifty states.

2    Rytting Decl., docket 7, ¶ 5; Def.'s Opp'n, docket 6, at 2. It is well-established that the

3    citizenship of unincorporated associations is the citizenship of each of the individual

4    members of the association. Johnson v. Columbia Props. Anchorage, 437 F.3d 894, 899 (9th

5    Cir. 2006). Thus, the Mormon Church is a non-diverse defendant.

6    "[T]he proper standard for deciding whether to allow post-removal joinder of a

7    diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e)." Boon v. Allstate Ins.

8    Co., 229 F. Supp. 2d 1016, 1020 n.2 (C.D. Cal. 2002). Section 1447(e) provides: "If after

9    removal the plaintiff seeks to join additional defendants whose joinder would destroy subject

10   matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to

11   the State court." 28 U.S.C. § 1447(e). Joinder of a diversity-destroying defendant pursuant

12   to Section 1447(e) is left to the discretion of the district court. Newcombe v. Adolf Coors

13   Co., 157 F.3d 686, 691 (9th Cir. 1998).

14   Having considered the six factors described in Boon, 229 F. Supp. 2d at 1019-20, the

15   Court concludes that permitting joinder under Section 1447(e) is appropriate in the present

16   case. Permitting joinder of the Mormon Church would facilitate a just adjudication of the

17   matter. Conversely, disallowing joinder would hinder Mr. Rinde from asserting his rights

18   against an entity allegedly involved in the breach of duties and related causes of action. See

19   IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, 125 F. Supp. 2d 1008, 1012

20   (N.D. Cal. 2000). The absence of the Mormon Church as a named defendant could preclude

21   Mr. Rinde from recovering damages for any fault attributable to the Mormon Church. See

22   Kottler v. Wetherington, 136 Wn.2d 437, 445-47 (1998). In contrast, "[t]here will be little

23   prejudice to Defendant[] from allowing amendment and remand at such an early stage in the

24   case." Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 657 (S.D. Cal. 2000). Although

25   Defendant Corporation of the President of the Church of Jesus Christ of Latter-Day Saints

26   ("COP") argues that Mr. Rinde's sole purpose for seeking joinder is to destroy diversity

MINUTE ORDER   2–

1  jurisdiction, the Court "declines to impute an improper motive to Plaintiff simply because
2  Plaintiff seeks to add a non-diverse defendant post-removal." IBC Aviation Servs., 125 F.
3  Supp. 2d at 1012.

4        COP also contends that the Mormon Church is not a proper party because once a
5  religious entity has chosen to incorporate, only the corporate form may be sued. The cases
6  cited by COP, however, merely support the general rule that religious controversies are not
7  the proper subject of civil court inquiry. See, e.g., Islamic Ctr. of Harrison, Inc. v. Islamic
8  Science Found., Inc., 628 N.Y.S. 2d 179, 179 (App. Div. 1995). Although the Free Exercise
9  Clause of the United States Constitution "restricts the government's ability to intrude into
10  ecclesiastical matters or to interfere with a church's governance of its own affairs," Bollard
11  v. California Province of the Soc'y of Jesus, 196 F.3d 940, 945 (9th Cir. 1999), a religious
12  association does not operate wholly free from civil law. "The First Amendment does not
13  provide churches with absolute immunity to engage in tortious conduct. So long as liability
14  is predicated on secular conduct and does not involve the interpretation of church doctrine or
15  religious beliefs, it does not offend constitutional principles." C.J.C. v. Corp. of Catholic
16  Bishop of Yakima, 138 Wn.2d 699, 728 (1999) (citing Sanders v. Casa View Baptist Church,
17  134 F.3d 311, 366 (5th Cir. 1998)).

18        For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Amend
19  Complaint to Clarify Status of Defendants, docket no. 5. The Clerk is directed to file the
20  Proposed Amended Complaint, attached as Exhibit A to the Kosnoff Decl., docket no. 5.

21        **Plaintiff's Motion to Remand**

22        Diversity jurisdiction requires complete diversity of citizenship between the parties to
23  an action. 28 U.S.C. § 1332(a); Cardon v. Arkoma Assocs., 494 U.S. 185, 187 (1990). Once
24  a non-diverse defendant is joined, remand becomes mandatory: "[a] district court may not
25  allow joinder of a non-diverse party and retain jurisdiction." Stevens v. Brink's Home
26  Security, Inc., 378 F.3d 944, 949 (9th Cir. 2004); see also 28 U.S.C. § 1447(e). Because the

MINUTE ORDER   3–

1  Court is granting Plaintiff's motion to join the Mormon Church as a non-diverse defendant,

2  remand is mandatory.  Accordingly, the Court GRANTS the Plaintiff's Motion to Remand,

3  docket no. 5.

4      The Clerk is directed to remand the case to King County Superior Court, Case No. 06-

5  2-09825-1SEA, in accordance with this Order.

6      IT IS SO ORDERED.

7      Filed and entered this 30th day of June, 2006.

8

9

Thomas S. Zilly
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MINUTE ORDER  4–

FILED

06 AUG 11 AM 9:31

KING COUNTY
SUPERIOR COURT CLERK
E-FILED

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| **Rinde,** | |
| | |
| **vs** | NO. 06-2-09825-1   ☒SEA |
| | ☐ KNT |
| **Corporation of the President of the Church,** | |

**Transcript**     **is attached.**

Exhibit___ Page 59

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Case Number:        06-2-09825-1
Case Title:         RINDE FKA VS CORP OF THE PRES OF THE CHURCH OF LATTER DAY
SAINTS AKA
Document Title:     OTHER
User's Name:        Imelda Bacinillo
Filed Date:         8/11/2006 9:31:10 AM

User Signed

Signed By:     Imelda Bacinillo
WSBA #:        N/A
Date:          8/11/2006 9:26:54 AM

**U.S. District Court**
**WESTERN DISTRICT OF WASHINGTON (Seattle)**
**CIVIL DOCKET FOR CASE #: 2:06-cv-00566-JCC-RSL**
**Internal Use Only**

Atlantic Recording Corporation et al v. Dolenc et al       Date Filed: 04/21/2006
Assigned to: John C Coughenour                             Jury Demand: None
Referred to: Hon Robert S. Lasnik                          Nature of Suit: 820 Copyright
Cause: 17:501 Copyright Infringement                       Jurisdiction: Federal Question

**Plaintiff**

**Atlantic Recording Corporation**             represented by **Lyle A Tenpenny**
*a Delaware corporation*                                    YARMUTH WILSDON CALFO
                                                            925 FOURTH AVE
                                                            STE 2500
                                                            SEATTLE, WA 98104
                                                            206-516-3800
                                                            Email: ltenpenny@yarmuth.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Scott T Wilsdon**
                                                            YARMUTH WILSDON CALFO
                                                            925 FOURTH AVE
                                                            STE 2500
                                                            SEATTLE, WA 98104
                                                            206-516-3800
                                                            Fax: 206-516-3888
                                                            Email: wilsdon@yarmuth.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Elektra Entertainment Group Inc**            represented by **Lyle A Tenpenny**
*a Delaware corporation*                                    (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Scott T Wilsdon**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Warner Bros Records Inc**                    represented by **Lyle A Tenpenny**
*a Delaware corporation*                                    (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Scott T Wilsdon**
                                                            (See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Capitol Records Inc**
*a Delaware corporation*

represented by **Lyle A Tenpenny**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott T Wilsdon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Motown Record Company LP**
*a California limited partnership*

represented by **Lyle A Tenpenny**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott T Wilsdon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**UMG Recordings Inc**
*a Delaware corporation*

represented by **Lyle A Tenpenny**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott T Wilsdon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Sony BMG Music Entertainment**
*a Delaware general partnership*

represented by **Lyle A Tenpenny**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott T Wilsdon**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BMG Music**
*a New York general partnership*

represented by **Lyle A Tenpenny**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Scott T Wilsdon**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Ted Dolenc**

**Defendant**

**Guiseppina Dolenc**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/21/2006 | **◯** 1 | COMPLAINT FOR COPYRIGHT INFRINGEMENT against defendants Ted Dolenc and Guiseppina Dolenc (Summonses issued) (Receipt # SEA 575), filed by Capitol Records Inc, Motown Record Company LP, UMG Recordings Inc, Sony BMG Music Entertainment, BMG Music, Atlantic Recording Corporation, Elektra Entertainment Group Inc, Warner Bros Records Inc. (Attachments: # 1 Exhibit A # 2 Exhibit B part 1 # 3 Exhibit B part 2 # 4 Civil Cover Sheet)(MKB) (Entered: 04/24/2006) |
| 04/21/2006 | **◯** 2 | CERTIFICATION AND NOTICE OF INTERESTED PARTIES. (MKB) (Entered: 04/24/2006) |
| 04/21/2006 | **◯** 3 | REPORT ON THE FILING OR DETERMINATION OF AN ACTION OR APPEAL REGARDING A COPYRIGHT. (Original (copy 1) mailed to the Register of Copyrights) (MKB) (Entered: 04/24/2006) |
| 04/24/2006 |  | NON-PUBLIC ***Staff notes: Preassignment of Judge Benton in the event of consent. (MKB) (Entered: 04/24/2006) |
| 05/03/2006 | **◯** 4 | ORDER REFERRING CASE to Judge Robert S. Lasnik by Judge John C Coughenour. All future pleadings in this matter shall bear the following cause number and designation: C06-566(RSL) Yarmuth File Sharing Litigation.(CL, ) (Entered: 05/03/2006) |
| 05/30/2006 | 5 | STATUS MEMO: Case Management deadline 8/17/2006. (JM, ) (Entered: 05/30/2006) |
| 06/06/2006 | **◯** 6 | SERVICE OF SUMMONS and Complaint returned executed upon defendant Ted Dolenc on 5/20/2006; Guiseppina Dolenc on 5/20/2006 (Wilsdon, Scott) (Entered: 06/06/2006) |
| 07/17/2006 | **◯** 7 | MOTION for Default *Request to Enter Default; Affidaivt of Lyle A. Tenpenny* by Plaintiffs Capitol Records Inc, Motown Record Company LP, UMG Recordings Inc, Sony BMG Music Entertainment, BMG Music, Atlantic Recording Corporation, Elektra Entertainment Group Inc, Warner Bros Records Inc. Noting Date 7/17/2006. (Attachments: # 1 Proposed Default by Clerk)(Tenpenny, Lyle) (Entered: 07/17/2006) |
| 07/17/2006 | **◯** | MOTION REFERRED: re 7 MOTION for Default *Request to Enter Default; Affidaivt of Lyle A. Tenpenny* filed by Capitol Records Inc,, Warner Bros Records Inc,, Atlantic Recording Corporation,, UMG Recordings Inc,, BMG Music,, Elektra Entertainment Group Inc,, Motown Record Company LP,, Sony BMG Music Entertainment, is referred to Judge Clerk of the Court/Bruce Rifkin (CL, ) (Entered: 07/18/2006) |
| 07/18/2006 | **◯** 8 | ORDER granting 7 Motion for Default - default entered against defendants Ted and Guiseppina Dolenc. by Clerk U.S. District Court Bruce Rifkin.(Rifkin, Bruce) (Entered: 07/18/2006) |
| 07/18/2006 | **◯** 9 | NOTICE by Plaintiffs Capitol Records Inc, Motown Record Company LP, UMG Recordings Inc, Sony BMG Music Entertainment, BMG Music, Atlantic Recording Corporation, Elektra |

Exhibit    Page 63

| | | |
|---|---|---|
| | | Entertainment Group Inc, Warner Bros Records Inc, upon Defendant Ted Dolenc, Guisettina Dolenc re 8 Order on Motion for Default *NOTICE OF ENTRY OF DEFAULT BY CLERK* (Tenpenny, Lyle) Modified text per counsel request on 7/18/2006 (KN, ). (Entered: 07/18/2006) |
| 07/18/2006 | ◑10 | CERTIFICATE OF SERVICE by Plaintiffs Capitol Records Inc, Motown Record Company LP, UMG Recordings Inc, Sony BMG Music Entertainment, BMG Music, Atlantic Recording Corporation, Elektra Entertainment Group Inc, Warner Bros Records Inc, upon Defendant Ted Dolenc, Guisettina Dolenc re 7 MOTION for Default *Request to Enter Default; Affidavit of Lyle A. Tenpenny*, 9 Notice-Other,. (Tenpenny, Lyle) Modified text per counsel request on 7/18/2006 (KN, ). (Entered: 07/18/2006) |
| 07/18/2006 | ◑ | NOTICE of Docket Text Modification re 9 Notice-Other, : Modified text per counsel request to include service to dft Guisettina Dolenc. (KN, ) (Entered: 07/18/2006) |

I hereby certify that the attached is a true and correct copy of the docket on file at the Western District of Washington

.



BRUCE RIFKIN, Clerk

By __S/Lisa Tardiff_____
        Deputy Clerk

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ROB RINDE f/k/a ROBERT LARRY LEROY PITSOR, JR., | NO. |
| Plaintiff, | NOTICE OF REMOVAL (DIVERSITY JURISDICTION) |
| v. | |
| THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, aka the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association, | |
| Defendant. | |

Defendant, The Corporation of the President of the Church of Jesus Christ of Latter-Day

Saints, removes this action from the Superior Court of Washington State in and for King County,

to the United States District Court for the Western District of Washington, upon the following

grounds:

1.      The Corporation of the President of the Church of Jesus Christ of Latter-Day

Saints is the sole defendant in a civil action filed in the Superior Court of Washington in and for

King County, styled <u>Rob Rinde f/k/a Robert Larry Leroy Pitsor, Jr. v. The Corporation of the</u>

NOTICE OF REMOVAL - 1
No.

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

President of the Church of Jesus Christ of Latter-Day Saints, a Utah corporation sole, aka the "Mormon Church" the Church of Jesus Christ of Latter-Day Saints, an unincorporated association, No. 06-2-09825-1 SEA (the "State Court Action"). Plaintiff commenced the State Court Action by filing a complaint on March 22, 2006, a copy of which is attached to this Notice. On the same day, plaintiff's counsel sent a copy of the complaint by fax to other lawyers representing the defendant in a different matter. Plaintiff has not yet served defendant with a summons and complaint.

2.      Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship. The Complaint does not plead plaintiff's current residence, but Defendant understands that plaintiff is a resident of the State of Minnesota. On March 31, 2006, the King County Journal printed an article concerning the filing of the State Court Action. The article quoted the plaintiff and stated that "he spoke to the Journal this week from his home in Starbuck, Minn." Defendant is a citizen of Utah, incorporated under the laws of Utah, with its principal place of business in Utah. The complaint filed in the State Court Action does not set forth the dollar amount of damages sought by plaintiff. Given the complaint alleges multiple acts of sexual abuse, including one described as "brutal," all of which are alleged to have occurred while plaintiff was a minor, defendant has a good faith belief that the plaintiff is seeking damages in excess of $75,000, exclusive of interest and costs.

NOTICE OF REMOVAL - 2
No.

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

WHEREFORE, The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints hereby removes this action from the Superior Court of Washington State in and for King County to the United States District Court for the Western District of Washington at Seattle.

DATED this _19ᵗʰ_ day of _April_, 2006.

GORDON MURRAY TILDEN LLP

By _Charles C. Gordon_

    Charles C. Gordon, WSBA #1773
    Jeffrey I. Tilden, WSBA #12219
    Attorneys for THE CORPORATION OF THE
    PRESIDENT OF THE CHURCH OF JESUS
    CHRIST OF LATTER-DAY SAINTS

NOTICE OF REMOVAL - 3
No.

Exhibit_____ Page 68

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael T. Pfau
Michelle A. Menely
Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
600 University, Suite 2100
Seattle, WA 98101-4185
E-mail: mpfau@gth-law.com
E-mail: mmenely@gth-law.com
Co-Counsel for Plaintiff Rob Rinde

Timothy D. Kosnoff
Law Offices of Timothy D. Kosnoff
800 Bellevue Way N.E., #300
Bellevue, WA 98004
E-mail: timkosnoff@comcast.net
Co-Counsel for Plaintiff Rob Rinde

I have also served copies on the above counsel by messenger.

Charles C. Gordon, WSBA #1773
Gordon Murray Tilden LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Telephone: 206-467-6477
Facsimile: 206-467-6292
E-mail: cgordon@gmt.law

NOTICE OF REMOVAL - 4
No.

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit ___ Page 69

FILED

06 MAR 22 PM 2:31

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

ROB RINDE f/k/a ROBERT LARRY LEROY
PITSOR, JR.

            Plaintiff,

vs.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole, aka the "MORMON CHURCH" THE
CHURCH OF JESUS CHRIST OF LATTER-
DAY SAINTS, an unincorporated association,

            Defendant.

NO.
**06-2-09825-1SEA**
COMPLAINT

WILLIAM L. DOWNING

## I.    GENERAL ALLEGATIONS

    This case alleges child sexual abuse, sexual assault and sexual battery, intentional infliction of emotional distress (aka the Tort of "Outrage"), civil conspiracy, fraudulent concealment and gross negligence.  It arises out of the brutal victimization of plaintiff when he was twelve years old by PAUL H. LEWIS, a Mormon Church Scoutmaster and Melchesidek priest.  LEWIS sodomized plaintiff, beat and choked him and forced a wire coat

COMPLAINT - 1 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

hangar up his penis inflicting permanent injury to his urogenital system that resulted in excruciating physical and emotional pain that persists to this day. When he was approximately fourteen years old Plaintiff disclosed the abuse to civil authorities. Three church officials, including one who was a Seattle attorney, a Bellevue ward bishop and another local church leader knowing that plaintiff's accusations were true pressured plaintiff into not cooperating with law enforcement officials who were investigating LEWIS. These church officials acted as part of a coordinated effort to shield fellow priest LEWIS from the law and to protect the Mormon Church from scandal and civil liability.

## II.    PARTIES

2.1    Plaintiff ROB RINDE, (known as Larry Pitsor at relevant times), is an adult and at all times relevant hereto was a boy residing with his mother and siblings first in Seattle, and then in Bellevue, Washington. Plaintiff was born December 8, 1969. ROB RINDE, his mother and his four siblings were recruited into the Church of Jesus Christ of Latter-day Saints (hereinafter the "Mormon Church")1.

2.2    Defendant THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST LATTER-DAY SAINTS, a Utah corporation sole, is a corporation duly organized and operating pursuant to the laws of Utah. This defendant also operates as the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, which is an unincorporated association. The defendant will hereinafter be referred to as COP. In both capacities, COP operates churches within the State of Washington.

## III.    JURISDICTION AND VENUE

3.1    Jurisdiction and venue are proper in this Court because the acts giving rise to this claim occurred in Bellevue, King County, Washington.

COMPLAINT - 2 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

## IV.    FACTS

4.1    "COP" is a corporation governed by a single individual, the President of the Mormon Church, Gordon B. Hinckley.  The President wields ultimate and absolute authority within the Mormon Church.  Mr. Hinckley, is the "Divine Prophet, Seer and Revelator" of the Church and has the authority to appoint and remove anyone in the Mormon Church, including all members of wards and stakes, at will.  The President of the Mormon Church controls everything in the Mormon Church and all of its wards and stakes.  As such, the President of the Church has authority to dictate changes in Church policy, discipline, ecclesiastical doctrine or anything else he so chooses.  The acts of the President, in his capacity as head of the Mormon Church, are the acts of COP.  COP is registered to do business within, and conducts continuous and systematic activities within, the State of Washington.  At all relevant times, plaintiff was a member of and attended a Seattle and/or a Bellevue ward of the Mormon Church.

4.2    Adult male members of the Church are eligible to be ordained as "Priests." There are various levels of priesthood, including elevation to the rank of "Elder," "Melchesidek Priest," "High Priest."  Elders, Melchesidek Priests and High Priests are held out by the Mormon Church as men that are "morally worthy" and deserving of the trust of its members.

4.3    At all relevant times, the Mormon Church assumed special responsibilities toward its members including a disciplinary and red-flagging system meant to identify and track sexual predators and other dangerous individuals within the membership in order to protect innocent members from harm they might inflict.

4.4    The Mormon Church is closely affiliated with the Boy Scouts of America. The Mormon Church is the oldest and one of the largest sponsoring organizations of boy scouting in the United States.  Since 1913 the Mormon Church has used the Scouting program as an

COMPLAINT - 3 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

integral part of its ministry to boys and young men. Scouting is the exclusive youth activity for males in the Mormon Church.

4.5    During the relevant time period, COP adopted guidelines for handling victims of child sexual abuse and sex offenders. They failed to follow their guidelines with respect to LEWIS.

4.6    During the approximate time period of 1981-1983, when RINDE was around twelve years old, LEWIS was RINDE's ward scoutmaster. At that time LEWIS was in the United States Navy and was a transient with no ties or history to the area prior to the church placing LEWIS in the position of Scoutmaster of a Seattle ward to which RINDE was a member.

4.7    Using his position of authority as Scoutmaster and Mormon Priest, LEWIS was able to gain access to RINDE and use that access to groom and then molest, rape and sadistically torture him.

4.8    LEWIS sexually molested RINDE at various locations in the Seattle area including at an apartment to which LEWIS had unrestricted access, in the swimming pool, locker room/shower and steam bath at Sand Point Naval Air Station, and in a motel room in Issaquah.

4.9    The most appalling acts of abuse occurred in a room at Motel 6 in Issaquah in approximately 1983. LEWIS used physical violence against RINDE, sodomizing him and forcing RINDE to orally copulate LEWIS. LEWIS then took a wire coat hanger and forced it into RINDE's urethra causing him to hemorrhage and causing chronic and irreparable injury to his penis and urogenital system. These were acts of childhood sexual abuse, which acts were also violations of chapter 9A.44 RCW or RCW 9.68A.040 or prior laws of similar effect at the time the acts were committed.

COMPLAINT - 4 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

4.10    In approximately 1984 or 1985, RINDE disclosed the abuse and his mother reported it to the civil and church authorities. A criminal investigation of LEWIS ensued. Church officials described herein above shielded LEWIS from the law. The same church officials urged RINDE, then age fourteen (14), to not cooperate with the law enforcement investigation of LEWIS thereby allowing LEWIS to evade criminal prosecution and to move to another state where he eventually sexually molested more children. These church officials told him that he would not be believed, that it would be "his word" against LEWIS, that his allegations would hurt the image and reputation of the Mormon Church, that RINDE would be ridiculed and derided by church members in addition to other comments calculated to intimidate RINDE from cooperating with the civil authorities investigating LEWIS.

4.11    Church leaders told RINDE that the church would "take care of things," that they would help him with therapy and that they would help his family financially.

4.12    An abuse victim advocate in the King County Prosecutor's office arranged a meeting with RINDE at her office. Before she could meet privately with RINDE, Mormon Church leaders interfered in the investigative process. The three adult male Church officials went to RINDE'S home and told him that they would take him to the meeting at the prosecutor's office downtown. On the ride downtown in the car the three adult Mormon church officials pressured RINDE not to cooperate with law enforcement officials.

4.13    At the meeting, the church official that was a licensed Washington attorney told the victim's advocate that he was RINDE'S attorney which was untrue. The church official/lawyer told the victim advocate he would not permit her to interview RINDE in private.

4.14    RINDE succumbed to the Church's pressure not to cooperate. As a result, charges against LEWIS were not filed. Soon thereafter LEWIS moved to another state and joined a another ward of the Mormon Church.

COMPLAINT - 5 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## V.    FIRST CAUSE OF ACTION
### (Negligence based on Common Law and breach of Fiduciary Duty)

5.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges:

5.2    Defendants COP and Mormon Church had a common law duty to plaintiff to protect him from the criminal acts of LEWIS.

5.3    Defendants COP and the Mormon Church breached their duty to protect plaintiff and plaintiff damaged thereby.

5.4    Defendants COP had a "special relationship" with plaintiff and with LEWIS. They knew or should have known that LEWIS was a sadistic serial pedophile that was actively abusing children, COP had a duty to use reasonable care in the hiring, supervision or retention of LEWIS as scoutmaster and also had a duty to warn or protect foreseeable victims including plaintiff. LEWIS' positions within the defendants' church were causally connected to and served to enable LEWIS to gain access to and abuse plaintiff.

5.5    The Mormon Church's bishops, stake presidents and Boy Scout leaders within the State of Washington breached both a duty of reasonable care in hiring, supervising or retaining LEWIS as scoutmaster and by failing to warn or protect children and/or by failing to report their knowledge of LEWIS's sexual abuse of children to civil authorities,.

5.6    But for the breach of duty, acts, omissions and intentional misconduct of COP and the Mormon Church, church bishops, boy scout leaders, stake presidents and area presidents, LEWIS would not have been able to abuse plaintiff.

5.7    COP's failure to adhere to its previously adopted guidelines for handling victims of child sexual abuse and sex offenders caused harm to the plaintiff. The harm plaintiff suffered as a result of defendant's negligence was the harm contemplated in COP's Handbook of Instruction to its clergy.

COMPLAINT - 6 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

5.8    Notwithstanding Defendant's duties, defendant failed to train and supervise its hierarchal clergy in the proper implementation of its guidelines, policies and procedures regarding the treatment of victims of child sexual abuse, to monitor and insure compliance with their guidelines, policies and procedures, treatment of child sexual abusers and reporting of child sexual abuse.

5.9    Defendants knew, or in the exercise of reasonable care should have known, that its failure to report LEWIS to appropriate law enforcement or social services agencies would result in LEWIS sexually abusing children including plaintiff, and in plaintiff failing to obtain adequate treatment.

5.10    As a result of the molestation, breach of trust, and statutory violations, plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be determined.  As a further result of the sexual abuse, plaintiff incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial.

## VI.    SECOND CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

6.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

6.2    Defendant knew, or in the exercise of reasonable care should have known, that tampering with a witness was unlawful and that such conduct as pressuring victims not to disclose, would be harmful to the best interests and psychological well-being of child victims of sexual abuse, including plaintiff.

6.3    Defendants knew or should have known that pressuring plaintiff not to cooperate with the civil authorities' investigation of LEWIS would greatly exacerbate

COMPLAINT - 7 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

plaintiff's physical, emotional and psychological injuries and, in fact, the defendant's conduct greatly exacerbated plaintiff's physical, emotional and psychological injuries.

6.4    Defendant knew that plaintiff had been subjected to horrific sexual abuse at the hands of its Scoutmaster and Melchesidek Priest PAUL LEWIS and knew that plaintiff had and would continue to suffer emotional, psychological and physical injuries and that unless he received appropriate assistance from civil authorities, that his injuries would be greatly exacerbated and much more difficult to treat with the passage of time.

6.5    The Church, being more concerned about shielding itself from scandal and potential civil liability and intent on protecting the public image of its all-male Mormon priesthood at the expense of aiding a gravely injured child that was plaintiff, pressured plaintiff in to not cooperating with the civil authorities with full knowledge of or with reckless disregard of the emotional and psychological injuries its conduct was certain to inflict.

6.6    Defendant's conduct was an outrageous violation of societal norms and went so far beyond all possible bounds of decency, so as to be regarded as atrocious, and utterly intolerable in a civilized community, and resulted in severe emotional distress.

6.7    As a further result of the defendant's intentional conduct, plaintiff has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial. As a result of the defendant's conduct, plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be proved at trial.

## VII.   THIRD CAUSE OF ACTION
### (Estoppel and Fraudulent Concealment)

7.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

7.2    Church defendants engaged in a plan of action to cover up incidents of the sexual abuse of minors by its Melchesidek priests and scout leaders and to prevent disclosure,

COMPLAINT - 8 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, the transfer of abusive Melchesidek priests and scoutmasters, coercion of victims and their families and by failure to seek out and redress the injuries these men had caused. Based on these actions, the defendants engaged in fraudulent concealment and are estopped from asserting defense of limitations.

## VIII.    FOURTH CAUSE OF ACTION
### (Civil Conspiracy)

8.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

8.2    Defendant and others conspired to cover up incidents of sexual abuse of minors by its Mormon priests and scout leaders, including LEWIS and to prevent disclosure, prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, aiding criminal child molesters in evading detection, arrest and prosecution, allowing them to cross state and international borders for purposes of gaining access to uninformed parents whose innocent children could be sexually abused, failure to warn, and by failure to seek out and redress the injuries its Melchesidek priests and scoutmasters had caused. Based on these actions, the defendants conspired for the unlawful purpose of concealing and suppressing information on the danger and threat that scoutmaster and priests like LEWIS posed to unsuspecting children, including the plaintiff.

COMPLAINT - 9 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## IX.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment against the defendant and in plaintiff's behalf, for the following:

1.    For special damages for medical treatment expenses, lost earnings, and lost earnings capacity, and the expenses of medication and other special expenses, both in the past and continuing into the future, in amounts to be determined at the time of trial;

2.    For all general damages, for physical, mental and emotional injury and disturbance, and other disorders resulting from the acts complained of herein;

3.    For attorney's fees, prejudgment interest, costs and exemplary damages allowed by RCW 9.68A.130 and other law; and

4.    For such other and further relief as this Court determines just in the premises.

Dated this 2 2 day of March, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By: _____
    Michael T. Pfau, WSBA No. 24649
    mpfau@gth-law.com
    Michelle A. Menely, WSBA No. 28353
    mmenely@gth-law.com
    Co-Counsel for Plaintiff


LAW OFFICES OF TIMOTHY D. KOSNOFF

By: _____
    Timothy D. Kosnoff, WSBA No. 16586
    timkosnoff@comcast.net
    Co-Counsel for Plaintiff

COMPLAINT - 10 of 10
O
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

~JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Rob Rinde f/k/a Robert Larry Leroy Pitsor, Jr. | The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints, et al. |

| (b) County of Residence of First Listed Plaintiff _____ <br> (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant _____ <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE <br> LAND INVOLVED. |
|---|---|

| (c) Attorney's (Firm Name, Address, and Telephone Number) <br> Michael T. Pfau / Gordon Thomas Honeywell <br> 600 University, Ste 2100 Seattle, WA  (206) 676-7500 | Attorneys (If Known) <br> Charles C. Gordon / Gordon Murray Tilden <br> 1001 Fourth Avenue, Suite 4000 Seattle, WA  (206) 467-6477 |
|---|---|

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☒ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | PERSONAL PROPERTY | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgement

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332

Brief description of cause:
Sexual Assault of Minor

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ | CHECK YES only if demanded in complaint: <br> JURY DEMAND: ☒ Yes ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 4/20/06 | |

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Donna M
Jackson/WAWD/09/USCOU
RTS

04/20/2006 10:55 AM

To    PaulaMcN@hotmail.com

cc    Paula McNabb/WAWD/09/USCOURTS@USCOURTS

bcc

Subject    Fw: Rinde v. The Corporation of the President of the Church
of Jesus Christ of Latter-Day Saints

C06-0556TSZ.    Receipt #: SEA0552 (4/20/06).    Removal immediately following.

~dj

—— Forwarded by Donna M Jackson/WAWD/09/USCOURTS on 04/20/2006 10:53 AM ——



"Jacqueline Lucien"
<jlucien@gmtlaw.com>

04/20/2006 09:22 AM

To    <newcases.seattle@wawd.uscourts.gov>

cc

Subject    Rinde v. The Corporation of the President of the Church of
Jesus Christ of Latter-Day Saints

Please see the attached Civil Cover Sheet. I sent the Notice of Removal late yesterday afternoon. I
also have the credit card information for you for the filing fee. Thank you for your assistance.

<<Civil Cover Sheet.pdf>>

**Jacqueline Lucien**
Legal Secretary to Daniel S. Houser, Mark A. Wilner
  and Michael Rosenberger
Gordon Murray Tilden LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1119
Tel: (206) 467-6477
Fax: (206) 467-6292
Email: jlucien@gmtlaw.com

This e-mail may contain confidential material protected by the attorney-client privilege, work-product
doctrine, or other applicable privileges. If you are not the intended recipient, please destroy the e-mail
and contact the sender immediately by return e-mail, fax, or collect telephone call.

[graphic]
Civil Cover Sheet.pdf

1    THE HONORABLE THOMAS S. ZILLY

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT
9                              WESTERN DISTRICT OF WASHINGTON
                                         AT SEATTLE
10

| | |
|---|---|
| ROB RINDE f/k/a ROBERT LARRY LEROY PITSOR, JR.,<br><br>            Plaintiffs,<br><br>v.<br><br>THE CORPORATIONOF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah Corporation sole, a/k/a the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association,<br><br>            Defendants | NO. CV-06-00556 TSZ<br><br>JURY DEMAND |

21          COMES NOW Plaintiff Rob Rinde, and pursuant to FRCP 38, requests that

22   the above-entitled action be tried before a jury consisting of twelve (12) persons, or

23   the maximum number permissible in the Western District of Washington.

24          //

25

26

JURY DEMAND - 1 of 2
CV-06-00556 TSZ
[162329 v2.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Exhibit_____ Page 82

1    Dated this ___ day of April, 2006.

2                              GORDON, THOMAS, HONEYWELL, MALANCA,
                              PETERSON & DAHEIM LLP
3

4                              By_____
                                   Michael T. Pfau, WSBA No. 24649
5                                  mpfau@gth-law.com sreich@gth-law.com
                                   Steven T. Reich, WSBA No. 24708
6                                  Attorneys for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

JURY DEMAND - 2 of 2
CV-06-00556 TSZ
[162329 v2.doc]                                    LAW OFFICES
                                   GORDON, THOMAS, HONEYWELL, MALANCA,
                                          PETERSON & DAHEIM LLP
                                             ONE UNION SQUARE
                                          600 UNIVERSITY, SUITE 2100
                                        SEATTLE, WASHINGTON 98101-4185
                                   (206) 676-7500 - FACSIMILE (206) 676-7575

Exhibit___ Page 23

HONORABLE THOMAS S. ZILLY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

ROB RINDE f/k/a ROBERT LARRY LEROY
PITSOR, JR.,

               Plaintiff,

     v.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole, aka the "MORMON CHURCH" THE
CHURCH OF JESUS CHRIST OF LATTER-
DAY SAINTS, an unincorporated association,

               Defendant.

NO.  C06-0556 TSZ

CR 101 VERIFICATION OF STATE
COURT RECORDS

Pursuant to CR 101(b), undersigned counsel hereby verify that the attached documents

are true and complete copies of all records and proceedings in the state court action.  These

documents consist of the following:

    1.  Summons;

    2.  Complaint;

    3.  King County Superior Court Case Information Cover Sheet;

    4.  Order Setting Civil Case Schedule;

NOTICE OF FILING - 1
No. C06-0556 TSZ

Exhibit ___ Page 84

5. Jury Demand; and

6. Notice of Appearance.

DATED this _25_ day of April, 2006.

**GORDON MURRAY TILDEN LLP**

By _____

Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Attorneys for THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS
CHRIST OF LATTER-DAY SAINTS

NOTICE OF FILING - 2
No. C06-0556 TSZ

**GORDON MURRAY TILDEN LLP**
1325 Fourth Avenue, Suite 1800
Seattle, WA  98101-2510
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit____ Page 85

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael T. Pfau
Michelle A. Menely
Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
600 University, Suite 2100
Seattle, WA 98101-4185
E-mail: mpfau@gth-law.com
E-mail: mmenely@gth-law.com
Co-Counsel for Plaintiff Rob Rinde

Timothy D. Kosnoff
Law Offices of Timothy D. Kosnoff
One Union Square
600 University Street, Suite 2101
Seattle, WA 98101
E-mail: timkosnoff@comcast.net
Co-Counsel for Plaintiff Rob Rinde

Charles C. Gordon, WSBA #1773
Gordon Murray Tilden LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Telephone: 206-467-6477
Facsimile: 206-467-6292
E-mail: cgordon@gmt.law

[Notice of Filing–CR 101]

NOTICE OF FILING - 3
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1325 Fourth Avenue, Suite 1800
Seattle, WA 98101-2510
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit ___ Page 86

*FILED*

06 MAR 22 PM 2: 29

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

ROB RINDE f/k/a ROBERT LARRY LEROY
PITSOR,

Plaintiff,

vs.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole, aka the "MORMON CHURCH" THE
CHURCH OF JESUS CHRIST OF LATTER-
DAY SAINTS, an unincorporated association,

Defendant.

NO. **06-2-09825-1SEA**

SUMMONS

WILLIAM L. DOWNING

TO:    THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS
CHRIST OF LATTER-DAY SAINTS

A lawsuit has been started against you in the above-entitled court by the above-named

Plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is served upon

you with this summons.

SUMMONS - 1 of 3
0
[160469 v01.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Exhibit ____ Page 87

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the Plaintiff within 20 days after service of this summons if within the State of Washington, or within 60 days after service of this summons if outside of the State of Washington, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiffs are entitled to what they ask for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the Plaintiff. Within fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated this ⟶22 day of March, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By: _____
Michael T. Pfau, WSBA No. 24649
mpfau@gth-law.com
Michelle A. Menely, WSBA No. 28353
mmenely@gth-law.com
Co-Counsel for Plaintiff

SUMMONS - 2 of 3
0
[160469 v01.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

LAW OFFICES OF TIMOTHY D. KOSNOFF

2

3    By:_____
        Timothy D. Kosnoff, WSBA No. 16586
4        timkosnoff@comcast.net.
        Co-Counsel for Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SUMMONS - 3 of 3
0
[160469 v01.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

FILED

06 MAR 22 PM 2:31

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| ROB RINDE f/k/a ROBERT LARRY LEROY PITSOR, JR. | NO. **06-2-09825-1SEA** |
| Plaintiff, | COMPLAINT |
| vs. | |
| THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, aka the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association, | WILLIAM L. DOWNING |
| Defendant. | |

## I.     GENERAL ALLEGATIONS

This case alleges child sexual abuse, sexual assault and sexual battery, intentional infliction of emotional distress (aka the Tort of "Outrage"), civil conspiracy, fraudulent concealment and gross negligence. It arises out of the brutal victimization of plaintiff when he was twelve years old by PAUL H. LEWIS, a Mormon Church Scoutmaster and Melchesidek priest. LEWIS sodomized plaintiff, beat and choked him and forced a wire coat

COMPLAINT - 1 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1  hangar up his penis inflicting permanent injury to his urogenital system that resulted in

2  excruciating physical and emotional pain that persists to this day.   When he was

3  approximately fourteen years old Plaintiff disclosed the abuse to civil authorities. Three

4  church officials, including one who was a Seattle attorney, a Bellevue ward bishop and

5  another local church leader knowing that plaintiff's accusations were true pressured plaintiff

6  into not cooperating with law enforcement officials who were investigating LEWIS. These

7  church officials acted as part of a coordinated effort to shield fellow priest LEWIS from the

8  law and to protect the Mormon Church from scandal and civil liability.

9                          II.     PARTIES

10     2.1     Plaintiff ROB RINDE, (known as Larry Pitsor at relevant times), is an adult

11  and at all times relevant hereto was a boy residing with his mother and siblings first in Seattle,

12  and then in Bellevue, Washington. Plaintiff was born December 8, 1969.  ROB RINDE, his

13  mother and his four siblings were recruited into the Church of Jesus Christ of Latter-day

14  Saints (hereinafter the "Mormon Church")1.

15     2.2     Defendant THE CORPORATION OF THE PRESIDENT OF THE CHURCH

16  OF JESUS CHRIST LATTER-DAY SAINTS, a Utah corporation sole, is a corporation duly

17  organized and operating pursuant to the laws of Utah. This defendant also operates as the

18  "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,

19  which is an unincorporated association.  The defendant will hereinafter be referred to as COP.

20  In both capacities, COP operates churches within the State of Washington.

21                          III.    JURISDICTION AND VENUE

22     3.1     Jurisdiction and venue are proper in this Court because the acts giving rise to

23  this claim occurred in Bellevue, King County, Washington.

24

25

26

COMPLAINT - 2 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## IV.    FACTS

4.1    "COP" is a corporation governed by a single individual, the President of the Mormon Church, Gordon B. Hinckley. The President wields ultimate and absolute authority within the Mormon Church. Mr. Hinckley, is the "Divine Prophet, Seer and Revelator" of the Church and has the authority to appoint and remove anyone in the Mormon Church, including all members of wards and stakes, at will. The President of the Mormon Church controls everything in the Mormon Church and all of its wards and stakes. As such, the President of the Church has authority to dictate changes in Church policy, discipline, ecclesiastical doctrine or anything else he so chooses. The acts of the President, in his capacity as head of the Mormon Church, are the acts of COP. COP is registered to do business within, and conducts continuous and systematic activities within, the State of Washington. At all relevant times, plaintiff was a member of and attended a Seattle and/or a Bellevue ward of the Mormon Church.

4.2    Adult male members of the Church are eligible to be ordained as "Priests." There are various levels of priesthood, including elevation to the rank of "Elder," "Melchesidek Priest," "High Priest." Elders, Melchesidek Priests and High Priests are held out by the Mormon Church as men that are "morally worthy" and deserving of the trust of its members.

4.3    At all relevant times, the Mormon Church assumed special responsibilities toward its members including a disciplinary and red-flagging system meant to identify and track sexual predators and other dangerous individuals within the membership in order to protect innocent members from harm they might inflict.

4.4    The Mormon Church is closely affiliated with the Boy Scouts of America. The Mormon Church is the oldest and one of the largest sponsoring organizations of boy scouting in the United States. Since 1913 the Mormon Church has used the Scouting program as an

COMPLAINT - 3 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

integral part of its ministry to boys and young men. Scouting is the exclusive youth activity for males in the Mormon Church.

4.5    During the relevant time period, COP adopted guidelines for handling victims of child sexual abuse and sex offenders. They failed to follow their guidelines with respect to LEWIS.

4.6    During the approximate time period of 1981-1983, when RINDE was around twelve years old, LEWIS was RINDE's ward scoutmaster. At that time LEWIS was in the United States Navy and was a transient with no ties or history to the area prior to the church placing LEWIS in the position of Scoutmaster of a Seattle ward to which RINDE was a member.

4.7    Using his position of authority as Scoutmaster and Mormon Priest, LEWIS was able to gain access to RINDE and use that access to groom and then molest, rape and sadistically torture him.

4.8    LEWIS sexually molested RINDE at various locations in the Seattle area including at an apartment to which LEWIS had unrestricted access, in the swimming pool, locker room/shower and steam bath at Sand Point Naval Air Station, and in a motel room in Issaquah.

4.9    The most appalling acts of abuse occurred in a room at Motel 6 in Issaquah in approximately 1983. LEWIS used physical violence against RINDE, sodomizing him and forcing RINDE to orally copulate LEWIS. LEWIS then took a wire coat hangar and forced it into RINDE's urethra causing him to hemorrhage and causing chronic and irreparable injury to his penis and urogenital system. These were acts of childhood sexual abuse, which acts were also violations of chapter 9A.44 RCW or RCW 9.68A.040 or prior laws of similar effect at the time the acts were committed.

COMPLAINT - 4 of 10
()
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

4.10    In approximately 1984 or 1985, RINDE disclosed the abuse and his mother reported it to the civil and church authorities. A criminal investigation of LEWIS ensued. Church officials described herein above shielded LEWIS from the law. The same church officials urged RINDE, then age fourteen (14), to not cooperate with the law enforcement investigation of LEWIS thereby allowing LEWIS to evade criminal prosecution and to move to another state where he eventually sexually molested more children. These church officials told him that he would not be believed, that it would be "his word" against LEWIS, that his allegations would hurt the image and reputation of the Mormon Church, that RINDE would be ridiculed and derided by church members in addition to other comments calculated to intimidate RINDE from cooperating with the civil authorities investigating LEWIS.

4.11    Church leaders told RINDE that the church would "take care of things," that they would help him with therapy and that they would help his family financially.

4.12    An abuse victim advocate in the King County Prosecutor's office arranged a meeting with RINDE at her office. Before she could meet privately with RINDE, Mormon Church leaders interfered in the investigative process. The three adult male Church officials went to RINDE'S home and told him that they would take him to the meeting at the prosecutor's office downtown. On the ride downtown in the car the three adult Mormon church officials pressured RINDE not to cooperate with law enforcement officials.

4.13    At the meeting, the church official that was a licensed Washington attorney told the victim's advocate that he was RINDE'S attorney which was untrue. The church official/lawyer told the victim advocate he would not permit her to interview RINDE in private.

4.14    RINDE succumbed to the Church's pressure not to cooperate. As a result, charges against LEWIS were not filed. Soon thereafter LEWIS moved to another state and joined a another ward of the Mormon Church.

COMPLAINT ~ 5 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 ~ FACSIMILE (206) 676-7575

## V.    FIRST CAUSE OF ACTION
### (Negligence based on Common Law and breach of Fiduciary Duty)

5.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges:

5.2    Defendants COP and Mormon Church had a common law duty to plaintiff to protect him from the criminal acts of LEWIS.

5.3    Defendants COP and the Mormon Church breached their duty to protect plaintiff and plaintiff damaged thereby.

5.4    Defendants COP had a "special relationship" with plaintiff and with LEWIS. They knew or should have known that LEWIS was a sadistic serial pedophile that was actively abusing children, COP had a duty to use reasonable care in the hiring, supervision or retention of LEWIS as scoutmaster and also had a duty to warn or protect foreseeable victims including plaintiff. LEWIS' positions within the defendants' church were causally connected to and served to enable LEWIS to gain access to and abuse plaintiff.

5.5    The Mormon Church's bishops, stake presidents and Boy Scout leaders within the State of Washington breached both a duty of reasonable care in hiring, supervising or retaining LEWIS as scoutmaster and by failing to warn or protect children and/or by failing to report their knowledge of LEWIS's sexual abuse of children to civil authorities,.

5.6    But for the breach of duty, acts, omissions and intentional misconduct of COP and the Mormon Church, church bishops, boy scout leaders, stake presidents and area presidents, LEWIS would not have been able to abuse plaintiff.

5.7    COP's failure to adhere to its previously adopted guidelines for handling victims of child sexual abuse and sex offenders caused harm to the plaintiff. The harm plaintiff suffered as a result of defendant's negligence was the harm contemplated in COP's Handbook of Instruction to its clergy.

COMPLAINT - 6 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

5.8    Notwithstanding Defendant's duties, defendant failed to train and supervise its hierarchal clergy in the proper implementation of its guidelines, policies and procedures regarding the treatment of victims of child sexual abuse, to monitor and insure compliance with their guidelines, policies and procedures, treatment of child sexual abusers and reporting of child sexual abuse.

5.9    Defendants knew, or in the exercise of reasonable care should have known, that its failure to report LEWIS to appropriate law enforcement or social services agencies would result in LEWIS sexually abusing children including plaintiff, and in plaintiff failing to obtain adequate treatment.

5.10    As a result of the molestation, breach of trust, and statutory violations, plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be determined.  As a further result of the sexual abuse, plaintiff incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial.

## VI.    SECOND CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

6.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

6.2    Defendant knew, or in the exercise of reasonable care should have known, that tampering with a witness was unlawful and that such conduct as pressuring victims not to disclose, would be harmful to the best interests and psychological well-being of child victims of sexual abuse, including plaintiff.

6.3    Defendants knew or should have known that pressuring plaintiff not to cooperate with the civil authorities' investigation of LEWIS would greatly exacerbate

COMPLAINT - 7 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAEHM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

plaintiff's physical, emotional and psychological injuries and, in fact, the defendant's conduct greatly exacerbated plaintiff's physical, emotional and psychological injuries.

6.4    Defendant knew that plaintiff had been subjected to horrific sexual abuse at the hands of its Scoutmaster and Melchesidek Priest PAUL LEWIS and knew that plaintiff had and would continue to suffer emotional, psychological and physical injuries and that unless he received appropriate assistance from civil authorities, that his injuries would be greatly exacerbated and much more difficult to treat with the passage of time.

6.5    The Church, being more concerned about shielding itself from scandal and potential civil liability and intent on protecting the public image of its all-male Mormon priesthood at the expense of aiding a gravely injured child that was plaintiff, pressured plaintiff in to not cooperating with the civil authorities with full knowledge of or with reckless disregard of the emotional and psychological injuries its conduct was certain to inflict.

6.6    Defendant's conduct was an outrageous violation of societal norms and went so far beyond all possible bounds of decency, so as to be regarded as atrocious, and utterly intolerable in a civilized community, and resulted in severe emotional distress.

6.7    As a further result of the defendant's intentional conduct, plaintiff has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial. As a result of the defendant's conduct, plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be proved at trial.

### VII.    THIRD CAUSE OF ACTION
#### (Estoppel and Fraudulent Concealment)

7.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

7.2    Church defendants engaged in a plan of action to cover up incidents of the sexual abuse of minors by its Melchesidek priests and scout leaders and to prevent disclosure,

COMPLAINT - 8 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, the transfer of abusive Melchesidek priests and scoutmasters, coercion of victims and their families and by failure to seek out and redress the injuries these men had caused. Based on these actions, the defendants engaged in fraudulent concealment and are estopped from asserting defense of limitations.

## VIII.  FOURTH CAUSE OF ACTION
### (Civil Conspiracy)

8.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

8.2    Defendant and others conspired to cover up incidents of sexual abuse of minors by its Mormon priests and scout leaders, including LEWIS and to prevent disclosure, prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, aiding criminal child molesters in evading detection, arrest and prosecution, allowing them to cross state and international borders for purposes of gaining access to uninformed parents whose innocent children could be sexually abused, failure to warn, and by failure to seek out and redress the injuries its Melchesidek priests and scoutmasters had caused. Based on these actions, the defendants conspired for the unlawful purpose of concealing and suppressing information on the danger and threat that scoutmaster and priests like LEWIS posed to unsuspecting children, including the plaintiff.

COMPLAINT - 9 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment against the defendant and in plaintiff's behalf, for the following:

1.    For special damages for medical treatment expenses, lost earnings, and lost earnings capacity, and the expenses of medication and other special expenses, both in the past and continuing into the future, in amounts to be determined at the time of trial;

2.    For all general damages, for physical, mental and emotional injury and disturbance, and other disorders resulting from the acts complained of herein;

3.    For attorney's fees, prejudgment interest, costs and exemplary damages allowed by RCW 9.68A.130 and other law; and

4.    For such other and further relief as this Court determines just in the premises.

Dated this 22 day of March, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By: _____
   Michael T. Pfau, WSBA No. 24649
   mpfau@gth-law.com
   Michelle A. Menely, WSBA No. 28353
   mmenely@gth-law.com
   Co-Counsel for Plaintiff


LAW OFFICES OF TIMOTHY D. KOSNOFF


By: _____
   Timothy D. Kosnoff, WSBA No. 16586
   timkosnoff@comcast.net
   Co-Counsel for Plaintiff

COMPLAINT - 10 of 10
0
[160316 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 – FACSIMILE (206) 676-7575

FILED

06 MAR 22 PM 2: 29

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

KING CO SUPERIOR CT
BARBARA MINER
DIRECTOR & SUP CRT CLERK
SEATTLE WA

06-2-09825-1

| Rcpt. Date | Acct. Date | Time |
|---|---|---|
| 03/22/2006 | 03/22/2006 | 02:32 PM |

Receipt/Item # | Tran-Code | Docket-Code
2006-14-03651/01 | 1100 | $FFR
Cashier: RDB

Paid By: GORDON, THOMAS
Transaction Amount:                $200.00

## KING COUNTY SUPERIOR COURT
### CASE ASSIGNMENT DESIGNATION
and
### CASE INFORMATION COVER SHEET
(cics)

In accordance with LR82(e), a faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to King County Code 4.71.100.

CASE NUMBER: ___06-2-09825-1 SEA___

CASE CAPTION: _____

I certify that this case meets the case assignment criteria, described in King County LR 82(e), for the:

____✓___ Seattle Area, defined as:

> All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

_____ Kent Area, defined as:

> All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

_____
Signature of Petitioner/Plaintiff

or

_____
Signature of Attorney for
Petitioner/Plaintiff

_____
Date

_____
Date

_____
WSBA Number

1

L: forms/cashiers/cics
Rev 01/05