KING COUNTY SUPERIOR COURT
CASE ASSIGNMENT DESIGNATION
and
CASE INFORMATION COVER SHEET

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

**PROPERTY RIGHTS**
- Condemnation/Eminent Domain (CON 2)*
- Foreclosure (FOR 2)*
- Land Use Petition (LUP 2)*
- Property Fairness (PFA 2)*
- Quiet Title (QTI 2)*
- Unlawful Detainer (UND 2)

**JUDGMENT**
- Confession of Judgment (MSC 2)*
- Judgment, Another County, Abstract (ABJ 2)
- Judgment, Another State or Country (FJU 2)
- Tax Warrant (TAX 2)
- Transcript of Judgment (TRJ 2)

**OTHER COMPLAINT/PETITION**
- Action to Compel/Confirm Private Binding Arbitration (MSC 2)
- Certificate of Rehabilitation (MSC 2)
- Change of Name (CHN 2)
- Deposit of Surplus Funds (MSC 2)
- Emancipation of Minor (EOM 2)
- Frivolous Claim of Lien (MSC 2)
- Injunction (INJ 2)*
- Interpleader (MSC 2)
- Malicious Harassment (MHA 2)*
- Non-Judicial Filing (MSC 2)
- Other Complaint/Petition(MSC 2)*
- Seizure of Property from the Commission of a Crime (SPC 2)*
- Seizure of Property Resulting from a Crime (SPR 2)*
- Structured Settlements (MSC 2)*
- Subpoena (MSC 2)

**PROBATE/GUARDIANSHIP**
- Absentee (ABS 4)
- Disclaimer (DSC4)
- Estate (EST 4)
- Foreign Will (FNW 4)
- Guardian (GDN4)
- Limited Guardianship (LGD 4)
- Minor Settlement (MST 4)
- Notice to Creditors – Only (NNC 4)
- Trust (TRS 4)
- Trust Estate Dispute Resolution Act/POA (TDR 4)
- Will Only—Deceased (WLL4)

**TORT, MEDICAL MALPRACTICE**
- Hospital (MED 2)*
- Medical Doctor (MED 2)*
- Other Health Care Professional (MED 2)*

**TORT, MOTOR VEHICLE**
- Death (TMV 2)*
- Non-Death Injuries (TMV 2)*
- Property Damage Only (TMV 2)*

**TORT, NON-MOTOR VEHICLE**
- Asbestos (PIN 2)**
- Implants (PIN 2)
- Other Malpractice (MAL 2)*
- Personal Injury (PIN 2)*
- Products Liability (TTO 2)*
- Property Damage (PRP 2)*
- Wrongful Death (WDE 2)*
- Tort, Other (TTO 2)*

**WRIT**
- Habeas Corpus (WHC 2)
- Mandamus (WRM 2)**
- Review (WRV 2)**

* The filing party will be given an appropriate case schedule. ** Case schedule will be issued after hearing and findings.

3

L: forms/cashiers/cics
Rev 01/05

Dockets.Justia.com

FILED

06 MAR 22 PH 2:31

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| ROB RINDE, | NO. 06-2-09825-1    SEA |
| | Order Setting Civil Case Schedule (*ORSCS) |
| vs                          Plaintiff(s) | |
| THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST LATTER-DAY SAINTS, | ASSIGNED JUDGE  Downing           43 |
| | FILE DATE:                    03/22/2006 |
| Defendant(s) | TRIAL DATE:                 09/04/2007 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition*. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*



_____          |
    Print Name                                    Sign Name

Order Setting Civil Case Schedule (*ORSCS)                                        REV. 7/200    1

Exhibit    Page 102

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] —
especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for
attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,
discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties,
claims, and defenses, for disclosing possible witnesses [*See KCLR 26*], and for meeting the discovery
cutoff date [*See KCLR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of $200 must be paid when any answer that includes additional claims is filed in an existing
case.

**SHOW CAUSE HEARINGS FOR <u>CIVIL</u> CASES [King County Local Rule 4(g)]**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the
deadline in the schedule. A review of the case will be undertaken to confirm service of the original
complaint and to verify that all answers to claims, counterclaims and cross-claims have been filed. If
those mandatory pleadings are not in the file, a *Show Cause Hearing* will be set before the Chief Civil or
RJC judge. The Order to Show Cause will be mailed to all parties and designated parties or counsel are
required to attend.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any
pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a
*Notice of Settlement* pursuant to KCLR 41, and forwarding a courtesy copy to the assigned judge. If a final
decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of
Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLR 41(b)(2)(A) to
present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to
mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and
cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain
an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must
pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of
$250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court
Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Rule 41.

**King County Local Rules are available for viewing at www.metrokc.gov/kcscc.**

Order Setting Civil Case Schedule (*ORSCS)                                    REV. 7/200    2

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Wed 03/22/2006 | * |
| Confirmation of Service [See KCLR 4.1]. | Wed 04/19/2006 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. $220 arbitration fee must be paid | Wed 08/30/2006 | * |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [See KCLR 4.2(a) and Notices on Page 2]. **Show Cause hearing will be set if Confirmation is not filed, or if the Confirmation does not have all signatures, or if all answers have not been filed, or judgment on default has not been filed, or Box 2 is checked.** | Wed 08/30/2006 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [See KCLR 82(e)] | Wed 09/13/2006 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [See KCLR 26(b)]. | Tue 04/03/2007 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [See KCLR 26(b)]. | Tue 05/15/2007 | |
| DEADLINE for Jury Demand [See KCLR 38(b)(2)]. | Tue 05/29/2007 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [See KCLR 40(e)(2)]. | Tue 05/29/2007 | * |
| DEADLINE for Discovery Cutoff [See KCLR 37(g)]. | Tue 07/17/2007 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [See KCLR 16(c)]. | Tue 08/07/2007 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLR 16(a)(4)]. | Tue 08/14/2007 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [See KCLR 16(a)(2)] | Tue 08/14/2007 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [See KCLR 56; CR 56]. | Tue 08/21/2007 | |
| Joint Statement of Evidence [See KCLR 16(a)(5)]. | Tue 08/28/2007 | * |
| Trial Date [See KCLR 40]. | Tue 09/04/2007 | |

### III. ORDER

Pursuant to King County Local Rule 4 [KCLR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED:  03/22/2006

**PRESIDING JUDGE**

Order Setting Civil Case Schedule (*ORSCS)

REV. 7/200    3



IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE
READ THIS ORDER PRIOR TO CONTACTING YOUR ASSIGNED JUDGE
This case is assigned to the Superior Court Judge whose name appears in the caption of this *Schedule*. The assigned Superior Court Judge will preside over and manage this case for all pre-trial matters.
COMPLEX LITIGATION: If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.
The following procedures hereafter apply to the processing of this case:
APPLICABLE RULES:
a. Except as specifically modified below, all the provisions of King County Local Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.
CASE SCHEDULE AND REQUIREMENTS:
A. Show Cause Hearing: A Show Cause Hearing will be held before the Chief Civil/Chief RJC judge if the case does not have confirmation of service on all parties, answers to all claims, crossclaims, or counterclaims as well as the confirmation of joinder or statement of arbitrability filed before the deadline in the attached case schedule. All parties will receive an *Order to Show Cause* that will set a specific date and time for the hearing. Parties and/or counsel who are required to attend will be named in the order.
B. Pretrial Order: An order directing completion of a Joint Confirmation of Trial Readiness Report will be mailed to all parties approximately six (6) weeks before trial. **This order will contain deadline dates for the pretrial events listed in King County Local Rule 16:**
1) Settlement/Mediation/ADR Requirement;
2) Exchange of Exhibit Lists;
3) Date for Exhibits to be available for review;
4) Deadline for disclosure of witnesses;
5) Deadline for filing Joint Statement of Evidence;
6) Trial submissions, such as briefs, Joint Statement of Evidence, jury instructions;
7) voir dire questions, etc;
8) Use of depositions at trial;
9) Deadlines for nondispositive motions;
10) Deadline to submit exhibits and procedures to be followed with respect to exhibits;
11) Witnesses — identity, number, testimony;
C. Joint Confirmation regarding Trial Readiness Report: No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment), etc. If parties wish to request a CR 16 conference, they must contact the assigned court.
Plaintiff/petitioner's counsel is responsible for contacting the other parties regarding said report.
D. Settlement/Mediation/ADR:
1) **Forty five (45) days before the Trial Date,** counsel for plaintiff shall submit a written settlement demand. Ten (10) days after receiving plaintiff's written demand, counsel for defendant shall respond (with a counteroffer, if appropriate).
2) **Twenty eight (28) days before the Trial Date,** a settlement/mediation/ADR conference shall have been held. **FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.**
E. Trial: Trial is scheduled for 9:00 a.m. on the date on the *Schedule or as soon thereafter as convened by the court.* The Friday before trial, the parties should access the King County Superior Court website at www.metrokc.gov/kcsc to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

MOTIONS PROCEDURES:

A. Noting of Motions

Dispositive Motions: All Summary Judgment or other motions that dispose of the case in whole or in part will be heard with oral argument before the assigned judge. The moving party must arrange with the courts a date and time for the hearing, consistent with the court rules. King County Local Rule 7 and King County Local Rule 56 govern procedures for all summary judgment or other motions that dispose of the case in whole or in part. The local rules can be found at www.metrokc.gov/kcscc.

Nondispositive Motions: These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the *Note for Motion* should state "Without Oral Argument." *King County Local Rule 7 governs these motions,* which include discovery motions. The local rules can be found at www.metrokc.gov/kcscc.

Motions in Family Law Cases not involving children: Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions Calendar. King County Local Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.metrokc.gov/kcscc.

Emergency Motions: Emergency motions will be allowed only upon entry of an *Order Shortening Time.* However, emergency discovery disputes may be addressed by telephone call, and without written motion, if the judge approves.

Filing of Documents All original documents must be filed with the Clerk's Office. *The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.* The assigned judge's working copy must be delivered to his/her courtroom or to the judges' mailroom. Do not file working copies with the Motions Coordinator, except those motions to be heard on the Family Law Motions Calendar, in which case the working copies should be filed with the Family Law Motions Coordinator.

Original Proposed Order: Each of the parties must include in the working copy materials submitted on any motion an original proposed order sustaining his/her side of the argument. Should any party desire a copy of the order as signed and filed by the judge, a preaddressed, stamped envelope shall accompany the proposed order.

Presentation of Orders: All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final orders and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

C. Form: Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.

PRESIDING JUDGE

FILED

06 MAR 22 PM 2:31

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

KING CO SUPERIOR CT
BARBARA MINER
DIRECTOR & SUP CRT CLERK
SEATTLE WA

06-2-09825-1

| Rcpt. Date | Acct. Date | Time |
|---|---|---|
| 03/22/2006 | 03/22/2006 | 02:34 PM |

| Receipt/Item # | Tran-Code | Docket-Code |
|---|---|---|
| 2006-14-03652/01 | 1140 | $JDR12 |

Cashier: RDB

Paid By: GORDON, THOMAS
Transaction Amount:                    $250.00

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

ROB RINDE f/k/a ROBERT LARRY LEROY
PITSOR,

        Plaintiff,

vs.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole, aka the "MORMON CHURCH" THE
CHURCH OF JESUS CHRIST OF LATTER-
DAY SAINTS, an unincorporated association,

        Defendant.

NO. 06-2-09825-1 SEA

JURY DEMAND

    COMES NOW Plaintiff by and through its counsel of record, the undersigned, and, in accordance with Rule 38 of the Rules of Civil Procedure, hereby requests that all claims and issues in the above-referenced action be tried by a jury of twelve (12) persons. Payment of the required fee of $250.00 is submitted with this Demand.

    Dated this 21 day of March, 2006.

JURY DEMAND - 1 of 2
0
[160349 v01.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By:_____
    Michael T. Pfau, WSBA No. 24649
    mpfau@gth-law.com
    Michelle A. Menely, WSBA No. 28353
    mmenely@gth-law.com
    Co-Counsel for Plaintiff


LAW OFFICES OF TIMOTHY D. KOSNOFF


By:_____
    Timothy D. Kosnoff, WSBA No. 16586
    timkosnoff@comcast.net.
    Co-Counsel for Plaintiff

JURY DEMAND – 2 of 2
0
[160349 v01.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

Exhibit    Page 108

1
2
3
4
5
6
7
8
9
10
11                                                    The Honorable William L. Downing
12
13                    SUPERIOR COURT OF THE STATE OF WASHINGTON
14                                     FOR KING COUNTY
15
16    ROB RINDE f/k/a ROBERT LARRY LEROY
17    PITSOR, JR.,                                      NO.  06-2-09825-1 SEA
18
19                    Plaintiff,
20                                                      NOTICE OF APPEARANCE
21           v.
22
23    THE CORPORATION OF THE PRESIDENT
24    OF THE CHURCH OF JESUS CHRIST OF
25    LATTER-DAY SAINTS, a Utah corporation
26    sole, aka the "MORMON CHURCH" THE
27    CHURCH OF JESUS CHRIST OF LATTER-
28    DAY SAINTS, an unincorporated association,
29
30                    Defendant.
31
32
33    TO:    Plaintiff ROB RINDE f/k/a ROBERT LARRY LEROY PITSOR, JR.;
34
35    TO:    Michael T. Pfau
36           Michelle A. Menely
37           Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
38           Co-Counsel for Plaintiff; and
39
40    TO:    Timothy D. Kosnoff
41           Law Offices of Timothy D. Kosnoff
42           Co-Counsel for Plaintiff
43
44           YOU AND EACH OF YOU will please take notice that defendant The Corporation of
45
46    the President of the Church of Jesus Christ of Latter-Day Saints appears in the above-entitled

NOTICE OF APPEARANCE - 1                            **GORDON MURRAY TILDEN LLP**
                                                    1001 Fourth Avenue, Suite 4000
                                                    Seattle, WA  98154-1007
                                                    Phone (206) 467-6477
                                                    Fax (206) 467-6292

Exhibit ____ Page 109

cause by the undersigned attorneys and requests that all further papers and pleadings herein, except original process, be served upon the undersigned attorneys at the address below stated.

DATED this 19th day of April, 2006.

GORDON MURRAY TILDEN LLP

By _____

Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Attorneys for Defendant The Corporation of the
President of the Church of Jesus Christ of Latter-Day
Saints

[Notice of Appearance—4-06]

NOTICE OF APPEARANCE - 2

Exhibit ___ Page 110

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

Rob Rinde

                                                    Plaintiff,

v.                                                  Case No.:
                                                    2:06–cv–00556–TSZ
                                                    Hon. Thomas S. Zilly

Corporation of the President of the Church of Jesus Christ of
Latter–Day Saints

                                                    Defendant.

_____

## ORDER REGARDING INITIAL DISCLOSURES, JOINT STATUS REPORT, AND EARLY SETTLEMENT

### I. INITIAL SCHEDULING DATES

Pursuant to the December 1, 2000 revisions to the Federal Rules of Civil Procedure, the Court sets the following dates for initial disclosure and submission of the Joint Status Report and Discovery Plan:

| | |
|---|---|
| Deadline for FRCP 26(f) Conference: | **06/19/2006** |
| Initial Disclosures Pursuant to FRCP 26(a)(1): | **07/03/2006** |
| Combined Joint Status Report and Discovery Plan as Required by FRCP 26(f) and Local Rule CR 16: | **07/03/2006** |

If this case involves claims which are exempt from the requirements of FRCP 26(a) and (f), please notify Casey Condon by telephone at 206–370–8520.

### II. JOINT STATUS REPORT & DISCOVERY PLAN

All counsel and any pro se parties are directed to confer and provide the Court with a combined Joint Status Report and Discovery Plan (the "Report") by **07/03/2006**. This conference shall be by direct and personal communication, whether that be a face–to–face meeting or a telephonic conference. The Report will be used in setting a schedule for the prompt completion of the case. It must contain the following information by corresponding paragraph numbers:

1. A statement of the nature and complexity of the case.

2. A statement of which ADR method (mediation, arbitration, or other) should be used. The alternatives are described in Local Rule CR 39.1 and in the ADR Reference Guide which is available from the clerk's office. If the parties believe there should be no ADR, the reasons for that belief should be stated.

3. Unless all parties agree that there should be no ADR, a statement of when mediation or another ADR proceeding under Local Rule CR 39.1 should take place. In most cases, the

ADR proceeding should be held within four months after the Report is filed. It may be resumed, if necessary, after the first session.

4. A proposed deadline for joining additional parties.

5. A proposed discovery plan that indicates:

> A. The date on which the FRCP 26(f) conference and FRCP 26(a) initial disclosures took place;
>
> B. The subjects on which discovery may be needed and whether discovery should be conducted in phases or be limited to or focused upon particular issues;
>
> C. What changes should be made in the limitations on discovery imposed under the Federal and Local Civil Rules, and what other limitations should be imposed;
>
> D. A statement of how discovery will be managed so as to minimize expense (e.g., by foregoing or limiting depositions, exchanging documents informally, etc.); and
>
> E. Any other orders that should be entered by the Court under FRCP 26(c) or under Local Rule CR 16(b) and (c).

6. The date by which the remainder of discovery can be completed.

7. Whether the parties agree that a full–time Magistrate Judge may conduct all proceedings, including trial and the entry of judgment, under 28 U.S.C. § 636(c) and Local Rule MJR 13. The Magistrate Judge who will be assigned the case is James P. Donohue. Agreement in the Report will constitute the parties' consent to referral of the case to the assigned Magistrate Judge.

8. Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.

9. Whether the pretrial statements and pretrial order called for by Local Rules CR 16(e), (h), (i), and (l), and 16.1 should be dispensed with in whole or in part for the sake of economy.

10. Any other suggestions for shortening or simplifying the case.

11. The date the case will be ready for trial.

12. Whether the trial will be jury or non–jury.

13. The number of trial days required.

14. The names, addresses, and telephone numbers of all trial counsel.

15. If, on the due date of the Report, all defendant(s) or respondent(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.

16. Whether any party wishes a scheduling conference prior to a scheduling order being entered in the case.

If the parties are unable to agree on any part of the Report, they may answer in separate paragraphs. No separate reports are to be filed.

The time for filing the Report may be extended only by court order. Any request for extension should be made by telephone to Casey Condon, by telephone at 206–370–8520.

If the parties wish to have a status conference with the Court at any time during the pendency of this action, they should notify the deputy clerk, Casey Condon, by telephone at 206–370–8520.

### III. PLAINTIFF'S RESPONSIBILITY

This Order is issued at the outset of the case, and a copy is delivered by the clerk to counsel for plaintiff (or plaintiff, if pro se) and any defendants who have appeared. Plaintiff's counsel (or plaintiff, if pro se) is directed to serve copies of this Order on all parties who appear after this Order is filed within ten (10) days of receipt of service of each appearance. Plaintiff's counsel (or plaintiff, if pro se) will be responsible for starting the communications needed to comply with this Order.

### IV. EARLY SETTLEMENT CONSIDERATION

When civil cases are settled early — before they become costly and time–consuming — all parties and the court benefit. The Federal Bar Association Alternative Dispute Resolution Task Force Report for this district stated:

> [T]he major ADR related problem is not the percentage of civil cases that ultimately settle, since statistics demonstrate that approximately 95% of all cases are resolved without trial. However, the timing of settlement is a major concern. Frequently, under our existing ADR system, case resolution occurs far too late, after the parties have completed discovery and incurred substantial expenditure of fees and costs.

The judges of this district have adopted a resolution "approving the Task Force's recommendation that court–connected ADR services be provided as early, effectively, and economically as possible in every suitable case."

The steps required by this Order are meant to help achieve that goal while preserving the rights of all parties.

If settlement is achieved, counsel shall notify Casey Condon, deputy clerk, at 206–370–8520.

### V. SANCTIONS

A failure by any party to comply fully with this Order may result in the imposition of sanctions.

DATED: May 2, 2006

Order Regarding Initial Disclosures, Joint Status Report and Early Settlement – Page 3

s/ Thomas S. Zilly
United States District Judge

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROB RINDE f/k/a ROBERT LARRY LEROY
PITSOR, JR.

                Plaintiff,

vs.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole, aka the "MORMON CHURCH" THE
CHURCH OF JESUS CHRIST OF LATTER-
DAY SAINTS, an unincorporated association,

                Defendant.

NO.  2:06-CV-00556TSZ

MOTION TO AMEND COMPLAINT TO
CLARIFY STATUS OF DEFENDANTS
AND MOTION TO REMAND

**NOTED FOR:  FRIDAY, MAY 26, 2006**

## I.   INTRODUCTION

COMES NOW plaintiff above-named, by and through his counsel of record, and moves this Court to amend the Complaint to clarify the status of the two defendants in the action and to remand the matter to the King County Superior Court.

MOTION TO AMEND/REMAND  - 1 of 5
(2:06-CV-00556TSZ)
[163699 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## II.    STATEMENT OF RELEVANT FACTS

Plaintiff filed this action on March 22, 2006, in the King County Superior Court. In doing so, plaintiff intended to name to two defendants – The Corporation of the President of the Church of Jesus Christ of Latter-day Saints ("COP") and the Mormon Church itself.[1]

Believing that the plaintiff had named only one defendant, defendant COP appeared through counsel and filed a Notice of Removal. While not conceding that the original complaint was inaccurate, in order to clarify the claims being asserted, plaintiff moves this Court to allow it to amend his complaint to clarify that there are, in fact, two defendants in the action. The proposed Amended Complaint is attached as **Exhibit A** to the Declaration of Timothy D. Kosnoff, filed herewith.[2]

Additionally, because the second defendant is an "unincorporated association," there is not complete diversity of citizenship. Consequently, plaintiff also moves this Court to remand this action to the King County Superior Court.

## III.    STATEMENT OF ISSUES

1.    Whether this Court should grant plaintiff leave to amend the Complaint when the action has only just commenced, when discovery has not commenced on this matter, when the amendment is limited to clarifying that plaintiff is pursuing claims against two defendants and when allowing the amendment will not prejudice any of the parties to this action?

2.    Whether this Court should remand this matter to the King County Superior Court when there is not complete diversity of citizenship between the parties.

---

[1] While it may not have been entirely clear from the Complaint itself, the paragraph identifying the parties, indicates that there are two defendants: (1) the corporation itself and (2) the church that the corporation operates – the Mormon Church. *See Complaint, ¶2.2.*

[2] For the Court and counsel's reference, a red-lined version of the proposed Amended Complaint is as to the Kosnoff Declaration as **Exhibit B.**

MOTION TO AMEND/REMAND - 2 of 5
(2:06-CV-00556TSZ)
[163699 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## IV.    EVIDENCE RELIED UPON

This motion is based upon the records and files herein, upon the declaration of Michelle A. Menely, and attachment thereto, and upon the files and records herein.

## V.    LEGAL AUTHORITY

### A.    MOTION TO AMEND.

FRCP 15(a) provides that once the defendant has filed a responsive pleading, the plaintiff must move for leave of court to amend the complaint.    Leave to amend the complaint "shall be freely given when justice so requires." FRCP 15(a). Here, defendant has not filed a "responsive pleading," but has filed a Notice of Removal.   While a Notice of Removal is not a "responsive pleading," plaintiffs nevertheless seek leave of Court to amend the Complaint.

Neither defendant COP nor defendant the Mormon Church will be prejudiced by this amendment. First, as indicated herein, in preparing the Complaint, plaintiff intended to name two defendants – COP and the Mormon Church. The amendment is limited to clarifying that there are in fact two entities to this litigation. Furthermore, discovery has not yet commenced in this action and a trial date is not yet set.

### B.    MOTION TO REMAND.

In diversity case, a federal Court has jurisdiction over a matter only if there is complete diversity of citizenship between the parties to the action. 28 U.S.C. §1332(a). The citizenship of an unincorporated association for purposes of federal diversity jurisdiction is the citizenship of each of the individual members of the association. *Carden v. Arkoma Assoc.,* 494 U.S. 185, 189, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990); *see, also, Brown v. Protestant Episcopal Church,* 8 F.2d 149 (E.D. La. 1925).

Here, as admitted by COP in other matters, the Mormon church itself has asserted that it is an "unincorporated association," with "millions of members worldwide" and,

MOTION TO AMEND/REMAND  - 3 of 5
(2:06-CV-00556TSZ)
[163699 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

consequently, admitted that it is not a member of any given state.[3]  From this statement, plaintiff can surmise that the Mormon church has members in Utah (the state of "residence" of defendant COP), the plaintiff's current state of residence, Minnesota, and his former state of residence, Washington.  Consequently, there is not complete diversity of citizenship and this Court should remand this action to the King County Superior Court.

## VI.    CONCLUSION

For the above-stated reasons, plaintiff respectfully requests that this Court permit him to file an amended complaint which is limited to clarifying that there are two defendants in this action and to grant the motion to remand to state court.

RESPECTFULLY SUBMITTED this $\underline{16^{th}}$ day of May, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By: _Michelle Menely_

Michael T. Pfau, WSBA No. 24649
mpfau@gth-law.com
Michelle A. Menely, WSBA No. 28353
mmenely@gth-law.com
Co-Counsel for Plaintiff

LAW OFFICES OF TIMOTHY D. KOSNOFF

By: _Timothy D. Kosnoff_

Timothy D. Kosnoff, WSBA No. 16586
timkosnoff@comcast.net.
Co-Counsel for Plaintiff

---

[3] See, pg. 3 of Church Defendants' Reply on their Motion for Judicial Determination of Diversity Jurisdiction, filed Scott v. Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints, U.S.D.C, District of Oregon, Cause No. 98-366AA (attached as Exhibit C to Declaration of Timothy D. Kosnoff.)

MOTION TO AMEND/REMAND  - 4 of 5
(2:06-CV-00556TSZ)
[163699 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

CERTIFICATE OF ELECTRONIC FILING

2     I hereby certify that on May 16, 2006, I electronically filed the foregoing **MOTION**

3 **TO AMEND COMPLAINT TO CLARIFY STATUS OF DEFENDANTS AND**

4 **MOTION TO REMAND** with the Clerk of the Court using the CM/ECF system which will

5 send notification of such filing to the following:

6

| | |
|---|---|
| Charles C. Gordon<br>cgordon@gmtlaw.com<br>Jeffrey I. Tilden<br>jtilden@gmtlaw.com<br>1001 Fourth Avenue, Suite 4000<br>Seattle, WA 98154<br>PH: 206.467.6477<br>FX: 206.467.6292 | |

7

8

9

10

11

12     DATED this 16th day of May, 2006.

13

14                        /s/Nicole Calvert

15                        Nicole Calvert

                       Legal Assistant to Michelle A. Menely

16

17

18

19

20

21

22

23

24

25

26

MOTION TO AMEND/REMAND - 5 of 5
(2:06-CV-00556TSZ)
[163699 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1
2
3
4
5
6
7
8
9       UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
10                 AT SEATTLE

11   ROB RINDE f/k/a ROBERT LARRY LEROY
     PITSOR, JR.                                NO. 2:06-CV-00556TSZ
12
                    Plaintiff,                  DECLARATION OF TIMOTHY D.
13                                              KOSNOFF RE: MOTION TO AMEND
                                                COMPLAINT TO CLARIFY STATUS OF
14   vs.                                        DEFENDANTS AND MOTION TO
                                                REMAND
15   THE CORPORATION OF THE PRESIDENT
     OF THE CHURCH OF JESUS CHRIST OF
16   LATTER-DAY SAINTS, a Utah corporation      **Noted for: Friday, May 26, 2006**
     sole, aka the "MORMON CHURCH" THE
17   CHURCH OF JESUS CHRIST OF LATTER-
     DAY SAINTS, an unincorporated association,
18
19                  Defendant.

20
21       TIMOTHY D. KOSNOFF, being first duly sworn on oath, states as follows:

22       1.      I am one of the attorneys for the plaintiff in this matter; I make this declaration

23   based on my own personal knowledge.

24       2.      In filing this action, I intended to name two defendants – The Corporation of

25   the President of the Church of Jesus Christ of Latter-day Saints **and** the Mormon Church

26   itself. I believe I accomplished that goal in preparing and filing the original Complaint.

KOSNOFF DECL. RE: MOTION TO AMEND/REMAND - 1 of 3
(2:06-CV-00556TSZ)
[163738 v2.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

However, to the extent the Complaint needs to be clarified, I have done so in the proposed Amended Complaint, a copy of which is attached hereto as **Exhibit A.** For the Court and counsel's reference a "red-lined" version of the proposed Amended Complaint is attached hereto as **Exhibit B.**

3. I was one of the counsel for the plaintiff in the case of *Jeremiah Scott v. Corporation of the presiding Bishop of he Church of Jesus Christ of Latter-day Saints, et al.,* U.S.D.C., District of Oregon, Cause No. 98-366AA. One of the current defendants, The Corporation of the President of the Church of Jesus Christ of Latter-day Saints, was a defendant in that action.

4. In the Oregon action, the "Church Defendants" (including the of the Corporation of President of the Church of Jesus Christ of Latter-day Saints) moved for a judicial determination of diversity jurisdiction. Multiple documents were exchanged relating to the motion. In the interest of brevity, all documents are not attached to this declaration. However, one of the documents I received from defendant's counsel was entitled the "Church Defendants' Reply on their Motion for Determination of Diversity Jurisdiction." I received a copy of that document directly from the defendant's at the time of filing and in the ordinary course of business. A true and correct copy of the document is attached hereto as **Exhibit C.**

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATED at _Seattle_, Washington, this _16th_ day of May, 2006.

Timothy D. Kosnoff

KOSNOFF DECL. RE: MOTION TO AMEND/REMAND - 2 of 3
(2:06-CV-00556TSZ)
[163738 v2.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

<u>CERTIFICATE OF ELECTRONIC FILING</u>

I hereby certify that on May 16, 2006, I electronically filed the foregoing **DECLARATION OF TIMOTHY D. KOSNOFF RE: MOTION TO AMEND COMPLAINT TO CLARIFY STATUS OF DEFENDANTS AND MOTION TO REMAND** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Charles C. Gordon<br>cgordon@gmtlaw.com<br>Jeffrey I. Tilden<br>jtilden@gmtlaw.com<br>1001 Fourth Avenue, Suite 4000<br>Seattle, WA 98154<br>PH: 206.467.6477<br>FX: 206.467.6292 | |

DATED this 16th day of May, 2006.


/s/Nicole Calvert
Nicole Calvert
Legal Assistant to Michelle A. Menely

KOSNOFF DECL. RE: MOTION TO AMEND/REMAND  - 3 of 3
(2:06-CV-00556TSZ)
[163738 v2.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

# EXHIBIT A

EXHIBIT A

1
2
3
4
5
6
7
8
9            UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF WASHINGTON
10                      AT SEATTLE

11   ROB RINDE f/k/a ROBERT LARRY LEROY
     PITSOR, JR.                              NO.  2:06-CV-00556TSZ
12
                                             AMENDED COMPLAINT
13              Plaintiff,

14   vs.

15   THE CORPORATION OF THE PRESIDENT
     OF THE CHURCH OF JESUS CHRIST OF
16   LATTER-DAY SAINTS, a Utah corporation
     sole; and the "MORMON CHURCH" THE
17   CHURCH OF JESUS CHRIST OF LATTER-
     DAY SAINTS, an unincorporated association,
18
19              Defendants.

20

21          I.      GENERAL ALLEGATIONS

22          This case alleges child sexual abuse, sexual assault and sexual battery, intentional

23   infliction of emotional distress (aka the Tort of "Outrage"), civil conspiracy, fraudulent

24   concealment and gross negligence.  It arises out of the brutal victimization of plaintiff when

25   he was twelve years old by PAUL H. LEWIS, a Mormon Church Scoutmaster and

26

AMENDED COMPLAINT - 1 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]
                                        LAW OFFICES
                          GORDON, THOMAS, HONEYWELL, MALANCA,
                                   PETERSON & DAHEIM LLP
                                      ONE UNION SQUARE
                                   600 UNIVERSITY, SUITE 2100
                                  SEATTLE, WASHINGTON 98101-4185
                              (206) 676-7500 · FACSIMILE (206) 676-7575

Melchesidek priest. LEWIS sodomized plaintiff, beat and choked him and forced a wire coat hangar up his penis inflicting permanent injury to his urogenital system that resulted in excruciating physical and emotional pain that persists to this day.    When he was approximately fourteen years old Plaintiff disclosed the abuse to civil authorities. Three church officials, including one who was a Seattle attorney, a Bellevue ward bishop and another local church leader knowing that plaintiff's accusations were true pressured plaintiff into not cooperating with law enforcement officials who were investigating LEWIS.   These church officials acted as part of a coordinated effort to shield fellow priest LEWIS from the law and to protect the Mormon Church from scandal and civil liability.

## II.    PARTIES

2.1    Plaintiff ROB RINDE, (known as Larry Pitsor at relevant times), is an adult and at all times relevant hereto was a boy residing with his mother and siblings first in Seattle, and then in Bellevue, Washington. Plaintiff was born December 8, 1969. ROB RINDE, his mother and his four siblings were recruited into the Church of Jesus Christ of Latter-day Saints (hereinafter the "Mormon Church").

2.2    Defendant THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST LATTER-DAY SAINTS, a Utah corporation sole, is a corporation duly organized and operating pursuant to the laws of Utah.  This defendant also operates as the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, which is an unincorporated association.  This defendant will hereinafter be referred to as COP. COP operates churches within the State of Washington.

2.3    Defendant the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, is an unincorporated association.    This defendant will hereinafter be referred to as the "Mormon Church." The Mormon Church operates churches within the State of Washington.

AMENDED COMPLAINT - 2 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## III.    JURISDICTION AND VENUE

3.1    Jurisdiction and venue are proper in this Court because the acts giving rise to this claim occurred in Bellevue, King County, Washington.

## IV.    FACTS

4.1    "COP" is a corporation governed by a single individual, the President of the Mormon Church, Gordon B. Hinckley. The President wields ultimate and absolute authority within the Mormon Church. Mr. Hinckley, is the "Divine Prophet, Seer and Revelator" of the Church and has the authority to appoint and remove anyone in the Mormon Church, including all members of wards and stakes, at will. The President of the Mormon Church controls everything in the Mormon Church and all of its wards and stakes. As such, the President of the Church has authority to dictate changes in Church policy, discipline, ecclesiastical doctrine or anything else he so chooses. The acts of the President, in his capacity as head of the Mormon Church, are the acts of COP. COP is registered to do business within, and conducts continuous and systematic activities within, the State of Washington. At all relevant times, plaintiff was a member of and attended a Seattle and/or a Bellevue ward of the Mormon Church.

4.2    Adult male members of the Church are eligible to be ordained as "Priests." There are various levels of priesthood, including elevation to the rank of "Elder," "Melchesidek Priest," "High Priest." Elders, Melchesidek Priests and High Priests are held out by the Mormon Church as men that are "morally worthy" and deserving of the trust of its members.

4.3    At all relevant times, COP and the Mormon Church assumed special responsibilities toward its members including a disciplinary and red-flagging system meant to identify and track sexual predators and other dangerous individuals within the membership in order to protect innocent members from harm they might inflict.

AMENDED COMPLAINT - 3 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

4.4    The Mormon Church itself are closely affiliated with the Boy Scouts of America. The Mormon Church is the oldest and one of the largest sponsoring organizations of boy scouting in the United States. Since 1913 the Mormon Church has used the Scouting program as an integral part of its ministry to boys and young men. Scouting is the exclusive youth activity for males in the Mormon Church.

4.5    During the relevant time period, COP and the Mormon Church adopted guidelines for handling victims of child sexual abuse and sex offenders. They failed to follow their guidelines with respect to LEWIS.

4.6    During the approximate time period of 1981-1983, when RINDE was around twelve years old, LEWIS was RINDE's ward scoutmaster. At that time LEWIS was in the United States Navy and was a transient with no ties or history to the area prior to the church placing LEWIS in the position of Scoutmaster of a Seattle ward to which RINDE was a member.

4.7    Using his position of authority as Scoutmaster and Mormon Priest, LEWIS was able to gain access to RINDE and use that access to groom and then molest, rape and sadistically torture him.

4.8    LEWIS sexually molested RINDE at various locations in the Seattle area including at an apartment to which LEWIS had unrestricted access, in the swimming pool, locker room/shower and steam bath at Sand Point Naval Air Station, and in a motel room in Issaquah.

4.9    The most appalling acts of abuse occurred in a room at Motel 6 in Issaquah in approximately 1983. LEWIS used physical violence against RINDE, sodomizing him and forcing RINDE to orally copulate LEWIS. LEWIS then took a wire coat hangar and forced it into RINDE's urethra causing him to hemorrhage and causing chronic and irreparable injury to his penis and urogenital system. These were acts of childhood sexual abuse, which acts

AMENDED COMPLAINT - 4 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

were also violations of chapter 9A.44 RCW or RCW 9.68A.040 or prior laws of similar effect at the time the acts were committed.

4.10    In approximately 1984 or 1985, RINDE disclosed the abuse and his mother reported it to the civil and church authorities. A criminal investigation of LEWIS ensued. Church officials described herein above shielded LEWIS from the law. The same church officials urged RINDE, then age fourteen (14), to not cooperate with the law enforcement investigation of LEWIS thereby allowing LEWIS to evade criminal prosecution and to move to another state where he eventually sexually molested more children. These church officials told him that he would not be believed, that it would be "his word" against LEWIS, that his allegations would hurt the image and reputation of the Mormon Church, that RINDE would be ridiculed and derided by church members in addition to other comments calculated to intimidate RINDE from cooperating with the civil authorities investigating LEWIS.

4.11    Church leaders told RINDE that the church would "take care of things," that they would help him with therapy and that they would help his family financially.

4.12    An abuse victim advocate in the King County Prosecutor's office arranged a meeting with RINDE at her office. Before she could meet privately with RINDE, Mormon Church leaders interfered in the investigative process. The three adult male Church officials went to RINDE'S home and told him that they would take him to the meeting at the prosecutor's office downtown.  On the ride downtown in the car the three adult Mormon church officials pressured RINDE not to cooperate with law enforcement officials.

4.13    At the meeting, the church official that was a licensed Washington attorney told the victim's advocate that he was RINDE'S attorney which was untrue.  The church official/lawyer told the victim advocate he would not permit her to interview RINDE in private.

AMENDED COMPLAINT - 5 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

Exhibit____ Page 128

4.14    RINDE succumbed to the Church's pressure not to cooperate. As a result, charges against LEWIS were not filed. Soon thereafter LEWIS moved to another state and joined a another ward of the Mormon Church.

## V.    FIRST CAUSE OF ACTION
### (Negligence based on Common Law and breach of Fiduciary Duty)

5.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges:

5.2    Defendants COP and the Mormon Church each had a common law duty to plaintiff to protect him from the criminal acts of LEWIS.

5.3    Defendants COP and the Mormon Church each breached their duty to protect plaintiff and plaintiff was damaged thereby.

5.4    Defendants COP and the Mormon Church had a "special relationship" with plaintiff and with LEWIS. They knew or should have known that LEWIS was a sadistic serial pedophile that was actively abusing children, COP and the Mormon Church each had a duty to use reasonable care in the hiring, supervision or retention of LEWIS as scoutmaster and also had a duty to warn or protect foreseeable victims including plaintiff. LEWIS' positions within the defendants' church were causally connected to and served to enable LEWIS to gain access to and abuse plaintiff.

5.5    The Mormon Church's bishops, stake presidents and Boy Scout leaders within the State of Washington breached both a duty of reasonable care in hiring, supervising or retaining LEWIS as scoutmaster and by failing to warn or protect children and/or by failing to report their knowledge of LEWIS's sexual abuse of children to civil authorities,.

5.6    But for the breach of duty, acts, omissions and intentional misconduct of COP and the Mormon Church, church bishops, boy scout leaders, stake presidents and area presidents, LEWIS would not have been able to abuse plaintiff.

AMENDED COMPLAINT - 6 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

5.7    COP's failure to adhere to its previously adopted guidelines for handling victims of child sexual abuse and sex offenders caused harm to the plaintiff. The harm plaintiff suffered as a result of defendants' negligence was the harm contemplated in COP's Handbook of Instruction to its clergy.

5.8    Notwithstanding Defendants' duties, defendant failed to train and supervise its hierarchal clergy in the proper implementation of its guidelines, policies and procedures regarding the treatment of victims of child sexual abuse, to monitor and insure compliance with their guidelines, policies and procedures, treatment of child sexual abusers and reporting of child sexual abuse.

5.9    Defendants knew, or in the exercise of reasonable care should have known, that their failure to report LEWIS to appropriate law enforcement or social services agencies would result in LEWIS sexually abusing children including plaintiff, and in plaintiff failing to obtain adequate treatment.

5.10    As a result of the molestation, breach of trust, and statutory violations, plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be determined. As a further result of the sexual abuse, plaintiff incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial.

## VI.    SECOND CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

6.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

6.2    Defendants knew, or in the exercise of reasonable care should have known, that tampering with a witness was unlawful and that such conduct as pressuring victims not to

AMENDED COMPLAINT - 7 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

disclose, would be harmful to the best interests and psychological well-being of child victims of sexual abuse, including plaintiff.

6.3    Defendants knew or should have known that pressuring plaintiff not to cooperate with the civil authorities' investigation of LEWIS would greatly exacerbate plaintiff's physical, emotional and psychological injuries and, in fact, the defendants' conduct greatly exacerbated plaintiff's physical, emotional and psychological injuries.

6.4    Defendant knew that plaintiff had been subjected to horrific sexual abuse at the hands of its Scoutmaster and Melchesidek Priest PAUL LEWIS and knew that plaintiff had and would continue to suffer emotional, psychological and physical injuries and that unless he received appropriate assistance from civil authorities, that his injuries would be greatly exacerbated and much more difficult to treat with the passage of time.

6.5    The Church, being more concerned about shielding itself from scandal and potential civil liability and intent on protecting the public image of its all-male Mormon priesthood at the expense of aiding a gravely injured child that was plaintiff, pressured plaintiff in to not cooperating with the civil authorities with full knowledge of or with reckless disregard of the emotional and psychological injuries its conduct was certain to inflict.

6.6    Defendants' conduct was an outrageous violation of societal norms and went so far beyond all possible bounds of decency, so as to be regarded as atrocious, and utterly intolerable in a civilized community, and resulted in severe emotional distress.

6.7    As a further result of the defendants' intentional conduct, plaintiff has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial. As a result of the defendants' conduct, plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be proved at trial.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

Exhibit ___ Page 131

## VII.    THIRD CAUSE OF ACTION
### (Estoppel and Fraudulent Concealment)

7.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

7.2    The Church defendants, and each of them, engaged in a plan of action to cover up incidents of the sexual abuse of minors by its Melchesidek priests and scout leaders and to prevent disclosure, prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, the transfer of abusive Melchesidek priests and scoutmasters, coercion of victims and their families and by failure to seek out and redress the injuries these men had caused. Based on these actions, the defendants engaged in fraudulent concealment and are estopped from asserting defense of limitations.

## VIII.    FOURTH CAUSE OF ACTION
### (Civil Conspiracy)

8.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

8.2    Defendants and others conspired to cover up incidents of sexual abuse of minors by its Mormon priests and scout leaders, including LEWIS and to prevent disclosure, prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, aiding criminal child molesters in evading detection, arrest and prosecution, allowing them to cross state and international borders for purposes of gaining access to uninformed parents whose innocent children could be sexually abused, failure to warn, and by failure to seek out and redress the injuries its Melchesidek priests and scoutmasters had caused. Based on these actions, the defendants conspired for the unlawful purpose of concealing and suppressing information on the danger and threat that scoutmaster and priests like LEWIS posed to unsuspecting children, including the plaintiff.

AMENDED COMPLAINT - 9 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment against both defendants, jointly and severally, and in plaintiff's behalf, for the following:

1.    For special damages for medical treatment expenses, lost earnings, and lost earnings capacity, and the expenses of medication and other special expenses, both in the past and continuing into the future, in amounts to be determined at the time of trial;

2.    For all general damages, for physical, mental and emotional injury and disturbance, and other disorders resulting from the acts complained of herein;

3.    For attorney's fees, prejudgment interest, costs and exemplary damages allowed by RCW 9.68A.130 and other law; and

4.    For such other and further relief as this Court determines just in the premises.

Dated this _____ day of May, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP


By:_____
     Michael T. Pfau, WSBA No. 24649
     mpfau@gth-law.com
     Michelle A. Menely, WSBA No. 28353
     mmenely@gth-law.com
     Co-Counsel for Plaintiff


LAW OFFICES OF TIMOTHY D. KOSNOFF

By:_____
     Timothy D. Kosnoff, WSBA No. 16586
     timkosnoff@comcast.net
     Co-Counsel for Plaintiff


AMENDED COMPLAINT - 10 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Exhibit _____ Page 133

# EXHIBIT B

EXHIBIT B

1
2
3
4
5
6
7
8
9          UNITED STATES DISTRICT COURT
10         WESTERN DISTRICT OF WASHINGTON
                    AT SEATTLE

11  ROB RINDE f/k/a ROBERT LARRY LEROY
    PITSOR, JR.                                    NO. 2:06-CV-00556TSZ
12
                                                   AMENDED COMPLAINT
13              Plaintiff,

14  vs.

15  THE CORPORATION OF THE PRESIDENT
    OF THE CHURCH OF JESUS CHRIST OF
16  LATTER-DAY SAINTS, a Utah corporation
    sole; and the "MORMON CHURCH" THE
17  CHURCH OF JESUS CHRIST OF LATTER-
    DAY SAINTS, an unincorporated association,
18
19              Defendants.

20

21      I.    GENERAL ALLEGATIONS

22       This case alleges child sexual abuse, sexual assault and sexual battery, intentional

23  infliction of emotional distress (aka the Tort of "Outrage"), civil conspiracy, fraudulent

24  concealment and gross negligence. It arises out of the brutal victimization of plaintiff when

25  he was twelve years old by PAUL H. LEWIS, a Mormon Church Scoutmaster and

26

AMENDED COMPLAINT - 1 of 10
(2:06-CV-00556TSZ)
[original complaint.doc]
                              LAW OFFICES
                    GORDON, THOMAS, HONEYWELL, MALANCA,
                         PETERSON & DAHEIM LLP
                            ONE UNION SQUARE
                         600 UNIVERSITY, SUITE 2100
                        SEATTLE, WASHINGTON 98101-4185
                    (206) 676-7500 - FACSIMILE (206) 676-7575

Deleted: SUPERIOR COURT OF THE STATE OF WASHINGTON FOR KING COUNTY¶

Deleted: , aka

Formatted: Font color: Auto, Check spelling and grammar

Deleted: COMPLAINT

Melchesidek priest. LEWIS sodomized plaintiff, beat and choked him and forced a wire coat hangar up his penis inflicting permanent injury to his urogenital system that resulted in excruciating physical and emotional pain that persists to this day.    When he was approximately fourteen years old Plaintiff disclosed the abuse to civil authorities. Three church officials, including one who was a Seattle attorney, a Bellevue ward bishop and another local church leader knowing that plaintiff's accusations were true pressured plaintiff into not cooperating with law enforcement officials who were investigating LEWIS.  These church officials acted as part of a coordinated effort to shield fellow priest LEWIS from the law and to protect the Mormon Church from scandal and civil liability.

## II.    PARTIES

2.1    Plaintiff ROB RINDE, (known as Larry Pitsor at relevant times), is an adult and at all times relevant hereto was a boy residing with his mother and siblings first in Seattle, and then in Bellevue, Washington. Plaintiff was born December 8, 1969.  ROB RINDE, his mother and his four siblings were recruited into the Church of Jesus Christ of Latter-day Saints (hereinafter the "Mormon Church").

| | |
|---|---|
| Deleted: 1 | |

2.2    Defendant THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST LATTER-DAY SAINTS, a Utah corporation sole, is a corporation duly organized and operating pursuant to the laws of Utah.  This defendant also operates as the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, which is an unincorporated association.  This defendant will hereinafter be referred to as COP.  COP operates churches within the State of Washington.

| | |
|---|---|
| Deleted: The | |
| Deleted:  In both capacities, | |

2.3    Defendant the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, is an unincorporated association.    This defendant will hereinafter be referred to as the "Mormon Church."  The Mormon Church operates churches within the State of Washington.

AMENDED COMPLAINT - 2 of 10
(2:06-CV-00556TSZ)
[original complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

III.    JURISDICTION AND VENUE

3.1    Jurisdiction and venue are proper in this Court because the acts giving rise to this claim occurred in Bellevue, King County, Washington.

IV.    FACTS

4.1    "COP" is a corporation governed by a single individual, the President of the Mormon Church, Gordon B. Hinckley.  The President wields ultimate and absolute authority within the Mormon Church.  Mr. Hinckley, is the "Divine Prophet, Seer and Revelator" of the Church and has the authority to appoint and remove anyone in the Mormon Church, including all members of wards and stakes, at will.  The President of the Mormon Church controls everything in the Mormon Church and all of its wards and stakes.  As such, the President of the Church has authority to dictate changes in Church policy, discipline, ecclesiastical doctrine or anything else he so chooses.  The acts of the President, in his capacity as head of the Mormon Church, are the acts of COP.  COP is registered to do business within, and conducts continuous and systematic activities within, the State of Washington.  At all relevant times, plaintiff was a member of and attended a Seattle and/or a Bellevue ward of the Mormon Church.

4.2    Adult male members of the Church are eligible to be ordained as "Priests."  There are various levels of priesthood, including elevation to the rank of "Elder," "Melchesidek Priest," "High Priest."  Elders, Melchesidek Priests and High Priests are held out by the Mormon Church as men that are "morally worthy" and deserving of the trust of its members.

4.3    At all relevant times, COP and the Mormon Church assumed special responsibilities toward its members including a disciplinary and red-flagging system meant to identify and track sexual predators and other dangerous individuals within the membership in order to protect innocent members from harm they might inflict.

AMENDED COMPLAINT - 3 of 10
(2:06-CV-00556TSZ)
[original complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

4.4    The Mormon Church itself is closely affiliated with the Boy Scouts of America. The Mormon Church is the oldest and one of the largest sponsoring organizations of boy scouting in the United States. Since 1913 the Mormon Church has used the Scouting program as an integral part of its ministry to boys and young men. Scouting is the exclusive youth activity for males in the Mormon Church.

4.5    During the relevant time period, COP and the Mormon Church adopted guidelines for handling victims of child sexual abuse and sex offenders. They failed to follow their guidelines with respect to LEWIS.

4.6    During the approximate time period of 1981-1983, when RINDE was around twelve years old, LEWIS was RINDE's ward scoutmaster. At that time LEWIS was in the United States Navy and was a transient with no ties or history to the area prior to the church placing LEWIS in the position of Scoutmaster of a Seattle ward to which RINDE was a member.

4.7    Using his position of authority as Scoutmaster and Mormon Priest, LEWIS was able to gain access to RINDE and use that access to groom and then molest, rape and sadistically torture him.

4.8    LEWIS sexually molested RINDE at various locations in the Seattle area including at an apartment to which LEWIS had unrestricted access, in the swimming pool, locker room/shower and steam bath at Sand Point Naval Air Station, and in a motel room in Issaquah.

4.9    The most appalling acts of abuse occurred in a room at Motel 6 in Issaquah in approximately 1983. LEWIS used physical violence against RINDE, sodomizing him and forcing RINDE to orally copulate LEWIS. LEWIS then took a wire coat hanger and forced it into RINDE's urethra causing him to hemorrhage and causing chronic and irreparable injury to his penis and urogenital system. These were acts of childhood sexual abuse, which acts

AMENDED COMPLAINT - 4 of 10
(2:06-CV-00556TSZ)
[original complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Deleted:

were also violations of chapter 9A.44 RCW or RCW 9.68A.040 or prior laws of similar effect at the time the acts were committed.

4.10    In approximately 1984 or 1985, RINDE disclosed the abuse and his mother reported it to the civil and church authorities. A criminal investigation of LEWIS ensued. Church officials described herein above shielded LEWIS from the law. The same church officials urged RINDE, then age fourteen (14), to not cooperate with the law enforcement investigation of LEWIS thereby allowing LEWIS to evade criminal prosecution and to move to another state where he eventually sexually molested more children. These church officials told him that he would not be believed, that it would be "his word" against LEWIS, that his allegations would hurt the image and reputation of the Mormon Church, that RINDE would be ridiculed and derided by church members in addition to other comments calculated to intimidate RINDE from cooperating with the civil authorities investigating LEWIS.

4.11    Church leaders told RINDE that the church would "take care of things," that they would help him with therapy and that they would help his family financially.

4.12    An abuse victim advocate in the King County Prosecutor's office arranged a meeting with RINDE at her office. Before she could meet privately with RINDE, Mormon Church leaders interfered in the investigative process. The three adult male Church officials went to RINDE'S home and told him that they would take him to the meeting at the prosecutor's office downtown.  On the ride downtown in the car the three adult Mormon church officials pressured RINDE not to cooperate with law enforcement officials.

4.13    At the meeting, the church official that was a licensed Washington attorney told the victim's advocate that he was RINDE'S attorney which was untrue.  The church official/lawyer told the victim advocate he would not permit her to interview RINDE in private.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

4.14    RINDE succumbed to the Church's pressure not to cooperate. As a result, charges against LEWIS were not filed. Soon thereafter LEWIS moved to another state and joined a another ward of the Mormon Church.

## V.    FIRST CAUSE OF ACTION
### (Negligence based on Common Law and breach of Fiduciary Duty)

5.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges:

5.2    Defendants COP and the Mormon Church each had a common law duty to plaintiff to protect him from the criminal acts of LEWIS.

5.3    Defendants COP and the Mormon Church each breached their duty to protect plaintiff and plaintiff was damaged thereby.

5.4    Defendants COP and the Mormon Church had a "special relationship" with plaintiff and with LEWIS. They knew or should have known that LEWIS was a sadistic serial pedophile that was actively abusing children, COP and the Mormon Church each had a duty to use reasonable care in the hiring, supervision or retention of LEWIS as scoutmaster and also had a duty to warn or protect foreseeable victims including plaintiff. LEWIS' positions within the defendants' church were causally connected to and served to enable LEWIS to gain access to and abuse plaintiff.

5.5    The Mormon Church's bishops, stake presidents and Boy Scout leaders within the State of Washington breached both a duty of reasonable care in hiring, supervising or retaining LEWIS as scoutmaster and by failing to warn or protect children and/or by failing to report their knowledge of LEWIS's sexual abuse of children to civil authorities,.

5.6    But for the breach of duty, acts, omissions and intentional misconduct of COP and the Mormon Church, church bishops, boy scout leaders, stake presidents and area presidents, LEWIS would not have been able to abuse plaintiff.

AMENDED COMPLAINT - 6 of 10
(2:06-CV-00556TSZ)
[original complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

5.7    COP's failure to adhere to its previously adopted guidelines for handling victims of child sexual abuse and sex offenders caused harm to the plaintiff. The harm plaintiff suffered as a result of defendants' negligence was the harm contemplated in COP's Handbook of Instruction to its clergy.

5.8    Notwithstanding Defendants' duties, defendant failed to train and supervise its hierarchal clergy in the proper implementation of its guidelines, policies and procedures regarding the treatment of victims of child sexual abuse, to monitor and insure compliance with their guidelines, policies and procedures, treatment of child sexual abusers and reporting of child sexual abuse.

5.9    Defendants knew, or in the exercise of reasonable care should have known, that their failure to report LEWIS to appropriate law enforcement or social services agencies would result in LEWIS sexually abusing children including plaintiff, and in plaintiff failing to obtain adequate treatment.

5.10    As a result of the molestation, breach of trust, and statutory violations, plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be determined. As a further result of the sexual abuse, plaintiff incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial.

## VI.    SECOND CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

6.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

6.2    Defendants knew, or in the exercise of reasonable care should have known, that tampering with a witness was unlawful and that such conduct as pressuring victims not to

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

Deleted: defendant's

Deleted: Defendant's

Deleted: its

disclose, would be harmful to the best interests and psychological well-being of child victims of sexual abuse, including plaintiff.

6.3     Defendants knew or should have known that pressuring plaintiff not to cooperate with the civil authorities' investigation of LEWIS would greatly exacerbate plaintiff's physical, emotional and psychological injuries and, in fact, the defendants' conduct greatly exacerbated plaintiff's physical, emotional and psychological injuries.

6.4     Defendant knew that plaintiff had been subjected to horrific sexual abuse at the hands of its Scoutmaster and Melchesidek Priest PAUL LEWIS and knew that plaintiff had and would continue to suffer emotional, psychological and physical injuries and that unless he received appropriate assistance from civil authorities, that his injuries would be greatly exacerbated and much more difficult to treat with the passage of time.

6.5     The Church, being more concerned about shielding itself from scandal and potential civil liability and intent on protecting the public image of its all-male Mormon priesthood at the expense of aiding a gravely injured child that was plaintiff, pressured plaintiff in to not cooperating with the civil authorities with full knowledge of or with reckless disregard of the emotional and psychological injuries its conduct was certain to inflict.

6.6     Defendants' conduct was an outrageous violation of societal norms and went so far beyond all possible bounds of decency, so as to be regarded as atrocious, and utterly intolerable in a civilized community, and resulted in severe emotional distress.

6.7     As a further result of the defendants' intentional conduct, plaintiff has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial. As a result of the defendants' conduct, plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be proved at trial.

AMENDED COMPLAINT - 8 of 10
(2:06-CV-00556TSZ)
[original complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Deleted: defendant's

Deleted: Defendant's

Deleted: defendant's

Deleted: defendant's

## VII.    THIRD CAUSE OF ACTION
### (Estoppel and Fraudulent Concealment)

7.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

7.2    The Church defendants, and each of them, engaged in a plan of action to cover up incidents of the sexual abuse of minors by its Melchesidek priests and scout leaders and to prevent disclosure, prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, the transfer of abusive Melchesidek priests and scoutmasters, coercion of victims and their families and by failure to seek out and redress the injuries these men had caused. Based on these actions, the defendants engaged in fraudulent concealment and are estopped from asserting defense of limitations.

## VIII.    FOURTH CAUSE OF ACTION
### (Civil Conspiracy)

8.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

8.2    Defendants and others conspired to cover up incidents of sexual abuse of minors by its Mormon priests and scout leaders, including LEWIS and to prevent disclosure, prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, aiding criminal child molesters in evading detection, arrest and prosecution, allowing them to cross state and international borders for purposes of gaining access to uninformed parents whose innocent children could be sexually abused, failure to warn, and by failure to seek out and redress the injuries its Melchesidek priests and scoutmasters had caused.  Based on these actions, the defendants conspired for the unlawful purpose of concealing and suppressing information on the danger and threat that scoutmaster and priests like LEWIS posed to unsuspecting children, including the plaintiff.

AMENDED COMPLAINT - 9 of 10
(2:06-CV-00556TSZ)
[original complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## IX.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment against <u>both defendants, jointly and severally,</u> and in plaintiff's behalf, for the following:

**Deleted:** the defendant

1.    For special damages for medical treatment expenses, lost earnings, and lost earnings capacity, and the expenses of medication and other special expenses, both in the past and continuing into the future, in amounts to be determined at the time of trial;

2.    For all general damages, for physical, mental and emotional injury and disturbance, and other disorders resulting from the acts complained of herein;

3.    For attorney's fees, prejudgment interest, costs and exemplary damages allowed by RCW 9.68A.130 and other law; and

4.    For such other and further relief as this Court determines just in the premises.

Dated this _____ day of May, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By:_____
　　Michael T. Pfau, WSBA No. 24649
　　mpfau@gth-law.com
　　Michelle A. Menely, WSBA No. 28353
　　mmenely@gth-law.com
　　Co-Counsel for Plaintiff


LAW OFFICES OF TIMOTHY D. KOSNOFF

By:_____
　　Timothy D. Kosnoff, WSBA No. 16586
　　timkosnoff@comcast.net.
　　Co-Counsel for Plaintiff

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

# EXHIBIT C

EXHIBIT C



11/11/98   04:11   ☎303 224 7234   DUNN CARNEY 2                    Ø003

1  STEVEN F. ENGLISH, OSB #73084
2  LORI R. METZ, OSB #85226
   KARIN M. VICKERS, OSB #91381
3  BULLIVANT HOUSER BAILEY
   A Professional Corporation
4  300 Pioneer Tower
   888 SW Fifth Avenue
5  Portland, OR 97204-2089
   Telephone: (503) 228-6351
6  Facsimile: (503) 295-0915
7  E-Mail:
8     Steve.English@Bullivant.Com
      Lori.Metz@Bullivant.Com
      Karen.Vickers@Bullivant.Com
9
10  Attorneys for Corporation of the Presiding
    Bishop of the Church of Jesus Christ of
11  Latter-Day Saints, The Church of Jesus Christ
    Of Latter-Day Saints and Corporation of the
12  President of the Church of Jesus Christ of
    Latter-Day Saints

13
14              IN THE UNITED STATES DISTRICT COURT

15                    FOR THE DISTRICT OF OREGON
16  JEREMIAH SCOTT,
17                Plaintiff,                      Civil No. 98-366-AA
18       v.                                       CHURCH DEFENDANTS'
                                                  REPLY ON THEIR MOTION
19  CORPORATION OF THE                            FOR JUDICIAL
    PRESIDING BISHOP OF THE                       DETERMINATION OF
20  CHURCH OF JESUS CHRIST OF                     DIVERSITY JURISDICTION
    LATTER-DAY SAINTS, a Utah
    corporation sole; GREGORY LEE                 ORAL ARGUMENT
21  FOSTER, an individual; THE                    REQUESTED
    CHURCH OF JESUS CHRIST OF
22  LATTER-DAY SAINTS, a Utah
    corporation sole; THE
23  CORPORATION OF THE
    PRESIDENT OF THE CHURCH OF
24  JESUS CHRIST OF LATTER-DAY
    SAINTS, a Utah corporation sole;,
25
                  Defendants.
26

---

11/11/98   04:11   ☎303 224 7234   DUNN CARNEY 3                    Ø004

1         Plaintiff's Response Memorandum succinctly states the sole issue

2  now before this Court for decision: "If the Mormon Church is, in fact, an

3  unincorporated association, plaintiff concedes that there would not be

4  complete diversity." (Plaintiff's Response to Church Defendants' Motion for

5  Judicial Determination of Diversity Jurisdiction ("Plaintiff's Response" at

6  p. 2). Plaintiff argues that The Church of Jesus Christ of Latter-Day Saints is

7  not an unincorporated association, and wrongly asserts that in the case of The

8  Church of Jesus Christ of Latter-Day Saints v. Brown, 764 P2d 759 (Ariz.

9  App. 1988), the LDS Church, "admitted at the trial court level that it was a

10  'Utah corporation (sole).'" (Plaintiff's Response at 3). This assertion not

11  only contradicts the factual record in the Brown case, but is repudiated by the

12  very document which plaintiff attaches as Exhibit 3 to his Response — the

13  Church's Answer in the Brown case. The unincorporated Church had been

14  sued as "The Church of Jesus Christ of Latter-Day Saints, a corporation." As

15  the Court can see from Paragraph 1 of that Answer (attached hereto as

16  Exhibit 1), the unincorporated Church, rather than admitting that it was a

17  corporation sole as plaintiff herein wrongly suggests, explicitly stated "the

18  true name of this defendant is THE CORPORATION OF THE PRESIDENT

19  OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah

20  corporation (sole)." (capitalization in original). No "judicial admissions"

21  were made by the Church that it was in fact a corporation; rather, the Church

22  corrected plaintiffs' erroneous naming of the wrong defendant by answering

23  in the name of the proper defendant in that action.

24         Plaintiff herein suggests that "documentation or sworn affidavits"

25  would assist it in determining the Church's status. Such documentation is

26  attached. Exhibits 2 and 3, respectively, are Certificates of Good Standing

WORKING COPY

RECEIVED NOV 10 1998 DUNN CARNEY

Exhibit ___ Page 146

1  for the two Defendants corporations named as parties to this lawsuit, The
2  Corporation of the President of the Church of Jesus Christ of Latter-Day
3  Saints ("COP"), and The Corporation of the Presiding Bishop of the Church
4  of Jesus Christ of Latter-Day Saints ("CPB"). Exhibit 4 is an Affidavit of
5  Dwyane L. Liddell, Director of Risk Management. This Affidavit clearly
6  establishes that although COP and CPB are Utah corporations sole, The
7  Church of Jesus Christ of Latter-Day Saints is not, rather, it "is an
8  unincorporated religious association with a worldwide membership of
9  approximately 10 million members, including members in all fifty states."
10  (Liddell Affidavit, Exhibit 4 at ¶4).
11        Once the defendant in a diversity suit has challenged the
12  plaintiff's allegations of diversity of citizenship, and has met its burden of
13  production, as defendants have here, the plaintiff has the burden of proving
14  that diversity jurisdiction exists. Lee v. Moss, 797 F2d 747, 751 (9th Cir
15  1986); Gamzer v. Goos, 302 F2d 421 (9th Cir 1962); 1 Fed Proc 2nd 1995,
16  § 1:332. It is clear that the plaintiff will be unable to satisfy this burden.
17        Defendants would like to reemphasize that they do not
18  particularly wish to see this matter remanded to state court, and are content
19  to proceed in federal court. However, lack of federal court jurisdiction is not
20  waivable, and can be raised at any time, including by the Ninth Circuit
21  sua sponte. Morongo Band of Mission Indians v. California State Board of
22  Equalization, 849 F2d 1197, 1199 (9th Cir 1988). Defendants would like the
23  certainly of a court ruling on the propriety of federal court jurisdiction before
24  proceeding further with this litigation.[1]
25
26  [1] Indeed, Defendants would affirmatively represent to this court that the proper defendant
herein is the unincorporated association the Brentwood Ward of the Portland Oregon Stake

---

1
2                              CONCLUSION
3        For the reasons set forth above and in their original
4  memorandum, Defendants move this Court to make a ruling on the diversity
5  of the parties and the propriety of federal court jurisdiction before litigation
6  proceeds further. If the Court decides that the presence of the LDS Church as
7  a defendant destroys diversity jurisdiction, defendants would request that this
8  Court provide Plaintiff with the opportunity to file an Amended Complaint
9  dropping the LDS Church as a defendant and adding the Brentwood Ward. If
10  Plaintiff chooses to do so, the parties will then proceed in federal court.
11        DATED this 10th day of November, 1998.
12                                    BULLIVANT HOUSER BAILEY
13                                    A Professional Corporation
14
15                              By _____
16                                    Stephen F. English, OSB #73084
                                    Lori R. Metz, OSB #85286
                                    Karen M. Vickers, OSB #91181
17                                    Attorneys for Corporation of the Presiding
                                    Bishop of the Church of Jesus Christ of Latter-
                                    Day Saints, The Church of Jesus Christ of
                                    Latter-Day Saints, and the Corporation of the
                                    President of the Church of Jesus Christ of
                                    Latter-Day Saints
18
19
20  of The Church of Jesus Christ of Latter-Day Saints. This is the unincorporated association of
21  which plaintiff was a member, the unincorporated association in which the allegedly
22  negligent acts occurred, and the unincorporated association of which Gregory Lee Foster, a
23  defendant in this action, was the local Lay Leader (bishop). As Defendants have suggested to
24  Plaintiff before, simply amending the complaint to name instead the Brentwood Ward as a
25  Defendant would eliminate any jurisdictional problem, as all members of the Brentwood
26  Ward are Oregon residents.

11/11/98   04:11   ☎503 224 7314   DUNN CARNEY 3                    Ø007

MONTGOMERY & TURLEY, P.C.
ATTORNEYS AT LAW
THE BROADWAY ESTATES BUILDING
3200 NORTH CENTRAL
PHOENIX, ARIZONA 85012
(602) 264-1444

ATTORNEYS FOR Defendants

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

CYNTHIA BROWN, as Guardian
for ADRIENE LEIGH BROWN,

    Plaintiff,

    -vs-

KENNETH RAY and WILMA RAY,
husband and wife; THE CHURCH
OF JESUS CHRIST OF LATTER
DAY SAINTS, a corporation,

    Defendants.

NO. C 517976

**ANSWER**

PAID ANSWER

    Defendant, THE CORPORATION OF THE PRESIDENT OF THE CHURCH
OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation (sole),
for its Answer to plaintiff's Complaint, admits, denies and
alleges as follows:

**I**

    As to paragraph I, admits only that the true name of this
defendant is THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation (sole) and
was acting at all times material through its duly authorized
agents and employees, but is without sufficient information upon

EXHIBIT ___ Pg ___

11/11/98   04:11   ☎503 224 7314   DUNN CARNEY 3                    Ø008

1  which to form a... lief as to the truth or fa... ity of the

2  remaining allegations contained in paragraph I and therefore

3  denies the same.

**II**

4    As to paragraphs II and III, this defendant is without

5  sufficient information upon which to form a belief as to the

6  truth or falsity of the allegations contained therein and there-

7  fore denies the same.

**III**

8    As to Counts One, Two, and Three, consisting of paragraphs

9  IV through VIII, XI through XV, and XXII through XVIII, this

10  defendant alleges that if such paragraphs do state a claim for

11  relief as against this answering defendant, then the allegations

12  contained therein are denied in their entirety.

**IV**

13    As to Count Four, this defendant incorporates by

14  reference its answers to the previous allegations of plaintiff's

15  Complaint herein.

**V**

16    As to paragraph XX, this defendant admits only that during

17  the early part of March 1984, it did obtain in a privileged and

18  confidential setting, certain information regarding Kenneth

19  Ray's abuse and/or assault of minor children, including girls,

20  and further alleges that on or about March 14, 1984, it did

21  report such information to the appropriate authorities, but denies

22  the other allegations contained in paragraph XX.

-2-

EXHIBIT ___ Pg ___

11/11/98  04:13  ☎202 224 7241   DONN CARNEY 3   @009

VI

1
2   As to paragraph XXI, admits only that the defendant Church,
3   through its duly authorized agents and employees, did interview
4   and/or counsel and take certain ecclesiastical action to prevent
5   defendant Kenneth Ray from abusing and assaulting children, but
6   otherwise denies the allegations contained in paragraph XXI.
7

VII

8   As to paragraphs XXII, XXIII, XXIV, XXV, and XXVI, this
9   defendant denies all allegations contained therein.

VIII

10
11  This defendant denies each and every other allegation of
12  Count Four of the Complaint not expressly admitted or otherwise
13  pleaded to.

IX

14
15  This defendant alleges that Count Four, as framed, or at all,
16  fails to state a claim upon which relief can be granted, as
17  alleged or at all.

X

18
19  As an affirmative defense, this defendant alleges that it is
20  immune from this type of claim and/or not liable therefor,
21  including, but not limited to, the protection afforded this
22  defendant by the First Amendment of the United States Constitu-
23  tion regarding the free exercise of religion, which right is
24  also afforded to this defendant by the Constitution of the State
25  of Arizona.

XI

26
27  As further affirmative defense, this defendant asserts the
28  doctrine of privilege, including but not limited to the priest-

-1-

EXHIBIT ___ P. ___

---

11/11/98  04:13  ☎202 224 7241   DONN CARNEY 3   @010

1   punitent privilege; the church is not a "person" within the
2   meaning of A.R.S. §13-3620 which statute is not applicable to
3   this defendant; the doctrine of assumption of risk, contributory
4   negligence, and/or comparative negligence by plaintiff's guardian
5   acting for or on behalf of the plaintiff, estoppel, including but
6   not limited to collateral estoppel and/or res judicata, statute of
7   limitations, laches, lack of proximate cause, and superseding
8   cause.
9   WHEREFORE, defendant THE CORPORATION OF THE PRESIDENT OF
10  THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, prays that the
11  Complaint be dismissed and that plaintiff take nothing thereby;
12  for its costs incurred herein together with interest at the
13  highest rate allowed by law, and for such other and further
14  relief as the Court deems just and proper.
15  DATED this 11th day of October, 1995.
16      MOMBREAU, VERMEIRE & TURLEY, P.C.
17
18  By _____
19      340 E. Palm Lane, Ste. 240
20      Phoenix, Arizona 85004
21      Attorneys for Defendant The Corpora-
        tion of the President of The Church
        of Jesus Christ of Latter Day Saints

-1-

EXHIBIT ___ P. ___



## CERTIFICATION OF EXISTENCE AND GOOD STANDING STATUS

THE UTAH DIVISION OF CORPORATIONS AND COMMERCIAL CODE HEREBY CERTIFIES THAT

### CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS

is a Utah corporation and is qualified to transact business in the State of Utah, and that its most recent annual report required by Utah Code Annotated Section 16-10a-1607 has been filed, and Articles of Dissolution have not been filed. The Corporation was duly incorporated in Utah pursuant to Utah Code Annotated Section 16-10a-203 on *NOVEMBER 26, 1923* and is currently in good standing, as appears in the records of the Division.

This certification is not intended to reflect the financial condition, business activity or practices of this corporation.

File Number: *CO 016041*



Dated this _____29th_____ day of _____October_____, 19 98.

Korena P. Pitts
Division Director of
Corporations and Commercial Code

EXHIBIT __2__ Pg __1__
PAGE 03

---



## CERTIFICATION OF EXISTENCE AND GOOD STANDING STATUS

THE UTAH DIVISION OF CORPORATIONS AND COMMERCIAL CODE HEREBY CERTIFIES THAT

### CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY

is a Utah corporation and is qualified to transact business in the State of Utah, and that its most recent annual report required by Utah Code Annotated Section 16-10a-1607 has been filed, and Articles of Dissolution have not been filed. The Corporation was duly incorporated in Utah pursuant to Utah Code Annotated Section 16-10a-203 on *JULY 13, 1916* and is currently in good standing, as appears in the records of the Division.

This certification is not intended to reflect the financial condition, business activity or practices of this corporation.

File Number: *CO 013993*

Dated this _____29th_____ day of _____October_____, 19 98.

Korena P. Pitts
Division Director of
Corporations and Commercial Code

EXHIBIT __2__ Pg __1__
PAGE 03