1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROB RINDE f/k/a ROBERT LARRY LEROY PITSOR, JR.

        Plaintiff,

vs.

THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, aka the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association,

        Defendant.

NO. 2:06-CV-00556TSZ

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT TO CLARIFY STATUS OF DEFENDANTS AND MOTION TO REMAND

NOTED FOR: FRIDAY, MAY 26, 2006

        This matter having come regularly before the undersigned Judge of the above-entitled Court on the Plaintiff's Motion to Amend Complaint to Clarify Status of Defendants and Motion to Remand; and the Court having been fully advised in these premises and having reviewed the documents filed in support of and in opposition to the motion, now, therefore,

ORDER GRANTING MTN TO AMEND/REMAND - 1 of 2
(2:06-CV-00556TSZ)
[163802 v01.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Dockets.Justia.com

IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Complaint to Clarify

Status of Defendants and Motion to Remand is GRANTED.

DATED this _____ day of May, 2006.

_____
HONORABLE THOMAS S. ZILLY

Presented by:

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By: _Michelle Meely_
Michael T. Pfau, WSBA No. 24649
mpfau@gth-law.com
Michelle A. Menely, WSBA No. 28353
mmenely@gth-law.com
Co-Counsel for Plaintiff

LAW OFFICES OF TIMOTHY D. KOSNOFF

By:_____
Timothy D. Kosnoff, WSBA No. 16586
timkosnoff@comcast.net.
Co-Counsel for Plaintiff

ORDER GRANTING MTN TO AMEND/REMAND  - 2 of 2
(2:06-CV-00556TSZ)
[163802 v01.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Exhibit    Page 152

THE HONORABLE THOMAS S. ZILLY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

ROB RINDE f/k/a ROBERT LARRY LEROY
PITSOR, JR.,

                Plaintiff,

      v.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole, aka the "MORMON CHURCH" THE
CHURCH OF JESUS CHRIST OF LATTER-
DAY SAINTS, an unincorporated association,

          Defendant.

NO.  C06-0556 TSZ

MEMORDANDUM OF THE
CORPORATION OF THE
PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY
SAINTS IN OPPOSITION TO
PLAINTIFF'S MOTION TO
AMEND COMPLAINT AND TO
REMAND

## I.    INTRODUCTION

Corporation of the President of the Church of Jesus Christ of Latter-Day Saints ("COP")

hereby opposes plaintiff's motion to amend the complaint to add The Church of Jesus Christ of

Latter-Day Saints ("the Church" or "LDS Church") as a defendant in this matter.

Plaintiff's attempt to add the unincorporated Church as a new party is procedurally and

substantively defective.  Procedurally, plaintiff has invoked the wrong rule.  Plaintiff relies on

the liberal amendment standard in Rule 15(a), but that rule does not apply to the post-removal

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 1
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit ___ Page 153

joinder of a party that would destroy diversity jurisdiction. Instead, 28 U.S.C. § 1447(e) provides the substantive legal standard. Under that standard, this Court has broad discretion to reject the joinder of a party that serves no purpose other than to defeat diversity jurisdiction.

Plaintiff seeks to join the entire unincorporated Church – a spiritual association consisting of millions of individual Church members – because the citizenship of each member of an unincorporated association counts for purposes of determining diversity jurisdiction. Since the Church has members in all 50 States, if the Church were joined to this litigation then remand would likely be proper. However, joinder of the Church is not proper and should be rejected under the discretionary analysis in § 1447(e).

Most major religious organizations have a dual existence: a corporate existence, through which they hold assets, employ individuals and carry out the business of the organization, and a spiritual one, which does none of the above. COP is a corporation sole organized under Utah law. COP can sue and be sued, enter contracts, hire and pay employees and otherwise carry out church business. In contrast, the Church itself is an association of believers that possesses no assets.[1]  An unincorporated church is not a proper party where the church has adopted a corporate form – such as COP – to deal with its worldly affairs. This is especially true where the church itself has no assets and the corporate entity is fully capable of satisfying a judgment.

Further, plaintiff's effort to join the Church is entirely theoretical – it cannot practically be accomplished. Although Washington allows service on certain agents of an association "doing business" in Washington, it has no such provisions regarding service upon a religious

---

[1] In the past, the Church has often been characterized or characterized itself as an unincorporated association. As a matter of law, that is probably not accurate. As indicated below, where a legal corporate entity exists to administer a denomination's worldly affairs, the authorities suggest that for legal purposes no other entity than the corporate entity should be recognized.

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 2
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

association that is not doing business. Hence, the only way to serve the Church and bring it

before the Court's jurisdiction would be to serve its members individually, who number more

than 245,000 in Washington State alone and millions throughout the nation.

Finally, Plaintiff's motion is made solely for the purpose of defeating diversity

jurisdiction and constitutes brazen forum shopping. Plaintiff's counsel have a similar case

pending before this Court which, as here, names as a defendant COP "a/k/a the 'Mormon

Church,'" Fleming v. The Corporation of the President of the Church of Jesus Christ of Latter-

Day Saints (No. CO4-2338 RSM). Fleming was filed in state court, and defendant COP

removed the case to this Court. Since removal, it has been litigated here for eighteen months and

it is set for trial on October 2 of this year. Plaintiff's counsel did not move in Fleming to add the

Church as a defendant or move to remand. Plaintiff's counsel thus understand that the Church is

not a proper defendant or, at minimum, not a necessary defendant. It is thus apparent that

plaintiff's counsel cherry-pick cases in which they seek to add the Church as a defendant, in

those cases where they see it in their interest to attempt to destroy diversity. In this case,

plaintiff's counsel apparently prefer to try the case in front of Superior Court Judge Downing, to

whom the case was assigned. Under § 1447(e), that is not a proper basis for joining the Church

and destroying diversity jurisdiction.

## II.    FACTS

A.    **Most Religious Organizations, Including the LDS and Catholic Churches, Operate Through a Form of Corporate Organization.**

Before addressing the specifics of the corporate existence of the LDS Church, it is

appropriate to describe why religious organizations adopt a corporate form and the unique

corporate form that is often used. Most religious organizations do not carry out church business

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 3
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

through unincorporated associations. This is not surprising, given the disadvantages of this form

of organization: "lack of limits on personal liability for the members and directors; difficulties in

the ownership, receipt and succession of property, particularly real property; [and] complications

in entering into legal transactions such as contracts and the initiation of lawsuits. . . ."

Gerstenblith, Associational Structures of Religious Organizations, 1995 B.Y.U. L. Rev. 439, 444

(1995).

> For these reasons, most organizations which are of any size or complexity, which
> own property, or which desire to gain other advantages from a more formal
> corporate status choose to incorporate under one of the applicable state
> incorporation statutes. Even those organizations which operate at the regional or
> national level and thus across state lines must incorporate in one state, and the law
> of that state will generally determine any questions involving legal status.

Id.

Utah permits a religious organization to incorporate as a "corporation sole," thus

permitting the incorporation of one or more high offices within the particular church. Utah Code

Ann. § 16-7-1 et seq. Washington also permits this form of organization and, for example, the

Catholic Bishop of Spokane and the Corporation of the Catholic Archbishop of Seattle are

organized as corporations sole.[2]

> [A] corporation sole is the incorporation of the bishop or other presiding officer of
> the church for the purposes of administering and managing the affairs, property
> and temporalities of the church. The principal purpose of a corporation sole is to
> insure the continuation of ownership of a religious organization's property. At the
> death of the individual holding the office, church property passes to the successor
> to the office for the benefit of the religious group, rather than passing to the
> officeholder's heirs.

Gerstenblith, supra, at 455. Utah's corporation sole statute grants corporate protection to the

---

[2] According to the web site of the Washington Secretary of State, http://www.secstate.wa.gov/corps/, the Catholic Bishop of Spokane is an active corporation sole organized in 1915 and the Corporation of the Catholic Archbishop of Seattle is an active corporation sole organized in 1861.

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 4
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

incorporating religious organization, and provides that the entity shall have power: (1) to

"acquire," "possess" and "dispose" of real property; (2) "to borrow money"; (3) "to contract and

be contracted with"; (4) "to sue and be sued"; (5) "to plead and be impleaded in all courts of

justice"; and (6) to have a common seal. Utah Code Ann. § 16-7-6.

**B.      Defendant COP Exists to Conduct Temporal Affairs on Behalf of the Church.**

For over 75 years, COP has been incorporated as a corporation sole under Utah law.

Affidavit of Paul D. Rytting, ¶ 3. It has its headquarters in Salt Lake City, Utah. Id. It has

employees, owns significant assets and carries out church business. Id. COP funds all church-

sponsored activities and outings such as those at issue here.

**C.      The Spiritual Association Plaintiff Seeks to Add – the Church Itself – Is Concerned Solely with Spiritual Matters, Holds No Property, and Conducts No Business.**

As distinguished from COP, The Church of Jesus Christ of Latter-day Saints exists solely

as an ecclesiastical/spiritual organization, with more than 27,000 congregations and more than

12.6 million members worldwide. Rytting Affidavit ¶ 5. Under Church doctrine, the Church

functions as the Kingdom of God on the earth. From time to time, the president or other "general

authorities" of the Church provide spiritual and doctrinal guidance to local church leaders and

the general membership. Id. ¶ 7. Local leaders of the Church also perform religious functions

similar to those performed in other religious organizations, including blessings, baptisms,

confirmation, ordinations, and the calling of members to serve in volunteer ecclesiastical

positions. Id. The Church has no corporate identity and no articles of association, bylaws, or

rules governing legal existence. Instead, the Church is organized and governed by scripture, by

modern revelation, and by the ecclesiastical doctrines and beliefs of the Church. Id. ¶ 6.

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 5
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit      Page 157

As a purely ecclesiastical and spiritual association, the Church itself holds no assets or property. Id. ¶ 4. It does not do business in any state, nor is it registered to do so. Id. The Church has no employees and it has no money from which to pay salaries, employment taxes, or benefits. Id. Thus, if a judgment were rendered against the Church, it would be futile because the Church has absolutely no assets or property from which such a judgment could be satisfied. Id.

## III.    ARGUMENT

### A.    Under 28 U.S.C. § 1447(e), this Court Has Broad Discretion to Deny Joinder of a Party that Would Improperly Destroy Diversity Jurisdiction.

Now that this action has been removed to federal court, whether the Church should be joined as a party is governed by 28 U.S.C. § 1447(e), not Rule 15(a) or Rule 19. See Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998); Mayes v. Rapoport, 198 F.3d 457, 462 n.11 (4th Cir. 1999) (court has discretion to deny or permit joinder even when Rule 15(a) or Rule 19 permit amendment or joinder). Under 28 U.S.C. § 1447(e), "[o]nce removal has occurred, the district court has two options in dealing with an attempt to join a non-diverse party." Newcombe, 157 F.3d at 691. Specifically, § 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

As the Ninth Circuit has indicated, this Court has considerable discretion in determining whether to permit joinder of a "diversity destroying" defendant after removal: "The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." Newcombe, 157 F.3d at 691; Mayes, 198 F.3d at 462 ("Under Section 1447(e), the actual decision on whether or not to permit joinder of a defendant under these circumstances

MEMORANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 6
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

is committed to the sound discretion of the district court; thus, this decision is not controlled by a

Rule 19 analysis.") (citing 14C Charles A. Wright, Arthur R. Miller, & Edward H. Cooper,

Federal Practice and Procedure § 3739, at 445 (3d ed. 1998) ("Section 1447(e) gives the court

more flexibility than a strict Rule 19 analysis")).

The court in Mayes explained that "[i]n exercising its discretion under Section 1447(e),

the district court [is] entitled to consider all relevant factors, including: the extent to which the

purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory

in asking for amendment, whether the plaintiff will be significantly injured if amendment is not

allowed, and any other factors bearing on the equities." Mayes, 198 F.3d at 462 (internal

quotation marks and citations omitted; emphasis added). Moore's Federal Practice states that the

district court should consider: (1) "[t]he plaintiff's motive for seeking joinder of a nondiverse

defendant;" (2) "[w]hether a delay in seeking joinder is unexplained or unjustifiable;" (3)

"[w]hether the statute of limitations would bar an action against the new defendant in state court

if joinder is denied;" (4) "[t]he strength of the claim;" (5) "[w]hether the plaintiff will be

significantly injured if the amendment is disallowed;" and (6) "[a]ny other factor bearing on the

equities." 15 Moore's Federal Practice 3D § 107.41[2][d][B], p. 107-220-21 (2006). In short,

"[t]he district court, with input from the parties, should balance the equities in deciding whether

the plaintiff should be permitted to join a nondiverse defendant." Mayes, 198 F.3d at 463.

**B.      This Court Should Deny Joinder of the Church Because (1) Joinder Is Sought Solely
         or Principally to Defeat Diversity Jurisdiction and Amounts to Forum Shopping; (2)
         Having Chosen a Corporate Form of Organization, the Church Cannot Be Sued as
         an Unincorporated Association; (3) the Church Cannot Be Served; and (4) Denial of
         Joinder Causes No Injury to Plaintiff.**

Improper Motive. The reason joinder is sought is an important factor in the § 1447(e)

analysis. Here, there is no doubt that the amendment to join the Church is sought solely or

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 7
No. C06-0556 TSZ

Exhibit___ Page 159

principally to defeat diversity jurisdiction. The facts are clear: COP has assets; the Church has

none. This is obviously why plaintiff's counsel has not bothered to sue the Church as a separate

defendant in the Fleming case currently pending in this Court, and why they did not sue the

Church in the state court action of Doe et al. v. COP, NO. 02-2-04105-1KNT (King County)

(now on appeal to the Washington Court of Appeals, No. 52452-6-1). The Church's lack of

assets make the proposed amendment pointless and in bad faith. Bad faith is a factor that

supports denial of a motion to amend under Rule 15, Johnson v. Buckley, 356 F.3d 1067, 1077

(9th Cir. 2004), and thus further supports denial here. The LDS Church is represented in this

action by its corporate entity, COP, which is fully able to satisfy any judgment. Plaintiff's intent

to defeat diversity jurisdiction by adding the Church constitutes an improper motive.

　　　The Weakness of Plaintiff's Claim Against the Church. "Futility alone can justify the

denial of a motion to amend." Johnson, 356 F.3d at 1077. Having chosen a corporate form of

organization to conduct its worldly affairs, plaintiff cannot merely disregard that form and sue

the Church as an unincorporated spiritual association. Plaintiff has already implicitly recognized

the existence of the Church's corporate structure by suing COP in this action. As noted,

Plaintiff's counsel also named COP as the defendant in the Fleming matter currently pending

before this Court and in the Doe matter now pending before the Washington Court of Appeals

without separately naming the Church. The existence and adequacy of COP as a proper

defendant in this action cannot seriously be disputed.

　　　Given the existence of COP, plaintiff's attempt to sue the Church as an unincorporated

association is futile and thus the amendment should be denied. As a purely spiritual association

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 8
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit___ Page 160

with no worldly affairs, the Church cannot be sued and thus is not a proper party.[3]  Once a

religious entity chooses to incorporate utilizing a valid and recognized form of legal

incorporation, one can bring suit only against the corporate form:

> [W]henever a religious society incorporates, it assumes a dual existence; two
> distinct entities come into being -- one, the church, which is conceived and
> endures wholly free from the civil law, and the other, the corporation created
> through the state prescribed method. Each remains separate although closely
> allied. The components of the ecclesiastical interrelationship between the parent
> church and the subordinate body cannot be permitted to serve as a bridge
> capable of reaching the non-secular parent in a civil proceeding.

Folwell v. Bernard, 477 So. 2d 1060, 1063 (Fla. App. 1985) (emphasis added) (citation omitted).

Numerous courts concur with Folwell and expressly acknowledge and respect the existence of

two separate yet related entities:  the spiritual or ecclesiastical entity that cannot be sued and over

which courts have no jurisdiction, and the temporal or corporate entity which is subject to

judicial control in accordance with statutory and constitutional restrictions.[4]

---

[3] Plaintiff may argue COP's position is inconsistent with COP's position in a case from Oregon., Scott v.
Corporation of the Presiding Bishop of the Church of Latter Day Saints, et. al. (D. Ore. Civ. No. 98-366).  In that
case, the complaint named the Church, not COP, as a corporation sole, which the Church denied. The Church then
filed a motion "for determination of diversity jurisdiction," advising the court that it had no desire to return to state
court but if the Court viewed the Church as an unincorporated association, and that entity was a defendant, then the
traditional rule would defeat diversity. The Church defendants did not concede that the unincorporated Church was
a proper defendant with COP -- the issue was not addressed at all -- and thus there is no inconsistency between
COP's position here and in Scott. Without the court being advised of the cases cited below, Scott was remanded to
state court.

[4] See, e.g., Trinity Presbyterian Church of Montgomery v. Tankersley, 374 So.2d 861 (Ala. 1979) (whenever there is
an incorporated church, there exist two entities, a spiritual church and a secular legal corporation; courts have no
power over the former, but may decide questions pertaining to the latter); Sorenson v. Logan, 32 Ill.App.2d 294, 177
N.E.2d 713 (1961) (same); Koch v. Estes, 146 Misc. 249, 262 N.Y.S. 23 (1933) ("A religious corporation has a
double aspect, the one spiritual, the other temporal. With regard to the former, courts have no concern"); Trotter v.
Debnam, 24 N.C.App. 356, 210 S.E.2d 551 (1975) ("religious societies have double aspects, the one spiritual, with
which legal courts have no concern, and the other temporal, which is subject to judicial control"); Willis v. Davis, 323
S.W.2d 847 (Ky. Ct. App. 1959) ("such a corporation is civil in nature and is an entity distinguishable from an
ecclesiastical society or association, the one having jurisdiction over the temporal or secular and the other over
ecclesiastical or spiritual affairs"); Master v. Second Parish of Portland, 36 F. Supp. 918 (D. Me. 1940) (same);
Islamic Center v. Islamic Science Foundation, Inc., 628 N.Y.S.2d 179 (App. Div. 1995) (same); Williams v. Jones,
61 So.2d 101 (Ala. 1952) ("whenever there is an incorporated church, there are two entities, the one the church as
such, not owing its ecclesiastical or spiritual existence to the civil law, and the legal corporation, each separate

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 9
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Where, as here, a religious denomination's corporate entity holds the denomination's assets and is fully capable of serving as the defendant in a lawsuit – in other words, where the religious entity is focused entirely on religious matters – courts should and must honor the corporate structure and deny attempts to drag the spiritual association into personal injury lawsuits. Plaintiff's attempt to sue the Church itself is futile and thus not a proper basis for joinder.

<u>The Church Cannot Be Served</u>. If this Court were to permit the amendment/joinder and remand to state court, the Church would be a fictitious defendant – a defendant in name but not in fact. This result would follow not just because the Church has no assets, but also because it could never be served. Washington law provides for service of process as follows:

> (10) If the suit be against a foreign corporation or nonresident joint stock company, partnership or <u>association doing business within this state,</u> to any agent, cashier or secretary thereof. . . .
>
> (15) <u>In all other cases,</u> to the defendant personally, or by leaving a copy of the summons at the house of his or her usual abode with some person of suitable age and discretion then resident therein.

RCW 4.28.080 (emphasis added).

The reference in subsection 10 to an association "doing business in the state" is the only provision in the statute that mentions associations. There is no provision for serving a representative or agent of an unincorporated association that does not conduct business in the state, whether it be a social club, a recreational organization or a religious organization. Hence, to serve the Church as an unincorporated association, plaintiff would need to serve all members

---

though closely allied"); <u>Lilly v. Tobbein</u>, 15 S.W. 618 (Mo. 1891) (same); <u>Evans v. Criss</u>, 39 Misc.2d 314, 240 N.Y.S.2d 517 (1963)(same); <u>Crissman v. Board of Trustees</u>, 1990 WL 31796 (Ohio Ct. App. March 21, 1990) (same); <u>Disinukes v. State</u>, 58 So. 195 (Ala. 1912) (incorporated church consists of two distinct elements); <u>Metropolitan Baptist Church v. Braxton</u>, 137 N.Y.S.2d 294 (Sup. Ct. 1954) (same); *see also* <u>Serbian Eastern Orthodox Diocese v. Milivojevich</u>, 426 U.S. 696 (1976); <u>Smith v. Church of God</u>, 326 F. Supp. 6 (D. Md. 1971).

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 10
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit___ Page |62-

of the organization.  Id.  Plainly, this is never going to happen with 245,000 members in

Washington alone and millions more throughout the United States.  Thus, no relief could ever be

obtained against the Church itself (even if it had assets) because neither this Court nor the State

court will ever obtain personal jurisdiction over it.  For this further reason, joinder of the Church

is not appropriate.

        No Injury to Plaintiff.  Lastly, denial of the motion works no prejudice whatsoever to

Plaintiff.  As repeatedly noted, COP is the proper defendant in this action and is fully able to

satisfy any judgment plaintiff may obtain.  Apart from forum shopping, there is simply no reason

to bring the unincorporated Church into this action.

## IV.    CONCLUSION

        For the reasons stated above, COP requests that this Court deny the motion to add the

Church as a defendant.  Given that the motion to remand rises or falls with the motion to amend,

COP thus requests that the motion to remand also be denied.

        DATED this 22nd day of May, 2006.

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 11
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit___ Page 163

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

**GORDON MURRAY TILDEN LLP**


By: /s Jeffrey I. Tilden
    Charles C. Gordon, WSBA #1773
    Jeffrey I. Tilden, WSBA #12219

Gordon Murray Tilden LLP
1001 Fourth Avenue Suite 4000
Seattle, WA 98154
Telephone: 206-467-6477
Fax: 206-467-6292
cgordon@gmtlaw.com
jtilden@gmtlaw.com

Attorneys for THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS
CHRIST OF LATTER-DAY SAINTS

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 12
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael T. Pfau
Michelle A. Menely
Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
600 University, Suite 2100
Seattle, WA 98101-4185
E-mail:  mpfau@gth-law.com
E-mail:  mmenely@gth-law.com
Co-Counsel for Plaintiff Rob Rinde

Timothy D. Kosnoff
Law Offices of Timothy D. Kosnoff
800 Bellevue Way N.E., #300
Bellevue, WA 98004
E-mail:  timkosnoff@comcast.net
Co-Counsel for Plaintiff Rob Rinde

*s/Jeffrey I. Tilden*
Jeffrey I. Tilden, WSBA #12219
Gordon Murray Tilden LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Telephone:  206-467-6477
Facsimile:  206-467-6292
E-mail:  jtilden@gmtlaw.com

897271/01

MEMORDANDUM OF THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND COMPLAINT AND TO REMAND - 13
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2                                                                THOMAS S. ZILLY
3
4
5
6
7
8
9
10
11
12                          UNITED STATES DISTRICT COURT
13                  WESTERN DISTRICT OF WASHINGTON AT SEATTLE
14
15   ROB RINDE f/k/a ROBERT LARRY LEROY
16   PITSOR, JR.,                                     NO.  C06-0556 TSZ
17
18                    Plaintiff,                      DECLARATION OF PAUL D.
19                                                    RYTTING IN OPPOSITION TO
20         v.                                         PLAINTIFF'S MOTION TO
21                                                    AMEND AND TO REMAND
22   THE CORPORATION OF THE PRESIDENT
23   OF THE CHURCH OF JESUS CHRIST OF
24   LATTER-DAY SAINTS, a Utah corporation
25   sole, aka the "MORMON CHURCH" THE
26   CHURCH OF JESUS CHRIST OF LATTER-
27   DAY SAINTS, an unincorporated association,
28
29                    Defendant.
30
31
32
33         I, Paul D. Rytting, declare as follows:
34
35         1.      My name is Paul D. Rytting.  I am over the age of eighteen and I make these
36
37   statements based upon personal knowledge.
38
39         2.      I have been a member of the Church of Jesus Christ of Latter-Day Saints ("the
40
41   Church") all of my life.  I currently function as the Risk Manager for the Corporation of the
42
43   President of the Church of Jesus Christ of Latter-Day Saints ("COP") and am familiar with the
44
45

DECLARATION OF PAUL D. RYTTING IN OPPOSITION TO          GORDON MURRAY TILDEN LLP
PLAINTIFF'S MOTION TO AMEND AND TO REMAND - 1            1001 Fourth Avenue, Suite 4000
No. C06-0556 TSZ                                         Seattle, WA  98154
                                                        Phone (206) 467-6477
                                                        Fax (206) 467-6292

legal organization of COP and the Church. I have worked in similar or related positions for fifteen years.

3.　　　For over 75 years, COP has been incorporated as a corporation sole under Utah law. COP has its headquarters in Salt Lake City, Utah. It hires and pays employees, holds significant assets and carries out church business.

4.　　　The Church, in contrast, exists solely as an ecclesiastical organization. In its unincorporated form, the Church holds no assets or property. It does no business in any state, nor is it registered to do so. The Church has no employees, and has no money from which to pay salaries. The Church has no asserts or property from which a judgment can be satisfied.

5.　　　The Church has more than 27,000 congregations. There are 12.6 million members worldwide, with 245,665 in the State of Washington as of December 31, 2005.

6.　　　The Church has no corporate identity and no articles of association, bylaws, or rules governing its legal existence. Instead, the Church is organized and governed by scripture, by modern revelation, and by ecclesiastical doctrines and beliefs of its members.

7.　　　Under Church doctrine, the Church functions as the Kingdom of God on earth. From time to time, the president or other "general authorities" of the Church provides spiritual and doctrinal guidance to local Church leaders and to the general membership. Local Church leaders also perform functions similar to those performed by other religious organizations, including blessings, baptisms, confirmations, ordinations, and the calling of members to serve in volunteer

///

///

DECLARATION OF PAUL D. RYTTING IN OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND AND TO REMAND - 2
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

1  ecclesiastical positions.

2

3     I declare under penalty of perjury that the foregoing is true and correct.

4

5     SIGNED at Salt Lake City, Utah, this ___11th___ day of May, 2006.

6

7

8

9

10                    PAUL D. RYTTING

11

12

13  897262/01

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

33

34

35

36

37

38

39

40

41

42

43

44

45

DECLARATION OF PAUL D. RYTTING IN OPPOSITION TO          GORDON MURRAY TILDEN LLP
PLAINTIFF'S MOTION TO AMEND AND TO REMAND - 3            1001 Fourth Avenue, Suite 4000
No. C06-0556 TSZ                                         Seattle, WA  98154
                                                         Phone (206) 467-6477
                                                         Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

# CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael T. Pfau
Michelle A. Menely
Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
600 University, Suite 2100
Seattle, WA 98101-4185
E-mail: mpfau@gth-law.com
E-mail: mmenely@gth-law.com
Co-Counsel for Plaintiff Rob Rinde

Timothy D. Kosnoff
Law Offices of Timothy D. Kosnoff
800 Bellevue Way N.E., #300
Bellevue, WA 98004
E-mail: timkosnoff@comcast.net
Co-Counsel for Plaintiff Rob Rinde

                    *s/Jeffrey I. Tilden*
                    Jeffrey I. Tilden, WSBA #12219
                    Gordon Murray Tilden LLP
                    1001 Fourth Avenue, Suite 4000
                    Seattle, WA 98154
                    Telephone: 206-467-6477
                    Facsimile: 206-467-6292
                    E-mail: jtilden@gmtlaw.com

DECLARATION OF PAUL D. RYTTING IN OPPOSITION TO       GORDON MURRAY TILDEN LLP
PLAINTIFF'S MOTION TO AMEND AND TO REMAND - 4          1001 Fourth Avenue, Suite 4000
No. C06-0556 TSZ                                              Seattle, WA 98154
                                                          Phone (206) 467-6477
                                                           Fax (206) 467-6292

Exhibit ___ Page 169

1
2
3
4
5
6
7
8
9     UNITED STATES DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
10              AT SEATTLE

11   ROB RINDE f/k/a ROBERT LARRY LEROY
     PITSOR, JR.                              NO. 2:06-CV-00556TSZ
12
                    Plaintiff,                PLAINTIFF'S REPLY TO DEFENDANT'S
13                                            OPPOSITION TO PLAINTIFF'S MOTION
                                              TO AMEND COMPLAINT TO CLARIFY
14   vs.                                      STATUS OF DEFENDANTS AND
                                              MOTION TO REMAND
15   THE CORPORATION OF THE PRESIDENT
     OF THE CHURCH OF JESUS CHRIST OF         NOTED FOR: FRIDAY, MAY 26, 2006
16   LATTER-DAY SAINTS, a Utah corporation
     sole, aka the "MORMON CHURCH" THE
17   CHURCH OF JESUS CHRIST OF LATTER-
     DAY SAINTS, an unincorporated association,
18
19                  Defendant.

20

21                          I.    INTRODUCTION

22          In its opposition, defendant COP takes the position that plaintiff is attempting to add a

23   new party to this action in order to defeat diversity.  However, as was indicated in plaintiff's

24   original moving papers, plaintiff is not moving to add a new party to this action.  Instead,

25   plaintiff simply moved this Court to amend his complaint to clarify that he had instituted an

26   action against two separate entities – (1) The Corporation of the President of the Church of

REPLY TO OPP. TO MOTION TO AMEND/REMAND  - 1 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]                          LAW OFFICES
                                   GORDON, THOMAS, HONEYWELL, MALANCA,
                                        PETERSON & DAHEIM LLP
                                          ONE UNION SQUARE
                                       600 UNIVERSITY, SUITE 2100
                                      SEATTLE, WASHINGTON 98101-4185
                                   (206) 676-7500 · FACSIMILE (206) 676-7575

Jesus Christ of Latter-day Saints **and** (2) The Church of Jesus Christ of Latter-Day Saints, a/k/a the Mormon Church itself. Plaintiff reiterates that request in this reply to defendant's opposition.

## II.    STATEMENT OF RELEVANT FACTS

On March 22, 2006, plaintiff filed an action in the King County Superior Court and, in doing so, named two defendants – COP and the Mormon Church.[1]  On or about April 20, 2006 plaintiff received a Notice of Appearance on behalf of defendant COP and a Notice of Removal (Diversity Jurisdiction). Shortly before the Notice of Appearance and Notice of Removal was filed, a telephone conversation occurred between plaintiff's counsel, Tim Kosnoff, and defense counsel, Chuck Gordon. During that conversation, Mr. Gordon advised that it was COP's intention to remove the action based on diversity. In response, plaintiff's counsel specifically advised Mr. Gordon that (a) the Mormon Church was a defendant and (b) the issue of whether there was diversity of citizenship in an action in which the Mormon Church was a named defendant had already been resolved by a United States District Court Judge (and that the judge had found that the inclusion of the Mormon Church as a defendant indeed destroyed diversity).[2]  As a result of the prior ruling on this issue, plaintiff requested that COP not take any steps to remove this action.[3]  Unfortunately, COP declined necessitating this motion.

## III.    ARGUMENT

### A.    DEFENDANT'S RELIANCE ON CASE LAW PERTAINING TO WHEN A PLAINTIFF MAY ADD AN ADDITIONAL PARTY IS MISPLACED.

As explained in the moving papers, plaintiff intended to name, and did name, two defendants – COP and the Mormon Church itself. Defendant COP took the

---

[1] *See Plaintiff's Complaint, ¶2.2.*

[2] *Declaration of Timothy D. Kosnoff, ¶2 & 3.*

[3] *Id.*

REPLY TO OPP. TO MOTION TO AMEND/REMAND  - 2 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

position that only one defendant had been named and, based on that position, removed the action to this Court. While not agreeing that plaintiff failed to adequately plead the existence of two defendants, plaintiff determined that the best way to resolve the dispute was to amend the complaint to **clarify** the allegations. However, at no point, did plaintiff seek to name an additional party.[4]  Consequently, defendant's reliance on case law pertaining to when a plaintiff may add an additional party is misplaced.

## B.    PLAINTIFF'S CLAIMS AGAINST THE MORMON CHURCH ARE NOT FUTILE

Defendant asserts that because plaintiff has named COP in this action, the inclusion of the Mormon Church is futile. However, plaintiff, at this juncture, is not sure whether COP will defend this claim by asserting that it did not prescribe the policies and practices of the local wards of the Mormon Church or that it is not the entity responsible for the acts or inactions of the Bishops, Stake Presidents and other officials involved in this case. If COP so defends, and if COP is successful in asserting such defenses, in the absence of the Mormon Church as a named defendant, plaintiff could be left with an "empty chair" defendant. Thus, faced with such possible defenses the inclusion of the Mormon Church is not futile to plaintiff's pursuit of his claims.

In addition, the fact that the Mormon Church does or does not have any assets available to satisfy a judgment does not render the inclusion of the Mormon Church "futile." The plaintiff's claims arise out of the sexual abuse he suffered as a child. It is inconceivable that the plaintiff would be deemed to be partially at fault for his harms. Thus, liability against the defendants will, presumably, be joint and several pursuant to RCW 4.22.070(b).[5]

---

[4] *See Motion to Amend and Remand, on file herein.*

[5] However, if COP is willing to stipulate that all the stake presidents, bishops and other hierarchal officials are agents of COP and that it will not assert an empty chair defense with respect to the persons involved in this case (and its officials) plaintiff will withdraw this motion.

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 3 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

Finally, plaintiff is not "forum" shopping. Instead, absent a fraudulent joinder a "plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to final determination." *Parks v. New York Times*, 308 F.2d 474, 478 (5th Cir. 1962). Here, plaintiff chose to bring his action in King County Superior Court. Prior to the filing of the Notice of Removal, COP was advised of plaintiff's position with regard to the existence of two named defendants and that diversity did not exist. In this circumstance, plaintiff's choice of where to file an action cannot reasonably be considered "forum" shopping.

## C.  REPORTED CASES INDICATE THAT THE MORMON CHURCH HAS SUED AND BEEN SUED.

Defendant asserts that because COP exists, the Mormon Church is not an entity that can sue or be sued. In support of this assertion, COP asserts it is the entity that has employees and possesses assets (and that the Mormon Church, itself, has none).[6] However, reported cases from around the country indicate that the Mormon Church itself has been involved in litigation, both as a plaintiff and as a defendant, on numerous occasions, that it has employees and that it possesses assets.

The Mormon Church is the named plaintiff in the following actions:

- *Church of Jesus Christ of Latter-day Saints vs. Jefferson County*, 741 F.Supp. 1522 (N.D. Ala. 1990) ("church which unsuccessfully applied for rezoning to allow development of land for place of worship filed action against county. . . .")

- *Church of Jesus Christ of Latter-day Saints vs. Jefferson County, Alabama*, 721 F.Supp. 1212 (N.D. Ala. 1989) ("vendors of property and purchaser, a church, brought action challenging denial of zoning change to all construction of worship facility on the property. . . .")

---

[6] *See* Opposition to Motion to Amend/Remand, pg. 2, ll. 21-33.

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 4 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

- *Stotts v. Church of Jesus Christ of Latter-Day Saints vs. Lindsey Constr. Co.,* 882 P.2d 1106 (Okla. App. 1994) (in defending claim against it, church defendant instituted a third party complaint).

The Mormon Church, itself, was the named defendant in the following cases:

- *Davis v. Church of Jesus Christ of Latter-Day Saints,* 852 P.2d 640 (Mont. 1993) (defended fraud claim)

- *Hotaling v. Church of Jesus Christ of Latter-Day Saints,* 118 F.3d 1999 (4th Cir. 1997) (defended copyright infringement action);

- *Church of Jesus Christ of Latter-Day Saints v. Superior Court of State of Arizona,* 714 P.2d 431 (Ariz. App. 1985) (defending claim by parents of child who was killed after being struck by an automobile when he rode his bicycle from church parking lot into city street);

- *Church of Jesus Christ of Latter-Day Saints v. Superior Court of State of Arizona,* 764 P.2d 759 (Ariz. App. 1988) (defending claim by mother of victim of child abuse).[7]

The reported cases indicate that the Mormon Church, itself, has employees:

- *Church of Jesus Christ of Latter-day Saints vs. Industrial Commission of Arizona,* 724 P.2d 581 (Ariz. App. 1986) (claimant was "injured while employed by the Church of Jesus Christ of Latter-Day Saints. . . .");

- *Church of Jesus Christ of Latter-Day Saints vs. Industrial Comm'n of Utah,* 590 P.2d 328 (Utah 1979) (case involved workman's compensation claim by a person who was "employed by Plaintiff [the Church]");

- *Schmoyer v. Church of Jesus Christ of Latter-Day Saints,* 343 S.E.2d 551 (N.C. App. 1986) (plaintiff's-decedent was "employed as a custodian at the Church of Jesus Christ of Latter-Day Saints.")

Finally, the issue of whether the Mormon Church itself has no assets is called into question by at least one reported case:  *Church of Jesus Christ of Latter-Day Saints v.*

---

[7] For the Court and counsel's reference, the first page of each of these decisions is attached to the declaration of Timothy D. Kosnoff as **Exhibit A.**

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 5 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

*Scarborough,* 189 F.2d (1951) (plaintiff brought action against the Church to "recover $7000 which was on deposit with the Church. . . .")

**D.    THE MORMON CHURCH CAN BE SERVED WITH PROCESS.**

RCW 4.28.080 provides the process by which a defendant can be served with process. That statute provides, in pertinent part:

> (10) If the suit be against a foreign corporation. . . . **association** doing business within this state, to **any** agent, cashier or secretary thereof.

The Mormon Church has multiple agents within this state – any Bishop or other clergy member would presumably suffice. Furthermore, Gordon B. Hinckley is the President of the Mormon Church. Service could be accomplished by personal service on Mr. Hinckley.

**E.    COP HAS ADMITTED THAT THE INCLUSION OF THE MORMON CHURCH AS A DEFENDANT DESTROYS DIVERSITY.**

In the case of *Scott v. Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints,* U.S.D.C., District of Oregon (Cause No. 98-366AA) the plaintiff named four defendants (1) the Corporation of the Presiding Bishop, (2) the Mormon Church itself, (3) the Corporation of the President of the Church of Jesus Christ of Latter-Day Saints, and (4) Gregory Lee Foster. All four defendants appeared and answered the Complaint.[8] The defendants in that action – including COP – then brought a motion for determination of diversity. Included within the assertions made by COP was the fact that inclusion of the Mormon Church as a defendant destroyed diversity. In making that prior motion, COP admitted that "lack of jurisdiction is not waivable," and the jurisdictional defect can be raised

---

[8] *See* Answer of Defendants Gregory Foster, the Church of Jesus Christ of Latter-day Saints, Corporation of the President and Corporation of the Presiding Biship of the Church of Jesus Christ of Latter-day Saints, attached to Declaration of Timothy D. Kosnoff, as **Exhibit B.**

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

at any time and, thus, sought the judicial determination of diversity.[9]  The same situation is present here – the inclusion of the Mormon Church as a defendant destroys diversity. Consequently, the case must be remanded to the Superior Court.

## IV.    CONCLUSION

For the above-stated reasons, plaintiff respectfully requests that this Court GRANT his motion to amend and remand.

RESPECTFULLY SUBMITTED this 26th day of May, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP


By:___/s/ Michelle A. Menely_____
     Michael T. Pfau, WSBA No. 24649
     mpfau@gth-law.com
     Michelle A. Menely, WSBA No. 28353
     mmenely@gth-law.com
     Co-Counsel for Plaintiff

LAW OFFICES OF TIMOTHY D. KOSNOFF


By:___/s/ Timothy D. Kosnoff_____
     Timothy D. Kosnoff, WSBA No. 16586
     timkosnoff@comcast.net.
     Co-Counsel for Plaintiff

---

[9] *See,* Church Defendant's Reply on their Motion for Judicial Determination of Diversity Jurisdiction, pg. 3, ll. 19-20, attached to Plaintiff's Motion to Amend/Remand.

REPLY TO OPP. TO MOTION TO AMEND/REMAND  - 7 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

## CERTIFICATE OF ELECTRONIC FILING

2    I hereby certify that on May 26, 2006, I electronically filed the foregoing **REPLY TO**

3    **OPPOSITION TO MOTION TO AMEND COMPLAINT TO CLARIFY STATUS OF**

4    **DEFENDANTS AND MOTION TO REMAND** with the Clerk of the Court using the

5    CM/ECF system which will send notification of such filing to the following:

6

| | |
|---|---|
| Charles C. Gordon<br>cgordon@gmtlaw.com<br>Jeffrey I. Tilden<br>jtilden@gmtlaw.com<br>1001 Fourth Avenue, Suite 4000<br>Seattle, WA 98154<br>PH: 206.467.6477<br>FX: 206.467.6292 | |

7

8

9

10

11

12    DATED this 16th day of May, 2006.

13

14                                        /s/ Bernadette Lovell

15                                        Legal Assistant to Michelle A. Menely

16

17

18

19

20

21

22

23

24

25

26

REPLY TO OPP. TO MOTION TO AMEND/REMAND  - 8 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROB RINDE f/k/a ROBERT LARRY LEROY
PITSOR, JR.

Plaintiff,

vs.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole, aka the "MORMON CHURCH" THE
CHURCH OF JESUS CHRIST OF LATTER-
DAY SAINTS, an unincorporated association,

Defendant.

NO.  2:06-CV-00556TSZ

DECLARATION OF TIMOTHY D.
KOSNOFF RE: REPLY TO OPPOSITION
MOTION TO AMEND COMPLAINT TO
CLARIFY STATUS OF DEFENDANTS
AND MOTION TO REMAND

NOTED FOR: FRIDAY, MAY 26, 2006

TIMOTHY D. KOSNOFF, being first duly sworn on oath, states as follows:

1.     I am one of the attorneys for the plaintiff in this matter; I make this declaration

based on my own personal knowledge.

2.     Shortly before receipt of the defendant's Notice of Appearance/Notice of

Removal, I had a telephone conversation with defense counsel, Chuck Gordon.  During that

KOSNOFF DECL. RE: REPLY TO OPP. TO MTN TO
AMEND/REMAND - 1 of 3
(2:06-CV-00556TSZ)
[164446 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

Exhibit___ Page 178

conversation, Mr. Gordon advised me that it was COP's intention to remove this action to this Court.

3.      In response, I advised Mr. Gordon that (a) that the Mormon Church was a defendant and (b) this issue of whether there was diversity of citizenship in an action in which the Mormon Church was a named defendant had already been resolved by a United States District Court Judge (and that the judge had found that the inclusion of the Mormon Church as a defendant indeed destroyed diversity). I specifically requested that in this circumstance COP not file the removal.

4.      Attached hereto as **Exhibit A** is a true and correct copy of the face sheets from the cases cited in Section C of Plaintiff's Reply to Defendant's Opposition to Motion to Amend/Remand.

5.      Attached hereto as **Exhibit B** is a true and correct copy of the Answer in the case of *Scott v. Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints,* U.S.D.C., Oregon District, Cause No. 98-366AA.


I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.


DATED at Seattle, Washington, this 26th day of May, 2006.


_____   /s/ Timothy D. Kosnoff_____
         Timothy D. Kosnoff

KOSNOFF DECL. RE: REPLY TO OPP. TO MTN TO
AMEND/REMAND - 2 of 3
(2:06-CV-00556TSZ)
[164446 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Exhibit___ Page 179

1

<u>CERTIFICATE OF ELECTRONIC FILING</u>

2

I hereby certify that on May 26, 2006, I electronically filed the foregoing

3

**DECLARATION OF TIMOTHY D. KOSNOFF RE: REPLY TO OPPOSITION TO**

4

**MOTION TO AMEND COMPLAINT TO CLARIFY STATUS OF DEFENDANTS**

5

**AND MOTION TO REMAND** with the Clerk of the Court using the CM/ECF system which

6

will send notification of such filing to the following:

7

| | |
|---|---|
| Charles C. Gordon<br>cgordon@gmtlaw.com<br>Jeffrey I. Tilden<br>jtilden@gmtlaw.com<br>1001 Fourth Avenue, Suite 4000<br>Seattle, WA  98154<br>PH:  206.467.6477<br>FX:  206.467.6292 | |

8

9

10

11

12

13

DATED this 16th day of May, 2006.

14

15

/s/ Bernadette Lovell

16

Legal Assistant to Michelle A. Menely

17

18

19

20

21

22

23

24

25

26

KOSNOFF DECL. RE: REPLY TO OPP. TO MTN TO
AMEND/REMAND - 3 of 3
(2:06-CV-00556TSZ)
[164446 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

SCO12-1    LF/JMH/BKB/GER

RECEIVED

AUG 04 1998

DUNN, CARNEY

1  Stephen F. English, OSB 73084
   Lori R. Metz, OSB 85286
2  Karen M. Vickers, OSB 91381
   BULLIVANT, HOUSER, BAILEY
3  A Professional Corporation
   300 Pioneer Tower
4  888 SW Fifth Avenue
   Portland, OR  97204-2089
5  Telephone:  (503) 228-6351
   Facsimile:  (503) 295-0915
6  E-Mail:  stephen.english@bullivant.com
   E-Mail:  lori.metz@bullivant.com
7  E-Mail:  karen.vickers@bullivant.com

8      Attorneys for Defendants

9

10          IN THE UNITED STATES DISTRICT COURT

11            FOR THE DISTRICT OF OREGON

12  JEREMIAH SCOTT,                    )
                                       )
13           Plaintiff,                )
                                       )
14       v.                            )    Civil No. 98-366-AA
                                       )
15  CORPORATION OF THE PRESIDING       )    ANSWER OF DEFENDANTS GREGORY
    BISHOP OF THE CHURCH OF JESUS      )    FOSTER, THE CHURCH OF JESUS
16  CHRIST OF LATTER DAY SAINTS, a     )    CHRIST OF LATTER-DAY SAINTS,
    Utah corporation sole;             )    CORPORATION OF THE PRESIDENT
17  GREGORY LEE FOSTER, an             )    AND CORPORATION OF THE
    individual; THE CHURCH OF          )    PRESIDING BISHOP OF THE
18  JESUS CHRIST OF LATTER-DAY         )    CHURCH OF JESUS CHRIST OF
    SAINTS, a Utah corporation         )    LATTER-DAY SAINTS TO
19  sole; THE CORPORATION OF THE       )    PLAINTIFF'S THIRD AMENDED
    PRESIDENT OF THE CHURCH OF         )    COMPLAINT
20  JESUS CHRIST OF LATTER-DAY         )
    SAINTS, a Utah corporation         )
21  sole,                              )
                                       )
22           Defendants.               )

23       For their Answer to plaintiff's Third Amended

24  Complaint, defendants Corporation of the Presiding Bishop of The

25  Church of Jesus Christ of Latter-day Saints ("CPB"), Corporation

26  of the President of The Church of Jesus Christ of Latter-day

Page 1 - ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

BULLIVANT HOUSER BAILEY
A Professional Corporation
888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone (503) 228-6351



**EXHIBIT A**

2

**EXHIBIT A-4**

Exhibit ___ Page 181

1    Saints ("COP"), and The Church of Jesus Christ of Latter-day

2    Saints ("the Church") and Gregory Lee Foster ("Foster") (all four

3    are hereinafter collectively referred to as "Defendants") admit,

4    deny and affirmatively allege as follows:

5                              **FIRST DEFENSE**

6              Defendants respond to the specific allegations of the

7    Third Amended Complaint as follows:

8              1.    Defendants admit that Plaintiff's claim is civil

9    in nature and that Plaintiff alleges that it involves a sum,

10   exclusive of interest and costs, in excess of $75,000, but deny

11   that complete diversity of citizenship exists between the parties

12   to this matter.  Defendants deny the remaining allegations of

13   paragraph 1 of the Third Amended Complaint.

14             2.    Defendants admit that given the allegations of the

15   Complaint, venue appears to be proper in this Court.  Defendants

16   specifically deny that any events or omissions occurred that give

17   rise to any claim.  Defendants deny the remaining allegations of

18   paragraph 2 of the Third Amended Complaint.

19                                **PARTIES**

20             3. . Defendants are without knowledge and information

21   sufficient to form a belief as to the truthfulness of the

22   allegations of paragraph 3 and therefore deny the same.

23             4.    Defendants admit that Defendant CPB is a

24   nonprofit, Utah corporation sole organized and existing under the

25   laws of the State of Utah and with its principal operations in

26   Utah.  Defendants also admit that CPB is registered in the State

Page  2 -  ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

BULLIVANT HOUSER BAILEY
A Professional Corporation
888 E.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone (503) 228-6351

**EXHIBIT A**                          3                    **EXHIBIT A-5**

Exhibit___ Page 182

1 | of Oregon.  Defendants deny the remaining allegations of

2 | paragraph 4 of the Third Amended Complaint.

3 |         5.   Defendants admit that Defendant Foster is a

4 | resident of Oregon and that he was the Bishop of the Brentwood

5 | Ward located in Portland, Oregon.  Defendants deny the remaining

6 | allegations of paragraph 5 of the Third Amended Complaint.

7 |         6.   Defendants deny the allegations of paragraph 6.

8 | Defendants affirmatively allege that the Church is an

9 | unincorporated association that is not subject to suit.

10 |         7.   Defendants admit that COP is a nonprofit, Utah

11 | corporation sole formed in 1923 with its principal operations in

12 | Utah.

13 |         <u>RELATIONSHIPS BETWEEN THE DEFENDANTS</u>

14 |         8.   Defendants admit the allegations of paragraph 8,

15 | except to add that the Church has over 10 million members in over

16 | 150 countries.

17 |         9.   Defendants admit that the LDS Church is a

18 | hierarchical church.  Defendants also admit that its highest

19 | governing councils and quorum are the First Presidency, the

20 | Council of the Twelve Apostles, the First and Second Quorums of

21 | the Seventy, and the Presiding Bishopric.  Defendants also admit

22 | that local congregation are known as wards or branches and groups

23 | of wards or branches constitute stakes or districts.  Defendants

24 | deny the remaining allegations of paragraph 9 of the Third

25 | Amended Complaint.

26 | ///

Page  3 -  ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

BULLIVANT HOUSER BAILEY
A Professional Corporation
888 B.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone (503) 228-6351

4

EXHIBIT A-6

1          10.   Defendants admit that the Council of the

2   Disposition of Tithes consists of the First Presidency, the

3   Council of Twelve Apostles, and the Presiding Bishopric.

4   Defendants deny the remaining allegations of paragraph 10 of the

5   Third Amended Complaint.

6          11.   Church defendants are without knowledge and

7   information sufficient to form a belief as to the truthfulness of

8   the allegations that the Scotts regularly attended Church

9   meetings and therefore deny the same.  Defendants admit that the

10  Scott family has paid tithing to the Church.  Defendants also

11  admit that the law of tithing requires all to give 10% of their

12  annual increase to the Lord.  Defendants deny the remaining

13  allegations of paragraph 11 of the Third Amended Complaint.

14         12.   Defendants deny the allegations of paragraph 12 of

15  the Third Amended Complaint.

16         13.   Defendants admit that COP and CPB were organized

17  and exist to acquire, hold, and dispose of property on behalf of

18  the Church.  Defendants deny the remaining allegations of

19  paragraph 13 of the Third Amended Complaint.

20         14.   Defendants admit that CPB was organized in 1916 to

21  acquire, hold, and dispose of property for the Church.

22  Defendants also admit that CPB holds title to many ward buildings

23  and related real property.  Defendants deny the remaining

24  allegations of paragraph 14.

25         15.   Defendants deny the allegations of paragraph 15 of

26  the Third Amended Complaint.

Page  4 -  ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

BULLIVANT HOUSER BAILEY
A Professional Corporation
888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone (503) 228-6351

EXHIBIT A -7

08/04/98  14:06 FAX 503 224 7324          DUNN CARNEY ONE                    ☒006/012

1        16.    Defendants admit that a publication entitled

2    "Child Abuse, Helps for Ecclesiastical Leaders" was published in

3    1985.    Defendants deny the remaining allegations of paragraph 16

4    of the Third Amended Complaint.

5        17.    Defendants deny the allegations of paragraph 17 of

6    the Third Amended Complaint.

7                        GENERAL ALLEGATIONS

8        18.    Defendants admit that the Plaintiff and his

9    parents were members of the Brentwood Ward.  Defendants are

10   without knowledge and information sufficient to form a belief as

11   to the truthfulness of the allegations of paragraph 18 and

12   therefore deny the same.

13       19.    Defendant Foster admits that Sandra Scott was a

14   Sunday School instructor.  Defendant Foster denies that Franklyn

15   Richard Curtis was a Sunday School Teacher or that he had other

16   leadership positions in the Brentwood Ward.  Defendants are

17   without knowledge and information sufficient to form a belief as

18   to the truthfulness of the remaining allegations of paragraph 19

19   and therefore deny the same.

20       20.    Defendant Foster admits that Sandra Scott advised

21   him of her intent to have Curtis live with her family.

22   Defendants are without knowledge and information sufficient to

23   form a belief as to the truthfulness of the remaining allegations

24   of paragraph 20 and therefore deny the same.

25       21.    Defendants deny the allegations of paragraph 21 of

26   the Third Amended Complaint.

Page  5 -  ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

BULLIVANT HOUSER BAILEY
A Professional Corporation
888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone (503) 228-6351

6

EXHIBIT A -8

1     22.   Defendant Foster admits that Curtis lived at the

2     Scott residence for a period of time in 1990.  Defendants are

3     without knowledge and information sufficient to form a belief as

4     to the truthfulness of the remaining allegations of paragraph 22

5     and therefore deny the same.

6     23.   Defendants are without knowledge and information

7     sufficient to form a belief as to the truthfulness of the

8     allegations of paragraph 23 and therefore deny the same.

9     24.   Defendants are without knowledge and information

10    sufficient to form a belief as to the truthfulness of the

11    allegations of paragraph 24 and therefore deny the same.

12    25.   Defendants are without knowledge and information

13    sufficient to form a belief as to the truthfulness of the

14    allegations of paragraph 25 and therefore deny the same.

15    26.   Defendants deny the allegations of paragraph 26 of

16    the Third Amended Complaint.

17    27.   Defendants deny the allegations of paragraph 27 of

18    the Third Amended Complaint.

19    28.   Defendants deny the allegations of paragraph 28 of

20    the Third Amended Complaint.

21    29.   Defendants deny the allegations of paragraph 29 of

22    the Third Amended Complaint.

23    30.   Defendants deny the allegations of paragraph 30 of

24    the Third Amended Complaint.

25    31.   Defendants deny the allegations of paragraph 31 of

26    the Third Amended Complaint.

Page  6 -  ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

BULLIVANT HOUSER BAILEY
A Professional Corporation
#300 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone (503) 228-6351

EXHIBIT A-9

1          32.  Defendants deny the allegations of paragraph 32 of
2   the Third Amended Complaint.

3          33.  Defendants deny the allegations of paragraph 33 of
4   the Third Amended Complaint.

5          34.  Defendants deny the allegations of paragraph 34 of
6   the Third Amended Complaint.

7          35.  Defendants deny the allegations of paragraph 35 of
8   the Third Amended Complaint.

9          36.  Defendants deny the allegations of paragraph 36 of
10  the Third Amended Complaint.

11         37.  Defendants deny the allegations of paragraph 37 of
12  the Third Amended Complaint.

13         38.  Defendants deny the allegations of paragraph 38 of
14  the Third Amended Complaint.

15         39.  Defendants deny the allegations of paragraph 39 of
16  the Third Amended Complaint.

17         40.  Defendants deny the allegations of paragraph 40 of
18  the Third Amended Complaint.

19         41.  Defendants deny the allegations of paragraph 41 of
20  the Third Amended Complaint.

21         42.  Defendants deny the allegations of paragraph 42 of
22  the Third Amended Complaint.

23         43.  Defendants deny the allegations of paragraph 43 of
24  the Third Amended Complaint.

25         44.  Defendants deny the allegations of paragraph 44 of
26  the Third Amended Complaint.

Page  7 -  ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

BULLIVANT HOUSER BAILEY
A Professional Corporation
888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone (503) 228-6351

EXHIBIT A - 10

08/04/98  14:07 FAX 503 224 7324        DUNN CARNEY ONE                                    @009/012

1          45.   Defendants deny the allegations of paragraph 45 of

2     the Third Amended Complaint.

3          46.   Defendants deny the allegations of paragraph 46 of

4     the Third Amended Complaint.

5          47.   Defendants deny the allegations of paragraph 47 of

6     the Third Amended Complaint.

7          48.   Defendants deny the allegations of paragraph 48 of

8     the Third Amended Complaint and deny that Plaintiff is entitled

9     to any relief in this matter.

10         49.   Defendants affirmatively deny each and every

11    allegation that has not been specifically admitted herein.

12                     SECOND AFFIRMATIVE DEFENSE

13         This Court lacks jurisdiction over this matter and the

14    Church Defendants, and this action violates constitutional

15    protections under Amendments I, IV, V, and XIV of the United

16    States Constitution, and Article I, §2, §3, §8 and §9 of the

17    Oregon Constitution and federal and state common law.

18                     THIRD AFFIRMATIVE DEFENSE

19         The Complaint fails to state a claim upon which relief

20    can be granted.

21                     FOURTH AFFIRMATIVE DEFENSE

22         Plaintiff's claims for punitive damages violate the

23    Constitutions of the United States and Oregon and federal and

24    state common law principles.

25    ///

26    ///

Page  8 -  ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

BULLIVANT HOUSER BAILEY
A Professional Corporation
888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone (503) 228-6351

EXHIBIT A-11

08/04/08  14:07 FAX 503 224 7324          DUNN CARNEY ONE                    ☑010/012

1          ### FIFTH AFFIRMATIVE DEFENSE

2              Plaintiff's Third Amended Complaint is barred, in whole

3     or in part, by the applicable state of limitations or the

4     equitable doctrines of waiver, estoppel and laches.

5          ### SIXTH AFFIRMATIVE DEFENSE

6              Defendants COP, CPB, and the Church are not proper

7     party defendants in this matter.

8          ### SEVENTH AFFIRMATIVE DEFENSE

9              The injury and damages, if any, sustained by plaintiff

10    were caused solely by the negligence or culpable conduct of

11    entities or individuals other than Defendants.

12         ### EIGHTH AFFIRMATIVE DEFENSE

13             Defendants assert the defense of charitable immunity.

14         ### NINTH AFFIRMATIVE DEFENSE

15             No vicarious liability can be imposed upon any of the

16    Church Defendants for any acts or omissions of any other person

17    in connection with this matter.

18         ### TENTH AFFIRMATIVE DEFENSE

19             Defendants assert the defense of comparative fault in

20    that individual and or entities other than the Defendants may

21    have fault in causing the alleged damage suffered by Plaintiff.

22         ### ELEVENTH AFFIRMATIVE DEFENSE

23             Defendants assert the defense that no duty statutory or

24    common law was owed to Plaintiff or breached in this matter.

25    ///

26    ///

Page  9  -   ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

BULLIVANT HOUSER BAILEY
A Professional Corporation
888 S.W. Fifth Avenue, Suite 900
Portland, Oregon 07204-2089
Telephone (503) 228-6351

EXHIBIT A-12

08/04/98  14:07 FAX 503 224 7324          DUNN CARNEY ONE                    ☒011/012

1              TWELFTH AFFIRMATIVE DEFENSE

2         Defendants assert the defense of potential lack of

3     subject matter jurisdiction or diversity jurisdiction over this

4     matter may be lacking.

5              DATED:  August 4, 1998

6                         BULLIVANT, HOUSER, BAILEY
                          A Professional Corporation
7                         Telephone:  (503) 228-6351

8

9              By _Karen M. Vi_____
                  Stephen F. English, OSB 73084
10                Lori R. Metz, OSB 85286
                  Karen M. Vickers, OSB 91381

11             Attorneys for Defendants

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page  10 - ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

BULLIVANT HOUSER BAILEY
A Professional Corporation
888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone (503) 228-6351

Exhibit____ Page 190

EXHIBIT A- 13

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 1998, the foregoing .
ANSWER OF DEFENDANTS GREGORY FOSTER, THE CHURCH OF JESUS CHRIST
OF LATTER-DAY SAINTS, CORPORATION OF THE PRESIDENT AND
CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST
OF LATTER-DAY SAINTS TO PLAINTIFF'S THIRD AMENDED COMPLAINT was
served on the parties by delivering to their offices, by the
method indicated, copies thereof addressed as follows:

Gary E. Rhoades                                    HAND DELIVERY
Dunn Carney Allen Higgins & Tongue
851 SW Sixth Avenue, Suite 1500
Portland, OR  97204

Attorneys for Plaintiffs

Joel T. Salmi                                      MAIL
800 Bellevue Way NE, Ste. 300
Bellevue, WA 98004

Attorneys for Plaintiffs

Karen M. Vickers

Attorneys for Defendants

1 -  CERTIFICATE OF SERVICE

EXHIBIT A-14

Exhibit____ Page (9)

**1522**    741 FEDERAL SUPPLEMENT

ORDERED that the defendant's motion to dismiss be, and the same hereby is, DENIED.



CHURCH OF JESUS CHRIST OF LAT-TER-DAY SAINTS, Douglas Bennett, Finley Eversole, Frieda Eversole & Barry Seidel

v.

JEFFERSON COUNTY, John Katopodis, Chris McNair, David Orange, Reuben Davis & Jim Gunter.

No. CV89-PT-0711-S.

United States District Court,
N.D. Alabama, S.D.

Feb. 7, 1990.

Church which unsuccessfully applied for rezoning to allow development of land for place of worship filed action against county alleging violation of its First and Fourteenth Amendment rights. The District Court, Propst, J., held that First and Fourteenth Amendment rights of church were violated by county's procedure for obtaining rezoning to allow development of land for churches, subject to neighborhood approval, which imposed undue burden on church and was not least restrictive means of achieving governmental purpose.

So ordered.

See also 721 F.Supp. 1212.

Constitutional Law ⊜84.5(18), 278.2(1)
Zoning and Planning ⊜76

Zoning ordinance requiring church to apply for rezoning to allow development of land for place of worship, subject to neighborhood approval, violated the First and

Fourteenth Amendment rights of church; rezoning application process was unduly burdensome and not the least restrictive means of accomplishing the governmental purpose, which could be achieved by establishing zoning areas available to all churches or, at least, having objective standards for making the rezoning determination. U.S.C.A. Const.Amends. 5, 14; Ala. Code 1975, § 22-27-40 et seq.

Donald H. Brockway, Jr., Douglas P. Corretti, Mary D. Hawkins, James R. Scalco, Corretti & Newsom, Birmingham, Ala., for plaintiffs.

Charles S. Wagner, Jeffrey Monroe Sewell, Asst. County Attys., Birmingham, Ala., for defendants.

PROPST, District Judge.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Findings of Fact

This cause came on to be heard at a bench trial. After considering the facts suggested by the parties, objections thereto, and the court's own copious notes, the court finds the following facts:

Plaintiff The Church of Jesus Christ of Latter-Day Saints ("LDS") entered into a contract to purchase from plaintiffs Finley Eversole and Freida E. Eversole ("the Eversoles") a parcel of real estate containing approximately eleven acres located at the northwest corner of Altadena Road and Cahaba River Road (Old U.S. Highway 280 —Florida Short Route) in an unincorporated area of Jefferson County, Alabama. Said tract of land adjoins a single family residential subdivision, and is relatively near U.S. Highway 280 (a four lane highway), and Interstate Highway I-459 and is approximately one-fourth mile from the Alabama State Offices of South Central Bell (Colonnade)[1] and the Colonnade commercial, office and retail development and,

---

1. When the County Commission rezoned the South Central Bell tract, across the Cahaba River Road from the "Eversole tract," it required a

strip of residential zoning along Cahaba River Road and permitted no access from the South Central Bell property to Cahaba River Road.

**EXHIBIT B-15**

**1212**    **721 FEDERAL SUPPLEMENT**

at the time the federal tax liens were filed. Although the mortgage when originally filed may have been deemed perfected under state law, such a conclusion is not binding upon the United States when asserting priority of its tax liens. *See generally* Annotation, *Federal Tax Lien–Competing Liens*, 94 A.L.R.2d 748, 760 (1964). The court finds there is no genuine issue of material fact concerning the priority of the federal tax liens. Accordingly,

IT IS HEREBY ORDERED that the Government's motion for summary judgment declaring its federal tax liens superior to the defendant's mortgage be, and the same hereby is, GRANTED.



The CHURCH OF JESUS CHRIST OF LATTER–DAY SAINTS, et al., Plaintiffs,

v.

JEFFERSON COUNTY, ALABAMA, et al., Defendants.

Civ. A. No. 89–AR–0711–S.

United States District Court, N.D. Alabama, S.D.

Sept. 23, 1989.

Vendors of property and purchaser, a church, brought action challenging denial of zoning change to all construction of worship facility on the property. The District Court, Acker, J., held that: (1) no claim for denial of substantive due process could be asserted against persons making zoning decision; (2) there was no taking without just compensation; (3) there was no showing of equal protection; but (4) genuine issue of material fact existed as to whether there had been a violation of church's First Amendment rights.

Ordered accordingly.

**1. Zoning and Planning** ⚖=351, 610

Elected officials who vote on zoning request can act for purely political reasons as partisan, political decision making, even by unknowledgeable, closed-minded politicians fearful of harm more than political is automatically deemed rational and thus cannot be arbitrary and capricious unless it is the product of corruption, i.e., the result of an outright bribe, as contrasted to some "legitimate" promise to deliver votes or some "legitimate" threat to withhold votes or to harass the politician "legitimately."

**2. States** ⚖=4.2

Fourteenth Amendment siphoned and made applicable to the states the Fifth Amendment prohibition against the taking of private property by a governmental entity without the payment of just compensation and unless due process is afforded. U.S.C.A. Const.Amends. 5, 14.

**3. Eminent Domain** ⚖=2(1.2)

There is no taking of property as a result of zoning decision where the property, as zoned, has substantial value and can be exploited economically. U.S.C.A. Const. Amend. 14.

**4. Eminent Domain** ⚖=277

Property owners who had not pursued state claim of inverse condemnation had not exhausted their remedy before bring § 1983 action claiming an unconstitutional taking without compensation. 42 U.S.C.A. § 1983; U.S.C.A. Const.Amend. 5.

**5. Constitutional Law** ⚖=228.2
**Zoning and Planning** ⚖=167

There was no denial of equal protection to those seeking change of zoning to permit construction of worship center in residential area where all applicants for rezoning of property for future construction and operation of a worship center on residential property are turned down. U.S. C.A. Const.Amend. 14.

**6. Constitutional Law** ⚖=274(3)

Fourteenth Amendment incorporates the First Amendment and guarantees the right to exercise religion freely. U.S.C.A. Const.Amends. 1, 14.

**EXHIBIT B-16**

Citation                        Found Document                    Rank 1 of 1                        Database
882 P.2d 1106                                                                                         OK-CS
(Cite as: 882 P.2d 1106)

Harold Ralph STOTTS, Esther Elizabeth Stotts, individually and as parents and
next friend[s] of Matthew John Stotts, a minor, Plaintiffs,
v.
CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS and Gregory Louis Turner,
Appellants and Third-Party Plaintiffs,
v.
LINDSEY CONSTRUCTION CO., INC., and Advanced Warnings, Inc., Appellees.
No. 83931.
Released for Publication by Order of the Court
of Appeals of Oklahoma, Division No. 1.

Court of Appeals of Oklahoma,
Division No. 1.
Sept. 13, 1994.

In personal injury action arising from automobile accident, defendants filed combined answer and third-party petition in
which they denied they were negligent and also impleaded construction company and sign company, alleging that they
had been negligent in manner that they warned motorists about ongoing construction work on street where accident
occurred. The District Court, Muskogee County, William H. Bliss, J., granted third-party defendants' motions to dismiss
third-party complaint. Defendants appealed. The Court of Appeals, Jones, J., held that: (1) fact that defendants denied
all liability for negligence alleged by plaintiff did not preclude defendants' third-party claim for contribution, and (2)
construction company waived any argument it may have had that third-party petition failed to state cognizable claim for
contribution.

Reversed and remanded.

Stotts v. Church of Jesus Christ of Latter Day Saints
[1]
96    CONTRIBUTION
96k9    Actions
96k9(.5) k. In general.
Okl.App.,1994.
Third-party plaintiff need not state present claim for relief against third-party defendant; rather, applicable statute
requires only that third-party defendant "is or may be liable" to third-party plaintiff "for all or part of" liability that
plaintiff in main action seeks to establish. 12 Okl.St.Ann. § 2014, subd. A.

Stotts v. Church of Jesus Christ of Latter Day Saints
[1]
96    CONTRIBUTION
96k9    Actions
96k9(3) k. Time for bringing action.
Okl.App.,1994.
Third-party plaintiff need not state present claim for relief against third-party defendant; rather, applicable statute
requires only that third-party defendant "is or may be liable" to third-party plaintiff "for all or part of" liability that
plaintiff in main action seeks to establish. 12 Okl.St.Ann. § 2014, subd. A.

Stotts v. Church of Jesus Christ of Latter Day Saints
[2]
287    PARTIES
287IV   New Parties and Change of Parties
287k49    Bringing in New Parties

Copr. © West 1998 No Claim to Orig. U.S. Govt. Works

EXHIBIT B-17

**640** Mont.        **852 PACIFIC REPORTER, 2d SERIES**

more broadly than the Federal Constitution to permit the exercise of expressional rights on private property"); *Planned Parenthood League of Mass., Inc. v. Operation Rescue* (1990), 406 Mass. 701, 550 N.E.2d 1361 (preliminary injunction enjoining Operation Rescue members from engaging in trespass and other illegal activities was not overbroad and did not prohibit exercise of First Amendment rights); *People v. Yutt* (1992), 231 Ill.App.3d 718, 173 Ill.Dec. 500, 597 N.E.2d 208, cert. denied, 147 Ill.2d 636, 180 Ill.Dec. 157, 606 N.Ed.2d 1234 (1992) (criminal trespass conviction did not violate the defendants' free speech rights because the clinic, which leased a portion of a shopping center including the adjoining sidewalk and parking lot, had not opened its property as a public forum and had excluded all demonstrators regardless of their beliefs); and *City of Sunnyside v. Lopez* (1988), 50 Wash.App. 786, 751 P.2d 313 (criminal trespass conviction upheld because the complex of professional offices in which the defendant was arrested was not sufficiently open to the public to lose its character as private property).

We hold that neither the First Amendment nor Art. II, § 7 of the Montana Constitution entitles Krautter to have access to Planned Parenthood's property in order to exercise her right of free speech.

Affirmed.

TURNAGE, C.J., and GRAY, WEBER and HUNT, JJ., concur.



---

Jonnie Musgrove DAVIS, Plaintiff, Appellant/Cross–Respondent,

v.

The CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS; Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter Day Saints; Corporation of the President of the Church of Jesus Christ of Latter Day

Saints; Risk Management Division, Kalispell Stake Center of the Church of Jesus Christ of Latter Day Saints; and John Does I–X (unknown divisions, departments, subsidiaries, affiliates, associations, whether incorporated or unincorporated, agents, employees, bishops, presidents, assigns, or any other entity or person related to any of the above named Defendants), Defendants, Respondents/Cross Appellants.

No. 91–525.

Supreme Court of Montana.

Submitted Feb. 4, 1993.

Decided May 18, 1993.

Church member sued church for breach of fiduciary duty, fraud and negligent misrepresentation, and intentional infliction of emotional distress. The District Court, Eleventh Judicial District, Flathead County, Leif B. Erickson, J., dismissed all claims except that for breach of fiduciary duty, and both parties appealed. The Supreme Court, Weber, J., held that: (1) court properly dismissed claims; (2) fact issue precluded summary judgment on fiduciary duty claim; (3) evidence of religious sanctions imposed was inadmissible; (4) member could recover for pain and suffering; and (5) doctrine of charitable immunity did not exist in Montana.

Affirmed in part; reversed in part and remanded.

Trieweiler, J., concurred in part and dissented in part and filed opinion in which Hunt, J., joined.

Harrison, J., dissented and filed opinion.

**1. Fraud ⬥12**

Church did not commit fraud by promising member injured on church property that it would immediately pay her medical bills if she submitted to physical examination; promise to pay was promise to do something in the future, rather than misrepresentation of existing fact.

EXHIBIT B 18

## HOTALING v. CHURCH OF LATTER-DAY SAINTS   199
Cite as 118 F.3d 199 (4th Cir. 1997)

closely reviewing the very piece of evidence at issue. It was a single comment in an otherwise unobjectionable argument by the government. The proof of Sanchez's guilt was quite strong and the comment being contested was, at best, peripheral to the credibility of one single source of incriminating evidence. We are satisfied that it could not unfairly have affected the jury's decision in any way given the other persuasive evidence against Sanchez.

### VI

[14] Sanchez finally challenges the instructions given to the jury regarding the presumption of innocence. He argues that by including in those instructions a statement that a defendant begins a criminal trial with a "clean slate," the court unfairly minimized the depth and importance of the presumption of innocence. We find no merit in that contention.

The instruction in whole, as largely derived from § 12.10 of Devit's *Federal Jury Practice and Instructions*, was:

> Now, as you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind. First, the defendant is presumed innocent until proven guilty. The indictment against the defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant, therefore, starts out with a clean slate.
>
> Second, the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his innocence or to present any evidence or to testify....
>
> Third, the government must prove the defendant's guilt beyond a reasonable doubt. And I will give you further instructions on this point later. But bear in mind, in this respect, that a criminal case is different from a civil case.
>
> *Id.* at 81.

We can find no error in these instructions. Sanchez points to no decision finding error in comparable "clean slate" references. Instructions incorporating such a refer-

ence have been expressly upheld by several other circuits. *See United States v. Littlefield*, 840 F.2d 143, 146 (1st Cir.1988); *United States v. Walker*, 861 F.2d 810, 813 nn. 7 & 8 (5th Cir.1988); *United States v. Hollister*, 746 F.2d 420, 424 (8th Cir.1984); *United States v. Cummings*, 468 F.2d 274, 280 (9th Cir.1972). We agree with those circuits that the reference in the context made could not constitute reversible error.

*AFFIRMED.*



Donna R. HOTALING; William W. Hotaling, Jr.; James P. Maher; Dorothy C. Sherwood, Plaintiffs–Appellants,

v.

CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, Defendant–Appellee.

No. 96–1399.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 29, 1997.

Decided June 30, 1997.

Holders of copyrights in genealogical research materials brought infringement action against church which had added materials to its library collection and made copies for its branch libraries. The United States District Court for the Eastern District of Virginia, Claude M. Hilton, J., granted summary judgment for church, and copyright holders appealed. The Court of Appeals, Butzner, Senior Circuit Judge, held that: (1) act of adding work to library's collection, listing work in library's index or catalog system, and making work available to borrowing or browsing public was "distribution" of work within meaning of Copyright Act; (2) fact issues as to whether copy of copyrighted work was being distributed by library to public within

EXHIBIT B-19

CHURCH OF JESUS CHRIST v. SUPERIOR COURT    Ariz.  **431**

Cite as 714 P.2d 431 (Ariz.App. 1985)

148 Ariz. 261

The CHURCH OF JESUS CHRIST OF
LATTER DAY SAINTS, and the City
of Tucson, Petitioners,

v.

SUPERIOR COURT of the State of Ari-
zona, In and For the County of Pima
and Honorable Robert Buchanan, a
judge thereof, Respondents,

and

Susan CONNELLY, Real Party
in Interest.

Nos. 2 CA-SA 0261, 2 CA-SA 0262.

Court of Appeals of Arizona,
Division 2, Department B.

Aug. 29, 1985.

Rehearing Denied Oct. 16, 1985.

Review Denied Feb. 12, 1986.

Parent of 11-year-old child who was
killed after being struck by an automobile
when he rode from church parking lot into
city street without stopping brought action
against various defendants including city
and church. Both church and city brought
special actions following denial of their mo-
tions for summary judgment. The Court
of Appeals, Hathaway, P.J., held that: (1)
church parking lot did not constitute an
attractive nuisance, and (2) city did not
breach its duty to keep streets reasonably
safe.

Orders vacated; summary judgment
granted.

1. Negligence ⊕=33(1)

Possessor of land is not liable to tres-
passers for physical harm caused by failure
to exercise reasonable care to put land in a
condition reasonably safe for their recep-
tion.

2. Negligence ⊕=35

Owner of sloping parking lot was not
liable to trespassing 11-year-old boy struck
by automobile in city street after he had
ridden down driveway from parking lot into

street without stopping on theory that
parking lot constituted an attractive nui-
sance absent evidence showing that child
was unable to appreciate clear danger of
riding bicycle into street without yielding.

3. Municipal Corporations ⊕=763(1), 798

City has a duty to keep its streets
reasonably safe for travel which extends to
removing obstructions and hazards and re-
quiring warning of known dangerous condi-
tions on streets.

4. Automobiles ⊕=257

City did not breach its duty to keep
streets reasonably safe to protect 11-year-
old child from injury where he broke usual
"rules of the road" by failing to yield right-
of-way to an oncoming vehicle in riding his
bicycle from private parking lot into city
street without stopping.

Bury, Moeller & Humphrey by Marshall
Humphrey, III, Tucson, for petitioner
Church of Jesus Christ of Latter Day
Saints.

Kimble, Gothreau, Nelson & Cannon,
P.C. by Daryl A. Audilett, Tucson, for peti-
tioner City of Tucson.

Haralson, Kinerk & Morey, P.C. by Mi-
chael E. Larkin and Denneen L. Peterson,
Tucson, for real party in interest.

HATHAWAY, Presiding Judge.

These special actions have been taken
from the trial court's denial of motions for
summary judgment filed by the two peti-
tioners. Since the trial court's denials of
the petitioners' motions were interlocutory,
non-appealable orders, see A.R.S. § 12-
2101, and since these cases present no dis-
puted issues of material fact which necessi-
tate presention to a trier of fact, special
action jurisdiction is appropriate and we
grant relief.

The facts show that on July 27, 1983,
Chris Stewart, an eleven-year-old boy, was
struck by an automobile while riding his
bicycle on Chapel Avenue in Tucson. The
boy subsequently died of injuries sustained
in the accident. Prior to the accident, Chris

EXHIBIT B-20

CHURCH OF JESUS CHRIST v. SUPERIOR COURT     Ariz. **759**

Cite as 764 P.2d 759 (Ariz.App. 1988)

on discovery of facts or opinions of experts, expected to testify at trial, acquired or developed in anticipation of litigation or for trial. The Committee Note anticipates in general that discovery from trial experts should be granted perfunctorily. Rule 26(b)(4), Committee Note at 217.

The order of the trial court is affirmed. Relief is denied.

BROOKS, P.J., and EUBANK, J., concur.



You have a complete copy of this case.

159 Ariz. 24

The CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Cheryl K. Hendrix, a Judge thereof, Respondent Judge,

Cynthia BROWN, as Guardian for Adriene Leigh Brown; Willa Ray; Kenneth Ray, Real Parties in Interest.

No. 1 CA-SA 267.

Court of Appeals of Arizona, Division 1, Department B.

July 21, 1988.

Review Denied Dec. 20, 1988.

Mother of victim of child abuse brought suit against alleged molester and against church, charging that church was negligent in counseling and treating alleged molester and in failing to report his conduct to law enforcement officials. Discovery was sought from three church officials, who claimed that information sought was privileged under clergyman/penitent privilege. The Superior Court, Maricopa County, Cause No. C-517976, Cheryl K.

Hendrix, J., compelled discovery in part. Church brought special action in Court of Appeals. The Court of Appeals, Fidel, J., held that: (1) special action was proper means to seek relief from order requiring disclosure of material claimed to be protected by privilege; (2) clergyman/penitent privilege could be impliedly waived; (3) alleged molester, by making disclosures to police department concerning his communications with church officials, waived any privilege that might otherwise have applied to his conversations with those officials or to conversations among officials; and (4) church officials had no statutory privilege independent of alleged molestor's.

Review accepted, relief denied.

**1. Courts** ☞207.1

Special action is proper means to seek relief when trial court orders disclosure that party or witness believes to be protected by privilege.

**2. Witnesses** ☞217

Statutory clergyman/penitent privilege belongs to penitent, and clergyman may not disclose penitent's confidences without penitent's consent. A.R.S. § 12-2233.

**3. Witnesses** ☞219(1)

Clergyman/penitent privilege is susceptible to implied waiver through conduct inconsistent with maintenance of conversational privacy. A.R.S. §§ 12-2231 et seq., 12-2231 to 12-2237.

**4. Witnesses** ☞219(1)

Legislature by its silence on issue of implied waiver of clergyman/penitent privilege has left grounds for waiver of privilege entirely to common law. A.R.S. §§ 12-2231 et seq., 12-2231 to 12-2237.

**5. Witnesses** ☞219(1)

Where, during investigation into charges of abuse, alleged child molester revealed to police not only fact, but also substance of his communications with church officials regarding his sexual conduct, alleged abuser impliedly waived clergyman/penitent by inconsistent conduct for

764 P.2d—18

LΞXHIBIT B-21

## CHURCH OF JESUS CHRIST, ETC. v. INDUS. COM'N    Ariz. 581
Cite as 724 P.2d 581 (Ariz.App. 1986)

### ATTORNEY'S FEES

[5, 6]  Both parties, pursuant to A.R.S. § 12–341.01(A), have requested attorney's fees incurred on appeal and in the trial court. Although attorney's fees were requested in both the complaint and the answer, they were not mentioned in the motion or cross-motion for summary judgment, and attorney's fees were neither awarded nor addressed in the judgment.

Arizona Revised Statutes § 12–341.01(A) provides for recovery of attorney's fees in an action "arising out of a contract," express or implied." In *Ash, Inc. v. Mesa Unified School Dist.*, 138 Ariz. 190, 673 P.2d 934 (App.1983), we interpreted this provision, stating, "Thus, as used in A.R.S. § 12–341.01, the words, 'arising out of a contract' describe an action in which a contract was a factor causing the dispute." 138 Ariz. at 192. Analogously, in *Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529, 647 P.2d 1127 (1982), our supreme court, in discussing attorney fee awards for claims sounding in tort, stated, "The fact that the two legal theories are intertwined does not preclude recovery of attorney's fees under A.R.S. § 12–341.01(A) as long as the cause of action in tort could not exist *but for* the breach of the contract." 132 Ariz. at 543, 647 P.2d 634. Here, but for the two insurance contracts with Long's, there would be no dispute. Further, recovery of attorney's fees under the statute may be granted even if the successful party plaintiff was not a party to the contract which formed the basis of the claim. *See Nationwide Mut. Ins. Co. v. Granillo*, 117 Ariz. 389, 573 P.2d 80 (App. 1977) (to be awarded attorney fees under A.R.S. § 12–341.01, a successful party defendant need not have been a party to the contract).

### CONCLUSION

For the above-stated reasons, the matter is reversed and remanded with instructions to the trial court to grant National's motion for summary judgment. We also grant appellant's request for attorney's fees incurred before the trial court and on appeal.

724 P.2d—14

Appellants are directed to submit an affidavit in accordance with Rule 21(c), Arizona Rules of Civil Appellate Procedure, and *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927 (App.1983).

KLEINSCHMIDT, P.J., concurs in the substantive result.



150 Ariz. 495

## CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, Petitioner Employer,

Church of Jesus Christ of Latter Day Saints, c/o Risk Management Division, Petitioner Carrier,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Gilbert Estrada, Respondent Employee.

No. 1 CA–IC 3334.

Court of Appeals of Arizona, Division 1, Department D.

Feb. 20, 1986.

Insurer issued notice of claim status closing claim of injured employee with unscheduled permanent impairment. After Industrial Commission employee notified insurer that medical report might not support finding of permanent impairment, second notice of claim status was issued which stated claimant had no permanent disability. Employee protested the second notice. Administrative law judge, William E. Smith, ICA Claim No. 457–78–9092, entered award finding that first notice of claim status was res judicata as to employee's physical condition. Insurer sought review. The Court of Appeals, Jacobson, J., held that: (1) medical report raised inferences of

EXHIBIT B-22

**328**  Utah          **590 PACIFIC REPORTER, 2d SERIES**

ment of the amounted specified may be granted.

For example, the third exemption stated:

3. Evidence Of Final Adjudication of Nonliability—that is, 'evidence that you have been found not liable in a civil action at law arising out of the accident. (Accordingly, evidence of a police court's having found you not guilty of a traffic violation is not evidence);  ·   ·   ·

A review of the entire notice reveals a serious deficiency or incompleteness in imparting essential knowledge to the licensee; so that he might make an intelligent and informed decision as to whether to waive his constitutional right to a pre-suspension hearing. Specifically, the notice is not designed to inform the licensee that he is entitled to a pre-suspension hearing to determine whether there was a reasonable probability that he was at fault, and a judgment might be rendered against him as a result of the accident.

Due process is not a technical conception with a fixed content unrelated to time, place, and circumstances; it is flexible and requires such procedural protections as the particular situation demands. In an analysis of a procedure an important factor is the risk of an erroneous deprivation of a private interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards.[6]

The essence of due process is the requirement that 'a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it'. [Citation] All that is necessary is that the procedures be tailored, in light of the decision to be made, to 'the capacities and circumstances of those who are to be heard' [Citation] to insure that they are given a meaningful opportunity to present their case  ·   ·   .[7]

To comport with the requirements of due process, the notice must be of such nature as reasonably to convey the required information.[8]  In assessing the adequacy of a notice the central issue is whether the communication contains the type of information which is reasonably calculated to afford the informant an opportunity to be heard at a meaningful time and in a meaningful manner.[9]

In *Bell v. Burson,* a constitutional standard was established; the legislature implemented this standard in Sec. 41–12–2(c). The notice sent to plaintiff cannot be deemed to contain the type of information reasonably calculated to inform him of the type and nature of pre-suspension hearing to which he was entitled under the due process clause.

WILKINS, J., concurs in the views expressed in the dissenting opinion of MAUGHAN, J.



---

The CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, Plaintiff,

v.

INDUSTRIAL COMMISSION of Utah, and Ivan L. Thurman, Defendants.

No. 15640.

Supreme Court of Utah.

Jan. 16, 1979.

Janitor filed claim for workmen's compensation benefits. The Industrial Commission awarded compensation to janitor for

---

6.  Id. at pp. 334–335 of 424 U.S., 96 S.Ct. 893.

7.  Id. at pp. 348–349 of 424 U.S., at p. 909 of 96 S.Ct.

8.  *Mullane v. Central Hanover Bank and Trust Co.,* 339 U.S. 306, 314–315, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

9.  *Aguchik v. Montgomery Ward Co., Inc.,* Alaska, 520 P.2d 1352, 1356–1357 (1974).

EXHIBIT B-23