| Citation | Found Document | Rank 1 of 1 | Database |
| --- | --- | --- | --- |
| 343 S.E.2d 551 | | | NC-CS |

**(Cite as: 81 N.C.App. 140, 343 S.E.2d 551)**

Elyse C. SCHMOYER, General Guardian and natural mother of Robert Wesley Harmon,
Jr., minor child of Robert Wesley Harmon, Sr., Deceased, Plaintiff-Employee,

v.

CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, Employer, Defendant-Employer,
United States Fidelity & Guaranty Insurance Company, Defendant-Insurance
Carrier.

No. 8510IC1390.

Court of Appeals of North Carolina.

June 3, 1986.

Mother of accident victim filed workers' compensation claim against his employer and their insurer. The Industrial
Commission denied claim and mother appealed. The Court of Appeals, Wells, J., held that employee was not on
"special errand" for employer at time of death.

Affirmed.

Schmoyer v. Church of Jesus Christ of Latter Day Saints

[1]

413   WORKERS' COMPENSATION
413XVI  Proceedings to Secure Compensation
413XVI(P)  Hearing or Trial
413XVI(P)3  Questions of Law and Fact
413k1718    Arising Out of and in the Course of Employment
413k1719  k. In general.
N.C.App.,1986.
Whether injury serving as basis for workers' compensation claim "arose out of" and "in the course of" worker's
employment is mixed question of law and fact.

Schmoyer v. Church of Jesus Christ of Latter Day Saints

[2]

413   WORKERS' COMPENSATION
413VIII  Injuries for Which Compensation May Be Had
413VIII(C) Injuries Arising Out of and in Course of Employment in General
413k605  k. Construction and application of statutory provisions in general.
N.C.App.,1986.
Requirements that injury "arise out of" worker's employment and occur "in the course of" employment are separate and
distinct and must both be satisfied in order to render injury compensable under workers' compensation statute. G.S. §
97-1 et seq.

Schmoyer v. Church of Jesus Christ of Latter Day Saints

[3]

413   WORKERS' COMPENSATION
413VIII  Injuries for Which Compensation May Be Had
413VIII(C) Injuries Arising Out of and in Course of Employment in General
413k607    Arising Out of Employment in General
413k610  k. What injuries arise out of employment in general.
N.C.App.,1986.
Term "arising out of" in workers' compensation statute refers to origin of injury or causal connection of injury to
employment, and term "in the course of" refers to time, place, and circumstances under which injury occurred. G.S. §
97-1 et seq.
See publication Words and Phrases for other judicial constructions and definitions.

Copr. © West 1998 No Claim to Orig. U.S. Govt. Works

EXHIBIT B-24

343 S.E.2d 551
(Cite as: 81 N.C.App. 140, 343 S.E.2d 551)

Schmoyer v. Church of Jesus Christ of Latter Day Saints

[3]
413   WORKERS' COMPENSATION
413VIII  Injuries for Which Compensation May Be Had
413VIII(C)  Injuries Arising Out of and in Course of Employment in General
413k614    In Course of Employment in General
413k617  k. What are injuries in course of employment in general.
N.C.App.,1986.
Term "arising out of" in workers' compensation statute refers to origin of injury or causal connection of injury to employment, and term "in the course of" refers to time, place, and circumstances under which injury occurred. G.S. § 97-1 et seq.
See publication Words and Phrases for other judicial constructions and definitions.

Schmoyer v. Church of Jesus Christ of Latter Day Saints

[4]
413   WORKERS' COMPENSATION
413VIII  Injuries for Which Compensation May Be Had
413VIII(D)  Particular Causes, Circumstances, and Conditions of Injury
413VIII(D)17  Place of Injury with Reference to Plant or Premises of Employer
413k718  k. On errand by specific request or direction of employer or to transact specific business.
N.C.App.,1986.
"Special errand" exception to general rule that injuries to worker traveling to and from place of employment are not compensable provides that injury during travel related to special duty for employer is "in the course of" employment.
See publication Words and Phrases for other judicial constructions and definitions.

Schmoyer v. Church of Jesus Christ of Latter Day Saints

[5]
413   WORKERS' COMPENSATION
413XVI  Proceedings to Secure Compensation
413XVI(N)  Weight and Sufficiency of Evidence
413XVI(N)7  Accident or Injury and Consequences Thereof
413k1487  k. Injuries arising out of and in course of employment in general.
N.C.App.,1986.

*[handwritten annotation:]* 'just refer to churches "employer"*

Evidence that worker had planned to spend the night before work at place of employment because of predicted snow storm and was killed in accident at place on usual route to work did not establish that worker was on "special errand" when he met his death and therefore entitled to compensation from employer.
See publication Words and Phrases for other judicial constructions and definitions.
**552 *141 Robert Wesley Harmon was killed in an automobile accident in Greensboro in the late evening of 5 February 1984. This claim for benefits under the Workers' Compensation Act was brought by plaintiff as the natural guardian of Robert Wesley Harmon, Jr., the only child of Robert W. Harmon.

On 5 February 1984, Robert Harmon was employed as a custodian at the Church of Jesus Christ of Latter Day Saints located on Pinetop Road in Greensboro. Harmon worked for hourly wages, his usual hours of employment being from 8:00 a.m. until 4:00 p.m. One of Harmon's duties was to open the church in the morning. On the day he was killed, Harmon worked at the church until about 5:00 p.m., then went to visit his fiancee, Ms. Cynthia Howle, at her residence about three miles from the church. Harmon left Ms. Howle's residence at about 11:00 p.m., intending to spend the night with his parents who lived in Pleasant Garden, a town located between Climax and Greensboro. After Harmon arrived at his parents' home, he received a telephone call from Ms. Howle who told him that she was distraught and upset. Harmon offered to return to her home and console her, saying that afterwards he would probably go to the church and spend the night. While en route to Ms. Howle's residence, Harmon was involved in the accident which caused his death. Other facts will be discussed as necessary in the body of our opinion.

Following a hearing, Deputy Commissioner Rush denied plaintiff's claim for benefits. Upon appeal, the Full Commission adopted and affirmed Commissioner

Copr. © West 1998 No Claim to Orig. U.S. Govt. Works

EXHIBIT B -25

CHURCH OF JESUS CHRIST OF LATTER
DAY SAINTS v. SCARBOROUGH.

No. 4187.

United States Court of Appeals
Tenth Circuit.

May 10, 1951.

Rehearing Denied June 5, 1951.

Action by Spencer B. Scarborough, administrator of the estate of Eliza J. Holt, against the Church of Jesus Christ of Latter Day Saints to recover sum on deposit with church. The United States District Court for the District of Utah, Willis W. Ritter, J., entered judgment for plaintiff, and defendant appealed. The Court of Appeals, Pickett, Circuit Judge, held that agreement between parties was binding contract even though it included testamentary verbiage and words indicating a gift and even though passing of title to deposit was postponed until death.

Judgment reversed and cause remanded, with directions.

Gifts ⟨key⟩5(1)
Wills ⟨key⟩92

Where owner of $7,000 deposit with church made agreement whereby church was to pay interest on fund during life of owner with fund to become property of church upon death of owner, even though agreement contained testamentary verbiage and terms indicating a gift but was invalid as either testamentary disposition or gift, instrument was binding as contract.

———

Leon Sarpy, New Orleans, La. (Ray, Quinney & Nebeker, and Albert R. Bowen, all of Salt Lake City, Utah, and Chaffe, McCall, Toler & Phillips, New Orleans, La., on the brief), for appellant.

James William Jones, Jr., Natchitoches, La., for appellee.

Before BRATTON, HUXMAN, and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The plaintiff, as administrator of the estate of Eliza J. Holt, brought this action against the Church of Jesus Christ of Latter Day Saints, hereinafter referred to as the Church, to recover $7000 which was on deposit with the Church pursuant to the terms of an instrument executed by the parties on August 9, 1929. This appeal is from a judgment in favor of the plaintiff.

On about April 1, 1926, Charles E. Holt deposited with the Church in the State of Utah the sum of $7000. Holt died in 1929 and his widow, Eliza J. Holt, a resident of Louisiana, became the owner of the $7000 and made claim to the same. A representative of the Church went to Louisiana to discuss the matter with Mrs. Holt and her attorney, and the above mentioned instrument resulted. It provided that the funds should remain on deposit with the Church under the conditions set forth in that instrument, with the ownership remaining in Mrs. Holt. The amount was to bear interest at the rate of 5% per annum payable semi-annually on the 1st day of April and the 1st day of October of each year throughout the life of Mrs. Holt. The Church also agreed to pay 4% per annum from April 1, 1926, to October 1, 1929. It further provided: "It being especially understood and agreed herein, that any neglect or default in the payment of any maturing interest, as herein stated, then at the option of the said Mrs. Holt, this agreement to be abrogated and annulled, and the entire amount of principal of Seven Thousand Dollars to be returned to the said Mrs. Holt, immediately and all accrued interest." The instrument concluded with this language: "And it is agreed that on payment of the interest as herein stipulated, the said principal shall become the property of the said Church of Jesus Christ of Latter Day Saints and under onerous donation, at the time of the death of the donor, Mrs. Eliza J. Holt." There were phrases in the instrument appearing to be of a testamentary character or which indicated that a gift may have been intended.

The parties agree that the provisions of the instrument do not amount to a testamentary disposition or a gift under the laws of Louisiana. We have then to consider only the question of whether the instrument was a binding contract between the parties whereby the deposit became the property of the Church upon the death of

EXHIBIT B-26

1
2
3
4
5
6
7
8
9
10                                                          The Honorable Thomas S. Zilly
11
12                              UNITED STATES DISTRICT COURT
13                        WESTERN DISTRICT OF WASHINGTON AT SEATTLE
14
15   ROB RINDE f/k/a ROBERT LARRY LEROY
16   PITSOR, JR.,                                    NO.  C06-0556 TSZ
17
18                    Plaintiff,                     STIPULATION AND ORDER
19
20         v.
21
22   THE CORPORATION OF THE PRESIDENT
23   OF THE CHURCH OF JESUS CHRIST OF
24   LATTER-DAY SAINTS, a Utah corporation
25   sole, aka the "MORMON CHURCH" THE
26   CHURCH OF JESUS CHRIST OF LATTER-
27   DAY SAINTS, an unincorporated association,
28
29                    Defendant.
30
31
32         Plaintiff's Motion to Amend Complaint to Clarify Status of Defendants and Motion to
33
34   Remand is currently pending before the Court. The matter has been fully briefed and is noted for
35
36   May 26, 2006. The parties are exploring a possible resolution of the issue before the Court and
37
38   request that consideration of the motion be postponed until June 12, 2006.
39
40
41
42
43
44
45

STIPULATION AND ORDER - 1                          GORDON MURRAY TILDEN LLP
No. C06-0556 TSZ                                   1001 Fourth Avenue, Suite 4000
                                                   Seattle, WA  98154
                                                   Phone (206) 467-6477
                                                   Fax (206) 467-6292

1
2      DATED this _1st_ day of June, 2006.
3    GORDON MURRAY TILDEN LLP          GORDON, THOMAS, HONEYWELL,
4                                      MALANCA, PETERSON & DAHEIM LLP
5
6
7    By _____      By _____
8       Charles C. Gordon, WSBA #1773      Michael T. Pfau, WSBA #24649
9       Jeffrey I. Tilden, WSBA #12219     Attorneys for Plaintiff
10      Attorneys for Defendant            per email authorization
11
12   LAW OFFICES OF TIMOTHY D.
13   KOSNOFF
14
15
16   By  Timothy D. Kosnoff, WSBA #16586
17      Attorneys for Plaintiff
18   for    per email auth.
19
20                         ORDER
21
22       IT IS SO ORDERED.
23
24       DATED this _____ day of _____, 2006.
25
26
27
28
29                         _____
30                         THE HONORABLE THOMAS S. ZILLY
31
32   Presented by:
33
34   GORDON MURRAY TILDEN LLP
35
36
37   By_____
38      Charles C. Gordon, WSBA #1773
39      Jeffrey I. Tilden, WSBA #12219
40   Attorneys for Defendant
41
42
43
44
45

STIPULATION AND ORDER - 2             GORDON MURRAY TILDEN LLP
No. C06-0556 TSZ                      1001 Fourth Avenue, Suite 4000
                                      Seattle, WA  98154
                                      Phone (206) 467-6477
Fax (206) 467-6292

1
2
3  Approved as to form:
4
5  GORDON, THOMAS, HONEYWELL,
   MALANCA, PETERSON & DAHEIM LLP
6
7  By _____
8  (o Michael T. Pfau, WSBA #24649
9  Attorneys for Plaintiff    per email auth.
10
11
12  LAW OFFICES OF TIMOTHY D. KOSNOFF
13
14
15  By _____
16  c. Timothy D. Kosnoff, WSBA #16586
17  Attorneys for Plaintiff
18      per email auth.
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

STIPULATION AND ORDER - 3
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit ___ Page 206

# CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael T. Pfau
Michelle A. Menely
Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
600 University, Suite 2100
Seattle, WA 98101-4185
E-mail: mpfau@gth-law.com
E-mail: mmenely@gth-law.com
Co-Counsel for Plaintiff Rob Rinde

Timothy D. Kosnoff
Law Offices of Timothy D. Kosnoff
600 University, Suite 2101
Seattle, WA 98101
E-mail: timkosnoff@comcast.net
Co-Counsel for Plaintiff Rob Rinde


_____/s/_____
Charles C. Gordon, WSBA #1773
Gordon Murray Tilden LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Telephone: 206-467-6477
Facsimile: 206-467-6292
E-mail: cgordon@gmt.law

STIPULATION AND ORDER - 4
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit___ Page 267

1
2
3
4
5
6

05-CV-00556-OBJ

7
8
9
10                                                        The Honorable Thomas S. Zilly
11
12                          UNITED STATES DISTRICT COURT
13                     WESTERN DISTRICT OF WASHINGTON AT SEATTLE
14
15    ROB RINDE f/k/a ROBERT LARRY LEROY
16    PITSOR, JR.,                                    NO.  C06-0556 TSZ
17
18                    Plaintiff,                      STIPULATION AND ORDER
19
20         v.
21
22    THE CORPORATION OF THE PRESIDENT
23    OF THE CHURCH OF JESUS CHRIST OF
24    LATTER-DAY SAINTS, a Utah corporation
25    sole, aka the "MORMON CHURCH" THE
26    CHURCH OF JESUS CHRIST OF LATTER-
27    DAY SAINTS, an unincorporated association,
28
29                    Defendant.
30
31
32         Plaintiff's Motion to Amend Complaint to Clarify Status of Defendants and Motion to
33
34    Remand is currently pending before the Court.  The matter has been fully briefed and is noted for
35
36    May 26, 2006.  The parties are exploring a possible resolution of the issue before the Court and
37
38    request that consideration of the motion be postponed until June 12, 2006.
39
40
41
42
43
44
45

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit ____ Page 208

1
2      DATED this _1st_ day of June, 2006.
3
4      GORDON MURRAY TILDEN LLP          GORDON, THOMAS, HONEYWELL,
5                                        MALANCA, PETERSON & DAHEIM LLP
6
7      By _____          By _____
8         Charles C. Gordon, WSBA #1773     Michael T. Pfau, WSBA #24649
9         Jeffrey I. Tilden, WSBA #12219    Attorneys for Plaintiff
10        Attorneys for Defendant              _per email authorizate_
11
12     LAW OFFICES OF TIMOTHY D.
13     KOSNOFF
14
15     By  _____
16         Timothy D. Kosnoff, WSBA #16586
17         Attorneys for Plaintiff
18     for      _per email auth._
19
20                              ORDER
21
22         IT IS SO ORDERED.
23
24         DATED this 2nd day of _June_, 2006.
25
26
27
28     _____
29         THE HONORABLE THOMAS S. ZILLY
30
31
32     Presented by:
33
34     GORDON MURRAY TILDEN LLP
35
36
37     By _____
38        Charles C. Gordon, WSBA #1773
39        Jeffrey I. Tilden, WSBA #12219
40     Attorneys for Defendant
41
42
43
44
45

STIPULATION AND ORDER - 2          GORDON MURRAY TILDEN LLP
No. C06-0556 TSZ                   1001 Fourth Avenue, Suite 4000
                                   Seattle, WA 98154
                                   Phone (206) 467-6477
                                   Fax (206) 467-6292

Exhibit _____ Page 209

```
 1    Approved as to form:
 2
 3    GORDON, THOMAS, HONEYWELL,
 4    MALANCA, PETERSON & DAHEIM LLP
 5
 6
 7    By _____
 8    C. Michael T. Pfau, WSBA #24649
 9    Attorneys for Plaintiff   per email auth.
10
11
12    LAW OFFICES OF TIMOTHY D. KOSNOFF
13
14
15    By _____
16    C. Timothy D. Kosnoff, WSBA #16586
17    Attorneys for Plaintiff
18        per email auth.
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
```

STIPULATION AND ORDER - 3
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit___ Page 210

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael T. Pfau
Michelle A. Menely
Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
600 University, Suite 2100
Seattle, WA  98101-4185
E-mail: mpfau@gth-law.com
E-mail: mmenely@gth-law.com
Co-Counsel for Plaintiff Rob Rinde

Timothy D. Kosnoff
Law Offices of Timothy D. Kosnoff
600 University, Suite 2101
Seattle, WA  98101
E-mail: timkosnoff@comcast.net
Co-Counsel for Plaintiff Rob Rinde

/s/
Charles C. Gordon, WSBA #1773
Gordon Murray Tilden LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Telephone: 206-467-6477
Facsimile: 206-467-6292
E-mail: cgordon@gmt.law

STIPULATION AND ORDER - 4
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit ___ Page 211

RECEIVED

IJUN 02 2006

GORDON, THOMAS, HONEYWELL
MALANCA, PETERSON & DAHEIM LLP

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

12

13

14

15

16

17

18

19

20

| ROB RINDE f/k/a ROBERT LARRY LEROY PITSOR, JR.<br><br>Plaintiff,<br><br>vs.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, aka the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association,<br><br>Defendant. | NO. 2:06-CV-00556TSZ<br><br>ACCEPTANCE OF SERVICE ON BEHALF OF DEFENDANT THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS |
|---|---|

21

22

23

24

25

26

I, Jeffrey I. Tilden of GORDON MURRAY TILDEN, LLP attorneys for defendant CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS hereby accept service of the Summons and Complaint on behalf of said defendant, as though personal service on the defendant had occurred.

ACCEPTANCE OF SERVICE (COP) - 1 of 2
(2:06-CV-00556TSZ)
[164447 v01.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Exhibit____ Page 212

1

2

DATED this 1ˢᵗ day of June , 2006.

3

GORDON MURRAY TILDEN

4

By _____

5

Jeffrey I. Tilden, WSBA No. 12219

Attorneys for Defendant Corporation of the

6

President of the Church Of Jesus Christ of

Latter-Day Saints

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ACCEPTANCE OF SERVICE (COP) - 2 of 2
(2:06-CV-00556TSZ)
[164447 v01.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
800 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

ROB RINDE f/k/a ROBERT LARRY LEROY
PITSOR, JR.,

                Plaintiff,

      v.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole, aka the "MORMON CHURCH" THE
CHURCH OF JESUS CHRIST OF LATTER-
DAY SAINTS, an unincorporated association,

                Defendant.

NO.  C06-0556 TSZ

ANSWER TO PLAINTIFF'S
COMPLAINT

JURY DEMAND

## I. ANSWER

The Corporation of the President of The Church of Jesus Christ of Latter-day Saints

("Defendant"), by and through its attorneys, responds to Plaintiff's Complaint as follows:

      1.      Answering the General Allegations of Plaintiff's Complaint, Defendant denies the

same.

      2.      Answering paragraph 2.1 of Plaintiff's Complaint, Defendant admits that Larry

Pitsor at one time was believed to have resided in Bellevue, Washington, where it is believed his

ANSWER TO PLAINTIFF'S COMPLAINT - 1
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit____ Page 214

mother and siblings also resided. Defendant is without present knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's remaining allegations and, therefore, denies the same.

3.    Answering paragraph 2.2 of Plaintiff's Complaint, Defendant admits that The Corporation of the President of The Church of Jesus Christ of Latter-day Saints is a Utah corporation sole which is registered and operates, in the State of Washington. Except as expressly admitted herein, any other allegations contained in said paragraph are denied.

4.    Answering paragraph 3.1 of Plaintiff's Complaint, Defendant is without present knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations and, therefore, denies the same.

5.    Answering paragraph 4.1 of Plaintiff's Complaint, Defendant admits that one of the ecclesiastical offices of The Church of Jesus Christ of Latter-day Saints ("LDS Church") is that of President and Prophet, and that said person possesses and exercises the authority commensurate with that office as defined by the doctrines and beliefs of the LDS Church. Defendant admits that the current President of the LDS Church is Gordon B. Hinckley. Defendant admits that the Corporation of the President of The Church of Jesus Christ of Latter-day Saints is registered and operates in the State of Washington. Except as expressly admitted herein, any other allegations contained in said paragraph are denied.

6.    Answering paragraph 4.2 of Plaintiff's Complaint, Defendant admits that male members of the LDS Church may be eligible for ordination to the lay priesthood of the church beginning at age 12; admit there are different offices in the priesthood with different responsibilities, and that eligible members of the church must meet the standards of worthiness, as that term is doctrinally defined by the church, before being ordained into an office of the

ANSWER TO PLAINTIFF'S COMPLAINT - 2
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

priesthood. Defendants further admit that the offices of Elder and High Priest (in the

Melchizedek Priesthood), are offices in the lay priesthood of the LDS Church. Except as

expressly admitted herein, any other allegations contained in said paragraph are denied.

7.      Answering paragraph 4.3 of Plaintiff's Complaint, Defendant denies the same.

8.      Answering paragraph 4.4 of Plaintiff's Complaint, Defendant admits that the LDS

Church is and has been for an extended period of time one of many sponsoring organizations of

the Boy Scouts of America. Except as expressly admitted herein, any other allegation contained

in said paragraph is denied.

9.      Answering paragraph 4.5 of Plaintiff's Complaint, Defendant denies the same.

10.     Answering paragraphs 4.6, 4.7, 4.8 and 4.9 of Plaintiff's Complaint, Defendant is

without present knowledge or information sufficient to form a belief as to the truth or falsity of

Plaintiff's allegations and, therefore, denies the same. The allegation that Lewis was a "Mormon

Priest" is expressly denied.

11.     Answering paragraphs 4.10, 4.11, 4.12, 4.13 and 4.14 of Plaintiff's Complaint,

Defendant denies the same.

12.     Answering paragraph 5.1 of Plaintiff's Complaint, Defendant incorporates herein

by reference its responses to Plaintiff's previous allegations, as though fully set forth herein.

13.     Answering paragraphs 5.2, 5.3, 5.4, 5.5, 5.6, 5.7, 5.8, 5.9 and 5.10 of Plaintiff's

Complaint, Defendant denies the same.

14.     Answering paragraph 6.1 of Plaintiff's Complaint, Defendant incorporates herein

by reference its responses to Plaintiff's previous allegations, as though fully set forth herein.

15.     Answering paragraphs 6.2, 6.3, 6.4, 6.5, 6.6 and 6.7 of Plaintiff's Complaint,

Defendant denies the same.

ANSWER TO PLAINTIFF'S COMPLAINT - 3
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit___ Page 216.

16.     Answering paragraph 7.1 of Plaintiff's Complaint, Defendant incorporates herein by reference its responses to Plaintiff's previous allegations, as though fully set forth herein.

17.     Answering paragraph 7.2 of Plaintiff's Complaint, Defendant denies the same.

18.     Answering paragraph 8.1 of Plaintiff's Complaint, Defendant incorporates herein by reference its responses to Plaintiff's previous allegations, as though fully set forth herein.

19.     Answering paragraph 8.2 of Plaintiff's Complaint, Defendant denies the same.

## II. AFFIRMATIVE DEFENSES

For further answer, and by way of affirmative defense, defendant alleges as follows:

1.     **Failure to State a Claim.**  Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.     **No Fiduciary Duty.**  Defendant owes no fiduciary duty to Plaintiff.

3.     **Failure to Mitigate Damages.**  Plaintiff has failed to mitigate or minimize his damages, if any.

4.     **No Proximate Cause.**  Plaintiff's damages, if any, were proximately caused by the acts or omissions of others over whom Defendant had no control or right of control.

5.     **Contribution.**  If liability is established, Defendant is entitled to contribution from any party or non-party whose negligence may have contributed as a proximate cause to the injury complained of in Plaintiff's Complaint.

6.     **Contributory Fault / Apportionment.**  Pursuant to RCW 4.22.070(1), damages are to be apportioned according to the relative fault of all at-fault entities. In accordance with CR 12(i), Defendant identifies Lewis as an unnamed at-fault party who Defendant claims, pursuant to RCW 4.22.070(1), as being at fault. Defendant reserve the right to identify other

ANSWER TO PLAINTIFF'S COMPLAINT - 4
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

unnamed or as yet unidentified at-fault entities, if any, once such identity has become known to Defendant.

7.     **Statute of Limitations**.  Plaintiffs' claims are barred by the statute of limitations.

8.     **No Liability for Intentional Misconduct**.  Defendant is not liable under the laws of the State of Washington for any damages caused by the intentional misconduct of third parties, and the damages, if any, caused by said third parties must be segregated.

9.     **No Vicarious Liability**.  Vicarious liability cannot be imposed upon Defendant for any acts or omissions of any other person which are not within the course and scope of their duties as agents for Defendant.

10.     **Failure to Join an Indispensible Party**.  The Complaint fails to join Lewis, a person needed for just adjudication of the claims set forth in the Complaint, as required by Rule 19 of the Federal Rules of Civil Procedure.

11.     **Waiver, Estoppel and Laches**.  Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel and laches.

12.     **General Denial**.  Defendant denies any allegation of Plaintiff's Complaint not addressed by the foregoing responses.

### III. MATTERS OF AVOIDANCE

1.     **Freedom of Religion**.  To the extent that plaintiffs' claims are based upon these defendants' exercise of their religious beliefs, they are barred by the defendants' rights under the First Amendment to the United States Constitution, and by Article I, Section II, of the Constitution of the State of Washington.

ANSWER TO PLAINTIFF'S COMPLAINT - 5
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit ___ Page 218

## IV.  RESERVATION

Defendants hereby reserve the right to assert such further and other affirmative defenses, avoidance, and to otherwise allege, admit, or deny as may be warranted by discovery.

## V.  PRAYER FOR RELIEF

WHEREFORE, defendants pray for judgment as follows:

1.   _Dismissal_.  Plaintiff takes nothing by way of his Complaint against Defendant and that the Complaint be dismissed with prejudice;

2.   _Attorneys Fees and Costs_.  Defendant be granted its attorneys' fees and costs against plaintiff;

3.   _Liability_.  That, pursuant to RCW 4.22.070, if liability were to be established against Defendant, that Defendant be severally liable only for its share of fault, if any (pursuant to RCW 4.22.015); and

4.   _Other Relief_.  That Defendant be given such other and further relief as the Court deems just and equitable.

## VI.  JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), defendant The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints respectfully demands a trial by jury.

DATED this _20_ day of June, 2006.

GORDON MURRAY TILDEN LLP

By _____

Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Attorneys for Defendant The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints

ANSWER TO PLAINTIFF'S COMPLAINT - 6
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit___ Page 719

1
2
3

# CERTIFICATE OF SERVICE

4
5
6
7

I hereby certify that on June 20, 2006, I electronically filed the foregoing with the Clerk
of the Court using the CM/ECF system which will send notification of such filing to the
following:

8      Michael T. Pfau
9      Michelle A. Menely
10     Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
11     600 University, Suite 2100
12     Seattle, WA 98101-4185
13     E-mail: mpfau@gth-law.com
14     E-mail: mmenely@gth-law.com
15     Co-Counsel for Plaintiff Rob Rinde
16
17     Timothy D. Kosnoff
18     Law Offices of Timothy D. Kosnoff
19     600 University, Suite 2101
20     Seattle, WA 98101
21     E-mail: timkosnoff@comcast.net
22     Co-Counsel for Plaintiff Rob Rinde
23
24
25
26
27
28                          Charles C. Gordon, WSBA #1773
29                          Gordon Murray Tilden LLP
30                          1001 Fourth Avenue, Suite 4000
31                          Seattle, WA 98154
32                          Telephone: 206-467-6477
33                          Facsimile: 206-467-6292
34                          E-mail: cgordon@gmt.law
35
36
37
38
39
40
41
42
43
44
45

ANSWER TO PLAINTIFF'S COMPLAINT - 7
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit ____ Page 220

1
2
3
4
5
6
7
8
9
10                                              The Honorable Thomas S. Zilly
11
12                    UNITED STATES DISTRICT COURT
13              WESTERN DISTRICT OF WASHINGTON AT SEATTLE
14
15  ROB RINDE f/k/a ROBERT LARRY LEROY
16  PITSOR, JR.,                                NO.  C06-0556 TSZ
17
18                      Plaintiff,              STIPULATION RE:  EXTENDING
19                                              DATES FOR INITIAL
20         v.                                   DISCLOSURES AND JOINT
21                                              STATUS REPORT
22  THE CORPORATION OF THE PRESIDENT
23  OF THE CHURCH OF JESUS CHRIST OF
24  LATTER-DAY SAINTS, a Utah corporation
25  sole, aka the "MORMON CHURCH" THE
26  CHURCH OF JESUS CHRIST OF LATTER-
27  DAY SAINTS, an unincorporated association,
28
29                      Defendant.
30
31
32
33         The parties, through their respective counsel of record, request the Court to enter the
34
35  below-joined order extending the dates for filing Initial Disclosures and a Combined Joint Status
36
37  Report from July 3, 2006, to August 7, 2006.  The parties have conferred regarding this and
38
39  believe the extension is consistent with counsel's schedules and other matters pending in this
40
41  case.
42
43
44
45

STIPULATION RE:  EXTENDING DATES FOR INITIAL          GORDON MURRAY TILDEN LLP
DISCLOSURES AND JOINT STATUS REPORT - 1              1001 Fourth Avenue, Suite 4000
No. C06-0556 TSZ                                          Seattle, WA  98154
                                                       Phone (206) 467-6477
                                                        Fax (206) 467-6292

Exhibit    Page 221

1
2    DATED this _26_ day of June, 2006.
3
4    **GORDON MURRAY TILDEN LLP**        **GORDON, THOMAS, HONEYWELL,**
5                                        **MALANCA, PETERSON & DAHEIM LLP**
6
7
8    By _____        By _____
9      Charles C. Gordon, WSBA #1773       Michael T. Pfau, WSBA #24649
10     Jeffrey I. Tilden, WSBA #12219      Attorneys for Plaintiff
11     Attorneys for Defendant
12
13
14   **LAW OFFICES OF TIMOTHY D.**
15   **KOSNOFF**
16
17
18   By _____
19     Timothy D. Kosnoff, WSBA #16586
20     Attorneys for Plaintiff
21
22
23
24                          **ORDER**
25
26      Based upon the above stipulation and the Court being duly advised,
27
28      IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the date for serving
29
30   Initial Disclosures and Combined Joint Status Report and Discovery Plan is hereby continued
31
32   from July 3, 2006, to August 7, 2006.
33
34      DATED this _____ day of _____, 2006.
35
36
37
38
39                          _____
                            The Honorable Thomas S. Zilly
40                          United States District Court Judge
41
42
43
44
45

STIPULATION RE: EXTENDING DATES FOR INITIAL       **GORDON MURRAY TILDEN LLP**
DISCLOSURES AND JOINT STATUS REPORT - 2              1001 Fourth Avenue, Suite 4000
No. C06-0556 TSZ                                        Seattle, WA 98154
                                                     Phone (206) 467-6477
                                                       Fax (206) 467-6292

Exhibit ____ Page 222

```
 1   Presented by:
 2
 3   GORDON MURRAY TILDEN LLP
 4
 5
 6   By
 7       Charles C. Gordon, WSBA #1773
 8       Jeffrey I. Tilden, WSBA #12219
 9   Attorneys for Defendant
10
11
12   GORDON, THOMAS, HONEYWELL,
13   MALANCA, PETERSON & DAHEIM LLP
14
15
16   By
17       Michael T. Pfau, WSBA #24649
18   Attorneys for Plaintiff
19
20
21   LAW OFFICES OF TIMOTHY D. KOSNOFF
22
23
24   By
25       Timothy D. Kosnoff, WSBA #16586
26   Attorneys for Plaintiff
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
```

STIPULATION RE:  EXTENDING DATES FOR INITIAL
DISCLOSURES AND JOINT STATUS REPORT - 3
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit ___ Page 223

# CERTIFICATE OF SERVICE

I hereby certify that on June ⏤26⏤ , 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael T. Pfau
Michelle A. Menely
Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
600 University, Suite 2100
Seattle, WA 98101-4185
E-mail: mpfau@gth-law.com
E-mail: mmenely@gth-law.com
Co-Counsel for Plaintiff Rob Rinde

Timothy D. Kosnoff
Law Offices of Timothy D. Kosnoff
600 University, Suite 2101
Seattle, WA 98101
E-mail: timkosnoff@comcast.net
Co-Counsel for Plaintiff Rob Rinde

Charles C. Gordon, WSBA #1773
Gordon Murray Tilden LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Telephone: 206-467-6477
Facsimile: 206-467-6292
E-mail: cgordon@gmt.law

STIPULATION RE: EXTENDING DATES FOR INITIAL
DISCLOSURES AND JOINT STATUS REPORT - 4
No. C06-0556 TSZ

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

1

2

3

4

5

6                        UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON
7                              AT SEATTLE

8

9   ROB RINDE f/k/a ROBERT LARRY
    LEROY PITSOR, JR.,
10                                                No.  C06-556Z
                     Plaintiff,
11
    v.                                            ORDER
12
    THE CORPORATION OF THE
13  PRESIDENT OF THE CHURCH OF JESUS
    CHRIST OF LATTER-DAY SAINTS, a Utah
14  corporation sole, aka the "MORMON
    CHURCH" THE CHURCH OF JESUS
15  CHRIST OF LATTER-DAY SAINTS, an
    unincorporated association,
16
                     Defendant.
17

18
        This matter comes before the Court on Plaintiff's Motion to Amend Complaint to
19
    Clarify Status of Defendants and Motion to Remand, docket no. 5.  The Court being fully
20
    advised now GRANTS the motions as set forth in this Order:
21
        **Plaintiff's Motion to Amend Complaint to Clarify Status of Defendants**
22
        Plaintiff, Rob Rinde, failed to plead the existence of two defendants in his Complaint.
23
    See Compl., docket 3.  The Court therefore construes Plaintiff's Motion to Amend
24
    Complaint to Clarify Status of Defendants as a motion to join the "'Mormon Church' The
25
    Church of Jesus Christ of Latter-Day Saints" (hereinafter referred to as the "Mormon
26
    Church") as a defendant.

    MINUTE ORDER  1–

    Exhibit____ Page 225

1    The Mormon Church is an unincorporated association with members in all fifty states.

2  Rytting Decl., docket 7, ¶ 5; Def.'s Opp'n, docket 6, at 2. It is well-established that the

3  citizenship of unincorporated associations is the citizenship of each of the individual

4  members of the association. Johnson v. Columbia Props. Anchorage, 437 F.3d 894, 899 (9th

5  Cir. 2006). Thus, the Mormon Church is a non-diverse defendant.

6    "[T]he proper standard for deciding whether to allow post-removal joinder of a

7  diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e)." Boon v. Allstate Ins.

8  Co., 229 F. Supp. 2d 1016, 1020 n.2 (C.D. Cal. 2002). Section 1447(e) provides: "If after

9  removal the plaintiff seeks to join additional defendants whose joinder would destroy subject

10  matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to

11  the State court." 28 U.S.C. § 1447(e). Joinder of a diversity-destroying defendant pursuant

12  to Section 1447(e) is left to the discretion of the district court. Newcombe v. Adolf Coors

13  Co., 157 F.3d 686, 691 (9th Cir. 1998).

14    Having considered the six factors described in Boon, 229 F. Supp. 2d at 1019-20, the

15  Court concludes that permitting joinder under Section 1447(e) is appropriate in the present

16  case. Permitting joinder of the Mormon Church would facilitate a just adjudication of the

17  matter. Conversely, disallowing joinder would hinder Mr. Rinde from asserting his rights

18  against an entity allegedly involved in the breach of duties and related causes of action. See

19  IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, 125 F. Supp. 2d 1008, 1012

20  (N.D. Cal. 2000). The absence of the Mormon Church as a named defendant could preclude

21  Mr. Rinde from recovering damages for any fault attributable to the Mormon Church. See

22  Kottler v. Wetherington, 136 Wn.2d 437, 445-47 (1998). In contrast, "[t]here will be little

23  prejudice to Defendant[] from allowing amendment and remand at such an early stage in the

24  case." Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 657 (S.D. Cal. 2000). Although

25  Defendant Corporation of the President of the Church of Jesus Christ of Latter-Day Saints

26  ("COP") argues that Mr. Rinde's sole purpose for seeking joinder is to destroy diversity

MINUTE ORDER  2–

1  jurisdiction, the Court "declines to impute an improper motive to Plaintiff simply because
2  Plaintiff seeks to add a non-diverse defendant post-removal." IBC Aviation Servs., 125 F.
3  Supp. 2d at 1012.

4          COP also contends that the Mormon Church is not a proper party because once a
5  religious entity has chosen to incorporate, only the corporate form may be sued. The cases
6  cited by COP, however, merely support the general rule that religious controversies are not
7  the proper subject of civil court inquiry. See, e.g., Islamic Ctr. of Harrison, Inc. v. Islamic
8  Science Found., Inc., 628 N.Y.S. 2d 179, 179 (App. Div. 1995). Although the Free Exercise
9  Clause of the United States Constitution "restricts the government's ability to intrude into
10 ecclesiastical matters or to interfere with a church's governance of its own affairs," Bollard
11 v. California Province of the Soc'y of Jesus, 196 F.3d 940, 945 (9th Cir. 1999), a religious
12 association does not operate wholly free from civil law. "The First Amendment does not
13 provide churches with absolute immunity to engage in tortious conduct. So long as liability
14 is predicated on secular conduct and does not involve the interpretation of church doctrine or
15 religious beliefs, it does not offend constitutional principles." C.J.C. v. Corp. of Catholic
16 Bishop of Yakima, 138 Wn.2d 699, 728 (1999) (citing Sanders v. Casa View Baptist Church,
17 134 F.3d 311, 366 (5th Cir. 1998)).

18          For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Amend
19 Complaint to Clarify Status of Defendants, docket no. 5. The Clerk is directed to file the
20 Proposed Amended Complaint, attached as Exhibit A to the Kosnoff Decl., docket no. 5.

21          **Plaintiff's Motion to Remand**

22          Diversity jurisdiction requires complete diversity of citizenship between the parties to
23 an action. 28 U.S.C. § 1332(a); Cardon v. Arkoma Assocs., 494 U.S. 185, 187 (1990). Once
24 a non-diverse defendant is joined, remand becomes mandatory: "[a] district court may not
25 allow joinder of a non-diverse party and retain jurisdiction." Stevens v. Brink's Home
26 Security, Inc., 378 F.3d 944, 949 (9th Cir. 2004); see also 28 U.S.C. § 1447(e). Because the

MINUTE ORDER  3–

1  Court is granting Plaintiff's motion to join the Mormon Church as a non-diverse defendant,

2  remand is mandatory.  Accordingly, the Court GRANTS the Plaintiff's Motion to Remand,

3  docket no. 5.

4        The Clerk is directed to remand the case to King County Superior Court, Case No. 06-

5  2-09825-1SEA, in accordance with this Order.

6        IT IS SO ORDERED.

7        Filed and entered this 30th day of June, 2006.

8

9                              Thomas S Zilly

10                             Thomas S. Zilly
                               United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MINUTE ORDER  4—

1

2

3

4

5

6

7

8

9    UNITED STATES DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
10    AT SEATTLE

11   ROB RINDE f/k/a ROBERT LARRY LEROY
      PITSOR, JR.                                           NO. 2:06-CV-00556TSZ
12
                  Plaintiff,                                AMENDED COMPLAINT
13
14   vs.

15   THE CORPORATION OF THE PRESIDENT
      OF THE CHURCH OF JESUS CHRIST OF
16   LATTER-DAY SAINTS, a Utah corporation
      sole; and the "MORMON CHURCH" THE
17   CHURCH OF JESUS CHRIST OF LATTER-
      DAY SAINTS, an unincorporated association,
18
19               Defendants.

20

21              I.    GENERAL ALLEGATIONS

22        This case alleges child sexual abuse, sexual assault and sexual battery, intentional

23   infliction of emotional distress (aka the Tort of "Outrage"), civil conspiracy, fraudulent

24   concealment and gross negligence.  It arises out of the brutal victimization of plaintiff when

25   he was twelve years old by PAUL H. LEWIS, a Mormon Church Scoutmaster and

26

AMENDED COMPLAINT - 1 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]
                                          LAW OFFICES
                               GORDON, THOMAS, HONEYWELL, MALANCA,
                                       PETERSON & DAHEIM LLP
                                         ONE UNION SQUARE
                                      900 UNIVERSITY, SUITE 2100
                                      SEATTLE, WASHINGTON 98101-4185
                                   (206) 676-7500 - FACSIMILE (206) 676-7575

Melchesidek priest. LEWIS sodomized plaintiff, beat and choked him and forced a wire coat hanger up his penis inflicting permanent injury to his urogenital system that resulted in excruciating physical and emotional pain that persists to this day.    When he was approximately fourteen years old Plaintiff disclosed the abuse to civil authorities. Three church officials, including one who was a Seattle attorney, a Bellevue ward bishop and another local church leader knowing that plaintiff's accusations were true pressured plaintiff into not cooperating with law enforcement officials who were investigating LEWIS. These church officials acted as part of a coordinated effort to shield fellow priest LEWIS from the law and to protect the Mormon Church from scandal and civil liability.

## II.    PARTIES

2.1    Plaintiff ROB RINDE, (known as Larry Pitsor at relevant times), is an adult and at all times relevant hereto was a boy residing with his mother and siblings first in Seattle, and then in Bellevue, Washington. Plaintiff was born December 8, 1969. ROB RINDE, his mother and his four siblings were recruited into the Church of Jesus Christ of Latter-day Saints (hereinafter the "Mormon Church").

2.2    Defendant THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST LATTER-DAY SAINTS, a Utah corporation sole, is a corporation duly organized and operating pursuant to the laws of Utah. This defendant also operates as the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, which is an unincorporated association. This defendant will hereinafter be referred to as COP. COP operates churches within the State of Washington.

2.3    Defendant the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, is an unincorporated association.    This defendant will hereinafter be referred to as the "Mormon Church." The Mormon Church operates churches within the State of Washington.

AMENDED COMPLAINT - 2 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Exhibit___ Page 230

### III.   JURISDICTION AND VENUE

3.1    Jurisdiction and venue are proper in this Court because the acts giving rise to this claim occurred in Bellevue, King County, Washington.

### IV.   FACTS

4.1    "COP" is a corporation governed by a single individual, the President of the Mormon Church, Gordon B. Hinckley. The President wields ultimate and absolute authority within the Mormon Church. Mr. Hinckley, is the "Divine Prophet, Seer and Revelator" of the Church and has the authority to appoint and remove anyone in the Mormon Church, including all members of wards and stakes, at will. The President of the Mormon Church controls everything in the Mormon Church and all of its wards and stakes. As such, the President of the Church has authority to dictate changes in Church policy, discipline, ecclesiastical doctrine or anything else he so chooses. The acts of the President, in his capacity as head of the Mormon Church, are the acts of COP. COP is registered to do business within, and conducts continuous and systematic activities within, the State of Washington. At all relevant times, plaintiff was a member of and attended a Seattle and/or a Bellevue ward of the Mormon Church.

4.2    Adult male members of the Church are eligible to be ordained as "Priests." There are various levels of priesthood, including elevation to the rank of "Elder," "Melchesidek Priest," "High Priest." Elders, Melchesidek Priests and High Priests are held out by the Mormon Church as men that are "morally worthy" and deserving of the trust of its members.

4.3    At all relevant times, COP and the Mormon Church assumed special responsibilities toward its members including a disciplinary and red-flagging system meant to identify and track sexual predators and other dangerous individuals within the membership in order to protect innocent members from harm they might inflict.

AMENDED COMPLAINT - 3 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

4.4    The Mormon Church itself are closely affiliated with the Boy Scouts of America. The Mormon Church is the oldest and one of the largest sponsoring organizations of boy scouting in the United States. Since 1913 the Mormon Church has used the Scouting program as an integral part of its ministry to boys and young men. Scouting is the exclusive youth activity for males in the Mormon Church.

4.5    During the relevant time period, COP and the Mormon Church adopted guidelines for handling victims of child sexual abuse and sex offenders. They failed to follow their guidelines with respect to LEWIS.

4.6    During the approximate time period of 1981-1983, when RINDE was around twelve years old, LEWIS was RINDE's ward scoutmaster. At that time LEWIS was in the United States Navy and was a transient with no ties or history to the area prior to the church placing LEWIS in the position of Scoutmaster of a Seattle ward to which RINDE was a member.

4.7    Using his position of authority as Scoutmaster and Mormon Priest, LEWIS was able to gain access to RINDE and use that access to groom and then molest, rape and sadistically torture him.

4.8    LEWIS sexually molested RINDE at various locations in the Seattle area including at an apartment to which LEWIS had unrestricted access, in the swimming pool, locker room/shower and steam bath at Sand Point Naval Air Station, and in a motel room in Issaquah.

4.9    The most appalling acts of abuse occurred in a room at Motel 6 in Issaquah in approximately 1983. LEWIS used physical violence against RINDE, sodomizing him and forcing RINDE to orally copulate LEWIS. LEWIS then took a wire coat hanger and forced it into RINDE's urethra causing him to hemorrhage and causing chronic and irreparable injury to his penis and urogenital system. These were acts of childhood sexual abuse, which acts

AMENDED COMPLAINT - 4 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

were also violations of chapter 9A.44 RCW or RCW 9.68A.040 or prior laws of similar effect at the time the acts were committed.

4.10    In approximately 1984 or 1985, RINDE disclosed the abuse and his mother reported it to the civil and church authorities. A criminal investigation of LEWIS ensued. Church officials described herein above shielded LEWIS from the law. The same church officials urged RINDE, then age fourteen (14), to not cooperate with the law enforcement investigation of LEWIS thereby allowing LEWIS to evade criminal prosecution and to move to another state where he eventually sexually molested more children. These church officials told him that he would not be believed, that it would be "his word" against LEWIS, that his allegations would hurt the image and reputation of the Mormon Church, that RINDE would be ridiculed and derided by church members in addition to other comments calculated to intimidate RINDE from cooperating with the civil authorities investigating LEWIS.

4.11    Church leaders told RINDE that the church would "take care of things," that they would help him with therapy and that they would help his family financially.

4.12    An abuse victim advocate in the King County Prosecutor's office arranged a meeting with RINDE at her office. Before she could meet privately with RINDE, Mormon Church leaders interfered in the investigative process. The three adult male Church officials went to RINDE'S home and told him that they would take him to the meeting at the prosecutor's office downtown. On the ride downtown in the car the three adult Mormon church officials pressured RINDE not to cooperate with law enforcement officials.

4.13    At the meeting, the church official that was a licensed Washington attorney told the victim's advocate that he was RINDE'S attorney which was untrue. The church official/lawyer told the victim advocate he would not permit her to interview RINDE in private.

AMENDED COMPLAINT - 5 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7000 · FACSIMILE (206) 676-7575

Exhibit    Page 233

4.14   RINDE succumbed to the Church's pressure not to cooperate.  As a result, charges against LEWIS were not filed.  Soon thereafter LEWIS moved to another state and joined a another ward of the Mormon Church.

## V.   FIRST CAUSE OF ACTION
### (Negligence based on Common Law and breach of Fiduciary Duty)

5.1   Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges:

5.2   Defendants COP and the Mormon Church each had a common law duty to plaintiff to protect him from the criminal acts of LEWIS.

5.3   Defendants COP and the Mormon Church each breached their duty to protect plaintiff and plaintiff was damaged thereby.

5.4   Defendants COP and the Mormon Church had a "special relationship" with plaintiff and with LEWIS. They knew or should have known that LEWIS was a sadistic serial pedophile that was actively abusing children, COP and the Mormon Church each had a duty to use reasonable care in the hiring, supervision or retention of LEWIS as scoutmaster and also had a duty to warn or protect foreseeable victims including plaintiff. LEWIS' positions within the defendants' church were causally connected to and served to enable LEWIS to gain access to and abuse plaintiff.

5.5   The Mormon Church's bishops, stake presidents and Boy Scout leaders within the State of Washington breached both a duty of reasonable care in hiring, supervising or retaining LEWIS as scoutmaster and by failing to warn or protect children and/or by failing to report their knowledge of LEWIS's sexual abuse of children to civil authorities,.

5.6   But for the breach of duty, acts, omissions and intentional misconduct of COP and the Mormon Church, church bishops, boy scout leaders, stake presidents and area presidents, LEWIS would not have been able to abuse plaintiff.

AMENDED COMPLAINT - 6 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 90101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Exhibit ___ Page 234

5.7    COP's failure to adhere to its previously adopted guidelines for handling victims of child sexual abuse and sex offenders caused harm to the plaintiff. The harm plaintiff suffered as a result of defendants' negligence was the harm contemplated in COP's Handbook of Instruction to its clergy.

5.8    Notwithstanding Defendants' duties, defendant failed to train and supervise its hierarchal clergy in the proper implementation of its guidelines, policies and procedures regarding the treatment of victims of child sexual abuse, to monitor and insure compliance with their guidelines, policies and procedures, treatment of child sexual abusers and reporting of child sexual abuse.

5.9    Defendants knew, or in the exercise of reasonable care should have known, that their failure to report LEWIS to appropriate law enforcement or social services agencies would result in LEWIS sexually abusing children including plaintiff, and in plaintiff failing to obtain adequate treatment.

5.10    As a result of the molestation, breach of trust, and statutory violations, plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be determined. As a further result of the sexual abuse, plaintiff incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial.

## VI.    SECOND CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

6.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

6.2    Defendants knew, or in the exercise of reasonable care should have known, that tampering with a witness was unlawful and that such conduct as pressuring victims not to

AMENDED COMPLAINT - 7 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7000 - FACSIMILE (206) 676-7575

disclose, would be harmful to the best interests and psychological well-being of child victims of sexual abuse, including plaintiff.

6.3     Defendants knew or should have known that pressuring plaintiff not to cooperate with the civil authorities' investigation of LEWIS would greatly exacerbate plaintiff's physical, emotional and psychological injuries and, in fact, the defendants' conduct greatly exacerbated plaintiff's physical, emotional and psychological injuries.

6.4     Defendant knew that plaintiff had been subjected to horrific sexual abuse at the hands of its Scoutmaster and Melchesidek Priest PAUL LEWIS and knew that plaintiff had and would continue to suffer emotional, psychological and physical injuries and that unless he received appropriate assistance from civil authorities, that his injuries would be greatly exacerbated and much more difficult to treat with the passage of time.

6.5     The Church, being more concerned about shielding itself from scandal and potential civil liability and intent on protecting the public image of its all-male Mormon priesthood at the expense of aiding a gravely injured child that was plaintiff, pressured plaintiff in to not cooperating with the civil authorities with full knowledge of or with reckless disregard of the emotional and psychological injuries its conduct was certain to inflict.

6.6     Defendants' conduct was an outrageous violation of societal norms and went so far beyond all possible bounds of decency, so as to be regarded as atrocious, and utterly intolerable in a civilized community, and resulted in severe emotional distress.

6.7     As a further result of the defendants' intentional conduct, plaintiff has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial. As a result of the defendants' conduct, plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be proved at trial.

AMENDED COMPLAINT - 8 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANGA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## VII.   THIRD CAUSE OF ACTION
### (Estoppel and Fraudulent Concealment)

7.1     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

7.2     The Church defendants, and each of them, engaged in a plan of action to cover up incidents of the sexual abuse of minors by its Melchesidek priests and scout leaders and to prevent disclosure, prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, the transfer of abusive Melchesidek priests and scoutmasters, coercion of victims and their families and by failure to seek out and redress the injuries these men had caused. Based on these actions, the defendants engaged in fraudulent concealment and are estopped from asserting defense of limitations.

## VIII.   FOURTH CAUSE OF ACTION
### (Civil Conspiracy)

8.1     Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further allege:

8.2     Defendants and others conspired to cover up incidents of sexual abuse of minors by its Mormon priests and scout leaders, including LEWIS and to prevent disclosure, prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, aiding criminal child molesters in evading detection, arrest and prosecution, allowing them to cross state and international borders for purposes of gaining access to uninformed parents whose innocent children could be sexually abused, failure to warn, and by failure to seek out and redress the injuries its Melchesidek priests and scoutmasters had caused. Based on these actions, the defendants conspired for the unlawful purpose of concealing and suppressing information on the danger and threat that scoutmaster and priests like LEWIS posed to unsuspecting children, including the plaintiff.

AMENDED COMPLAINT - 9 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment against both defendants, jointly and severally, and in plaintiff's behalf, for the following:

1.    For special damages for medical treatment expenses, lost earnings, and lost earnings capacity, and the expenses of medication and other special expenses, both in the past and continuing into the future, in amounts to be determined at the time of trial;

2.    For all general damages, for physical, mental and emotional injury and disturbance, and other disorders resulting from the acts complained of herein;

3.    For attorney's fees, prejudgment interest, costs and exemplary damages allowed by RCW 9.68A.130 and other law; and

4.    For such other and further relief as this Court determines just in the premises.

Dated this _____ day of May, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By:_____
    Michael T. Pfau, WSBA No. 24649
    mpfau@gth-law.com
    Michelle A. Menely, WSBA No. 28353
    mmenely@gth-law.com
    Co-Counsel for Plaintiff

LAW OFFICES OF TIMOTHY D. KOSNOFF

By:_____
    Timothy D. Kosnoff, WSBA No. 16586
    timkosnoff@comcast.net
    Co-Counsel for Plaintiff

AMENDED COMPLAINT - 10 of 10
(2:06-CV-00556TSZ)
[Amended Complaint.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

Exhibit___ Page 238



**King County**
**Department of Judicial Administration**
Barbara Miner, Director and
*Superior Court Clerk*
(206) 296-9300   (206) 296-0100 TTY/TDD

8/14/2006

FILED

06 AUG 14 PM 2: 05

KING COUNTY
SUPERIOR COURT CLERK
KENT. WA

ENT'D

ORIGINAL

KOSNOFF, TIMOTHY DAVID
600 UNIVERSITY ST STE 2100
SEATTLE, WA  98101-4161

GORDON, CHARLES COOPER
1001 4TH AVE STE 4000
SEATTLE, WA  98154-1007

TILDEN, JEFFREY IVER
1001 4TH AVE STE 4000
SEATTLE, WA  98154-1007

RE:  RINDE FKA  vs  CORP OF THE PRES OF THE CHURCH OF LATTER DAY SAINTS AKA
King County Superior Court No.  06-2-09825-1 SEA

**Dear Counsel:**

On  03-22-2006, a case was filed with King County Superior Court and an Order Setting an Original Trial
date of  09-04-2007 was issued. This matter was disposed on  04-19-2006 by a filing of Notice of Filing
Petition for Removal to U.S. District Court. On  08-11-2006, we received notification that this matter has
been returned to our jurisdiction.

☐ This is to advise you that the case has been reinstated.   Because the trial date has passed, you need to
motion the Chief Civil Judge to issue a trial date and an amended schedule.
☐ This matter is assigned to Judge         . Because the trial date has passed, you need to motion your
assigned judge for a new trial date and an amended schedule.
XX - This is to advise you that the case has been reinstated and the trial date is  09-04-2007. This matter is
assigned to Judge  William L. Downing, Dept. 43, Tel. No. 296-9362.

**Please notify all interested parties of the reinstatement of the case.**

Sincerely,

Brenda Belcher, Deputy Clerk

*Seattle:*
516 Third Avenue Room E609
Seattle, WA 98104-2386

*Regional Justice Center:*
401 Fourth Avenue North Room 2C
Kent, WA 98032-4429

*Juvenile:*
1211 East Alder Room 307
Seattle, WA 98122-5598

Exhibit     Page 239

FILED

2006 AUG 23  PM 4: 37

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE. WA.

1
2
3
4
5
6
7
8
9
10
11                                                          The Honorable William L. Downing
12
13                    SUPERIOR COURT OF THE STATE OF WASHINGTON
14                                   FOR KING COUNTY
15
16   ROB RINDE f/k/a ROBERT LARRY LEROY
17   PITSOR, JR.,                                    NO.  06-2-09825-1 SEA
18
19                   Plaintiff,                      SUBPOENA DUCES TECUM
20                                                   DIRECTED TO THE CUSTODIAN
21          v.                                       OF RECORDS FOR CHILD
22                                                   PROTECTIVE SERVICES,
23   THE CORPORATION OF THE PRESIDENT                SPOKANE
24   OF THE CHURCH OF JESUS CHRIST OF
25   LATTER-DAY SAINTS, a Utah corporation
26   sole, aka the "MORMON CHURCH" THE
27·  CHURCH OF JESUS CHRIST OF LATTER-
28   DAY SAINTS, an unincorporated association,
29
30                   Defendant.
31
32
33   TO:    Records Custodian, Child Protective Services
34          Spokane DCFS : MS B32-21
35          1313 N. Atlantic St., Ste 2000
36          Spokane, WA 99201- 2318
37
38          YOU ARE HEREBY COMMANDED to appear at the offices of Spokane DCFS, 1313
39
40   N. Atlantic St., Ste 2000, Spokane, WA  99201- 2318, on Thursday, September 14, at 9:00 a.m.,
41
42   or at some otherwise mutually agreed upon place and time, to testify at the taking of a deposition
43
44   in the above case.
45
46

SUBPOENA DUCES TECUM, DCFS SPOKANE - 1                GORDON MURRAY TILDEN LLP
                                                      1001 Fourth Avenue, Suite 4000
                                                      Seattle, WA  98154-1007
                                                      Phone (206) 467-6477
                                                      Fax (206) 467-6292

Exhibit____ Page 240

You are further commanded to bring with you and produce at that time the following documents:

    1.     Any and all records in your possession relating to Robert Paul Rinde aka Robert Larry Leroy Pitsor, (date of birth: 12/8/69) believed to have filed a complaint of minor sexual abuse against Paul Lewis in the 1983-1985 time frame. Mr. Rinde/Pitsor's mother is Anne Mitchell Rinde aka Joyce Ann Pitsor.

    2.     Any and all records in your possession relating to any complaints against Paul Lewis (date of birth: 8/29/45).

    3.     Any and all records in your possession relating to any complaints against Robert Paul Rinde aka Robert Larry Leroy Pitsor.

COUNSEL FOR DEFENDANT WILL WAIVE APPEARANCE IF COPIES OF THE RECORDS ARE RECEIVED IN ADVANCE OF THE DATE SET OUT ABOVE.

HOW TO COMPLY WITH THE SUBPOENA:

If you have not received a Protective Order barring release of these records, you may comply with this subpoena by providing complete and legible copies of the documents requested above no later than September 7, 2006, to the undersigned attorneys.

If you follow such procedure, then please sign and return the attached Declaration of Records Custodian along with the records.

FAILURE TO OBEY THIS SUBPOENA MAY BE DEEMED A CONTEMPT OF THE COURT.

For your information, counsel for Robert Paul Rinde are:

SUBPOENA DUCES TECUM, DCFS SPOKANE - 2

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit____ Page 241

1
2   Michael T. Pfau
3   Michelle A. Menely
    Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
4   600 University, Suite 2100
5   Seattle, WA 98101-4185
6   Telephone:    (206) 676-7500
7
8   Timothy D. Kosnoff
9   Law Offices of Timothy D. Kosnoff
10  One Union Square
11  600 University Street, Suite 2101
12  Seattle, WA 98101
13  Telephone:    (206) 676-7610
14
15
16  DATED this 23rd day of August, 2006.
17
18
19                          GORDON MURRAY TILDEN LLP
20
21
22              By _____
23                      Charles C. Gordon, WSBA #1773
24                      Jeffrey I. Tilden, WSBA #12219
25                  Attorneys for Defendant The Corporation of the
26                  President of the Church of Jesus Christ of Latter-Day
27                  Saints
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46

SUBPOENA DUCES TECUM, DCFS SPOKANE - 3            GORDON MURRAY TILDEN LLP
                                                  1001 Fourth Avenue, Suite 4000
                                                  Seattle, WA 98154-1007
                                                  Phone (206) 467-6477
                                                  Fax (206) 467-6292

Exhibit____ Page 242

## DECLARATION OF CUSTODIAN OF RECORDS

Re:    Robert Paul Rinde

I, _____, being the duly authorized Custodian of Records
at:

|           |                                                          |
|-----------|----------------------------------------------------------|
| Facility: | Child Protective Services                                |
|           | Spokane DCFS : MS B32-21                                  |
|           | Washington State Dept. of Social and Health Services     |
| Address:  | 1313 N. Atlantic St., Ste 2000                           |
| City:     | Spokane, WA 99201-2318                                    |

do declare:

( )    That as of the date of this declaration, I have supplied a true copy of all
       records requested by Defendant The Corporation of the President of the
       Church of Jesus Christ of Latter-Day Saints related to the above-mentioned
       matter, which were kept and maintained by this facility in the usual course of
       business.

( )    That as of the date of this declaration, no records requested by Defendant The
       Corporation of the President of the Church of Jesus Christ of Latter-Day
       Saints related to the above-mentioned matter are in the possession of this
       facility.

Pursuant to RCW 9A.72.085, I hereby certify and declare under the penalty of perjury
under the laws of the State of Washington that the foregoing is true and correct.

Executed this ____ day of _____, 2006, at _____,
Washington.


Custodian Signature: _____

[Subpoena Duces Tecum--WA DCFS,Spokane]

SUBPOENA DUCES TECUM, DCFS SPOKANE - 4

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit____ Page 243

DECLARATION OF SERVICE

The undersigned hereby certifies that on the date indicated below, true and correct copies

of the foregoing document were served at the following addresses via the methods indicated:

Records Custodian, Child Protective Services
Spokane DCFS : MS B32-21
1313 N. Atlantic St., Ste 2000
Spokane, WA 99201-2318
(X) Certified Mail    ( ) Hand Delivery        ( ) Via e-mail

Michael T. Pfau
Michelle A. Menely
Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
600 University, Suite 2100
Seattle, WA 98101-4185
(X) First Class Mail  ( ) Hand Delivery        ( ) Via e-mail

Timothy D. Kosnoff
Law Offices of Timothy D. Kosnoff
600 University Street, Suite 2101
Seattle, WA 98101
(X) First Class Mail  ( ) Hand Delivery        ( ) Via e-mail

King County Superior Court
516 Third Avenue
Seattle, WA 98101
( ) First Class Mail  (X) Hand Delivery        ( ) Via e-mail

Washington State Attorney General's Office
1116 W Riverside Ave
Spokane, WA 99201-1194
(X) First Class Mail   ( ) Hand Delivery        ( ) Via e-mail

DATED this 23rd day of August 2006.

John K. Iki

SUBPOENA DUCES TECUM, DCFS SPOKANE - 5

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit___ Page 244

FILED

2006 AUG 25 PM 3: 23

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

## SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON

| | |
|---|---|
| ROB RINDE f/k/a ROBERT LARRY LEROY PITSOR, JR. | Cause #:   06-2-09825-1SEA |
| Plaintiff/Petitioner | |
| | Declaration of Service of: |
| vs. | |
| THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, A UTAH CORPORATION SOLE, aka THE MORMOM CHURCH THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, AN UNINCORPORATED ASSOCIATION | SUBPOENA DUCES TECUM; WITNESS FEE CHECK |
| Defendant/Respondent | Hearing Date:   Sep 14 2006 |

Declaration:

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the date and time of Aug 23 2006  2:35PM  at the address of 1115 WASHINGTON ST SE  OLYMPIA, within the County of THURSTON, State of WASHINGTON, the declarant duly served the above described documents upon RECORDS CUSTODIAN, STATE OF WASHINGTON DEPARTMENT OF SOCIAL AND HEALTH SERVICES   by then and there personally delivering 0 true and correct copy(ies) thereof, by then presenting to and leaving the same with DICK SYPHER ADM. SEC. IN CHILDREN'S. ADMINISTRATION HQ SECTION.

No information was provided that indicates that the subjects served are members of the U.S. military.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: August 24, 2006 at Olympia, WA

by _____          Service Fee Total: $      62.10
          B. Toye

ABC Legal Services, Inc.                                      Gordon, Murray & Tilden
206 521-9000                                                  1001 4th Ave, #4000
Tracking #: 3384926                  **ORIGINAL**             Seattle, WA   98154
                                     PROOF OF SERVICE         206 467-6477

Exhibit____ Page 245      age 1 of 1

FILED

2006 AUG 29 PM 2:36

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| ROB RINDE f/k/a ROBERT LARRY LEROY PITSOR, JR., | Cause No.   06-2-09825-1 SEA |
| Plaintiff, | OBJECTION TO SUBPOENA DUCES TECUM |
| v. | |
| THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, aka the "MORMAN CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association, | |
| Defendant. | |

COMES NOW the Department of Social and Health Services, by and through its attorneys, Rob McKenna, Attorney General and Hilery M. Kirchmeier, Assistant Attorney General, and objects pursuant to the provisions of CR 45(d)(1) to the subpoena duces tecum dated August 21, 2006 directed to Records Custodian, State of Washington Department of Social and Health Services, 1115 Washington St. SE, Olympia, WA 98504, and issued by Charles C. Gordon and Jeffrey I. Tilden attorneys for The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints, for the inspection and production of child

---

OBJECTION TO SUBPOENA DUCES TECUM          1
Rev. 04/01 pp

ATTORNEY GENERAL OF WASHINGTON
900 Fourth Avenue, Suite 2000
Seattle, WA 98164
(206) 464-7744

ORIGINAL

1  protective services records relating to Anne Mitchell Rinde aka Joyce Ann Pitsor and Robert

2  Paul Rinde aka Robert Larry Leroy Pitsor.

3       This objection to the subpoena duces tecum is based on the following grounds:

4       1.    Pursuant to the Child Abuse Prevention and Treatment Act and specifically

5  42 USC § 5106a(b) states are required to provide methods to preserve the confidentiality of

6  all records in order to protect the rights of the child and the child's parents.

7       2.    Pursuant to 45 CFR § 1340.20 states are required to "hold all information

8  related to personal facts or circumstances about individuals" involved in child abuse

9  programs or projects as confidential. Further, 45 CFR § 1340.14(i)(I) states the

10  unauthorized disclosure of child protective services records is a criminal offense.

11       3.    Under Title 74 "Public Assistance," RCW 74.04.060 provides for the

12  confidentiality of DSHS records in general including CPS records and public assistance

13  records. RCW 74.04.060 requires the confidentiality of DSHS records and states that "for

14  the protection of applicants and recipients, the department ... (is) prohibited except as

15  hereinafter provided from disclosing the contents of any records ... except for purposes

16  directly connected with the administration of the programs of this title". RCW 74.04.060

17  further states that in any judicial proceeding, except those directly concerned with the

18  administration of these programs, such records .... and their contents, shall be deemed

19  privileged communications". In this case the records are being sought in a civil proceeding

20  which is not directly connected with any program under Title 74.

21       4.    Mr. Rinde and Mr. Pitsor are considered by the Department to be applicants

22  and recipients of services provided pursuant to Title 74 and thus under RCW 74.04.060

23  these CPS records are privileged.

24       5.    DSHS records are confidential and privileged under RCW 13.50 and can

25  only be released as provided by that statute. RCW 13.50.100.

26  OBJECTION TO SUBPOENA DUCES TECUM        2        ATTORNEY GENERAL OF WASHINGTON
Rev. 04/01 pp                                   900 Fourth Avenue, Suite 2000
                                              Seattle, WA 98164
                                              (206) 464-7744

1       This objection has been filed pursuant to Civil Rule 45(d)(1) and any notices of

2   hearing or motions regarding this subpoena duces tecum are to be sent directly to counsel

3   designated below at the following address:

4               Office of the Attorney General
            900 Fourth Avenue Suite 2000

5               Seattle, WA  98164
            (206) 464-7045

6

7       All scheduling of hearings with proper notice are to be coordinated through the

8   undersigned Assistant Attorney General for the Department of Social and Health Services at

9   the above-stated address and telephone number.

    On the basis of the foregoing, the Department of Social and Health Services objects

10  to the improper subpoena duces tecum issued by attorneys for The Corporation of the

11  President of the Church of Jesus Christ of Latter-Day Saints.

12      DATED this _____ day of August, 2006.

13

14                            Presented by:

15                            ROB MCKENNA
                          Attorney General

16

17                            By

18                            HILERY M. KIRCHMEIER
                          Assistant Attorney General

19                            WSBA #30729

20

21

22

23

24

25

26  OBJECTION TO SUBPOENA DUCES TECUM      3          ATTORNEY GENERAL OF WASHINGTON
    Rev. 04/01 pp                                   900 Fourth Avenue, Suite 2000
                                               Seattle, WA  98164
                                             (206) 464-7744

FILED

1

2006 AUG 29  PM 2: 36

2

KING COUNTY
3    SUPERIOR COURT CLERK
SEATTLE. WA.

4

5

6

SUPERIOR COURT OF THE STATE OF WASHINGTON
7                          FOR KING COUNTY

8

| | |
|---|---|
| ROB RINDE f/k/a ROBERT LARRY LEROY PITSOR, JR., | Cause No.    06-2-09825-1 SEA |
| 9 | |
| Plaintiff, | OBJECTION TO SUBPOENA DUCES TECUM |
| 10 v. | |
| 11 | |
| 12 THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF | |
| 13 JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, aka the | |
| 14 "MORMAN CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY | |
| 15 SAINTS, an unincorporated association, | |
| 16 Defendant. | |

17

COMES NOW the Department of Social and Health Services, by and through its

18

attorneys, Rob McKenna, Attorney General and Hilery M. Kirchmeier, Assistant Attorney

19

General, and objects pursuant to the provisions of CR 45(d)(1) to the subpoena duces tecum

20

dated August 21, 2006 directed to Records Custodian, King East Office, State of

21

Washington Department of Social and Health Services, 805 -156th Ave NE, Bellevue, WA

22

98007, and issued by Charles C. Gordon and Jeffrey I. Tilden attorneys for The Corporation

23

of the President of the Church of Jesus Christ of Latter-Day Saints, for the inspection and

24

25

26  OBJECTION TO SUBPOENA DUCES TECUM          1          ATTORNEY GENERAL OF WASHINGTON
Rev. 04/01 pp                                                                       900 Fourth Avenue, Suite 2000
                                                                                            Seattle, WA  98164
                                                                                              (206) 464-7744

ORIGINAL

Exhibit___ Page 249

1  production of child protective services records relating to Anne Mitchell Rinde aka Joyce

2  Ann Pitsor and Robert Paul Rinde aka Robert Larry Leroy Pitsor.

3       This objection to the subpoena duces tecum is based on the following grounds:

4       1.    Pursuant to the Child Abuse Prevention and Treatment Act and specifically

5  42 USC § 5106a(b) states are required to provide methods to preserve the confidentiality of

6  all records in order to protect the rights of the child and the child's parents.

7       2.    Pursuant to 45 CFR § 1340.20 states are required to "hold all information

8  related to personal facts or circumstances about individuals" involved in child abuse

9  programs or projects as confidential.  Further, 45 CFR § 1340.14(i)(I) states the

10  unauthorized disclosure of child protective services records is a criminal offense.

11       3.    Under Title 74 "Public Assistance," RCW 74.04.060 provides for the

12  confidentiality of DSHS records in general including CPS records and public assistance

13  records.  RCW 74.04.060 requires the confidentiality of DSHS records and states that "for

14  the protection of applicants and recipients, the department ... (is) prohibited except as

15  hereinafter provided from disclosing the contents of any records ... except for purposes

16  directly connected with the administration of the programs of this title".  RCW 74.04.060

17  further states that in any judicial proceeding, except those directly concerned with the

18  administration of these programs, such records .... and their contents, shall be deemed

19  privileged communications".  In this case the records are being sought in a civil proceeding

20  which is not directly connected with any program under Title 74.

21       4.    Mr. Rinde and Mr. Pitsor are considered by the Department to be applicants

22  and recipients of services provided pursuant to Title 74 and thus under RCW 74.04.060

23  these CPS records are privileged.

24       5.    DSHS records are confidential and privileged under RCW 13.50 and can

25  only be released as provided by that statute. RCW 13.50.100.

26  OBJECTION TO SUBPOENA DUCES TECUM        2        ATTORNEY GENERAL OF WASHINGTON
   Rev. 04/01 pp                                                900 Fourth Avenue, Suite 2000
                                                              Seattle, WA 98164
                                                              (206) 464-7744