completely superfluous.  Plaintiff has sued the Church for one reason:  to defeat diversity

jurisdiction.  If the Church were deemed an "unincorporated association" with capacity to be

sued, the traditional rule is that such an association is a resident of any state in which it has

members, thus making diversity jurisdiction impossible.  COP's motion, if granted, merely

prevents plaintiff's counsel from forum shopping between federal and state court—adding or

omitting the Church as a defendant at times of plaintiff's counsel's whim.  Plaintiff's counsel has

represented several other plaintiffs in sexual abuse cases against COP, and in most of them the

Church is not a named defendant.[1]

      Second, the Church should be dismissed because plaintiff has failed to serve the Church

and, indeed, cannot practically do so under any circumstances.  Plaintiff attempted service on the

Church by serving a former clergy member, Gordon Conger, presumably on the belief that Mr.

Conger is the Church's agent.  However, service upon the Church (even if it were a proper party)

cannot be accomplished by serving an "agent" of the Church.  Washington law provides an agent

of an unincorporated association can be served when that association is "doing business" in

Washington.  Given that the Church has no employees and conducts no business in the State of

Washington, the Church is not "doing business" and thus cannot be served through an agent.

Thus, even if the Church were a proper party, which COP disputes, the Church could be served

only by serving each of its members in the State.  COP readily concedes that this is nearly

impossible as a practical matter and such impossibility serves only to highlight the impropriety

of joining the Church in this action.

---

[1] For example, and as discussed in more detail below, plaintiff's counsel did not name the Church as a defendant in the case recently tried against COP in the Western District of Washington.  Plaintiffs' counsel also represent a plaintiff in a federal action that does not name the Church as a defendant, *Ames v. Corporation of the President of the Church of Jesus Christ of Latter-day Saints.*

CORPORATION OF THE PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY SAINTS' MOTION TO
DISMISS - 3

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit____ Page_ 301

## II.    FACTS

A.    **Procedural History.**

Plaintiff initially named a single defendant, COP.[2]    COP removed the action to federal court.  Plaintiff then filed a motion to join the Church as a defendant and also a motion to remand.  Judge Zilly permitted Plaintiff to amend the Complaint to add the Church as a defendant.  Having permitted the amendment, and viewing the Church as an unincorporated association that is a citizen of every state in which a member resides, the court found diversity jurisdiction did not exist and therefore remanded the case to this Court.

Judge Zilly permitted plaintiff to amend the Complaint and add the Church based on the plaintiff's misrepresentation that COP might assert "that it is not the entity responsible for the acts of the Bishops, Stake Presidents and other officials involved in this case." Declaration of Michael Rosenberger, Ex. 2 at 3.[3]    Plaintiff thus suggested he "could be left with an 'empty chair' defendant." *Id.*  COP could not rebut these misrepresentations because they came in plaintiff's reply brief and the court did not hear oral argument.  The court relied on these statements and thus allowed Mr. Rinde to add the Church as a defendant, stating that "the absence of the Mormon church as a named defendant could preclude Mr. Rinde from recovering damages for any fault attributable to the Mormon church." Ex. 1 at 2.  The court then remanded the case to this Court.

Plaintiff's representation was blatantly false because COP does not distance itself from the acts of Church clergy—to the extent clergy were negligent while acting within the scope of

---

[2] The federal court to which the case was removed noted that Plaintiff "failed to plead the existence of two defendants in his Complaint." Declaration of Michael Rosenberger Ex. 1 at 1.

[3] Hereafter, subsequent citations to exhibits refer to exhibits to the Rosenberger declaration.

CORPORATION OF THE PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY SAINTS' MOTION TO
DISMISS - 4

**GORDON MURRAY TILDEN** LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit____ Page 3⁰²

their authority as clergy, COP concedes it is the entity that is responsible. As stated above,

counsel for the parties recently tried *R.K. v. The Corporation of the President of the Church of Jesus Christ of Latter Day Saints*, a sexual abuse case against COP (but not the Church) in the Western District of Washington. COP itself proposed a jury instruction —which the Court gave—that succinctly stated the relationship between COP and the Church:

> Defendant in this case is the corporation established by the Church of Jesus Christ of Latter-Day Saints to carry out the secular affairs of the Church. <u>Legally, it stands in the shoes of the Church.</u>

Exs. 3-4 (emphasis added).

Because plaintiff's misrepresentation concerning the "empty chair" risk occurred in plaintiff's reply brief on its motion to remand, COP had no ability to "set the record straight." However, it can do so here: the Church cannot be an "empty chair" to whom fault could be attributed under R.C.W. 4.22.070, <u>and COP would be willing to so stipulate</u>.

**B.    Similar Cases Show The Church is Not an Appropriate or Necessary Party.**

Plaintiff's counsel, Mssrs. Pfau and Kosnoff, represent current and former litigants in sex abuse cases against COP. Some of these cases are being litigated in federal court against only COP. Given that the Church is not needed to litigate these cases or to collect on any judgment, one must conclude the Church's presence as a party derives solely from plaintiff's counsel's opinion as to the forum most favorable for a given case.

The cases filed by plaintiff's counsel against COP include:

1. *R.K. v. The Corporation of the President of The Church of Jesus Christ of Latter-day Saints* (W.D. Wash. C04-2338 RSM): That case, discussed above, does <u>not</u> name the Church as a defendant. Four plaintiffs commenced the action, three of whom settled with

---

CORPORATION OF THE PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY SAINTS' MOTION TO
DISMISS - 5

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

COP, and R.K.'s claim went to trial. Plaintiff R.K. has appealed the judgment to the Ninth Circuit.

2. *David V. Ames v. The Corporation of the President of the Church of Jesus Christ of Latter-day Saints* (D.N.J., 2:06-cv-03441 –WJM-RJH). That sexual abuse case does not name the Church and was recently commenced in federal court in New Jersey. [4]

3. *Doe v. The Corporation of the President of The Church of Jesus Christ of Latter-day Saints* (King Co. Sup. Ct. 02-2-04105-1 KNT): That case, also on appeal, does not name the Church as a defendant. Ex. 7. COP did not remove the case to federal court because complete diversity was lacking; the plaintiffs and COP's co-defendant were Washington residents.

Hence, plaintiff's counsel are litigating three other cases in which COP is a named defendant—but not the Church. Surely, plaintiff's counsel cannot contend that plaintiff would be prejudiced if the Church were dismissed.

Plaintiff's counsel have filed one other case in this Court that names both COP and the Church. It is pending before Judge Inveen and is captioned *D.F. v. The Corporation of the President of the Church of Jesus Christ of Latter-day Saints, et. al.*, (No. 06-2-18131-0 KNT). In that case, COP has filed a nearly identical motion to dismiss the Church, and that motion will be argued on the same day as the present motion, February 9, 2007. If it would be of convenience to the Court, COP would be willing to argue the two motions simultaneously before both Judge Inveen and Judge Downing.

---

[4] Plaintiff's counsel do not appear on the Complaint in that action, Ex. 5, but the preceding demand letter identifies them as counsel for plaintiff Mr. Ames. Ex. 6.

CORPORATION OF THE PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY SAINTS' MOTION TO
DISMISS - 6

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit____ Page 304

C.     **Most Religious Organizations, Including the LDS and Catholic Churches, Operate Through a Form of Corporate Organization.**

Before addressing the specifics of the corporate existence of the LDS Church, it is appropriate to describe why religious organizations adopt a corporate form and the unique corporate form that is often used. Most religious organizations do not carry out church business through unincorporated associations. This is not surprising, given the disadvantages of this form of organization: "lack of limits on personal liability for the members and directors; difficulties in the ownership, receipt and succession of property, particularly real property; [and] complications in entering into legal transactions such as contracts and the initiation of lawsuits. . . ." Gerstenblith, *Associational Structures of Religious Organizations*, 1995 B.Y.U. L. Rev. 439, 444 (1995).

> For these reasons, most organizations which are of any size or complexity, which own property, or which desire to gain other advantages from a more formal corporate status choose to incorporate under one of the applicable state incorporation statutes.

*Id.*

Utah permits a religious organization to incorporate as a "corporation sole," thus permitting the incorporation of one or more high offices within the particular church. Utah Code Ann. § 16-7-1 et seq. Washington also permits this form of organization and, for example, the Catholic Bishop of Spokane and the Corporation of the Catholic Archbishop of Seattle are organized as corporations sole.[5]

> [A] corporation sole is the incorporation of the bishop or other presiding officer of the church for the purposes of administering and managing the affairs, property and temporalities of the church.

---

[5] According to the web site of the Washington Secretary of State, http://www.secstate.wa.gov/corps/, the Catholic Bishop of Spokane is an active corporation sole organized in 1915 and The Corporation of the Catholic Archbishop of Seattle is an active corporation sole organized in 1861.

CORPORATION OF THE PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY SAINTS' MOTION TO
DISMISS - 7

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit___ Page 305

> The principal purpose of a corporation sole is to insure the
> continuation of ownership of a religious organization's property. At
> the death of the individual holding the office, church property
> passes to the successor to the office for the benefit of the religious
> group, rather than passing to the officeholder's heirs.

Gerstenblith, *supra*, at 455. Utah's corporation sole statute grants corporate status and

protection to the incorporating religious organization, and provides that the entity shall have

power: (1) to "acquire," "possess" and "dispose" of real property; (2) "to borrow money"; (3)

"to contract and be contracted with"; (4) "to sue and be sued"; (5) "to plead and be impleaded in

all courts of justice"; and (6) to have a common seal. Utah Code Ann. § 16-7-6.

D.    **Defendant COP Exists to Conduct Temporal Affairs on Behalf of the Church.**

For nearly 75 years, COP has been incorporated as a corporation sole under Utah law.

Affidavit of Paul D. Rytting, ¶ 3. It has its headquarters in Salt Lake City, Utah. *Id.* It has

employees, owns significant assets and carries out church business. *Id.* COP, for example,

funds all Church-sponsored activities and outings.

E.    **The Church Is Concerned Solely with Spiritual Matters, Holds No Property, and
      Conducts No Business.**

As distinguished from COP, the Church exists solely as an ecclesiastical/spiritual

organization, with more than 27,000 congregations and more than 12.6 million members

worldwide. Rytting Affidavit ¶ 5. Under Church doctrine, the Church functions as the Kingdom

of God on earth. From time to time, the president or other "general authorities" of the Church

provide spiritual and doctrinal guidance to local Church leaders and the general membership. *Id.*

¶ 7. Local leaders of the Church also perform religious functions similar to those performed in

other religious organizations, including blessings, baptisms, confirmation, ordinations, and

the calling of members to serve in volunteer ecclesiastical positions. *Id.* The Church itself

---

CORPORATION OF THE PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY SAINTS' MOTION TO
DISMISS - 8

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit____ Page_306_.

has no corporate identity and no articles of association, bylaws, or rules governing legal existence. Instead, the Church is organized and governed by scripture, by modern revelation from God, and by the ecclesiastical doctrines and beliefs of the Church. *Id.* ¶ 6.

As a purely ecclesiastical and spiritual entity, the Church itself holds no assets or property. *Id.* ¶ 4. It does not do business in any state, nor is it registered to do so. *Id.* The Church has no employees and it has no money from which to pay salaries, employment taxes, or benefits. *Id.* Thus, if a judgment were rendered against the Church, it would be futile because the Church has absolutely no assets or property from which such a judgment could be satisfied. *Id.*

**F.    Plaintiff Has Purported to Serve the Church by Serving a Former Clergy Member.**

Even if the Church had the capacity to be sued, plaintiff has not accomplished effective service of process.

On Sunday, October 22, 2006, plaintiff attempted to serve the Church by serving Gordon Conger. Mr. Conger is a former clergy member of the Church. Although it is questionable whether Mr. Conger is an "agent" of the Church, this motion does not contest his status. Rather, COP contends that no service can be made on *any* agent because the Church is not "doing business" in Washington.

### III.    EVIDENCE RELIED UPON

1.    Declaration of Michael Rosenberger.

2.    Declaration of Paul D. Rytting.

### IV.    ARGUMENT

The factual setting from which this motion arises is novel. In most such cases, a personal injury plaintiff attempts to join the asset-rich corporate entity affiliated with a religious organization, and in some cases the corporate entity disputes responsibility for the torts of the

CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' MOTION TO DISMISS - 9

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit____ Page 307

actor in question.  Here, COP does not dispute that it will be liable for, and pay, any judgment

resulting from the negligence of Church agents acting within the scope of their authority.

Paradoxically, Plaintiff here seeks to maintain an action against an unincorporated

religious organization with no assets and for no reason bearing upon liability or damages.

Plaintiff's counsel seek to maintain the fiction of the Church as a necessary party so as to

preserve their discretion to defeat diversity jurisdiction when they perceive it in their interest to

do so.

A.    **The Church Has No Legal Status and is not a Proper Party.**

As a purely spiritual association with no worldly affairs, the Church cannot be sued and

thus is not a proper party.  Once a religious entity chooses to incorporate utilizing a valid and

recognized form of legal incorporation, one can bring suit *only* against the corporate form:

> [W]henever a religious society incorporates, it assumes a dual
> existence; two distinct entities come into being -- *one, the church,*
> *which is conceived and endures wholly free from the civil law*, and
> the other, the corporation created through the state prescribed
> method. Each remains separate although closely allied. *The*
> *components of the ecclesiastical interrelationship between the*
> *parent church and the subordinate body cannot be permitted*
> *to serve as a bridge capable of reaching the non-secular parent*
> *in a civil proceeding.*

*Folwell v. Bernard*, 477 So. 2d 1060, 1063 (Fla. App. 1985) (emphasis added) (citation omitted).

Other courts concur with *Folwell* and expressly acknowledge and respect the existence of two

separate yet related entities:  the spiritual or ecclesiastical entity that cannot be sued and over

which courts have no jurisdiction, and the temporal or corporate entity which is subject to

judicial control in accordance with statutory and constitutional restrictions.[6]

---

[6] *See, e.g., Trinity Presbyterian Church of Montgomery v. Tankersley*, 374 So.2d 861, 866 (Ala. 1979) ("[W]henever there is an incorporated church, there exist two entities... Questions involving the spiritual church are ecclesiastical

CORPORATION OF THE PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY SAINTS' MOTION TO
DISMISS - 10

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit___ Page 308

Where, as here, a religious denomination's corporate entity holds the denomination's assets and is fully capable of serving as the defendant in a lawsuit – in other words, where the religious entity is focused entirely on religious matters – courts should and must honor the corporate structure and deny attempts to drag the unincorporated religious entity into personal injury lawsuits.

**B.    The Church Is not an "Unincorporated Association."**

The Church has often been characterized or characterized itself as an unincorporated association. While this is somewhat descriptive insofar as it distinguishes it from an incorporated entity, it is not accurate in the legal sense.

The term "unincorporated association"—commonly associated with entities such as labor unions and homeowners' associations—refers to an association that operates absent any corporate form. *EEOC v. St. Francis Xavier Parochial School*, 77 F. Supp. 2d 71 (D.D.C. 1999). In that case, plaintiff brought a claim arising under the Americans with Disabilities Act against a Catholic church and school that were part of a parish within the incorporated Archdiocese of Washington. Plaintiff alleged that the school and church were unincorporated associations that were properly joined as parties under Federal Rule 17(b). The court disagreed with plaintiff's starting premise that the church and school were "unincorporated associations."

> While all of these definitions describe an unincorporated association as a collection of persons working together for a common objective, they also describe it as an entity operating without a corporate charter. The Court finds this latter characteristic determinative of whether an unincorporated division of a

---

in nature, and civil courts cannot decide any questions concerning this entity."); *Sorenson v. Logan*, 32 Ill.App.2d 294, 295-96, 177 N.E.2d 713 (1961) (same); *Koch v. Estes*, 146 Misc. 249, 252, 262 N.Y.S. 23 (1933) ("A religious corporation has a double aspect, the one spiritual, the other temporal. With regard to the former, courts have no concern"); *Willis v. Davis*, 323 S.W.2d 847 (Ky. Ct. App. 1959) ("such a corporation is civil in nature and is an entity distinguishable from an ecclesiastical society or association, the one having jurisdiction over the temporal or secular and the other over ecclesiastical or spiritual affairs").

---

CORPORATION OF THE PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY SAINTS' MOTION TO
DISMISS - 11

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

corporation meets the definition of an unincorporated association. Unlike the
unincorporated associations defined above, a division of a corporation does
operate with a charter -- the charter of the larger corporation.

*EEOC v. St. Francis Xavier*, 77 F. Supp. at 77. While the Church is not a division of COP, the

principle is equally applicable—the Church has established a corporation for carrying out its

worldly affairs.

The district court in *EEOC v. St. Francis Xavier* also reasoned that the unincorporated

entities' lack of assets buttressed the conclusion they were not proper parties.

This construction of "unincorporated association" is also consistent with the
rationale for denying unincorporated divisions of a corporation the capacity to be
sued in the first place. As discussed, this rationale arises out of an unincorporated
division's lack of independent assets: because any judgment against it must be
satisfied out of the corporation's assets, the corporation must be named, and
adjudged liable, as a party.

*Id.* at n. 9. Similarly, here, Plaintiff knew he needed to join COP, as it is the Church entity with

assets. Given COP's presence in this case, there is no reason to grant the unincorporated Church

the capacity to be sued.

COP concedes that this state permits unincorporated associations to be sued, as do many

other states. This is a function of necessity. For example, a person with a grievance against a

labor union would have no recourse if it (the labor union) was not subject to suit as an

unincorporated association. However, such is not the case here—Plaintiff rights, if any, can be

fully vindicated without the presence of the Church in this litigation. The Church is not an

"unincorporated association"—as that term is used to describe unions and other organizations

lacking corporate form—and thus lacks capacity to be sued.

CORPORATION OF THE PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY SAINTS' MOTION TO
DISMISS - 12

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit___ Page: 310

**C.    The Church Must Be Dismissed Because it Has Not and Cannot Be Served—the Church is not "Doing Business" in Washington and thus the Summons and Complaint Cannot be Served upon a Church agent.**

As noted above, Plaintiff purported to serve the Church by serving a former clergy member, Mr. Conger. For purposes of this motion, the Church does not dispute that Mr. Conger is the Church's "agent." COP contends, rather, that if the Church were a proper party, the purported service on an agent is improper. The only way to serve the Church would be to serve all its members. The Church should thus be dismissed—it has not been served and, as a practical matter, the Church's continued presence on the caption would be a fiction because its 245,000 members in Washington cannot practicably be served.

The Washington statute governing service of process contains only one subsection that mentions associations. The statute provides that the summons shall be served by delivering a copy as follows:

> (10) If the suit be against a foreign corporation or non-resident joint stock company, partnership or *association doing business* within the State, to any agent, cashier or secretary thereof.
> . . .

> (15) In all other cases, to the defendant personally, or by leaving a copy of the summons at his house or his or her usual abode with some person of suitable age and discretion then resident therein.

R.C.W. 4.28.080 (10) (15) (emphasis added). Thus, even if this Court were to hold that the Church is an unincorporated association with capacity to be sued, it is not "doing business" in the State and thus service cannot be made upon the Church by serving a Church agent. Rather, like a social club that does not "do business" in the State, the Church would need to be served by serving all its members.

---

CORPORATION OF THE PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY SAINTS' MOTION TO
DISMISS - 13

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit____ Page 31l

As used in R.C.W. 4.28.080, the phrase "doing business" is not defined and COP is unaware of any cases applying this phrase in the context of service upon an "association." However, it has been interpreted and applied in the context of disputes concerning personal jurisdiction over foreign corporations. "Although [RCW 4.28.080(10)] appears only to address service of process, the Washington Supreme Court has held that it confers general jurisdiction over a nonresident defendant 'doing business' in this state, that is, transacting *substantial and continuous business* of such character as to give rise to a legal obligation." *Mbm Fisheries v. Bollinger Mach. Shop & Shipyard*, 60 Wn. App. 414, 418, 804 P.2d 627 (1991) (emphasis added). As discussed above, the Church has no employees, enters no contracts and generally conducts *no* business in the State of Washington. Surely, it does not conduct "substantial and continuous" business triggering the statute permitting service upon an agent.

Moreover, other states have refused to apply similar statutes to non-business associations. For example, the Ninth Circuit, applying Nevada law, observed that a Nevada statute providing for service upon two or more persons "associated in any business" does not apply to unincorporated trade associations. *Strotek Corp. v. Air Transport Association of America*, 300 F.3d 1129, 1134 n.2 (9th Cir. 2002). As the court stated, "neither does it seem logical that it would be [applied to trade associations], for a trade association conducts no 'business' and its members have no joint liability." *Id.*

Similarly, in *Cox v. Thee Evergreen Church*, 836 S.W.2d 167 (Tex. 1992), the Texas Supreme Court held that a statute applicable to associations "doing business" in Texas did not apply to unincorporated charitable organizations. The Texas statute contains language similar to that contained in Washington's service of process statute:

CORPORATION OF THE PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY SAINTS' MOTION TO
DISMISS - 14

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit    Page 312

1
2
3
4
5

> Any incorporated joint stock company or association, whether
> foreign or domestic, doing business in the State, may sue or be
> sued in any court of this state having jurisdiction of the subject
> matter in its company or distinguishing name; . . .

6  Tex. Rev. Civ. Stat. Ann. Article 6133.
7
8       In sum, even if this Court disagrees with COP's position that the Church is not a proper
9
10 party, the Court should conclude the Church is not "doing business" in this state and therefore
11
12 service of process cannot be made on a Church agent as provided in R.C.W. 4.28.080 (10).
13
14                              V.    CONCLUSION
15
16       For the reasons stated above, COP respectfully requests that this Court dismiss the
17
18 Church from this action.
19
20       DATED this 11th day of January, 2006.
21
22                              GORDON MURRAY TILDEN LLP
23
24
25
26                              By
27                                 Charles C. Gordon, WSBA #1773
28                                 Jeffrey I. Tilden, WSBA #12219
29                                 Michael Rosenberger, WSBA #17730
30                                 Attorneys for Defendants
31                                 Corporation of the President of the Church
32                                 of Jesus Christ of Latter-Day Saints
33
34
35
36
37
38
39
40
41
42
43
44
45

CORPORATION OF THE PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY SAINTS' MOTION TO
DISMISS - 15

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit___ Page 313

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

The Honorable William L. Downing

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

ROB RINDE f/k/a ROBERT LARRY LEROY
PITSOR, JR.,

NO.  06-2-09825-1 SEA

        Plaintiff,

[PROPOSED] ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS AND/OR FOR SUMMARY
JUDGMENT

    v.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole; and the "MORMON CHURCH" THE
CHURCH OF JESUS CHRIST OF LATTER-
DAY SAINTS, an unincorporated association,

        Defendants.

     THIS MATTER was brought before the Court upon the motion of defendant Corporation

of the President of the Church of Jesus Christ of Latter-Day Saints to dismiss and/or for

summary judgment seeking dismissal of defendant The Church of Jesus Christ of Latter-day

Saints.  The Court has considered the arguments of counsel and the following submissions:

     1.     COP's memo in support;

     2.     Declaration of Michael Rosenberger and attached exhibits;

ORDER - 1

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit____ Page 314

3.    Declaration of Paul Rytting;

4.    Plaintiff's Opposition Brief;

5.    COP's Reply Brief

6.    _____

7.    _____


Based upon the foregoing, it is hereby:

ORDERED, ADJUDGED AND DECREED that the motion is GRANTED; The Church

of Jesus Christ of Latter-day Saints is dismissed from this action with prejudice.

DATED this _____ day of _____, 2007.


_____
The Honorable William L. Downing

Presented by:

**GORDON MURRAY TILDEN LLP**

By _____
    Charles C. Gordon, WSBA #1773
    Jeffrey I. Tilden, WSBA #12219
    Michael Rosenberger, WSBA #17730
Attorneys for Defendant


ORDER - 2

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit ___ Page 315



FILED

2007 JAN 11 PM 4:50

...G COUNTY
SUPERIOR COURT CLERK
SEATTLE. WA.

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

ROB RINDE F/K/A ROBERT LARRY LEROY PITSOR,
JR.,

              PLAINTIFF,

      v.

CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY
SAINTS,

          DEFENDANT.

CASE NO. 06-2-09825-1 SEA
NOTICE FOR HEARING
SEATTLE COURTHOUSE ONLY
(Clerk's Action Required) (NTHG)

TO:    THE CLERK OF THE COURT and to all other parties listed on Page 2:
        PLEASE TAKE NOTICE that an issue of law in this case will be heard on the date below and the Clerk is directed to
        note this issue on the calendar checked below.

Calendar Date: FEBRUARY 9, 2007        Day of Week: Friday
Nature of Motion: MOTION TO DISMISS

| CASES ASSIGNED TO INDIVIDUAL JUDGES - Seattle |
|---|
| If oral argument on the motion is allowed (LR 7(b)(2)), contact staff of assigned judge to schedule date and time before filing this notice. **Working Papers**: The *judge's name*, date and time of hearing *must* be noted in the upper right corner of the Judge's copy. *Deliver Judge's copies to Judges' Mailroom at C203.* |

    ☐ Without oral argument (Mon - Fri)        ☒ With oral argument Hearing
    Date/Time:   February 9, 2007 at 11:15 a.m.
    Judge's Name: WILLIAM L. DOWNING        Trial Date: September 4, 2007

| CHIEF CRIMINAL DEPARTMENT - Seattle in E1201 |
|---|
| ☐ Bond Forfeiture 3:15 pm, 2nd Thur of each month |
| ☐ Certificates of Rehabilitation- Weapon Possession (Convictions from Limited Jurisdiction Courts) 3:30 First Tues of each month. |

| CHIEF CIVIL DEPARTMENT – Seattle – (Please report to E713 for assignment) |
|---|
| *Deliver working copies to Judges' Mailroom, Room C203. In upper right corner of papers write "Chief Civil Department" or judge's name and date of hearing* |

☐ Extraordinary Writs (Show Cause Hearing) (LR 98.40)  1:30 p.m. Tues/Wed -report to Room E713

| | Non-Assigned Cases: |
|---|---|
| ☐ Supplemental Proceedings (1:30 pm Tues/ Wed) (LR 69) | ☐ Non-Dispositive Motions M-F (without oral argument) |
| ☐ DOL Stays 1:30 pm Tues/Wed | ☐ Dispositive Motions and Revisions (1:30 pm Tues/Wed) |
| ☐ Motions to Consolidate with multiple judges assigned (without oral argument) (LR 40(a)(4)) | ☐ Certificates of Rehabilitation (Employment) 1:30 pm Tues/Wed (LR 40(2)(B)) |

You may list an address that is not your residential address where you agree to accept legal documents.

Sign:                     Print/Type Name: Michael Rosenberger
WSBA#: 19730                           Attorney for: Defendant
Address: 1001 Fourth Avenue, Suite 4000, Seattle, WA 98154-1007
Telephone: (206) 467-6477            Date: January 11, 2007
        DO NOT USE THIS FORM FOR FAMILY LAW, EX PARTE OR RALJ MOTIONS.

Exhibit____ Page 316

NOTICE FOR HEARING - SEATTLE COURTHOUSE ONLY           Page 1
ICSEA020502
www.metrokc.gov/kcscc/forms.htm           SEATTLE

LIST NAMES AND SERVICE ADDRESSES FOR ALL NECESSARY PARTIES REQUIRING NOTICE

| | | | |
|---|---|---|---|
| Name:<br>Address: | Michael T. Pfau<br>Michelle A. Menely<br>Gordon, Thomas, Honeywell, Malanca,<br>Peterson & Daheim LLP<br>600 University, Suite 2100<br>Seattle, WA 98101-4185 | Name:<br>Address: | Timothy D. Kosnoff<br>Law Offices of Timothy D. Kosnoff<br>One Union Square<br>600 University Street, Suite 2101<br>Seattle, WA 98101 |

WSBA#: 24649   Attorney For: Plaintiff
Telephone#: (206) 676-7500

WSBA#: 16586   Attorney For: Plaintiff
Telephone#: (206) 676-7610

Name:
Address:

WSBA#:   Attorney For:
Telephone#:

Name:
Address:

WSBA#:   Attorney For:
Telephone#:

Name:
Address:

WSBA#:   Attorney For:
Telephone#:

Name:
Address:

WSBA#:   Attorney For:
Telephone#:

## IMPORTANT NOTICE REGARDING CASES

Party requesting hearing must file motion & affidavits separately along with this notice. List names, addresses and telephone numbers of all parties requiring notice (including GAL) on this page. Serve a copy of this notice, with motion documents, on all parties.

The original must be filed at the Clerk's Office not less than six court days prior to requested hearing date, except for Summary Judgment Motions (to be filed with Clerk 28 days in advance).

THIS IS ONLY A PARTIAL SUMMARY OF THE LOCAL RULES AND ALL PARTIES ARE ADVISED TO CONSULT WITH AN ATTORNEY.

The SEATTLE COURTHOUSE is in Seattle, Washington at 516 Third Avenue. The Clerk's Office is on the sixth floor, room E609. The Judges' Mailroom is Room C203.

Exhibit___ Page 317

FILED

2007 JAN 11 PM 4:50

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE. WA.

The Honorable William L. Downing

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| ROB RINDE f/k/a ROBERT LARRY LEROY PITSOR, JR.,<br><br>Plaintiff,<br><br>v.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole; a/k/a the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association,<br><br>Defendants. | NO.  06-2-09825-1 SEA<br><br>DECLARATION OF PAUL D. RYTTING IN SUPPORT OF DEFENDANT CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT |

I, Paul D. Rytting, declare as follows:

1.    My name is Paul D. Rytting.  I am over the age of eighteen and I make these

statements based upon personal knowledge.

2.    I have been a member of the Church of Jesus Christ of Latter-Day Saints ("the

Church") all of my life.  I currently function as the Risk Manager for the Corporation of the

President of the Church of Jesus Christ of Latter-Day Saints ("COP") and am familiar with the

Exhibit____ Page 318

DECLARATION OF PAUL D. RYTTING IN SUPPORT OF
DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS AND/OR MOTION FOR SUMMARY
JUDGMENT - 1

ORIGINAL

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

legal organization of COP and the Church. I have worked in similar or related positions for fifteen years.

3.    For approximately 75 years, COP has been incorporated as a corporation sole under Utah law. COP has its headquarters in Salt Lake City, Utah. It hires and pays employees, owns significant assets and carries out church business.

4.    The Church, in contrast, exists solely as an ecclesiastical organization. In its unincorporated form, the Church holds no assets or property. It does no business in any state, nor is it registered to do so. The Church has no employees, and has no money from which to pay salaries. The Church has no asserts or property from which a judgment can be satisfied.

5.    The Church has more than 27,000 congregations. There are 12.6 million members worldwide, with 245,665 in the State of Washington as of December 31, 2005.

6.    The Church has no corporate identity and no articles of association, bylaws, or rules governing its legal existence. Instead, the Church is organized and governed by scripture, by modern revelation, and by ecclesiastical doctrines and believes of the Church.

7.    Under Church doctrine, the Church functions as the Kingdom of God on earth. From time to time, the president or other "general authorities" of the Church provides spiritual and doctrinal guidance to local Church leaders and to the general membership. Local Church leaders also perform functions similar to those performed at other religious organizations, including blessings, baptisms, confirmations, ordinations, and the calling of members to serve in

///

///

///

DECLARATION OF PAUL D. RYTTING IN SUPPORT OF
DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS AND/OR MOTION FOR SUMMARY
JUDGMENT - 2

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

1  volunteer ecclesiastical positions.

3      I declare under penalty of perjury that the foregoing is true and correct.

5      SIGNED at Salt Lake City, Utah, this _2nd_ day of _JANUARY_ 200_7_.

10      PAUL D. RYTTING

DECLARATION OF PAUL D. RYTTING IN SUPPORT OF
DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS AND/OR MOTION FOR SUMMARY
JUDGMENT - 3

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

FILED

2007 JAN 11  PM 4: 50

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE. WA.

The Honorable William L. Downing
Hearing Date: February 9, 2007 at 11:15 a.m.

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| ROB RINDE f/k/a ROBERT LARRY LEROY PITSOR, JR., | NO. 06-2-09825-1 SEA |
| Plaintiff, | DECLARATION OF MICHAEL ROSENBERGER IN SUPPORT OF CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT |
| v. | |
| THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole; and the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association, | |
| Defendants. | |

Michael Rosenberger, being duly sworn on oath, deposes and says:

1.    I am one of the attorneys representing the Corporation of the President of the
Church of Jesus Christ of Latter-Day Saints in this matter.  I am also among the attorneys
representing COP in other suits brought by plaintiffs' counsel relating to alleged sexual abuse of
minors.  I make this declaration based upon personal knowledge.

2.    Attached as Exhibit 1 is a true and accurate copy of the Order in this matter dated
June 30, 2006, issued by Judge Zilly of the Western District of Washington.

DECLARATION OF MICHAEL ROSENBERGER IN SUPPORT
OF CORPORATION OF THE PRESIDENT OF THE CHURCH
OF JESUS CHRIST OF LATTER-DAY SAINTS' MOTION TO
DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

ORIGINAL

Exhibit    Page 521

3.    Attached as Exhibit 2 is a true and accurate copy of plaintiff's reply brief in support of his motion to amend the complaint and motion to remand.

4.    Attached as Exhibit 3 is a true and accurate copy of COP's proposed jury instruction in *R.K. v. Corporation of the President of the Church of Jesus Christ of Latter-Day Saints* regarding the relationship of COP and the Church.

5.    Attached as Exhibit 4 is a true and accurate copy of the Court's instruction in *R.K. v. COP*, relating to the relationship of COP and the Church.

6.    Attached as Exhibit 5 is a true and accurate copy of the complaint recently filed in the District of New Jersey in the matter of *Ames v. Corporation of the President of the Church of Jesus Christ of Latter-Day Saints*.

7.    Attached as Exhibit 6 is a true and accurate copy of an excerpt from the demand letter in *Ames* showing that plaintiff's counsel, Msrrs. Kosnoff and Pfau, represent Mr. Ames.

8.    Attached as Exhibit 7 is a true and accurate copy of the complaint in *Doe v. Corporation of the President of the Church of Jesus Christ of Latter-Day Saints*.

**I declare under the laws of the State of Washington and of the United States that the foregoing is true and correct.**

DATED this 11th day of January, 2007.

Michael Rosenberger

DECLARATION OF MICHAEL ROSENBERGER IN SUPPORT
OF CORPORATION OF THE PRESIDENT OF THE CHURCH
OF JESUS CHRIST OF LATTER-DAY SAINTS' MOTION TO
DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT - 2

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Exhibit    Page 322.

EXHIBIT 1

cc: V. Keicu
J. Reid
R. Heider
CC.C-
ML
JIT

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROB RINDE f/k/a ROBERT LARRY
LEROY PITSOR, JR.,

              Plaintiff,

v.

THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS
CHRIST OF LATTER-DAY SAINTS, a Utah
corporation sole, aka the "MORMON
CHURCH" THE CHURCH OF JESUS
CHRIST OF LATTER-DAY SAINTS, an
unincorporated association,

              Defendant.

No.  C06-556Z

ORDER

     This matter comes before the Court on Plaintiff's Motion to Amend Complaint to Clarify Status of Defendants and Motion to Remand, docket no. 5.  The Court being fully advised now GRANTS the motions as set forth in this Order:

**Plaintiff's Motion to Amend Complaint to Clarify Status of Defendants**

     Plaintiff, Rob Rinde, failed to plead the existence of two defendants in his Complaint. See Compl., docket 3.  The Court therefore construes Plaintiff's Motion to Amend Complaint to Clarify Status of Defendants as a motion to join the "'Mormon Church' The Church of Jesus Christ of Latter-Day Saints" (hereinafter referred to as the "Mormon Church") as a defendant.

MINUTE ORDER   1—

1    The Mormon Church is an unincorporated association with members in all fifty states.

2   Rytting Decl., docket 7, ¶ 5; Def.'s Opp'n, docket 6, at 2. It is well-established that the

3   citizenship of unincorporated associations is the citizenship of each of the individual

4   members of the association. Johnson v. Columbia Props. Anchorage, 437 F.3d 894, 899 (9th

5   Cir. 2006). Thus, the Mormon Church is a non-diverse defendant.

6    "[T]he proper standard for deciding whether to allow post-removal joinder of a

7   diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e)." Boon v. Allstate Ins.

8   Co., 229 F. Supp. 2d 1016, 1020 n.2 (C.D. Cal. 2002). Section 1447(e) provides: "If after

9   removal the plaintiff seeks to join additional defendants whose joinder would destroy subject

10   matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to

11   the State court." 28 U.S.C. § 1447(e). Joinder of a diversity-destroying defendant pursuant

12   to Section 1447(e) is left to the discretion of the district court. Newcombe v. Adolf Coors

13   Co., 157 F.3d 686, 691 (9th Cir. 1998).

14    Having considered the six factors described in Boon, 229 F. Supp. 2d at 1019-20, the

15   Court concludes that permitting joinder under Section 1447(e) is appropriate in the present

16   case. Permitting joinder of the Mormon Church would facilitate a just adjudication of the

17   matter. Conversely, disallowing joinder would hinder Mr. Rinde from asserting his rights

18   against an entity allegedly involved in the breach of duties and related causes of action. See

19   IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, 125 F. Supp. 2d 1008, 1012

20   (N.D. Cal. 2000). The absence of the Mormon Church as a named defendant could preclude

21   Mr. Rinde from recovering damages for any fault attributable to the Mormon Church. See

22   Kottler v. Wetherington, 136 Wn.2d 437, 445-47 (1998). In contrast, "[t]here will be little

23   prejudice to Defendant[] from allowing amendment and remand at such an early stage in the

24   case." Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 657 (S.D. Cal. 2000). Although

25   Defendant Corporation of the President of the Church of Jesus Christ of Latter-Day Saints

26   ("COP") argues that Mr. Rinde's sole purpose for seeking joinder is to destroy diversity

MINUTE ORDER 2–

1  jurisdiction, the Court "declines to impute an improper motive to Plaintiff simply because

2  Plaintiff seeks to add a non-diverse defendant post-removal." IBC Aviation Servs., 125 F.

3  Supp. 2d at 1012.

4        COP also contends that the Mormon Church is not a proper party because once a

5  religious entity has chosen to incorporate, only the corporate form may be sued.  The cases

6  cited by COP, however, merely support the general rule that religious controversies are not

7  the proper subject of civil court inquiry.  See, e.g., Islamic Ctr. of Harrison, Inc. v. Islamic

8  Science Found., Inc., 628 N.Y.S. 2d 179, 179 (App. Div. 1995).  Although the Free Exercise

9  Clause of the United States Constitution "restricts the government's ability to intrude into

10  ecclesiastical matters or to interfere with a church's governance of its own affairs," Bollard

11  v. California Province of the Soc'y of Jesus, 196 F.3d 940, 945 (9th Cir. 1999), a religious

12  association does not operate wholly free from civil law.  "The First Amendment does not

13  provide churches with absolute immunity to engage in tortious conduct.  So long as liability

14  is predicated on secular conduct and does not involve the interpretation of church doctrine or

15  religious beliefs, it does not offend constitutional principles." C.J.C. v. Corp. of Catholic

16  Bishop of Yakima, 138 Wn.2d 699, 728 (1999) (citing Sanders v. Casa View Baptist Church,

17  134 F.3d 311, 366 (5th Cir. 1998)).

18        For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Amend

19  Complaint to Clarify Status of Defendants, docket no. 5.  The Clerk is directed to file the

20  Proposed Amended Complaint, attached as Exhibit A to the Kosnoff Decl., docket no. 5.

21        **Plaintiff's Motion to Remand**

22        Diversity jurisdiction requires complete diversity of citizenship between the parties to

23  an action.  28 U.S.C. § 1332(a); Cardon v. Arkoma Assocs., 494 U.S. 185, 187 (1990).  Once

24  a non-diverse defendant is joined, remand becomes mandatory: "[a] district court may not

25  allow joinder of a non-diverse party and retain jurisdiction." Stevens v. Brink's Home

26  Security, Inc., 378 F.3d 944, 949 (9th Cir. 2004); see also 28 U.S.C. § 1447(e).  Because the

MINUTE ORDER  3–

1   Court is granting Plaintiff's motion to join the Mormon Church as a non-diverse defendant,

2   remand is mandatory. Accordingly, the Court GRANTS the Plaintiff's Motion to Remand,

3   docket no. 5.

4       The Clerk is directed to remand the case to King County Superior Court, Case No. 06-

5   2-09825-1SEA, in accordance with this Order.

6       IT IS SO ORDERED.

7       Filed and entered this 30th day of June, 2006.

8

9                                   Thomas S. Zilly

10                                  Thomas S. Zilly
                                    United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MINUTE ORDER   4

EXHIBIT 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROB RINDE f/k/a ROBERT LARRY LEROY
PITSOR, JR.

               Plaintiff,

vs.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole, aka the "MORMON CHURCH" THE
CHURCH OF JESUS CHRIST OF LATTER-
DAY SAINTS, an unincorporated association,

               Defendant.

NO.  2:06-CV-00556TSZ

PLAINTIFF'S REPLY TO DEFENDANT'S
OPPOSITION TO PLAINTIFF'S MOTION
TO AMEND COMPLAINT TO CLARIFY
STATUS OF DEFENDANTS AND
MOTION TO REMAND

NOTED FOR: FRIDAY, MAY 26, 2006

## I.  INTRODUCTION

In its opposition, defendant COP takes the position that plaintiff is attempting to add a

new party to this action in order to defeat diversity.  However, as was indicated in plaintiff's

original moving papers, plaintiff is not moving to add a new party to this action.  Instead,

plaintiff simply moved this Court to amend his complaint to clarify that he had instituted an

action against two separate entities – (1) The Corporation of the President of the Church of

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 1 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

Jesus Christ of Latter-day Saints and (2) The Church of Jesus Christ of Latter-Day Saints, a/k/a the Mormon Church itself. Plaintiff reiterates that request in this reply to defendant's opposition.

## II.    STATEMENT OF RELEVANT FACTS

On March 22, 2006, plaintiff filed an action in the King County Superior Court and, in doing so, named two defendants – COP and the Mormon Church.[1]  On or about April 20, 2006 plaintiff received a Notice of Appearance on behalf of defendant COP and a Notice of Removal (Diversity Jurisdiction).  Shortly before the Notice of Appearance and Notice of Removal was filed, a telephone conversation occurred between plaintiff's counsel, Tim Kosnoff, and defense counsel, Chuck Gordon.  During that conversation, Mr. Gordon advised that it was COP's intention to remove the action based on diversity.  In response, plaintiff's counsel specifically advised Mr. Gordon that (a) the Mormon Church was a defendant and (b) the issue of whether there was diversity of citizenship in an action in which the Mormon Church was a named defendant had already been resolved by a United States District Court Judge (and that the judge had found that the inclusion of the Mormon Church as a defendant indeed destroyed diversity).[2]  As a result of the prior ruling on this issue, plaintiff requested that COP not take any steps to remove this action.[3]  Unfortunately, COP declined necessitating this motion.

## III.    ARGUMENT

### A.    DEFENDANT'S RELIANCE ON CASE LAW PERTAINING TO WHEN A PLAINTIFF MAY ADD AN ADDITIONAL PARTY IS MISPLACED.

As explained in the moving papers, plaintiff intended to name, and did name, two defendants in this action – COP and the Mormon Church itself.  Defendant COP took the

---

[1] See Plaintiff's Complaint, ¶2.2.
[2] Declaration of Timothy D. Kosnoff, ¶2 & 3.
[3] Id.

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 2 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 88101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

position that only one defendant had been named and, based on that position, removed the action to this Court. While not agreeing that plaintiff failed to adequately plead the existence of two defendants, plaintiff determined that the best way to resolve the dispute was to amend the complaint to **clarify** the allegations. However, at no point, did plaintiff seek to name an additional party.[4]  Consequently, defendant's reliance on case law pertaining to when a plaintiff may add an additional party is misplaced.

## B.    PLAINTIFF'S CLAIMS AGAINST THE MORMON CHURCH ARE NOT FUTILE

Defendant asserts that because plaintiff has named COP in this action, the inclusion of the Mormon Church is futile. However, plaintiff, at this juncture, is not sure whether COP will defend this claim by asserting that it did not prescribe the policies and practices of the local wards of the Mormon Church or that it is not the entity responsible for the acts or inactions of the Bishops, Stake Presidents and other officials involved in this case. If COP so defends, and if COP is successful in asserting such defenses, in the absence of the Mormon Church as a named defendant, plaintiff could be left with an "empty chair" defendant. Thus, faced with such possible defenses the inclusion of the Mormon Church is not futile to plaintiff's pursuit of his claims.

In addition, the fact that the Mormon Church does or does not have any assets available to satisfy a judgment does not render the inclusion of the Mormon Church "futile." The plaintiff's claims arise out of the sexual abuse he suffered as a child. It is inconceivable that the plaintiff would be deemed to be partially at fault for his harms. Thus, liability against the defendants will, presumably, be joint and several pursuant to RCW 4.22.070(b).[5]

---

[4] *See Motion to Amend and Remand, on file herein.*

[5] However, if COP is willing to stipulate that all the stake presidents, bishops and other hierarchal officials are agents of COP and that it will not assert an empty chair defense with respect to the persons involved in this case (and its officials) plaintiff will withdraw this motion.

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 3 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Finally, plaintiff is not "forum" shopping.  Instead, absent a fraudulent joinder a "plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to final determination." *Parks v. New York Times*, 308 F.2d 474, 478 (5th Cir. 1962).  Here, plaintiff chose to bring his action in King County Superior Court.  Prior to the filing of the Notice of Removal, COP was advised of plaintiff's position with regard to the existence of two named defendants and that diversity did not exist.  In this circumstance, plaintiff's choice of where to file an action cannot reasonably be considered "forum" shopping.

C.    REPORTED CASES INDICATE THAT THE MORMON CHURCH HAS SUED AND BEEN SUED.

Defendant asserts that because COP exists, the Mormon Church is not an entity that can sue or be sued.  In support of this assertion, COP asserts it is the entity that has employees and possesses assets (and that the Mormon Church, itself, has none).[6]  However, reported cases from around the country indicate that the Mormon Church itself has been involved in litigation, both as a plaintiff and as a defendant, on numerous occasions, that it has employees and that it possesses assets.

The Mormon Church is the named plaintiff in the following actions:

- *Church of Jesus Christ of Latter-day Saints vs. Jefferson County*, 741 F.Supp. 1522 (N.D. Ala. 1990) ("church which unsuccessfully applied for rezoning to allow development of land for place of worship filed action against county. . . .")

- *Church of Jesus Christ of Latter-day Saints vs. Jefferson County, Alabama*, 721 F.Supp. 1212 (N.D. Ala. 1989) ("vendors of property and purchaser, a church, brought action challenging denial of zoning change to all construction of worship facility on the property. . . .")

---

[6] *See* Opposition to Motion to Amend/Remand, pg. 2, ll. 21-33.

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 4 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

- *Stotts v. Church of Jesus Christ of Latter-Day Saints vs. Lindsey Constr. Co.*, 882 P.2d 1106 (Okla. App. 1994) (in defending claim against it, church defendant instituted a third party complaint).

The Mormon Church, itself, was the named defendant in the following cases:

- *Davis v. Church of Jesus Christ of Latter-Day Saints,* 852 P.2d 640 (Mont. 1993) (defended fraud claim)

- *Hotaling v. Church of Jesus Christ of Latter-Day Saints,* 118 F.3d 1999 (4th Cir. 1997) (defended copyright infringement action);

- *Church of Jesus Christ of Latter-Day Saints v. Superior Court of State of Arizona,* 714 P.2d 431 (Ariz. App. 1985) (defending claim by parents of child who was killed after being struck by an automobile when he rode his bicycle from church parking lot into city street);

- *Church of Jesus Christ of Latter-Day Saints v. Superior Court of State of Arizona,* 764 P.2d 759 (Ariz. App. 1988) (defending claim by mother of victim of child abuse).[7]

The reported cases indicate that the Mormon Church, itself, has employees:

- *Church of Jesus Christ of Latter-day Saints vs. Industrial Commission of Arizona,* 724 P.2d 581 (Ariz. App. 1986) (claimant was "injured while employed by the Church of Jesus Christ of Latter-Day Saints. . . .");

- *Church of Jesus Christ of Latter-Day Saints vs. Industrial Comm'n of Utah,* 590 P.2d 328 (Utah 1979) (case involved workman's compensation claim by a person who was "employed by Plaintiff [the Church]");

- *Schmoyer v. Church of Jesus Christ of Latter-Day Saints,* 343 S.E.2d 551 (N.C. App. 1986) (plaintiff's-decedent was "employed as a custodian at the Church of Jesus Christ of Latter-Day Saints.")

Finally, the issue of whether the Mormon Church itself has no assets is called into question by at least one reported case: *Church of Jesus Christ of Latter-Day Saints v.*

---

[7] For the Court and counsel's reference, the first page of each of these decisions is attached to the declaration of Timothy D. Kosnoff as Exhibit A.

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 5 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

*Scarborough,* 189 F.2d (1951) (plaintiff brought action against the Church to "recover $7000 which was on deposit with the Church. . . .")

**D.    THE MORMON CHURCH CAN BE SERVED WITH PROCESS.**

RCW 4.28.080 provides the process by which a defendant can be served with process. That statute provides, in pertinent part:

> (10) If the suit be against a foreign corporation. . . . **association** doing business within this state, to **any** agent, cashier or secretary thereof.

The Mormon Church has multiple agents within this state – any Bishop or other clergy member would presumably suffice. Furthermore, Gordon B. Hinckley is the President of the Mormon Church. Service could be accomplished by personal service on Mr. Hinckley.

**E.    COP HAS ADMITTED THAT THE INCLUSION OF THE MORMON CHURCH AS A DEFENDANT DESTROYS DIVERSITY.**

In the case of *Scott v. Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints,* U.S.D.C., District of Oregon (Cause No. 98-366AA) the plaintiff named four defendants (1) the Corporation of the Presiding Bishop, (2) the Mormon Church itself, (3) the Corporation of the President of the Church of Jesus Christ of Latter-Day Saints, and (4) Gregory Lee Foster. All four defendants appeared and answered the Complaint.[8] The defendants in that action – including COP – then brought a motion for determination of diversity. Included within the assertions made by COP was the fact that inclusion of the Mormon Church as a defendant destroyed diversity. In making that prior motion, COP admitted that "lack of jurisdiction is not waivable," and the jurisdictional defect can be raised

---

[8] *See* Answer of Defendants Gregory Foster, the Church of Jesus Christ of Latter-day Saints, Corporation of the President and Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints, attached to Declaration of Timothy D. Kosnoff, as Exhibit B.

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 6 of 8
(2:06-CV-00556TSZ)
[164343.v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

at any time and, thus, sought the judicial determination of diversity.[9]  The same situation is present here -- the inclusion of the Mormon Church as a defendant destroys diversity. Consequently, the case must be remanded to the Superior Court.

### IV.   CONCLUSION

For the above-stated reasons, plaintiff respectfully requests that this Court GRANT his motion to amend and remand.

RESPECTFULLY SUBMITTED this 26th day of May, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP


By:   /s/ Michelle A. Menely
      Michael T. Pfau, WSBA No. 24649
      mpfau@gth-law.com
      Michelle A. Menely, WSBA No. 28353
      mmenely@gth-law.com
      Co-Counsel for Plaintiff

LAW OFFICES OF TIMOTHY D. KOSNOFF


By:   /s/ Timothy D. Kosnoff
      Timothy D. Kosnoff, WSBA No. 16586
      timkosnoff@comcast.net
      Co-Counsel for Plaintiff

---

[9] *See,* Church Defendant's Reply on their Motion for Judicial Determination of Diversity Jurisdiction, pg. 3, ll. 19-20, attached to Plaintiff's Motion to Amend/Remand.

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 7 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

## CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on May 26, 2006, I electronically filed the foregoing **REPLY TO OPPOSITION TO MOTION TO AMEND COMPLAINT TO CLARIFY STATUS OF DEFENDANTS AND MOTION TO REMAND** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Charles C. Gordon<br>cgordon@gmtlaw.com<br>Jeffrey I. Tilden<br>jtilden@gmtlaw.com<br>1001 Fourth Avenue, Suite 4000<br>Seattle, WA 98154<br>PH: 206.467.6477<br>FX: 206.467.6292 | |

DATED this 16th day of May, 2006.

/s/ Bernadette Lovell
Legal Assistant to Michelle A. Menely

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 8 of 8
(2:06-CV-00556TSZ)
[164343_v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

EXHIBIT 3

THE HONORABLE RICARDO S. MARTINEZ

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON – AT SEATTLE

R.K. ,

          Plaintiff,

vs.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole;

          Defendants.

NO. 04-2338 RSM

JOINT DISPUTED JURY
INSTRUCTIONS

| No. | Title | Source | Page No. | Party |
|---|---|---|---|---|
| 1 | Claims and Defenses | 9th Cir. 1.2 | 4 | Plaintiff |
| 2 | Claims and Defenses | 9th Cir. 1.2 | 7 | Defendant |
| 3 | Burden of Proof | WPI 21.02, 21.05 | 9 | Plaintiff |
| 4 | Burden of Proof – Plaintiff | WPI 21.02 | 11 | Defendant |
| 5 | Burden of Proof – Non-Parties at Fault | WPI 21.10 | 13 | Defendant |
| 6 | Corporations and Partnerships – Fair Treatment | 9th Cir. 6.1 | 14 | Plaintiff |
| 7 | Religious Organizations Treated Same as Individuals | WPI 1.07 | 15 | Defendant |

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 – FACSIMILE (206) 676-7575

Exhibit     Page 338

| No. | TITLE | SOURCE | Page No. | PARTY |
|---|---|---|---|---|
| 8 | Liability of Corporations – Scope of Authority Not In Issue | 9th Cir. 6.2 | 16 | Plaintiff |
| 9 | Scope of Authority Defined | WPI 50.02 | 18 | Plaintiff |
| 10 | Scope of Authority Defined | WPI 50.02 | 19 | Defendant |
| 11 | Act of Agent is Act of Principal – Scope of Authority Not in Issue | 9th Cir. 6.6 | 21 | Plaintiff |
| 12 | Principal Sued But Not Agent – Agency or Authority Defined | WPI 50.07 | 22 | Plaintiff |
| 13 | Principal Sued, But Not Agent – Agency or Authority Denied | WPI 50.07 | 23 | Defendant |
| 14 | Violation of Statute is Evidence if Negligence | RCW 26.44.030 WPI 60.01 | 25 | Plaintiff |
| 15 | Violation of Statute is Evidence of Negligence | WPI 60.03 | 27 | Defendant |
| 16 | Reporting Statute | RCW 26.44.030 | 28 | Defendant |
| 17 | Definition of Practitioner | 1969 Laws of Washington | 31 | Defendant |
| 18 | Definition of Clergyman | 1969 Laws of Washington | 32 | Defendant |
| 19 | Definition of Clergyman | 1969 Laws of Washington | 34 | Plaintiff |
| 20 | Negligence of Parent Not Imputed to Child | WPI 11.04 | 35 | Plaintiff |
| 21 | "Issues" | WPI 20.01, 20.05 | 36 | Plaintiff |
| 22 | Plaintiff's Alternative "Issues" | WPI 20.01, 20.05 | 38 | Plaintiff |
| 23 | Defendant's "Issues" Instruction | WPI 20.01, 20.05 | 39 | Defendant |
| 24 | Intervening Criminal Act | *McLeod v. Grant County*, 42 Wn.2d 316 (1953); *Passovoy v. Nordstrom*, 52 | 42 | Plaintiff |

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

| NO. | Title | SOURCE | Page No. | PARTY |
|---|---|---|---|---|
| | | Wn.App. 166 (1988) | | |
| 25 | Statute of Limitation | RCW 4.16.340 | 44 | Defendant |
| 26 | Statute of Limitations – Defenses | *Hollman v. Corcoran,* 89 Wn.App. 323 (1997) | 46 | Plaintiff |
| 27 | Statute of Limitations – Defenses | *Hollman v. Corcoran,* 89 Wn.App. 323 (1997) | 48 | Plaintiff |
| 28 | Statute of Limitations – Defenses | *Cloud v. Summers, 98 Wn. App. 724 (1999)* | 49 | Plaintiff |
| 29 | Statute of Limitations – Defenses | *Cloud v. Summers, 98 Wn. App. 724 (1999) 1 Laws of 1991, Ch. 212* | 50 | Plaintiff |
| 30 | Segregation of Damages | *Tegman v. Accident and Medical Investigations, Inc. 150 Wn.2d 102 (2003); Court Order Dkt No. 153* | 51 | Defendant |
| 31 | Segregation of Damages | *Tegman v. Accident and Medical Investigations, Inc. 150 Wn.2d 102 (2003); Court Order Dkt No. 153* | 52 | Plaintiff |
| 32 | Privileged Communications | | 53 | Defendant |
| 33 | Privileged Communications | WPI 6.08 | 56 | Plaintiff |
| 34 | "Special Relationship" | *C.J.C. v. Corp. of Catholic Bishop,* 138 Wn.2d 699 (1999) | 57 | Plaintiff |
| 35 | "Special Relationship" – Duty to Warn | *C.J.C. v. Corp. of Catholic Bishop,* 138 Wn.2d 699 | 59 | Plaintiff |

JOINT DISPUTED JURY INSTRUCTIONS - 3 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

| No. | Title | Source | Page No. | Party |
|---|---|---|---|---|
| | | (1999); *Niece v. Elmview Group Home,* 131 Wn.2d 39 (1997) | | |
| 36 | "Special Relationship" – Protect Third Persons | *Peterson v. State,* 100 Wn.2d 421 (1989) | 61 | Plaintiff |
| 37 | Mandatory Reporting Statute | RCW 26.44.030 | 63 | Plaintiff |
| 38 | Allegation in Complaint | WPI 6.10.01 | 65 | Defendant |
| -- | Plaintiff's Proposed Special Verdict Form | | 67 | Plaintiff |
| -- | Defendant's Proposed Special Verdict Form | | 74 | Defendant |

GORDON THOMAS HONEYWELL MALANCA
PETERSON & DAHEIM, LLP

By _____
Michael T. Pfau, WSBA No. 24649
mpfau@gth-law.com
Michelle A. Menely, WSBA No. 28353
mmenely@gth-law.com
Co-Counsel for Plaintiff

LAW OFFICES OF TIMOTHY D. KOSNOFF

By _____
Timothy D. Kosnoff, WSBA No. 16586
timkosnoff@comcast.net
Co-Counsel for Plaintiff

GORDON MURRAY TILDEN LLP

By _____
Charles C. Gordon, WSBA No. 1773
cgordon@gmtlaw.com
Jeffrey I. Tilden, WSBA No. 12219
jtilden@gmtlaw.com
Michael Rosenberger, WSBA No. 17730

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
800 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Exhibit ___ Page 341

  
# PROPOSED INSTRUCTION NO. 7

## DEFENDANT'S PROPOSED ALTERNATIVE INSTRUCTION
## RELIGIOUS ORGANIZATIONS TREATED THE SAME AS INDIVIDUALS

The law treats all parties equally whether they are religious organizations or individuals. This means that religious organizations and individuals are to be treated in the same fair and unprejudiced manner.

Defendant in this case is the corporation established by the Church of Jesus Christ of Latter-Day Saints to carry out the secular affairs of the Church. Legally, it stands in the shoes of the Church.

WPI 1.07 (mod.)

**Defendant's authority:** The first paragraph of the proposed alternative is from WPI 1.07. It achieves the same purpose as plaintiff's proposed instruction, but is superior in that the language specifically states that individuals and religious organizations are treated equally. Given that plaintiff is an individual, this is more appropriate here.

The second paragraph explains why COP is the defendant. Plaintiff previously argued in briefing that the jury "will not understand why COP is the responsible party." Dkt. No. 163 at 17: 20. It is appropriate to clarify this.

Plaintiff's proposed language in the second paragraph has several problems. First, COP was not established to carry out the "affairs" of the church, but only its secular affairs. Second, the name of the church is not "the Mormon church." Third, the third sentence is of unclear meaning, but appears to add nothing to the second sentence. The only point of the second paragraph is to identify the defendant.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

EXHIBIT 4

04-CV-02338-JY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

R.K.,

    Plaintiff,                              CASE NO. C04-2338RSM

        v.                                  COURT'S INSTRUCTIONS
                                            TO THE JURY
THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS,

    Defendant.

DATED this __10th__ day of __October__, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

COURT'S INSTRUCTIONS TO THE JURY

## END OF CASE INSTRUCTIONS  16
### CORPORATIONS – FAIR TREATMENT

All parties are equal before the law and a corporation or church is entitled to the same fair and conscientious consideration by you as any party.

Defendant in this case is the corporation established by the Church of Jesus Christ of Latter-Day Saints to carry out the secular affairs of the Church. Legally, it stands in the shoes of the Church.

EXHIBIT 5

william J. Martini, Judge
Ronald J. Hedges, Magistrate

SR-0455
STEPHEN C. RUBINO, ESQUIRE
ROSS & RUBINO, LLP
8510 Ventnor Avenue
Margate, NJ 08402
(609) 487-9864

Attorneys for Plaintiff, DAVID V. AMES

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID V. AMES,<br><br>　　　　　Plaintiff<br><br>vs.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/k/a the "MORMON CHURCH," and WILLIAM SCOTT HANSON, individually,<br><br>　　　　　Defendants | CIVIL ACTION NO.<br><br>COMPLAINT AND JURY DEMAND |

## INTRODUCTION

Plaintiff, DAVID V. AMES, through his undersigned attorneys, in the form of a Complaint,

states the following:

## JURISDICTION

1.　The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

2.　Jurisdiction is conferred upon this Court by 28 U.S.C. §1332 *et seq*. The venue of this

action is proper under 28 U.S.C. §1391(b). This cause of action sounds in:

　　　a.　Sexual battery and violation of N.J.S.A. 2A:61B-1 entitled "Sexual Abuse;"

　　　b.　Negligence and Breach of Fiduciary Duty;

    c.    Intentional Infliction of Emotional Distress; and

    d.    Conspiracy.

### THE PARTIES

1.    Plaintiff, DAVID V. AMES, is a citizen of the State of Maine, residing in the City of South Portland. At all relevant times, the Plaintiff, was a minor and a member of the Church of Jesus Christ of Latter-Day Saints and attended the Mormon Church ward in Ledgewood, New Jersey. Plaintiff was born on July 31, 1986.

2.    Defendant, CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, also known as the "Mormon Church," operates its worldwide affairs as the Corporation of the President of the Church of Jesus Christ of Latter-day Saints and Successors, a Utah Corporation Sole ("COP" or "LDS"), with principal place of business being in the City of Salt Lake City.

3.    COP is a corporation governed by a single individual, the "President" of the Mormon Church. The President wields ultimate and absolute authority within the Mormon Church. The President of the Mormon Church, Gordon B. Hinckley, is the "Divine Prophet, Seer and Revelator" of the Church and has the authority to appoint and remove anyone in the Mormon Church, including all members of wards and stakes, at will. The President of the Mormon Church controls everything in the Mormon Church and all of its wards and stakes. As such, the President of the Church has authority to dictate changes in Church policy, discipline, ecclesiastical doctrine or anything else he so chooses. The acts of the President, in his capacity

-2-

as head of the Mormon Church, are the acts of COP.  COP is registered to do business within, and conducts continuous and systematic activities within the State of New Jersey.

4.     COP administers the Mormon Church through a multi-level structure. Structurally, the Mormon Church follows a strict hierarchical form. At the local level are "wards," consisting of a geographic area administered by a "bishop" and two counselors which comprise the governing "bishopric." An average size ward would have approximately 250 families.  A cluster of 8-12 wards are grouped into a "stake," which is administered by a "stake president."  Stakes are, in turn, grouped into "areas," which are administered by an "area president." All bishops, stake presidents, and area presidents are answerable, directly or indirectly, to COP and are its agents and servants. The wards, stakes and areas of the Mormon Church are instruments of COP and are not separate corporate entities.

5.     All members of the Mormon Church are required to tithe 10% of their annual gross income to the Church as a condition of membership.

6.     During all times material to this action, the Plaintiff regularly attended and tithed to the Mormon Church.

7.     The Mormon Church, through the COP and its hierarchal officials, agents or representatives, were, at all relevant times, mandatory child abuse reporters, as required by N.J.S.A. 9:6-8 et seq.

8.     Defendant, WILLIAM SCOTT HANSON ("HANSON"), is a citizen of the State of New Jersey, residing at the Adult Diagnostic & Treatment Center in Avenel, Woodbridge Township, Middlesex County. HANSON is a serial pedophile and a life-long compulsive sexual

-3-

predator of boys. He has been convicted in Utah, Wisconsin and New Jersey of molesting and

raping young boys. He is presently serving a thirty year sentence in New Jersey and will then

serve a consecutive term of forty years for child rape in Wisconsin.

9.     At all relevant times HANSON was raping and molesting boys, he was also serving

defendant COP's church as High Priest, Scout leader and Young Men's Leader.

## FACTS

1.     Adherents of the Mormon faith who have been baptized into the Church are known as

"members." The President of the Church (and corporate sole of COP) has the power to limit or

restrict the capacity in which any member serves the Church, and may place such conditions on

a member's service as may be in the interests of the Church and of its members and prospective

converts.

2.     Adult male members of the Church are eligible to be ordained as a "Priest." There are

various levels of priesthood, including elevation to the rank of "Elder," "Melchizedek" Priest and

"High Priest." Elders and Melchizedek and High Priests are held out by the Mormon Church

as men that are "morally worthy" and deserving of the trust of its members.

3.     At all relevant times, the Mormon Church assumed special responsibilities toward its

members including a disciplinary and red-flagging system meant to identify and track sexual

predators and other dangerous individuals within the membership in order to protect innocent

members from harm they might inflict.

4.     The Mormon Church is closely affiliated with the Boy Scouts of America. The Mormon

Church is the oldest and one of the largest sponsoring organizations of boy scouting in the United

-4-